FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2020 FEB 20  PM 2: 11

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### '20 - CV - 00452

Civil Action No. _____

(To be supplied by the court)

Tiffany Grays _____, Plaintiff

v.

See Section B _____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Tiffany Grays   PO Box 472322 Aurora, CO 80047
(Name and complete mailing address)

720-623-1883  Legalgrays@gmail.com
(Telephone number and e-mail address)

## B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  Navient Corporation                1900 W. Littleton Boulevard
(Name and complete mailing address)                Littleton, CO 80120

(800) 722-1300
(Telephone number and e-mail address if known)

Defendant 2:  Navient Solutions, LLC            1900 W. Littleton Boulevar
(Name and complete mailing address)                Littleton, CO 80120

(800) 722-1300
(Telephone number and e-mail address if known)

Defendant 3:  Equifax Inc                        1900 W. Littleton Boulevard
(Name and complete mailing address)                Littleton, CO 80120

(404) 885-8000
(Telephone number and e-mail address if known)

Defendant 4:  Experian Information Solutions, Inc   7700 E ARAPAHOE RD
(Name and complete mailing address)                STE 220
                                                   CENTENNIAL, CO 80112
(714) 830-7000
(Telephone number and e-mail address if known)

Defendant 5:  Trans Union LLC                    1900 W. Littleton Boulevard,
              (833) 806-1626                      Littleton, CO 80120

2

Defendant 6: Innovis Data Solutions, Inc.        1900 W. Littleton Boulevard
              (614) 222-5317                       Littleton, CO 80120

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☒    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

15 U.S.C. §§ 1681 et seq, 15 U.S.C. § 1602, 15 U.S.C. § 1692

28 U.S.C. § 1367 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1355(a

☐    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   <u>FCRA VIOLATIONS     15 U.S.C. §§ 1681 et seq,</u>

Supporting facts:

34. Unless otherwise noted, each Count is against all Defendants. Plaintiffs re-alleges the preceding paragraphs set forth above and herein and incorporate them herein all counts by reference inter alia:

35. Defendants held knowledge or should have known its duties under the FCRA. Any reasonable creditor, furnisher, or Consumer Reporting Agencies that utilizes consumer reports knows about or should know about; and can easily discover the federal mandates arising under the FCRA.
36. Despite knowing of its legal obligations, Defendants acted recklessly and consciously in breaching its known duties; resulting depriving Plaintiff of her rights under the FCRA.
37. As a result of these FCRA violations, Defendants are each liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.
38. Plaintiff believes violation calculations are as follows:
1. Each Navient Account: 18
2. Each incorrectly reported date: 4
3. Each day incorrect information has remained since notification: 533 (and counting)
4. Maximum statutory damages: $1,000
Total = 18x4x533x1000 = $38,376,000


(Claim One Continued on Additional Pages Attached D. Statement of Claims)

CLAIM TWO:   <u>Navient - Unfair Debt Collection Practices      15 U.S.C. §,1692</u>

Supporting facts:

50. Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3).

51. Navient is a creditor as defined in 15 U.S.C. § 1692a(4).

52. As Navient is the Loan Servicer of Plaintiff's loans, Navient stated Plaintiff owed Navient a "debt" as defined in 15 U.S.C. 1692a(5).

53. Therefore, Navient is a "debt collector" as defined in 15 U.S.C. 1692(6).

54.  Navient's collection of the debt associated witht he account which Navient removed from Plaintiff, was made under false, deceptive, and misleading representation that the Plaintiff owed this money and interest accrud, in violation of 15 U.SC. 1692e.

55. Navient has continued to allow the debt to remain and collect interest upon the illegitimate account which remains consolidated in Plaintiff's loans, therefore Navients actions are unfair as defined in 15 U.S.C 1692f and substantiate a failure to discharge a challenged debt in violation of the FDCPA.

56. Navient does not have an adequate and appropriate remedy in place to determine the amount of the prinsipal or interest accrued as a direct result of the illegitimate account which remain

a part of the Plaintiff's consolidated debt with Navient.

