IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00452-GPG

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, LLC,
EQUIFAX INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Tiffany Grays, initiated this action on February 20, 2020, by filing *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be ordered to file an amended complaint if she wishes to pursue any claims in this action.

**I.    Complaint**

Plaintiff asserts claims alleging violations of the Fair Credit Reporting Act ("FCRA"), 18 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, as well as

numerous violations of state law.  (ECF No. 1 at 4-5, 7, 14-25).  She alleges that Defendant Navient, her student loan servicer, reported inaccurate information to Defendants Equifax, Experian, Trans Union, and Innovis, consumer reporting agencies, regarding late payments in April, May, October, and November 2014.  (*Id.* at 10-13).  According to Plaintiff, on October 11, 2019, Defendant Navient admitted that an account which appeared on Plaintiff's consumer reports was not hers and removed the "illegitimate account." (*Id.* at 13-14).  She seeks injunctive relief as well as damages. (*Id.* at 26-27).

### A.  Rule 8

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(a), the court has determined the Complaint is deficient because Plaintiff fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The pleading requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff fails to provide a short and plain statement of a claim showing she is entitled to relief.

### B. FCRA

The FCRA "imposes obligations on three types of entities: credit reporting agencies [CRAs], users of consumer reports[,] and furnishers of information to [CRAs]." *Jarrett v. Bank of Am.,* 421 F. Supp.2d 1350, 1353 (D. Kan. 2006) (citing 15 U.S.C. § 1681, *et seq.*). A CRA is defined as any entity that "regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). The FCRA also applies to users of consumer credit reports who take adverse action against the consumer based on information contained in the report. 15 U.S.C. § 1681m. Finally, a furnisher is "an entity which transmits information concerning a particular debt owed by a particular consumer to [CRAs]." *Fishback v. HSBC Retail Servs. Inc.*, 944 F.Supp.2d 1098, 1107 (D.N.M. 2013) (quoting *Jarrett*, 421 F.Supp.2d at 1352 n.1).

Plaintiff fails to allege a claim against Defendant Navient as a furnisher of information to CRAs. Under the FCRA, furnishers have a duty to accurately report information, 15 U.S.C. § 1681s–2(a), and, upon receiving notice of a dispute from a CRA, to (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the

results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.  *See* § 1681s–2(b).  Section 1681s–2(a) does not provide a private cause of action against a furnisher, *see Sanders v. Mountain America Federal Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing § 1681s–2(c)), while the duties listed in § 1681s–2(b) "arise only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)."  *Pinson v. Equifax Credit Info. Servs., Inc.,* 316 Fed. Appx. 744, 751 (10th Cir. 2009) (unpublished) (*citing Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009); *see also Sanders*, 689 F.3d at 1147 (recognizing that a breach of the duties imposed on the furnisher under § 1681s-2(b) might expose the furnisher to liability because the private action limitation in § 1681s–2(c) applies only to violations of the duties listed in § 1681s–2(a)).

Plaintiff's allegations are insufficient to state a claim under the FCRA against Defendant Navient as a furnisher because it cannot be held liable in a private cause of action unless Defendant Navient was notified by a CRA that the information provided by Defendant Navient was in dispute.  Because Plaintiff does not allege that any CRA notified Defendant Navient that the information provided to a CRA was in dispute, she fails to state an arguable claim for relief against Defendant Navient under the FCRA in its role as a furnisher.

### C.  FDCPA

"The FDCPA is a consumer protection statute that prohibits certain abusive,

deceptive, and unfair debt collection practices." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1171 n.1 (2013).  "The FDCPA's private-enforcement provision, 15 U.S.C. § 1692k, authorizes any aggrieved person to recover damages from 'any debt collector who fails to comply with any provision' of the FDCPA." *Id.*  Private actions under the FDCPA must be brought within one year of the date of the violation. *See* 15 U.S.C.A. § 1692k(d).  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  A "debt collector" does not include the consumer's creditors. *See* 15 U.S.C. § 1692a(6)(F).

Plaintiff's allegations do not state a claim showing she is entitled to relief under the FDCPA against Defendant Navient.  More specifically, Defendant Navient does not appear to qualify as a "debt collector" as that term is defined in the FDCPA.  *See Nitka v. Nelnet, Inc.,* 763 Fed. Appx. 682, 685-86 (10th Cir. 2019) (holding that student loan servicer was not "debt collector" for purposes of FDCPA as loans never went into default, but rather servicer reported late payments to credit agencies).  Moreover, Plaintiff fails to allege any abusive, deceptive, or unfair debt collection practices by Defendant Navient within one year prior to the filing of this action. *See* 15 U.S.C.A. § 1692k(d).

### D. TILA

Plaintiff also fails to allege facts that demonstrate a violation of the required disclosures under the TILA, which applies only to originating lenders or its assignees.  Indeed, the TILA expressly disclaims any liability of loan servicers as assignees. *See*

15 U.S.C. § 1641(f).  Moreover, the TILA recognizes that loan servicers do not become subject to its terms on the basis of assignment.  *See, e.g., Hubbard v. Ameriquest Mortg. Co.,* No. 05–cv–389, 2008 WL 4449888, at **3–4 (N.D. Ill. Sept. 30, 2008) (unpublished decision) (holding that where there are no allegations to support notion that the mere loan servicer had any ownership interest in the loan, TILA does not apply).  As a servicer, Defendant Navient is not liable for any deficiencies in disclosures under the TILA.

## II.   Conclusion

Plaintiff will be given an opportunity to cure the pleading deficiencies in the Complaint by filing an amended pleading in compliance with this Order.  Further, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court' s website."  Thus, Plaintiff must use the current Court-approved form Complaint when preparing her amended pleading.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.  The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint

form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED February 26, 2020.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge