IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-CPG

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

    Defendants.

---

### DEFENDANTS NAVIENT CORPORATION AND NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

Defendants Navient Corporation ("Navient Corp.")[1] and Navient Solutions, LLC ("NSL," together, "Navient Defendants"), by and through their counsel, hereby submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Amended Complaint") as follows:

#### A.     PLAINTIFF INFORMATION

Navient Defendants are without knowledge or information sufficient to form a belief as to the truth of matters asserted in the section titled "Plaintiff Information."

---

[1] Navient Corp. is the parent company of NSL. Navient Corp. does not engage in student loan servicing, and has not, in any way, serviced any of Plaintiffs' student loans, referenced in the Amended Complaint or otherwise.

### B. DEFENDANT(S) INFORMATION

Navient Defendants deny that the listed addresses are either of their mailing addresses. Navient Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of remaining matters asserted in the section titled "Defendant(s) Information."

### C. JURISDICTION

The allegations in the section titled "Jurisdiction" constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants do not contest this Court's jurisdiction.

### D. STATEMENT OF CLAIM(S)[2]

#### INTRODUCTION

1. The allegations in Paragraph 1 constitute legal conclusions, and no response is required. To the extent a response is required, the allegations against Navient Defendants are denied. Navient Defendants further deny that they violated the FCRA, any other federal or Colorado state statutes, or committed any other wrongdoing. Navient Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants.

#### FACTS

2. Navient Defendants incorporate their responses to the sections and Paragraph 1, above.

3. To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required. To the extent a response is required, Navient Defendants are without

---

[2] The Amended Complaint's initial pages include certain numbered allegations that are not in sequential order with the rest of the document. For ease of understanding, Navient Defendants respond to each allegation sequentially.

knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff personally. Admitted that NSL has and does service student loans obtained by Plaintiff. The remaining allegations pertaining to Navient Defendants' conduct are denied.

4. To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required. To the extent a response is required, Navient Defendants admit that NSL was formerly known as Sallie Mae, Inc., and is a wholly-owned subsidiary of Navient Corp. The remaining allegations are denied.

5. To the extent the allegations in Paragraph 5 constitute legal conclusions, no response is required. To the extent a response is required, Navient Defendants admit that Navient Corp. is a corporation organized under the laws of the State of Delaware and is the sole owner of NSL. The remaining allegations are denied.

6. The allegations in Paragraph 6 pertain to another defendant, and therefore, no response is required.

7. The allegations in Paragraph 7 pertain to another defendant, and therefore, no response is required.

8. The allegations in Paragraph 8 pertain to another defendant, and therefore, no response is required.

9. The allegations in Paragraph 9 pertain to another defendant, and therefore, no response is required.

10. Denied, as to any student loan accounts serviced by NSL.

11. Navient Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Admitted that NSL began servicing student loans obtained by Plaintiff in 2001.

13. Admitted that NSL services two federal consolidation loans obtained by Plaintiff. Denied that any loans were consolidated "with" Navient Defendants.

14. Admitted only that NSL reported student loans obtained by Plaintiff as delinquent in 2014. Navient Defendants cannot respond to the image contained in Paragraph 14.

15. Navient Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. The allegations in Paragraph 16 constitute a legal conclusion, and no response is required. To the extent a response is required, Navient Defendants deny same.

17. To the extent the allegations in Paragraph 17 constitute a legal conclusion, no response is required. To the extent a response is required, Navient Defendants deny same. Navient Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Denied.

19. Denied.

20. Navient Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. The allegations in Paragraph 21 refers to a written document, which speaks for itself.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

1028932\306088054.v1

26. To the extent the allegations in Paragraph 26 refer to Navient Defendants, they are denied. To the extent they refer to other defendants, no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. To the extent the allegations in Paragraph 33 refer to Navient Defendants, they are denied. To the extent they refer to other defendants, no response is required.

## CAUSES OF ACTION

34. Navient Defendants incorporate their responses to Paragraphs 1 through 33, above.

## CLAIM ONE

## FCRA VIOLATIONS

### Navient

35. The allegations in Paragraph 35 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

36. Denied.

37. Denied.

38. Denied.

39. The allegations in Paragraph 39 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

1028932\306088054.v1

40. The allegations in Paragraph 40 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

41. The allegations in Paragraph 41 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The allegations in Paragraph 48 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**Experian, Equifax, TransUnion, and Innovis**

Navient Defendants incorporate their responses to Paragraphs 1 through 53, above.

