# UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

- V -

Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc.
*Defendant(s)*

## UNOPPOSED MOTION TO STRIKE DEFENDANT EQUIFAX'S AFFIRMATIVE FIRST, SECOND, AND THIRD DEFENSES

**COMES NOW** Tiffany Grays, pro se Plaintiff, hereby files this Motion to Strike Defendant Equifax's Affirmative Defenses as they have failed to meet the pleading requirements, failing to provide the Plaintiff notice; in violation of Fed.R.Civ.P. 12(f).

### I.  CERTIFICATION

In good-faith, Plaintiff contacted attorney for Equifax, Jeremy Moseley via phone and email multiple times to confer regarding this matter, noting failure to respond will be noted as the Motion being unopposed. Mr. Mosely failed to respond and thus this motion is unopposed.

## II.     BACKGROUND

Plaintiff Complaint contends Defendants have participated in unfair and unconscionable conduct by Navient improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's eighteen accounts, to each of the Consumer Reporting Agency ("CRA") Defendants; severely negatively impacting her credit score and creditworthiness. The CRAs then fail the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act; even when given multiple opportunities to correct.

Therefore, Plaintiff contends Defendants actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia*, consumer credit score damage, mental and emotional distress, physical injuries, and financial losses.

## III.     STANDARD OF REVIEW

Section 1681p of the Fair Credit Reporting Act ("FCRA") states, "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." *15 U.S. Code § 1681p. Jurisdiction of courts*.

Pursuant to Fed. Rule Civ. P 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome

of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

"Affirmative defense may only be stricken if as a matter of law, the defense cannot succeed under any circumstance." *Michaud v. Greenberg & Sada, P.C.,* No. 11-cv-01015-RPM-MEH, 2011 WL 2885952, *2 (D. Colo. July 18, 2011). Affirmative defenses require that a party "state in short and plain terms the party's defenses to each claim." *Fed. Rule Civ. P. 8(b)*.

"Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense." *United States v. Quadrini*, 2007 WL 4303213, at *4.

To exercise personal jurisdiction over a non-resident, a Colorado court must comply with both Colorado's long-arm statute and constitutional due process. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (citing *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002)); *see also* U.S. Const. amend. XIV; Colo. Const. art. II, § 25; § 13-1-124, C.R.S. (2017).

In enacting this state's long-arm statute, the General Assembly intended for Colorado courts to have the maximum scope of jurisdiction constitutionally permissible. *Keefe*, 40 P.3d at 1270 (citing *Scheuer v. Dist. Ct.*, 684 P.2d 249, 250 (Colo. 1984)). As is relevant here, the long-arm statute allows Colorado's courts to exercise personal jurisdiction over a non-resident who commits "a tortious act" within the state when the cause of action relates to that tortious act. § 13-1-124(1)(b), C.R.S. (2017). Colorado Courts have held that the tortious act(s) that give(s) rise

to jurisdiction must cause injury within Colorado, but that the conduct itself need not occur in Colorado to satisfy the long-arm statute. See *Scheuer*, 684 P.2d at 251.

## IV.  ARGUMENT

Plaintiff respectfully requests this Court Strike the First, Second, and Third Affirmative Defenses of Defendant Equifax, as the Defenses are mere bare bones allegations lacking any factual content and fail to give notice to Plaintiff of the substance of any defenses raised. Furthermore, the third presents an issue of an expanded scope of discovery which prejudices the Plaintiff.

### First, Second, and Third Affirmative Defenses Fail as a Matter of Law

The FCRA provides that consumers adversely affected by Consumer Reporting Agencies such as Equifax, can "enforce liability…in **any** [emphasis added] appropriate United States district court…" *§ 1681p*. As this case is before this United States District Court, where Plaintiff lives and resided at the time of Equifax's conduct in question causing Plaintiff's injuries **(Amended Complaint (A.Compl.") ¶3),** this Court would be appropriate under the statute. Nevertheless, Equifax contends this Court lacks jurisdiction as "Equifax is neither incorporated nor headquartered in Colorado and the conduct giving rise to Plaintiff's claim occurred outside of Colorado and was not targeted at Colorado." *ECF No. 35 at p.48*; a defense which is facially frivolous, as "any" Court is proper.

