# D.   STATEMENT OF CLAIMS

# INTRODUCTION

1.      **COMES NOW**, Tiffany Grays, *pro se*, ("Plaintiff" or "she" or "her") makes claims

against Defendants: Equifax Inc. d/b/a/ Equifax Information Services LLC. ("Equifax"),

Experian Information Solutions, Inc. ("Experian"), Trans Union LLC. ("TransUnion"), and

Innovis Data Solutions, Inc. ("Innovis"), (collectively "CRA's") Navient Solutions, Inc.,

("Navient") (collectively "Defendants") for violations of *inter alia* the Fair Credit Reporting Act

(FCRA), 15 U.S.C. §§ 1681 et seq., and its implementing regulation, Regulation V, 12 C.F.R.

part 1022; thus Defendants have participated in unfair, unconscionable conduct, improperly

reporting mathematically impossible late payments since 2014 on each of the Plaintiff's eighteen

accounts; severely impacting her credit score, creditworthiness. Defendants profit by forcing the

Plaintiff to pay for a loan which was not hers; increasing the amount due to Defendants, not only

in the actual loan amount, but the interest accrued, fees which are induced by Defendants. This

obscurity in reporting has allowed Navient to engorge on these illicit profits. Navient's actions

are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing;

constitute unjust enrichment and conversion through fraudulent and/or negligent

misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to

the Plaintiff; including *inter alia*, consumer credit score damage, mental and emotional distress,

physical injuries, and financial losses. This Second Amended Complaint relates back to the

original and Amended Complaints.

# FACTS

2.      Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein by reference *inter alia*:

3.      *Pro se* Plaintiff, Ms. Tiffany Grays, an individual consumer with a consumer credit report and over the age of 18; a Colorado Native who resides in Colorado. Plaintiff conducted all business transactions with the Defendants in Colorado. Navient is the servicer for all of Plaintiff's education loans. Unbeknownst to Plaintiff, the actions of Navient severely reduced her credit score and creditworthiness as alleged herein, causing and/or significantly contributed to the Plaintiff deciding to file bankruptcy in 2015. Additionally, Plaintiff set out 2018 with a goal of purchasing a home within the year. The Plaintiff enrolled in an expensive credit repair program, to assist in accomplishing this goal. The Plaintiff made a concerted effort to improve her credit as the 2018 goal was to purchase the home; Defendants' conduct has prevented the Plaintiff from succeeding in this goal. Plaintiff notified all Defendants of the egregious errs alleged, all have failed to make required corrections.

4.      Defendant Navient Solutions, Inc., formerly known as Sallie Mae, Inc., a wholly-owned subsidiary of Navient Corporation, a Delaware corporation, located at 13865 Sunrise Valley Drive, Herndon, VA 20171, is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers. As a servicer of student loans, Navient's primary responsibilities include managing borrowers' accounts, collecting and processing monthly payments. Navient, a Furnisher to Consumer Reporting Agencies must at all times comply with State and Federal Laws, and at all times relevant, Navient has been located and conducted business in this district.

6.      Defendant Equifax Inc. is a consumer reporting agency located 1550 Peachtree Street, NW, H46, ATLANTA, GA 30309.  At all times material to this complaint, Equifax Inc has been located and transacted business in this district. Equifax is a CRA and must at all times comply with duties to CRA's outlined by law. Equifax failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

7.      Defendant Experian Information Solutions, Inc., ("Experian") a foreign corporation and consumer reporting agency located 475 Anton Boulevard, Costa Mesa, CA 92626.  At all times material to this complaint, Experian has been located and transacted business in this district. Experian is a CRA and must at all times comply with duties to CRA's outlined by law. Experian failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

8.      Defendant Trans Union, LLC., ("Union") a foreign limited liability company and a consumer reporting agency located 555 W. Adams St, Chicago, IL 60661.  At all times material to this complaint. Union has been located and transacted business in this district. Union is a CRA and must at all times comply with duties to CRA's outlined by law. Union failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