57. Plaintiff has suffered as a direct and proximate cause of Navient's conduct alleged.

58. Plaintiff seeks all damages to be proven at trial.


# (See additional pages attached for all other claims)

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

### See additional pages attached

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

02-20-2020
_____
(Date)

(Revised December 2017)

6

# D.  STATEMENT OF CLAIMS

# INTRODUCTION

**1.     COMES NOW**, Tiffany Grays, *pro se*, ("Plaintiff" or "she" or "her") makes claims

against Defendants: Equifax Inc. d/b/a/ Equifax Information Services LLC. ("Equifax"),

Experian Information Solutions, Inc. ("Experian"), Trans Union LLC. ("TransUnion"), and

Innovis Data Solutions, Inc. ("Innovis"), (collectively "CRA's") Navient Corporation d/b/a

Navient Solutions, Inc., ("Navient") (collectively "Defendants") for violations of *inter alia* the

Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and its implementing regulation,

Regulation V, 12 C.F.R. part 1022; and the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. §§ 1692 et seq., Violations of the Truth in Lending Act, 15 U.S.C. § 1602 et seq. and 12

C.F.R. 226 et seq. ("TILA"); thus Defendants have participated in unfair, unconscionable

conduct, improperly reporting mathematically impossible late payments since 2014 on each of

the Plaintiff's eighteen accounts; severely impacting her credit score, creditworthiness.

Defendants profit by forcing the Plaintiff to pay for a loan which was not hers; increasing the

amount due to Defendants, not only in the actual loan amount, but the interest accrued, fees

which are induced by Defendants. This obscurity in reporting has allowed Navient to engorge on

these illicit profits. Navient's actions are unconscionable, unfair, misleading, deceptive, a breach

of duty to good faith and fair dealing; constitute unjust enrichment and conversion through

fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues;

causing multiple injuries to the Plaintiff; including *inter alia*, consumer credit score damage,

mental and emotional distress, physical injuries, and financial losses. Pursuant to Fed. R. Civ. P.

9(b), Plaintiff submits this heightened pleading.

# **FACTS**

2.      Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein by reference *inter alia*:

3.      *Pro se* Plaintiff, Ms. Tiffany Grays, an individual consumer over the age of 18, a Colorado Native who resides in Colorado. Plaintiff conducted all business transactions with the Defendants in Colorado. Navient is the servicer for all of Plaintiff's education loans. Unbeknownst to Plaintiff, the actions of Navient severely reduced her credit score and creditworthiness as alleged herein, causing and/or significantly contributed to the Plaintiff deciding to file bankruptcy in 2015. Additionally, Plaintiff set out 2018 with a goal of purchasing a home within the year. The Plaintiff enrolled in an expensive credit repair program, to assist in accomplishing this goal. The Plaintiff made a concerted effort to improve her credit as the 2018 goal was to purchase the home; Defendants' conduct has prevented the Plaintiff from succeeding in this goal. Plaintiff notified all Defendants of the egregious errs alleged, all have failed to make required corrections.

4.      Defendant Navient Solutions, Inc., formerly known as Sallie Mae, Inc., a wholly-owned subsidiary of Navient Corporation, a Delaware corporation, located at 13865 Sunrise Valley Drive, Herndon, VA 20171, is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers. As a servicer of student loans, Navient's primary responsibilities include managing borrowers' accounts, collecting and processing monthly payments. Navient, a Furnisher to Consumer Reporting Agencies must at all times comply with State and Federal Laws, and at all times relevant, Navient has been located and conducted business in this district.