54. The allegations in Paragraph 54 refer to other defendants, and therefore, no response is required.

55. The allegations in Paragraph 55 refer to other defendants, and therefore, no response is required.

1028932\306088054.v1

56. The allegations in Paragraph 56 refer to other defendants, and therefore, no response is required.

57. The allegations in Paragraph 57 refer to other defendants, and therefore, no response is required.

58. The allegations in Paragraph 58 refer to other defendants, and therefore, no response is required.

59. The allegations in Paragraph 59 refer to other defendants, and therefore, no response is required.

60. The allegations in Paragraph 60 refer to other defendants, and therefore, no response is required.

61. The allegations in Paragraph 61 refer to other defendants, and therefore, no response is required.

62. The allegations in Paragraph 62 refer to other defendants, and therefore, no response is required.

63. The allegations in Paragraph 63 refer to other defendants, and therefore, no response is required.

## COUNT TWO: Navient

### Unfair Debt Collection Practices 15 U.S. Code § 1692

The claim alleged through Paragraphs 63-74 have been dismissed by the Court, and therefore, no response is required.

## CLAIM THREE: Navient

### Conversion

Navient Defendants incorporate their responses to Paragraphs 1 through 74, above.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The allegations in Paragraph 81 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

## CLAIM FOUR: Navient

## Civil Theft

Navient Defendants incorporate their responses to Paragraphs 1 through 81, above.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. The allegations in Paragraph 89 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

## CLAIM FIVE: Navient

## Unjust Enrichment

Navient Defendants incorporate their responses to Paragraphs 1 through 89, above.

1028932\306088054.v1

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. The allegations in Paragraph 98 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

99. Denied.

100. Denied.

## CLAIM SIX: Navient

## Breach of Contract

Navient Defendants incorporate their responses to Paragraphs 1 through 100, above.

101. The allegations in Paragraph 101 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny that they entered into any contract with Plaintiff.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

1028932\306088054.v1

## CLAIM SEVEN: Navient

## Declaratory Judgment

Navient Defendants incorporate their responses to Paragraphs 1 through 105, above.

106.   The allegations in Paragraph 106 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

107.   The allegations in Paragraph 107 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

108.   Denied.

109.   Denied.

## CLAIM EIGHT

## Violations of the Colorado Consumer Protection Act,

## Colo. Rev. Stat. § 6-1-101 et. seq. ("CCPA")

Navient Defendants incorporate their responses to Paragraphs 1 through 109, above.

110.   To the extent the allegations in Paragraph 110 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

111.   Denied.

112.   The allegations in Paragraph 112 pertain to other defendant and no response is required.

113.   To the extent the allegations in Paragraph 113 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

114.   Denied.

115.   Denied.

116. To the extent the allegations in Paragraph 116 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

117. To the extent the allegations in Paragraph 117 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

118. To the extent the allegations in Paragraph 118 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

119. To the extent the allegations in Paragraph 119 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

120. The allegations in Paragraph 120 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

**CLAIM NINE: Navient**

**Violations of the Colorado Credit Code, Colo. Rev. Stat. § 5-1-101, et. seq. ("UCCC")**

Navient Defendants incorporate their responses to Paragraphs 1 through 120, above.

121. The allegations in Paragraph 121 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

122. The allegations in Paragraph 122 refer to a written document, which speaks for itself. Navient Defendants deny any allegations inconsistent therewith.

123. The allegations in Paragraph 123 refer to a written document, which speaks for itself. Navient Defendants deny any allegations inconsistent therewith.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

11

128. Denied.

## CLAIM TEN: Navient

### Violations of the Colorado Uniform Commercial Code,

### Colo. Rev. Stat. § 4-1-301, et. seq. ("UCC")

Navient Defendants incorporate their responses to Paragraphs 1 through 128, above.

129. The allegations in Paragraph 129 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

130. The allegations in Paragraph 130 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

131. The allegations in Paragraph 131 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

132. Denied.

133. Denied.

134. Denied.

## CLAIM ELEVEN: Navient

### Breach of Fiduciary Duty

Navient Defendants incorporate their responses to Paragraphs 1 through 134, above.

135. The allegations in Paragraph 135 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

136. The allegations in Paragraph 136 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

137. The allegations in Paragraph 137 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

1028932\306088054.v1

138. The allegations in Paragraph 138 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

139. The allegations in Paragraph 139 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

140. The allegations in Paragraph 140 constitute a legal conclusion and no response is required. To the extent a response is required, Navient Defendants deny same.