Plaintiff's Complaints contends Equifax's conduct was tortious, stating claims of Negligence **(A.Compl. Claim Twelve)** as well as alleging the conduct was negligent in violation of the FCRA **(A.Compl. ¶61)**. These facts together with Plaintiff affirming the injuries occurred

in Colorado, **(A.Compl.") ¶3)**, establishes not only this Court's personal jurisdiction over Equifax, but the frivolous nature of the Equifax's defense; allowing the Court to Strike. Therefore, as a matter of Colorado Law § 13-1-124(1)(b), this Court has jurisdiction.

According the record in this case, Defendant Equifax was properly served by the United States Marshall B. James, on June 15, 2020. Equifax then appears in this matter and files an answer contesting service, without any explanation how the service made was improper. Equifax's registered agent was served at the address listed in business documents filed with the State of Colorado. Service of the Summons and Complaint by a U.S. Marshall is permitted by law under Fed.R.Civ.P. 4(c)(3). According to the record, service was properly made **(ECF No. 25),** substantiating striking this defense.

Equifax's issues or concerns with the constitutionality of the FCRA are unlawful and ought to be stricken, as a matter of law, pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, as Equifax to **promptly** [emphasis added] provide notice, properly serve notice, nor has there been a certification from the Court. Thereby as matter of law, under Rule 5.1, this defense should be stricken.

<u>**Prejudice to the Pro Se Plaintiff**</u>

Pro se Plaintiff will surely suffer prejudice should the Third Defense be permitted to proceed, as notice has not been sent to the attorney general who would likely defend the FCRA against the seemingly meek attack by Equifax, against the constitutionality of the privacy standards established within the FCRA to prevent consumer credit information from being published to the world. Even if Notice were to be sent now, the attorney general has 60 days to

respond, further delaying these proceedings, which increases the harm suffered by the Plaintiff. Without the attorney general to defend, Plaintiff would be forced to defend Congress' intentions with the FCRA, prejudicing Plaintiff.

Plaintiff further suffers prejudice as the failure of Equifax to provide a short and plain statement how service was allegedly not properly made, prohibits Plaintiff from ensuring correction, as Plaintiff was not responsible for actually completing the service. Without knowing the factual basis, Plaintiff will not be able to properly respond to the affirmative defenses or begin discovery. Equifax is in current possession of the knowledge on how service was improper and failed to disclose, seemingly intently to delay and hinder this instant case from proceeding.

**WHEREFORE** based on the foregoing, Plaintiff asks this Court to Strike the First, Second, and Third affirmative defenses from Defendant Equifax's Answer, as these defenses are scandalous; affirmed as constitutional claims must be brought against the government, not the pro se Plaintiff. In addition, or in lieu of striking the Second Defense, Plaintiff asks that Equifax be compelled to provide a more definite statement in accordance with Rule 12(e), as the Marshalls attest to proper service.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                     **20-cv-00452-WJM-SKC**
    v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2020, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **UNOPPOSED MOTION TO STRIKE DEFENDANT EQUIFAX'S AFFIRMATIVE FIRST, SECOND, AND THIRD DEFENSES**

| | |
|---|---|
| James Acosta<br>6900 N. Dallas Parkway, Ste. 800<br>Plano, TX 75024<br>(214) 560-5440<br>jacosta@qslwm.com<br>***Counsel for Trans Union LLC*** | Jordan S. O'Donnell<br>53 State Street 27th Floor<br>Boston, MA 02119<br>(617) 213-7000<br>jodonnell@hinshawlaw.com<br>***Counsel for Navient Defendants*** |
| Jeremy A. Moseley<br>370 17th Street, Ste. 4500<br>Denver, CO 80202<br>(303) 244-1800<br>moseley@wtotrial.com<br>***Counsel for Equifax, Inc.*** | Jason A. Spak<br>P.O. Box 5262<br>Pittsburgh, PA 15206<br>Jason.spak@fisherboyles.com<br>(412) 401-2000<br>***Counsel for Innovis Data Solutions, Inc.*** |

                                                      /s/ Tiffany Grays, pro se

                                                              Tiffany Grays
                                                             PO Box 472322
                                                           Aurora, CO  80047
                                                           (720) 623-1883
                                                      Legalgrays@gmail.com