9.      Defendant Innovis Data Solutions, Inc., ("Innovis") is a foreign corporation and consumer reporting agency located 250 E Broad St, 18th Flr, Columbus, OH 43215.  At all times material to this complaint, Innovis has been located and transacted business in this district. Innovis is a CRA and must at all times comply with duties to CRA's outlined by law. Innovis

failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

10. At all relevant times Plaintiff's accounts were considered in forbearance, deferment, and/or had current payments.

11. Plaintiff required student loans to begin her post-secondary education in 2001.

12. Navient f/k/a Sallie Mae, began servicing Plaintiff's education loans in 2001.

13. Plaintiff consolidated her student loans twice with Navient, once on or about 08/11/2016.

14. In 2014, Navient began reporting to credit bureaus Equifax, Experian, Trans Union, and Innovis that Plaintiff was "90," "150," "90," and "120," days late (collectively "Late Payments") in the months of April, May, October, and November 2014, respectively. The month immediately preceding these Late Payments, Navient reported Plaintiff's payments were on time or 'OK.'



15. These Late Payments were reported on each of the Plaintiff's twenty-one different accounts with Navient, to all Credit Bureaus.

16. These Late Payments are magnanimously derogatory to the Plaintiff's creditworthiness, in both the prolonged late period reported and this being reported on each of the eighteen Navient accounts showing on Plaintiff's consumer report.

17.     Over the course of the past six years since these impossible Late Payments have been reported, Plaintiff has been denied numerous extensions of credit for reasons stated to be *inter alia*, number of accounts with derogatory information and/or numerosity of severe late payments.

18.     Plaintiff has been denied auto loans, retail credit cards, credit cards, apartments, and jobs due to Defendants unwillingness to report true and correct information for the Plaintiff.

19.     Plaintiff has been forced to pay higher interest rates as a direct consequence of Defendants incorrect reporting, costing the Plaintiff thousands in interest paid over the last six years.

20.     Unfortunately, the bankruptcy meant to give the Plaintiff a clean slate, was hindered in doing so, as the Plaintiff's student loans were not forgiven in the bankruptcy; causing additional detrimental impact to the Plaintiff's creditworthiness.

21.     According to Equifax,

**But how much of an effect does one late payment really have on my credit score?**

The degree to which a late payment may affect your credit score can depend on multiple factors. When it comes to your FICO credit score, for example, a late payment will be evaluated based on how severe it is, how recent it is, and how frequently you've paid late.

Each credit reporting agency has its own model for evaluating your information and assigning you a credit score, so your scores will vary between the agencies. You should also know that your credit scores are updated each time there is a request for a score, and new information received impacts the model.

In general, though, the longer a bill goes unpaid, the more damaging the effect it has on your credit score. For example, all other things being equal, a payment that is 90 days late can have a more significant negative impact on your credit score than a payment that is 30 days late. In addition, the more recent the late payment, the more negative of an impact it could have.

One late payment could have a more significant impact on higher credit scores. According to FICO data, a 30-day delinquency could cause as much as a 90- to 110-point drop on a FICO Score of 780 for a consumer who has never missed a payment on any credit account.

In comparison, a consumer with a 680 FICO Score and two late payments (a 90-day delinquency on a credit card account from two years ago and a 30-day delinquency on an auto loan from a year ago) would experience a 60- to 80-point drop after being hit with another 30-day delinquency.

If you miss a payment (even just one) on one of your credit accounts, the late payment could remain on your credit report for up to seven years. If you fall in the habit of paying late, your account could be charged off or sent to collections, which could further dent your credit score.

In addition to lowering your credit score, a late payment could also cost you in the form of late fees and higher interest rates. If you pay your credit card bill even one day late, for example, you could be charged a late fee. Your creditors may also raise your interest rate if you regularly miss payments, which would mean you'd have to pay more money in order to carry a balance.

https://blog.equifax.com/credit/can-one-late-payment-affect-my-credit-score/

22.     The Late Payments are evidently erroneous, as it is mathematically impossible to have been reported as being 'OK' or 'Current' in March 2014, then 30 days later be 90 days late in April 2014.