2

5.      Defendant Navient Corporation is a loan management, servicing, and asset recovery company and is a Delaware corporation. Navient Corporation is the direct or indirect owner of all of the stock of Navient Solutions, Inc. At all times material to this complaint, Navient Corporation has been located and transacted business in this district, whether directly or through its subsidiaries. Navient Corporation also owns or leases the offices used by Navient Solutions, Inc., makes personnel decisions for Navient Solutions, Inc., and manages all compliance auditing for Navient Solutions, Inc. Navient Corporation consented to, has knowledge of, has materially participated in, and/or has controlled the activities of Navient Solutions, Inc. with respect to the conduct alleged in this Complaint. Navient a Furnisher to Consumer Reporting Agencies ("CRA") must at all times comply with State and Federal Laws, and at all times relevant, Navient has been located and conducted business in this district.

6.      Defendant Equifax Inc. is a consumer reporting agency located 1550 Peachtree Street, NW, H46, ATLANTA, GA 30309.  At all times material to this complaint, Equifax Inc has been located and transacted business in this district. Equifax is a CRA and must at all times comply with duties to CRA's outlined by law. Equifax failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

7.      Defendant Experian Information Solutions, Inc., ("Experian") a foreign corporation and consumer reporting agency located 475 Anton Boulevard, Costa Mesa, CA 92626.  At all times material to this complaint, Experian has been located and transacted business in this district. Experian is a CRA and must at all times comply with duties to CRA's outlined by law. Experian failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

8.      Defendant Trans Union, LLC., ("Union") a foreign limited liability company and a consumer reporting agency located 555 W. Adams St, Chicago, IL 60661. At all times material to this complaint. Union has been located and transacted business in this district. Union is a CRA and must at all times comply with duties to CRA's outlined by law. Union failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

9.      Defendant Innovis Data Solutions, Inc., ("Innovis") is a foreign corporation and consumer reporting agency located 250 E Broad St, 18th Flr, Columbus, OH 43215. At all times material to this complaint, Innovis has been located and transacted business in this district. Innovis is a CRA and must at all times comply with duties to CRA's outlined by law. Innovis failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

10.     At all relevant times Plaintiff's accounts were considered in forbearance, deferment, and/or had current payments.

11.     Plaintiff required student loans to begin her post-secondary education in 2001.

12.     Navient f/k/a Sallie Mae, began servicing Plaintiff's education loans in 2001.

13.     Plaintiff consolidated her student loans twice with Navient, once on or about 08/11/2016.

14.     In 2014, Navient began reporting to credit bureaus Equifax, Experian, Trans Union, and Innovis that Plaintiff was "90," "150," "90," and "120," days late (collectively "Late Payments") in the months of April, May, October, and November 2014, respectively.

**Payment History**

| ▓OK▓ Current | | | | ▓90-150▓ 90-150 days delinquent | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Year | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2013 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
| 2014 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
| 2015 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
| 2016 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |

*Innovis does not have payment history for months left blank*

15.     These Late Payments were reported on each of the Plaintiff's eighteen different accounts with Navient, to all Credit Bureaus.

16.     These Late Payments are magnanimously derogatory to the Plaintiff's creditworthiness, in both the prolonged late period reported and this being reported on each of the eighteen Navient accounts showing on Plaintiff's consumer report.

17.     Over the course of the past six years since these impossible Late Payments have been reported, Plaintiff has been denied numerous extensions of credit for reasons stated to be *inter alia*, number of accounts with derogatory information and/or numerosity of severe late payments.

18.     ' Plaintiff has been denied auto loans, retail credit cards, credit cards, apartments, and jobs due to Defendants unwillingness to report true and correct information for the Plaintiff.

19.     Plaintiff has been forced to pay higher interest rates as a direct consequence of Defendants incorrect reporting, costing the Plaintiff thousands in interest paid over the last six years.

20.     Unfortunately, the bankruptcy meant to give the Plaintiff a clean slate, was hindered in doing so, as the Plaintiff's student loans were not forgiven in the bankruptcy; causing additional detrimental impact to the Plaintiff's creditworthiness.

21.     According to Equifax,

**But how much of an effect does one late payment really have on my credit score?**

The degree to which a late payment may affect your credit score can depend on multiple factors. When it comes to your FICO credit score, for example, a late payment will be evaluated based on how severe it is, how recent it is, and how frequently you've paid late.