141. Denied.

142. Denied.

## CLAIM TWELVE:

### Negligence

Navient Defendants incorporate their responses to Paragraphs 1 through 142, above.

143. The allegations in Paragraph 143 constitute a legal conclusion and no response is required. To the extent the allegations pertain to other defendants, no response is also required. To the extent a response is required, the allegations are denied as to Navient Defendants.

144. To the extent the allegations in Paragraph 144 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

145. To the extent the allegations in Paragraph 145 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

146. To the extent the allegations in Paragraph 146 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

147. To the extent the allegations in Paragraph 147 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

1028932\306088054.v1

148. To the extent the allegations in Paragraph 148 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

149. The allegations in Paragraph 149 constitute a legal conclusion and no response is required. To the extent the allegations pertain to other defendants, no response is also required. To the extent a response is required, the allegations are denied as to Navient Defendants.

150. To the extent the allegations in Paragraph 150 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

151. To the extent the allegations in Paragraph 151 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

152. To the extent the allegations in Paragraph 152 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

153. To the extent the allegations in Paragraph 153 pertain to Navient Defendants, they are denied. To the extent they pertain to other defendants, no response is required.

### E. PRAYERS FOR RELIEF

Navient Defendants incorporate their responses to Paragraphs 1 through 153, above.

154. Denied.

Navient Defendants deny that Plaintiff is entitled to the relief requested in Paragraphs I – XIX.

### AFFIRMATIVE DEFENSES

Subject to and without waiving the denials set forth above, Navient Defendants allege the following separate, distinct, and affirmative defenses to Plaintiff's Amended Complaint and to all claims for relief contained therein. Navient Defendants deny that they bear the burden of proof or persuasion as to any or all of the affirmative defenses set forth herein.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to set forth facts sufficient to state a claim against Navient Defendants for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that recovery from Navient Defendants would result in Plaintiff's unjust enrichment.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Amended Complaint, which Navient Defendants deny, Plaintiff failed to mitigate those damages, and therefore, the claims are barred in whole or in part.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring a claim against Navient Defendants because she has not sustained any cognizable injury or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of

15

independent third parties or their agents, and not any act or omission on the part of Navient Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the damages she alleges have been caused by other superseding and/or intervening cause(s), and were not proximately caused by Navient Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times, NSL have had a legitimate basis to furnish information about Plaintiff to the Consumer Reporting Agencies.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent NSL is a furnisher under the FCRA, Plaintiff has no private right of action against it.

### THIRTEENTH AFFIRMATIVE DEFENSE

Navient Corp. is not a furnisher under the FCRA.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not complied with the provisions of the FCRA, and therefore, her claims are pre-empted or barred as a matter of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

NSL fully complied with all requirements of the FCRA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Navient Defendants reserve all defenses available under the FCRA, and any corresponding rules or regulations promulgated thereunder.

1028932\306088054.v1

### SEVENTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Navient Defendants acted within the absolute and qualified privileges afforded under the FCRA, and the United States Constitution, applicable State Constitutions and common law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on a contract fail because no contract existed between her and Navient Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaratory judgment because her claim is not based on an actual controversy.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by federal law, including the FCRA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As to the allegations in the Amended Complaint, and each and every cause of action therein, Navient Defendants presently have insufficient knowledge and information on which to form a belief as to whether additional, as yet unstated, affirmative defenses may exist. Navient Defendants, therefore, reserve the right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

### **PRAYER**

WHEREFORE, Navient Defendants prays for judgment as follows:

i. That the Amended Complaint and every cause of action alleged therein be dismissed with prejudice as to Navient Defendants;

17

ii. That Plaintiff's prayers for relief, and each of them, be denied insofar as they seek relief from Navient Defendants;

iii. That judgment be entered in favor of Navient Defendants;

iv. That Navient Defendants be awarded costs and fees; and

v. For any such other and further relief the Court may deem just and proper.

1028932\306088054.v1

Dated: July 2, 2020

*/s/ Jordan S. O'Donnell*
**Dennis N. Lueck, Jr.**
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070
dlueck@hinshawlaw.com

**Jordan S. O'Donnell**
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
jodonnell@hinshawlaw.com

*Attorneys for Defendants,*
*Navient Corporation and Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed with the Clerk of the U.S. District Court, District of Colorado the foregoing **Answer and Affirmative Defenses to Plaintiff's Amended Complaint** by using the CM/ECF system, which will send notification of such filing(s) to all parties and counsel of record.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell

19

1028932\306088054.v1