23.     The same is true for May 2014. It is mathematically impossible to have been reported as being 90 days late in April 2014, then 30 days later be 150 days late in May; a 60-day increase in 30 days.

24.     The same is true for October 2014. It is mathematically impossible to have been reported as being 'OK' or 'Current' in September 2014, then 30 days later be 90 days late in October 2014.

25.     While the mathematical calculations appear to be correct between the months of October 2014 and November 2014, November should not be noted as 120 days late if September was reported OK' or 'Current.'

26.     These evidently erroneous calculations detailed to each Defendant when Plaintiff first became aware starting in April 2018, through Plaintiff's plight to improve her credit and purchase a home, have gone recklessly uncorrected by Defendants.

27.     In response to one of Plaintiff's many attempts to correct the payment reporting on all accounts, Navient admitted to the Plaintiff on October 11, 2019, an account which was stated to the Plaintiff's, which was on Plaintiff's consumer reports, was not hers.

28.     The magnitude of the impact of this removed illegitimate account which is derogatory, which was improperly on the Plaintiff's consumer credit report, adversely affected her credit score and creditworthiness, continues to adversely affect her score and worthiness; and to which the extent of its impact will forever remain unknown.

29.     The amount of the removed illegitimate account, a loan, cannot be determined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

30.     The amount of interest accrued upon the removed illegitimate account, a loan, cannot be determined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

31.     Even after removing the illegitimate account, Navient has declined to reduce the sum owed by the Plaintiff in principal or interest.

32.     Therefore, Plaintiff is alleged by Navient to owe Navient this debt in violation of multiple Federal and State laws; an unfair debt collection.

33.     Plaintiff contacted Defendants Equifax, Experian, Trans Union, Innovis, and Navient, individually, in writing, to correct the Late Payments error. All have declined to do so.

# CAUSES OF ACTION

34.     Unless otherwise noted, each Claim is against all Defendants. Plaintiffs re-alleges the preceding paragraphs set forth above and herein and incorporate them herein all Claims by reference *inter alia*:

## CLAIM ONE:

## FCRA VIOLATIONS

### Navient

39.     By and through the preceding paragraphs, Plaintiff has established she is a consumer with a consumer credit report as defined 15 U.S.C. § 1681a(c)-(d).

40.     As a student loan servicer, Navient routinely furnishes information about the Plaintiff's federal student loan performance, as a borrower, on loans to one or more consumer reporting agencies for inclusion in a consumer report and is therefore a "furnisher" under Regulation V. 12 C.F.R. § 1022.41(c).

41.     As a furnisher, Navient held duties under 15 U.S.C. § 1681s-2.

42.     Plaintiff disputed the accuracy of the Late Payments directly with Navient and directly with CRA's named in this instant case, multiple times, triggering Navient's compliance with 15 U.S.C. § 1681i.

43.     The CRA's disputed the accuracy of the Late Payments directly with Navient; Navient still failed to correct.

44.     As a Furnisher, Navient failed to "establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers [, the Plaintiff], that it furnishes to a consumer reporting agency;" 12 C.F.R. § 1022.42(a), evidenced by the failure to properly report payments and correct overt errors upon notification within Plaintiff's consumer credit reports.

45.     Navient negligently and/or willfully violated the FCRA in the following ways: 1) failing to conduct a reasonable investigation into Plaintiff's disputes regarding the impossible mathematical calculations in violation of 15 U.S.C. § 1681s-2(b); 2) failing through multiple disputes, over the course of a calendar year and a half, also in violation of 15 U.S.C. § 1681i; 3) with malice and/or recklessness, falsely reporting and publishing wholly false and inaccurate information about the Plaintiff

46.     Navient also failed to modify, delete, or permanently block the reporting of the disputed the Late Payments and the erroneous account as these were determined to be inaccurate, incomplete, and/or unverifiable, in violation of 15 U.S.C. § 1681s-2(b).