Each credit reporting agency has its own model for evaluating your information and assigning you a credit score, so your scores will vary between the agencies. You should also know that your credit scores are updated each time there is a request for a score, and new information received impacts the model

In general, though, the longer a bill goes unpaid, the more damaging the effect it has on your credit score. For example, all other things being equal, a payment that is 90 days late can have a more significant negative impact on your credit score than a payment that is 30 days late. In addition, the more recent the late payment, the more negative of an impact it could have.

One late payment could have a more significant impact on higher credit scores. According to FICO data, a 30-day delinquency could cause as much as a 90- to 110-point drop on a FICO Score of 780 for a consumer who has never missed a payment on any credit account

In comparison, a consumer with a 680 FICO Score and two late payments (a 90-day delinquency on a credit card account from two years ago and a 30-day delinquency on an auto loan from a year ago) would experience a 60- to 80-point drop after being hit with another 30-day delinquency

If you miss a payment (even just one) on one of your credit accounts, the late payment could remain on your credit report for up to seven years. If you fall in the habit of paying late, your account could be charged off or sent to collections, which could further dent your credit score

In addition to lowering your credit score, a late payment could also cost you in the form of late fees and higher interest rates. If you pay your credit card bill even one day late, for example, you could be charged a late fee. Your creditors may also raise your interest rate if you regularly miss payments, which would mean you'd have to pay more money in order to carry a balance.

https://blog.equifax.com/credit/can-one-late-payment-affect-my-credit-score/

22.     The Late Payments are evidently erroneous, as it is mathematically impossible to have been reported as being 'OK' or 'Current' in March 2014, then 30 days later be 90 days late in April 2014.

23.     The same is true for May 2014. It is mathematically impossible to have been reported as being 90 days late in April 2014, then 30 days later be 150 days late in May; a 60-day increase in 30 days.

24.     The same is true for May 2014. It is mathematically impossible to have been reported as being 'OK' or 'Current' in September 2014, then 30 days later be 90 days late in October 2014.

6

25.     While the mathematical calculations appear to be correct between the months of October 2014 and November 2014, November should not be noted as 120 days late, if September was reported OK' or 'Current.'

26.     These evidently erroneous calculations detailed to each Defendant when Plaintiff first became aware starting in April 2018, through Plaintiff's plight to improve her credit and purchase a home, have gone recklessly uncorrected by Defendants.

27.     In response to one of Plaintiff's many attempts to correct the payment reporting on all accounts, Navient admitted to the Plaintiff on October 11, 2019, an account which was stated to the Plaintiff's, which was on Plaintiff's consumer reports, was not hers.

28.     The magnitude of the impact of this removed illegitimate account which is derogatory, which was improperly on the Plaintiff's consumer credit report, adversely affected her credit score and creditworthiness, continues to adversely affect her score and worthiness; and to which the extent of its impact will forever remain unknown.

29.     The amount of the removed illegitimate account, a loan, cannot be determined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

30.     The amount of interest accrued upon the removed illegitimate account, a loan, cannot be determined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

31.     Even after removing the illegitimate account, Navient has declined to reduce the sum owed by the Plaintiff in principal or interest.

32.     Therefore, Plaintiff is alleged by Navient to owe Navient this debt in violation of multiple Federal and State laws; an unfair debt collection.

33.     Plaintiff contacted Defendants Equifax, Experian, Trans Union, Innovis, and Navient, individually, in writing, to correct the Late Payments error. All have declined to do so.

# CAUSES OF ACTION

34.     Unless otherwise noted, each Count is against all Defendants. Plaintiffs re-alleges the preceding paragraphs set forth above and herein and incorporate them herein all counts by reference *inter alia*:

## COUNT ONE:

## FCRA VIOLATIONS

### Navient

39.     As a student loan servicer, Navient routinely furnishes information about the Plaintiff's federal student loan performance, as a borrower, on loans to one or more consumer reporting agencies for inclusion in a consumer report and is therefore a "furnisher" under Regulation V. 12 C.F.R. § 1022.41(c).