47.     By and through 15 U.S.C. § 1681s-2(d), liability upon Navient is enforced by the consumer Plaintiff is conferred through § 1681s-2(b) therefore, is not excluded under 15 U.S.C. § 1681s-2(c).

48.     Navient is also considered users of consumer reports according to 15 U.S.C. § 1681m.

49.     Navient knew or should have known that its actions and omissions violated the FCRA, as the mathematical errors are blatantly egregious.

50.     The amount reported to CRA's is incorrect and has negatively impacted the Plaintiff's credit score credit worthiness by reporting an inflated incorrect amount, stating the Plaintiff owes more than she factually does.

51.     By and through the preceding paragraphs, Plaintiff seeks relief under 15 U.S.C. §§ 1681n-o.

52.     Plaintiff has been damaged as alleged within this Complaint in an amount to be determined at trial.

53.     Plaintiff is entitled to all statutory damages and costs.

## Experian, Equifax, TransUnion, and Innovis

54.     Experian, Equifax, TransUnion, and Innovis are Consumer Reporting Agencies ("CRA") according to 15 U.S.C. § 1681a(f).

55.     After receiving notice of disputed information contained within Plaintiff's consumer credit report, Experian, Equifax, TransUnion, and Innovis failed to place an indication of dispute by consumer upon the report, in violation of 15 U.S.C. § 168lc(f).

56.     As a Consumer Reporting Agencies, Experian, Equifax, TransUnion, and Innovis failed to "establish and maintain guidelines for furnishers regarding the accuracy and integrity of information," in violation of 15 U.S.C. § 168li.

57.     Experian, Equifax, TransUnion, and Innovis negligently and/or willfully violated the FCRA in the following ways: 1) failing to conduct a reasonable investigation into Plaintiff's disputes regarding the impossible mathematical calculations in violation of 15 U.S.C. § 1681s-2(b); 2) failing through multiple disputes, over the course of a calendar year and a half, also in

violation of 15 U.S.C. § 1681i; 3) with malice and/or recklessness, falsely reporting and publishing wholly false and inaccurate information about the Plaintiff

58.     When given the opportunity, multiple times, Experian, Equifax, TransUnion, and Innovis failed to correct said error, in violation of Section § 168ls-2(a)(2). Failing to conduct reasonable re-investigation into Plaintiff's disputes.

59.     The named CRA's negligently and willfully violated the FCRA in by:

   a.   failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b),

   b.   failing to conduct a reasonable re-investigation into Plaintiff's various disputes, 15 in violation of U.S.C. § 1681i.

60.     Named CRA's knew or should have known that its actions and omissions violated the FCRA, as the mathematical errors are blatantly egregious.

61.     By and through the preceding paragraphs, Plaintiff seeks relief under 15 U.S.C. §§ 1681n-o.

62.     Plaintiff has been damaged as alleged within this Complaint in an amount to be determined at trial.

63.     Plaintiff is entitled to all statutory damages and costs.

## CLAIM THREE: Navient

## Conversion

75.     Navient has committed an unauthorized act of ownership or control over the property, the money, consumer credit report, credit score, creditworthiness, of another, the Plaintiff in by assessing debt and associated interest against the Plaintiff and when becoming aware of said error, failing to remove all fees and interest from the Plaintiff's account; and forcing the Plaintiff to pay additional interest earned every day; surmounting to a sum over six figures.

76.     While not required, Plaintiff demanded repossession fees and interest from Navient.

77.     Navient's conduct is willful, wanton, deliberate, extremer, and/or outrageous as Navient has refused to return the fees and accrued interest to the Plaintiff; intently and permanently depriving the Plaintiff of the use and benefit of her money, credit score, and credit worthiness.