40.     As a Furnisher, Navient failed to "establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers [, the Plaintiff], that it furnishes to a consumer reporting agency;" 12 C.F.R. § 1022.42(a), evidenced by the failure to properly report payments and correct overt errors upon notification.

41.     Navient negligently and willfully violated the FCRA in the following ways: failing to conduct a reasonable investigation into Plaintiff's disputes regarding the impossible

mathematical calculations in violation of 15 U.S.C. § 1681s-2(b); through multiple disputes, over the course of a calendar year and a half.

42.     Navient is considered users of consumer reports according to 15 U.S.C. § 1681m.

43.     Navient knew or should have known that its actions and omissions violated the FCRA, as the mathematical errors are blatantly egregious.

44.     The amount reported to CRA's is incorrect and has negatively impacted the Plaintiff's credit score credit worthiness by reporting an inflated incorrect amount, stating the Plaintiff owes more than she factually does.

### Experian, Equifax, TransUnion, and Innovis

45.     Experian, Equifax, TransUnion, and Innovis are Consumer Reporting Agencies ("CRA") according to 15 U.S.C. § 1681a(f):

46.     As a Consumer Reporting Agencies, Experian, Equifax, TransUnion, and Innovis failed to "establish and maintain guidelines for furnishers regarding the accuracy and integrity of information," in violation of 15 U.S.C. § 1681s-2(e)(1).

47.     When given the opportunity, multiple times, Experian, Equifax, TransUnion, and Innovis failed to correct said error, in violation of Section § 1681s-2(a)(2). Failing to conduct reasonable re-investigation into Plaintiff's disputes.

48.     The named CRA's negligently and willfully violated the FCRA in by:

   a.  failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b),

b.  failing to conduct a reasonable re-investigation into Plaintiff's various disputes, 15 in

violation of U.S.C. § 1681i.

49.   Named CRA's knew or should have known that its actions and omissions violated the

FCRA, as the mathematical errors are blatantly egregious.

## COUNT THREE:  Navient

## TILA Violations

58.   Student loans are considered loans and open-end credit transaction.

59.   Plaintiff owed Navient more than four installments.

60.   The loans were used for personal use.

61.   Navient is a creditor and debt collector.

62.   In by charging Plaintiff for an account which is not hers, Navient has failed to disclose

the finance charge for Plaintiff's loans in violation of (§1026.4(b)).

63.   In by charging Plaintiff for an account which is not hers, the Annual Percentage Rate of

that Plaintiff has been charged exceeds the limit imposed under (§1026.14).

64.   Navient did not provide the Plaintiff disclosures required under TILA.

65.   As a result of Navient's conduct, Plaintiff has incurred actual damages including but not

limited to, loss of employment, housing, creditworthiness. Plaintiff has experienced *inter alia*

emotional distress, physical injuries, mental anguish including humiliation and fear.

66.   Plaintiff is entitled to damages proven through trial.

## COUNT FOUR: Navient

## Conversion

67.     Navient has committed an unauthorized act of ownership or control over the property, the money, of another, the Plaintiff in by assessing debt and associated interest against the Plaintiff and when becoming aware of said error, failing to remove all fees and interest from the Plaintiff's account; and forcing the Plaintiff to pay additional interest earned every day.

68.     While not required, Plaintiff demanded repossession fees and interest from Navient.

69.     Navient has refused to return the fees and accrued interest to the Plaintiff; intently and permanently depriving the Plaintiff of the use and benefit of her money, credit score, and credit worthiness.

70.     Plaintiff held the right to possess the funds at the time Navient took possession.

71.     Plaintiff is entitled to immediate possession of the fees and accrued interest.

72.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

73.     Plaintiff seeks maximum pre and pos-judgment interest from the date of conversion.

## **COUNT FIVE: Navient**

## **Civil Theft**

74.     Navient has committed an unauthorized act of ownership or control over the property, the money, of another, the Plaintiff in by assessing debt and associated interest against the Plaintiff and when becoming aware of said error, failing to remove all fees and interest from the Plaintiff's account; and forcing the Plaintiff to pay additional interest earned every day.