78.     Plaintiff held the right to possess the funds at the time Navient took possession.

79.     Plaintiff is entitled to immediate possession of the fees and accrued interest.

80.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

81.     Plaintiff seeks maximum pre and pos-judgment interest from the date of conversion.

## **CLAIM FOUR: Navient**

## **Civil Theft**

82.     Navient has committed an unauthorized act of ownership or control over the property, the money, of another, the Plaintiff in by assessing debt and associated interest against the Plaintiff and when becoming aware of said error, failing to remove all fees and interest from the Plaintiff's account; and forcing the Plaintiff to pay additional interest earned every day.

83.     While not required, Plaintiff demanded repossession fees and interest from Navient.

84.     Navient has refused to return the fees and accrued interest to the Plaintiff; intently and permanently depriving the Plaintiff of the use and benefit of her money, credit score, and credit worthiness.

85.     Plaintiff held the right to possess the funds, her credit report, credit score, and creditworthiness at the time Navient took possession.

86.     Plaintiff is entitled to immediate possession of the fees and accrued interest.

87.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

88.     Navient is therefore guilty of civil theft under C.R.S. § 18-4-401(1) and of a class 5 felony under § 18-4-401(5).

89.     Plaintiff seeks maximum pre and pos-judgment interest from the date of theft, costs and attorney's fees.


## **CLAIM FIVE: Navient**
## **Unjust Enrichment**

90.     A large portion of Navient's profit is generated through interest and servicing on education loans.

91.     Navient admitted the Plaintiff did not owe the funds associated with the removed illegitimate account.

92.     As direct result of Plaintiff disputing the Late Payments, the illegitimate account was removed from Plaintiff's account with Navient, but not Plaintiff's consumer credit report and was not deducted from the amount of her student loan, nor was the interest accrued each year the account attached to Plaintiff's account deducted.

93.     Plaintiff asked for fees and accrued interest to be returned.

94.     Despite Plaintiff asking for fees and accrued interest to be returned, Navient has not returned Plaintiff's fees and interest to the correct amount. Navient's conduct is willful, wanton, deliberate, reckless, extreme and/or outrageous.

95.     Therefore, Navient's representations of the amount Plaintiff owes, the amount which interest is based upon is improper, deceitful, and/or misleading; done with a conscious disregard for the rights of the Plaintiff.

96.     Navient receives the benefit of Plaintiff's erroneous fees and interest, causing Plaintiff's financial loss.

97.     Funds derived through Navient's conduct belong to the Plaintiff.

98.     Injustice can only be avoided by disgorgement of ill-gotten gains awarded to Plaintiff.

99.     Direct and proximate results of Navient's conduct, Plaintiff has suffered actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

100.    Plaintiff seeks maximum pre and post-judgment interest from the date of conversion.

## **CLAIM SIX: Navient**

## **Breach of Contract**

101.    The Education Loan/ Account Service Agreement entered into between Navient and Plaintiff constitutes a contract.

102.    Plaintiff performed in accordance with terms stated or was excused from nonperformance by Navient's misconduct alleged herein.

103.    Navient breached its Education Loan/ Account Service Agreement with the Plaintiff, and responsibility stated by Congress, in by arbitrarily and unnecessarily imposing fees, and interest upon those fees; failing to correct when notified.

104.    Navient's breach fees which were neither set nor assessed in accordance with the reasonable expectation of the parties.

105.    Plaintiff has suffered damages a direct result of Navient's breach.

## **CLAIM SEVEN: Navient**
## **Declaratory Judgment**

106.    Plaintiff seeks judicial declaration that the fees and interest charged by Navient to Plaintiff were inconsistent with the terms of its contact; declaring the contract void and Plaintiff released from all obligations.

107.    Plaintiff seeks a permanent injunction, preventing Navient from committing similar actions against Plaintiff in the future.