75.     While not required, Plaintiff demanded repossession fees and interest from Navient.

76.     Navient has refused to return the fees and accrued interest to the Plaintiff; intently and permanently depriving the Plaintiff of the use and benefit of her money, credit score, and credit worthiness.

77.     Plaintiff held the right to possess the funds at the time Navient took possession.

78.     Plaintiff is entitled to immediate possession of the fees and accrued interest.

79.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

80.     Navient is therefore guilty of civil theft under C.R.S. § 18-4-401(1) and of a class 5 felony under § 18-4-401(5).

81.     Plaintiff seeks maximum pre and pos-judgment interest from the date of theft, costs and attorney's fees.


## COUNT SIX: Navient
## Unjust Enrichment

82.     A large portion of Navient's profit is generated through interest and servicing on education loans.

83.     Navient admitted the Plaintiff did not owe the funds associated with the removed illegitimate account.

84.     As direct result of Plaintiff disputing the Late Payments, the illegitimate account was removed from Plaintiff's consumer credit report, but not deducted from the amount of her student loan, nor the interest accrued each year the account attached to Plaintiff's account.

85.     Plaintiff asked for fees and accrued interest to be returned.

86.     Despite Plaintiff asking for fees and accrued interest to be returned, Navient has not returned Plaintiff's fees and interest to the correct amount.

87.     Therefore, Navient's representations of the amount Plaintiff owes, the amount which interest is based upon is improper, deceitful, and/or misleading; done with a conscious disregard for the rights of the Plaintiff.

88.     Navient receives the benefit of Plaintiff's erroneous fees and interest, causing Plaintiff's financial loss.

89.     Funds derived through Navient's conduct belong to the Plaintiff.

90.     Injustice can only be avoided by disgorgement of ill-gotten gains awarded to Plaintiff.

91.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

92.     Plaintiff seeks maximum pre and post-judgment interest from the date of conversion.

## COUNT SIX: Navient
## Breach of Contract

93.     The Education Loan/ Account Service Agreement entered into between Navient and Plaintiff constitutes a contract.

94.    Plaintiff performed in accordance with terms stated or was excused from nonperformance by Navient's misconduct alleged herein.

95.    Navient breached its Education Loan/ Account Service Agreement with the Plaintiff, and responsibility stated by Congress, in by arbitrarily and unnecessarily imposing fees, and interest upon those fees; failing to correct when notified.

96.    Navient's breach fees which were neither set nor assessed in accordance with the reasonable expectation of the parties.

97.    Plaintiff has suffered damages a direct result of Navient's breach.

## COUNT SEVEN:

### Declaratory Judgment

98.    Plaintiff seeks judicial declaration that the fees and interest charged by Navient to Plaintiff were inconsistent with the terms of its contact; declaring the contract void and Plaintiff released from all obligations.

99.    Plaintiff seeks a permanent injunction, preventing Navient from committing similar actions against Plaintiff in the future.

100.    Navient's breached has caused Plaintiff's damages to be proven at trial.

101.    Plaintiff is entitled to her reasonable fees and costs.

## COUNT EIGHT:

### Violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. ("CCPA")

102. Defendants conduct alleged in this Complaint and relating to its refusal or failure to correct errors on the Plaintiff's consumer credit report violates the Colorado Consumer Protection Act because they (1) constitutes unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

103. Navient's refusal to remove the debt from the Plaintiff's account, including interest owed, is also considered (1) unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

104. CRA's violate the CCPA in by failing to correct the overtly obvious errors multiple times.

105. Defendants' violations of the CCPA were committed in bad faith, evident in their failure to correct multiple times.

106. Navient exhibits further deceptive behavior by failing to relinquish debt Navient itself has admitted was erroneously applied to the Plaintiff's balance, earning interest like all other accounts.