108.    Navient's breached has caused Plaintiff's damages to be proven at trial.

109.    Plaintiff is entitled to her reasonable fees and costs.

## **CLAIM EIGHT:**

## **Violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. ("CCPA")**

110.    Defendants conduct alleged in this Complaint and relating to its refusal or failure to correct errors on the Plaintiff's consumer credit report violates the Colorado Consumer Protection Act because they (1) constitutes unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

111.    Navient's refusal to remove the debt from the Plaintiff's account, including interest owed, is also considered (1) unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

112.    CRA's violate the CCPA in by failing to correct the overtly obvious errors multiple times.

113.    Defendants' violations of the CCPA were committed in bad faith, evident in their failure to correct multiple times.

114.    Navient exhibits further deceptive behavior by failing to relinquish debt Navient itself has admitted was erroneously applied to the Plaintiff's balance, earning interest like all other accounts.

115.    Navient's improper reporting payment reporting to credit bureaus is not only unfair and deceptive, and is a violation of the CCPA, FCRA, and FDCPA.

116.    Plaintiff's injuries were unavoidable as Defendants' hold all the power and unilaterally control the information reported, the request to correct, and the ability to correct themselves. Plaintiff has suffered damages as a direct result of Defendant's violations of the CCPA.

117.    Defendants conduct violates the CCPA including and without limitation, C.R.S. § 6-1-105(b), (c), and (h). In addition, a violation of article 20, C.R.S. § 5-20-112, is considered deceptive.

118.    Defendants failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer Plaintiff, is a violation of C.R.S § 12-14.3-103.5.

Defendants failures to comply with the reinvestigation requirements set forth in C.R.S § 12-14.3-106, is a violation of the same.

119.    Defendants are liable to Plaintiff in amount to be determined at trial, including statutory treble damages. Plaintiff respectfully requests this Court award them the following damages pursuant to Colo. Rev. Stat. § 6-1-113(2)(a).  The greater of:

   i.  the amount of actual damages sustained; or

   ii.  five hundred dollars; or

   iii.  three times the amount of actual damages sustained.

120.    Plaintiff respectfully requests that this Court award her fees, costs, and restitution associated with this action pursuant to C.R.S. § 6-1-113(2)(b) and C.R.S. § 12-14.3-108. Also, enjoin Defendants from continued unlawful conduct alleged.

## CLAIM NINE: Navient

## <u>Violations of Consumer Credit Code, Colo. Rev. Stat. § 5-1-101, et seq.<br>("UCCC");</u>

121.    By agreeing to provide the Plaintiff banking services, Defendants and Plaintiff participated in a "Consumer Credit Sale" as defined in C.R.S. § 5-1-301(11)(a); thereby a "Consumer credit transaction" C.R.S. § 5-1-301(12).

122.    The written agreement did not permit Navient to assess fees and interest to Plaintiff on loans or accounts which were not the Plaintiff's.

123.    The Education Loan/ Account Service Agreement provided to Plaintiff was deficient, ineffective, deceptive, conducted in bad-faith, unfair, unconscionable, and misleading in that it does not state Navient would assess fees and interest to the Plaintiff which were not hers.

124.    By and through conduct of Navient described in all paragraphs, Navient's conduct can be construed as unconscionable, in violation of C.R.S. § 5-5-109 and C.R.S. § 5-3-210.

125.    Navient's actions further violates the UCCC:

   a.  Plaintiff is a student loan borrower or borrower as defined in C.R.S. § 5-20-103(7)(a);

   b.  At all relevant times, Plaintiff's student education loans, as defined in C.R.S. § 5-20-103(6)(a), were under servicing, as defined in C.R.S. § 5-20-103(5), by Navient Solutions LLC; making NSL a Student Loan Servicer as defined in C.R.S. § 5-20-108;

   c.  As the Student Loan Servicer of Plaintiff's loans, Navient failed the affirmative duties owed to Plaintiff by:

      a.  Failing to provide information related to the written inquiries from the Plaintiff regarding the Late Payments and the account including all fees and interest which was not Plaintiff's, in violation of C.R.S. § 5-20-108(2)(a);

b.  Failing to provide information relating to the action the student loan servicer will take to correct the account or an explanation for the student loan servicer's position regarding Plaintiff's written inquiries, in violation of C.R.S. § 5-20-108(2)(a);