107. Navient's improper reporting payment reporting to credit bureaus is not only unfair and deceptive, but is a violation of the CCPA, FCRA, and FDCPA.

108. Plaintiff's injuries were unavoidable as Defendants' hold all the power and unilaterally control the information reported, the request to correct, and the ability to correct themselves. Plaintiff has suffered damages as a direct result of Defendant's violations of the CCPA.

109.    Defendants are liable to Plaintiff in amount to be determined at trial, including statutory treble damages. Plaintiff respectfully requests this Court award them the following damages pursuant to Colo. Rev. Stat. § 6-1-113(2)(a).  The greater of:

    i.    the amount of actual damages sustained; or

    ii.    five hundred dollars; or

    iii.    three times the amount of actual damages sustained.

110.    Plaintiff respectfully requests that this Court award her fees and costs associated with this action pursuant to Colo. Rev. Stat. § 6-1-113(2)(b) and enjoin Defendants from continued unlawful conduct alleged.

## COUNT NINE: Navient

## Violations of Consumer Credit Code, Colo. Rev. Stat. § 5-1-101, et seq. ("UCCC");

111.    By agreeing to provide the Plaintiff banking services, Defendants and Plaintiff participated in a "Consumer Credit Sale" as defined in C.R.S. § 5-1-301(11)(a); thereby a "Consumer credit transaction" C.R.S. § 5-1-301(12).

112.    The written agreement did not permit Navient to assess fees and interest to Plaintiff on loans or accounts which were not the Plaintiff's.

113.    The Education Loan/ Account Service Agreement provided to Plaintiff was deficient, ineffective, deceptive, conducted in bad-faith, unfair, unconscionable, and misleading in that it does not state Navient would assess fees and interest to the Plaintiff which were not hers.

16

114.    By and through conduct of Navient described in all paragraphs, Navient's conduct can be construed as unconscionable, in violation of C.R.S. § 5-5-109 and C.R.S. § 5-3-210.

115.    Navient further violates the UCCC in by reporting incorrect information for years, and upon notification and multiple opportunities to resolve; failing to do so.

116.    The reliance upon said representations has caused Plaintiff's actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

117.    Plaintiff is entitled to damages proven through trial.

118.    Plaintiff is entitled to her reasonable fees and costs.

## COUNT TEN: Navient

## Violations of the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-1-301, et seq. ("UCC")

119.    C.R.S. § 4-1-304, Obligation of Good Faith, Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement.

120.    Colorado recognizes an obligation to conducting all commerce in good-faith.

121.    Navient has an obligation to impose these fees in good-faith.

122.    Navient have breached their obligations to good-faith by assess fees and interest to Plaintiff on loans or accounts which were not the Plaintiff's and failing to remove once notified.

123.    Navient further violates the UCC in by reporting incorrect information for years, and upon notification and multiple opportunities to resolve; failing to do so.

124.    As a result of Navient's actions described herein, Plaintiff has incurred actual damages including but not limited to, loss of employment, housing, creditworthiness. Plaintiff has experienced inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

## COUNT ELEVEN: Navient
## Breach of Fiduciary Duty

125.    As a User, CRA, and/or Furnisher, Navient held training and the knowledge of lawful conduct when servicing education loans, assessing debt, collecting, and reporting accurate interactions with the Plaintiff.

126.    As creditors, Navient held duties outlined by law.

127.    As this issue concerns a consumer credit transaction, Navient held duties outlined by law.

128.    As Servicers of Student loans, Navient held duties assigned by law.

129.    As Navient regularly engaged in trade and commerce, both nationally and by interstate, Navient held duties outlined by law.

130.    Navient was acting as a fiduciary to the Plaintiff with respect to her consumer credit report and the information contained within it. Additionally, Navient was acting as a fiduciary as the servicer of the Plaintiff's student loans.