c.  After receiving written requests related to the disputes on the Plaintiff's Late Payments on the loans serviced by NSL, NSL then furnished adverse information regarding these disputed Late Payments to the CRA Defendants, in violation of C.R.S. § 5-20-108(c);

d.  By and through all paragraphs in this Complaint, as the Student Loan Servicer of Plaintiff's loans, Navient performed prohibited acts of:

a.  Engaging in an unfair or deceptive practice toward Plaintiff by misrepresenting material information in connection with the servicing of Plaintiff's student education loans, by misrepresenting:

i.  To Plaintiff, the amount Plaintiff owes as debt allocated to Plaintiff through an account serviced with NSL, but the account was not Plaintiff's, in violation of C.R.S. § 5-20-109(b);

ii.  To Plaintiff by stating the amount Plaintiff owes as debt allocated to Plaintiff through an account serviced with NSL, but the account was not Plaintiff's, Navient has misrepresented the nature, or terms of any fee or payment due or claimed to be due on Plaintiff's loans, in violation of C.R.S. § 5-20-109(b);

b.  Reporting false information to Defendants CRAs, regarding the Plaintiff's impossible Late Payments, in violation of C.R.S. § 5-20-109(e);

c. Reporting false information to Defendants CRAs, regarding the amount Plaintiff owes on her loans, in violation of C.R.S. § 5-20-109(e);

d. Failing to report both Plaintiff's favorable and unfavorable payment history to Defendant CRAs at least annually; and

e. By and through the foregoing, NSL has provided false statements in connection with information and/or reports filed with the Department of Education regarding Plaintiff's loans, in violation of C.R.S. § 5-20-109(h).

e. By and through all paragraphs in this Complaint, NSL is non-compliant with federal law, in violation of C.R.S. § 5-20-111.


126.    The reliance upon and damage sustained through said representations, has caused Plaintiff's actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

127.    Plaintiff is entitled to damages proven through trial.

128.    Plaintiff is entitled to her reasonable fees and costs.


## CLAIM TEN: Navient

## Violations of the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-1-301, et seq. ("UCC")

129.    C.R.S. § 4-1-304, Obligation of Good Faith, Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement.

130.    Colorado recognizes an obligation to conducting all commerce in good-faith.

131.    Navient has an obligation to impose these fees in good-faith.

132.    Navient have breached their obligations to good-faith by assess fees and interest to Plaintiff on loans or accounts which were not the Plaintiff's and failing to remove once notified.

133.    Navient further violates the UCC in by reporting incorrect information for years, and upon notification and multiple opportunities to resolve; failing to do so.

134.    As a result of Navient's actions described herein, Plaintiff has incurred actual damages including but not limited to, loss of employment, housing, creditworthiness. Plaintiff has experienced inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

## CLAIM ELEVEN: Navient
## Breach of Fiduciary Duty

135.    As a User, CRA, Furnisher, and Student Loan Servicer, Navient held training and the knowledge of lawful conduct when servicing education loans, assessing debt, collecting, and reporting accurate interactions with the Plaintiff.

136.    As creditors, Navient held duties outlined by law.

137.    As this issue concerns a consumer credit transaction, Navient held duties outlined by law.

138.    As Servicers of Student loans, Navient held duties assigned by law.

139.    As Navient regularly engaged in trade and commerce, both nationally and by interstate, Navient held duties outlined by law.

140.    Navient was acting as a fiduciary to the Plaintiff with respect to her consumer credit report and the information contained within it. Additionally, Navient was acting as a fiduciary as the servicer of the Plaintiff's student loans.

141.    As a result of Navient's breach of fiduciary duties, Plaintiff has incurred actual damages including but not limited to, loss of employment, housing, creditworthiness. Plaintiff has experienced inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

142.    The aforementioned injuries, losses and damages of the Plaintiff were caused by Navient's breach of fiduciary duties, in an amount to be proven at trial.