131.    As a result of Navient's breach of fiduciary duties, Plaintiff has incurred actual damages including but not limited to, loss of employment, housing, creditworthiness. Plaintiff has experienced inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

132.   The aforementioned injuries, losses and damages of the Plaintiff were caused by

Navient's breach of fiduciary duties, in an amount to be proven at trial.

## COUNT TWELVE:

### Negligence

133.   Defendants' negligence is displayed through the vast amount of opportunity all have

possessed to correct the overtly impossibly correct mathematical error in the payment history of

Plaintiff's Navient/Sallie Mae accounts; all since 2014.

134.   The fact that the error is still present, Defendants have failed multiple duties outlined in

multiple statutes.

135.   Defendants knew and/or reasonably expected the Plaintiff being adversely affected by the

incorrect reporting and being paid to pay funds which she did not receive nor use.

136.   The Plaintiff's reliance upon the representations the Navient had the correct information

was justified, as Plaintiff had been with Navient since 2001.

137.   The reliance upon said representations has caused Plaintiff's actual damages including

but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia*

emotional distress, physical injuries, mental anguish including humiliation and fear.

138.   Plaintiff is entitled to damages proven through trial.

139.   Plaintiff is entitled to her reasonable fees and costs.

## E. PRAYERS FOR RELIEF

140.   Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein

by reference. Plaintiff has suffered *inter alia*, severe emotional and mental distress as a result of

the fraudulent behavior of the Defendants; all resulting in *inter alia* loss of life enjoyment, past

and future pain and suffering, and an increased risk of harm. Past and future lost income, wages,

and earnings.

**WHEREORE,** Plaintiff seeks a jury trial on all claims so triable and prays for judgement as
follows:

I.   Permanently enjoin Defendants from committing future violations of the CFPA, FCRA,

Regulation V, the FDCPA, or any other provision of federal consumer financial law;

II.   Award actual damages to the Plaintiff in accordance with 15 U.S.C. § 1692k; 15 U.S.C.

§§ 1640(a)(1) and 1640(a)(2)(i);

III.   Award punitive damages to Plaintiff in accordance with 15 U.S.C. § 1692k;

IV.   Award Plaintiffs' costs and attorney's fees in accordance with 15 U.S.C. § 1692k; 15

U.S.C. § 5-5-206 and C.R.S. § 4-5-111(c)(d)(e)(f);

V.   All statutory damages according to proof awarded to the Plaintiff;

VI.   Maximum pre and post judgement interest awarded on all allowable damages for the

Plaintiff;

VII.   Special damages awarded to the Plaintiff;

VIII.   Order Defendants to pay appropriate restitution to Plaintiff.

IX.   In accordance with 15 U.S.C.§ 1640, statutory damages of 3 times the amount of any

average loss to be determined by jury at trial, for the TILA violations;

X.   Pursuant to C.R.S. 5-5-206. Civil Liability for Discrimination, provide damages of

$100,000;

**XI.**   Award actual and punitive damages to Plaintiff, due to multiple breaches of contract;

**XII.**   Award actual and consequential damages liberally pursuant to C.R.S. §§ 6-1-101 et. seq., 6-1-113, C.R.S. § 4-1-305 and C.R.S. § 4-2-715;

**XIII.**   Disgorgement of the ill-gotten gains against Defendants to the Plaintiff;

**XIV.**   Order the rescission of contract between Navient and Plaintiff, affirming any debt owed to Navient.

**XV.**   All statutory damages according to proof;

**XVI.**   All costs and fees related to this matter;

**XVII.**   Other relief the Court finds appropriate awarded to the Plaintiff.

JS 44  (Rev. 06/17)   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tiffany Grays

**DEFENDANTS**
Navient Corporation

**(b)** County of Residence of First Listed Plaintiff   Denver
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tiffany Grays, pro se
PO Box 472322
Aurora, CO 80047    720-623-1883

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 1681 et seq, 15 U.S.C. § 1602, 15 U.S.C. § 1692
Brief description of cause:   ☐ AP Docket   Unfair Debt Collection, FCRA Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE  02-20-2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____