## CLAIM TWELVE:

## Negligence

143.    Defendants owe the Plaintiff a general duties to use reasonable care, act commercially responsible with regards not only to their own personal conduct, but also to the Plaintiff's consumer credit report and the information contained within said report.

144.    Defendants willfully, wantonly, and deliberately breached said duties in by failing to correct over errs given multiple opportunities; failing to remove interest and amount incurred for an account which was not Plaintiff's; and failing to account for the funds within the account when asked.

145.    Defendants' negligence is displayed through the vast amount of opportunity all have possessed to correct the overtly impossibly correct mathematical error in the payment history of Plaintiff's Navient/Sallie Mae accounts; all since 2014.

146.    The fact that the error is still present, Defendants have failed multiple duties outlined in multiple statutes. There was and continues to be foreseeable and likely injuries to the Plaintiff that far outweighs any alleged social utilities in Defendants' conduct.

147.    Defendants knew and/or reasonably expected the Plaintiff being adversely affected by the incorrect reporting and being paid to pay funds which she did not receive nor use.

148.    The Plaintiff's reliance upon the representations the Navient had the correct information was justified, as Plaintiff had been with Navient since 2001.

149.    Plaintiff is void of any burden guarding against harm as all injuries should have never happened or been perpetrated against Plaintiff.

150.    A finding of a violation of the CCPA also constitutes negligence.

151.    The reliance upon said representations has caused Plaintiff's actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to *inter alia* emotional distress, physical injuries, mental anguish including humiliation and fear.

152.    Plaintiff is entitled to damages proven through trial.

153.    Plaintiff is entitled to her reasonable fees and costs.


# E. **PRAYERS FOR RELIEF Cont.**


**WHEREORE,** Plaintiff seeks a jury trial on all claims so triable and prays for judgement as follows:

   **I.**    Injunctive Relief pursuant to C.R.S. § 5-20-116:

    a.   Permanently enjoin Defendants from committing future violations against Plaintiff;

    b.   Order NSL to remove all Late Payment in their systems;

    c.   Order NSL to remove all debts owed, as the Plaintiff's debt is unable to be distinguished from the account which was removed;

    d.   Order NSL to correct 2014 NSL Late Payments reported to CRAs;

    e.   Order CRAs to remove all Late Payments associated with NSL accounts from 2014.

II.   Declare Defendants to have breached the contract relinquishing any debt arising from said contract.

III.   Award actual damages to the Plaintiff in accordance with 15 U.S.C. § 1692k; 15 U.S.C. §§ 1640(a)(1) and 1640(a)(2)(i);

IV.   Award punitive damages to Plaintiff in accordance with C.R.S. § 5-20-112(c);

V.   Award Plaintiffs' costs and attorney's fees in accordance with 15 U.S.C. § 1681, C.R.S. §§ 5-20-112(c) and 5-5-206, and C.R.S. § 4-5-111(c)(d)(e)(f);

VI.   All statutory damages according to proof awarded to the Plaintiff;

VII.   Maximum pre and post judgement interest awarded on all allowable damages for the Plaintiff;

VIII.   Special damages awarded to the Plaintiff;

IX.   Order Defendants to pay appropriate restitution to Plaintiff.

X.   In accordance with C.R.S. § 5-20-112(b), statutory damages of 3 times the total amount collected;

XI.   Award actual and punitive damages to Plaintiff, due to multiple breaches of contract;

**XII.**     Award actual and consequential damages liberally pursuant to C.R.S. §§ 6-1-101 et. seq., 6-1-113, C.R.S. § 4-1-305 and C.R.S. § 4-2-715;

**XIII.**    Disgorgement of the ill-gotten gains against Defendants to the Plaintiff;

**XIV.**    Order the rescission of contract between Navient and Plaintiff, affirming no debt owed to Navient.

**XV.**     All statutory damages according to proof;

**XVI.**    Restitution to Plaintiff for all time;

**XVII.**   All costs and fees related to this matter;

**XVIII.**  Other relief the Court finds appropriate awarded to the Plaintiff.