IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-CPG

TIFFANY GRAYS,

        Plaintiff,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

        Defendants.

---

### DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

---

Defendant Navient Solutions, LLC[1] ("NSL"), by and through its counsel, hereby submit its Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Second Amended Complaint") as follows:

#### A.    PLAINTIFF INFORMATION

NSL is without knowledge or information sufficient to form a belief as to the truth of matters asserted in the section titled "Plaintiff Information."

---

[1] Navient Corp. had been named as a defendant in Plaintiff's first two complaints but has been dismissed pursuant to the docketing of this Second Amended Complaint.

## B. DEFENDANT(S) INFORMATION

NSL denies that the listed address is its mailing addresses. NSL is otherwise without knowledge or information sufficient to form a belief as to the truth of remaining matters asserted in the section titled "Defendant(s) Information."

## C. JURISDICTION

The allegations in the section titled "Jurisdiction" constitute a legal conclusion and no response is required. To the extent a response is required, NSL does not contest this Court's jurisdiction.

## D. STATEMENT OF CLAIM(S)[2]

### INTRODUCTION

1. The allegations in Paragraph 1 constitute legal conclusions, and no response is required. To the extent a response is required, the allegations against NSL are denied. NSL further denies that it violated the FCRA, any other federal or Colorado state statutes, or committed any other wrongdoing. NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants.

### FACTS

2. NSL incorporates its responses to the sections and Paragraph 1, above.

3. To the extent the allegations in Paragraph 3 constitute legal conclusions, no response is required. To the extent a response is required, NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff

---

[2] The Second Amended Complaint's initial pages include certain numbered allegations that are not in sequential order with the rest of the document. For ease of understanding, NSL responds to each allegation sequentially.

personally. Admitted that NSL has and does service student loans obtained by Plaintiff. The remaining allegations pertaining to NSL conduct is denied.

    4.     To the extent the allegations in Paragraph 4 constitute legal conclusions, no response is required. To the extent a response is required, NSL admits that it was formerly known as Sallie Mae, Inc., and is a wholly-owned subsidiary of Navient Corp. The remaining allegations are denied.

    5.     Omitted by Plaintiff.

    6.     The allegations in Paragraph 6 pertain to another defendant, and therefore, no response is required.

    7.     The allegations in Paragraph 7 pertain to another defendant, and therefore, no response is required.

    8.     The allegations in Paragraph 8 pertain to another defendant, and therefore, no response is required.

    9.     The allegations in Paragraph 9 pertain to another defendant, and therefore, no response is required.

    10.    Denied, as to any student loan accounts serviced by NSL.

    11.    NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

    12.    Admitted that NSL began servicing student loans obtained by Plaintiff in 2001.

    13.    Admitted that NSL services two federal consolidation loans obtained by Plaintiff. Denied that any loans were consolidated "with" NSL.

    14.    Admitted only that NSL reported student loans obtained by Plaintiff as delinquent in 2014. NSL cannot respond to the image contained in Paragraph 14.

15. NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. The allegations in Paragraph 16 constitute a legal conclusion, and no response is required. To the extent a response is required, NSL denies same.

17. To the extent the allegations in Paragraph 17 constitute a legal conclusion, no response is required. To the extent a response is required, NSL denies same. NSL is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Denied.

19. Denied.

20. NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. The allegations in Paragraph 21 refers to a written document, which speaks for itself.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. To the extent the allegations in Paragraph 26 refer to NSL, they are denied. To the extent they refer to other defendants, no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. To the extent the allegations in Paragraph 33 refer to NSL, they are denied. To the extent they refer to other defendants, no response is required.

## CAUSES OF ACTION

34. NSL incorporates its responses to Paragraphs 1 through 33, above.

## CLAIM ONE

## FCRA VIOLATIONS

### Navient

35. The allegations in Paragraph 35 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

36. Denied.

37. Denied.

38. Denied.

39. The allegations in Paragraph 39 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

40. The allegations in Paragraph 40 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

41. The allegations in Paragraph 41 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The allegations in Paragraph 48 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### Experian, Equifax, TransUnion, and Innovis

NSL incorporates its responses to Paragraphs 1 through 53, above.

54. The allegations in Paragraph 54 refer to other defendants, and therefore, no response is required.

55. The allegations in Paragraph 55 refer to other defendants, and therefore, no response is required.

56. The allegations in Paragraph 56 refer to other defendants, and therefore, no response is required.

57. The allegations in Paragraph 57 refer to other defendants, and therefore, no response is required.

58. The allegations in Paragraph 58 refer to other defendants, and therefore, no response is required.

1028932\306833543.v1

59. The allegations in Paragraph 59 refer to other defendants, and therefore, no response is required.

60. The allegations in Paragraph 60 refer to other defendants, and therefore, no response is required.

61. The allegations in Paragraph 61 refer to other defendants, and therefore, no response is required.

62. The allegations in Paragraph 62 refer to other defendants, and therefore, no response is required.

63. The allegations in Paragraph 63 refer to other defendants, and therefore, no response is required.

### COUNT TWO: Omitted

### CLAIM THREE: Navient

### Conversion

NSL incorporates its responses to Paragraphs 1 through 74, above.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The allegations in Paragraph 81 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

## CLAIM FOUR: Navient

### Civil Theft

NSL incorporates its responses to Paragraphs 1 through 81, above.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. The allegations in Paragraph 89 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

## CLAIM FIVE: Navient

### Unjust Enrichment

NSL incorporates its responses to Paragraphs 1 through 89, above.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. The allegations in Paragraph 98 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

99. Denied.

100. Denied.

### CLAIM SIX: Navient

### Breach of Contract

NSL incorporates its responses to Paragraphs 1 through 100, above.

101. The allegations in Paragraph 101 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies that it entered into any contract with Plaintiff.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

### CLAIM SEVEN: Navient

### Declaratory Judgment

NSL incorporates its responses to Paragraphs 1 through 105, above.

106. The allegations in Paragraph 106 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

107. The allegations in Paragraph 107 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

108. Denied.

109. Denied.

## CLAIM EIGHT

## Violations of the Colorado Consumer Protection Act,

## Colo. Rev. Stat. § 6-1-101 et. seq. ("CCPA")

NSL incorporates its responses to Paragraphs 1 through 109, above.

110. To the extent the allegations in Paragraph 110 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

111. Denied.

112. The allegations in Paragraph 112 pertain to other defendants and no response is required.

113. To the extent the allegations in Paragraph 113 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

114. Denied.

115. Denied.

116. To the extent the allegations in Paragraph 116 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

117. To the extent the allegations in Paragraph 117 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

118. To the extent the allegations in Paragraph 118 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

119. To the extent the allegations in Paragraph 119 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

120. The allegations in Paragraph 120 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

## CLAIM NINE: Navient

**Violations of the Colorado Credit Code, Colo. Rev. Stat. § 5-1-101, et. seq. ("UCCC")**

NSL incorporates its responses to Paragraphs 1 through 120, above.

121. The allegations in Paragraph 121 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

122. The allegations in Paragraph 122 refer to a written document, which speaks for itself. NSL denies any allegations inconsistent therewith.

123. The allegations in Paragraph 123 refer to a written document, which speaks for itself. NSL denies any allegations inconsistent therewith.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

## CLAIM TEN: Navient

**Violations of the Colorado Uniform Commercial Code,**

**Colo. Rev. Stat. § 4-1-301, et. seq. ("UCC")**

NSL incorporates its responses to Paragraphs 1 through 128, above.

129. The allegations in Paragraph 129 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

130. The allegations in Paragraph 130 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

1028932\306833543.v1

131. The allegations in Paragraph 131 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

132. Denied.

133. Denied.

134. Denied.

## CLAIM ELEVEN: Navient

## Breach of Fiduciary Duty

NSL incorporates its responses to Paragraphs 1 through 134, above.

135. The allegations in Paragraph 135 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

136. The allegations in Paragraph 136 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

137. The allegations in Paragraph 137 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

138. The allegations in Paragraph 138 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

139. The allegations in Paragraph 139 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

140. The allegations in Paragraph 140 constitute a legal conclusion and no response is required. To the extent a response is required, NSL denies same.

141. Denied.

142. Denied.

1028932\306833543.v1

## CLAIM TWELVE:

### Negligence

NSL incorporates its responses to Paragraphs 1 through 142, above.

143. The allegations in Paragraph 143 constitute a legal conclusion and no response is required. To the extent the allegations pertain to other defendants, no response is also required. To the extent a response is required, the allegations are denied as to NSL.

144. To the extent the allegations in Paragraph 144 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

145. To the extent the allegations in Paragraph 145 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

146. To the extent the allegations in Paragraph 146 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

147. To the extent the allegations in Paragraph 147 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

148. To the extent the allegations in Paragraph 148 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

149. The allegations in Paragraph 149 constitute a legal conclusion and no response is required. To the extent the allegations pertain to other defendants, no response is also required. To the extent a response is required, the allegations are denied as to NSL.

150. To the extent the allegations in Paragraph 150 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

151. To the extent the allegations in Paragraph 151 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

152. To the extent the allegations in Paragraph 152 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

153. To the extent the allegations in Paragraph 153 pertain to NSL, they are denied. To the extent they pertain to other defendants, no response is required.

### E. PRAYERS FOR RELIEF

NSL incorporates its responses to Paragraphs 1 through 153, above.

154. Denied.

NSL denies that Plaintiff is entitled to the relief requested in Paragraphs I – XVIII.

### AFFIRMATIVE DEFENSES

Subject to and without waiving the denials set forth above, NSL alleges the following separate, distinct, and affirmative defenses to Plaintiff's Second Amended Complaint and to all claims for relief contained therein. NSL denies that it bears the burden of proof or persuasion as to any or all of the affirmative defenses set forth herein.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to set forth facts sufficient to state a claim against NSL for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that recovery from NSL would result in Plaintiff's unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Second Amended Complaint, which NSL denies, Plaintiff failed to mitigate those damages, and therefore, the claims are barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim against NSL because she has not sustained any cognizable injury or damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of NSL.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the damages she alleges have been caused by other superseding and/or intervening cause(s), and were not proximately caused by NSL.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times, NSL has had a legitimate basis to furnish information about Plaintiff to the Consumer Reporting Agencies.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent NSL is a furnisher under the FCRA, Plaintiff has no private right of action against it.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not complied with the provisions of the FCRA, and therefore, her claims are pre-empted or barred as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

NSL fully complied with all requirements of the FCRA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

NSL reserveS all defenses available under the FCRA, and any corresponding rules or regulations promulgated thereunder.

**SIXTEENTH AFFIRMATIVE DEFENSE**

At all relevant times, NSL acted within the absolute and qualified privileges afforded under the FCRA, and the United States Constitution, applicable State Constitutions and common law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims based on a contract fail because no contract existed between her and NSL.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a declaratory judgment because her claim is not based on an actual controversy.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are preempted by federal law, including the FCRA.

## TWENTIETH AFFIRMATIVE DEFENSE

As to the allegations in the Second Amended Complaint, and each and every cause of action therein, NSL presently has insufficient knowledge and information on which to form a belief as to whether additional, as yet unstated, affirmative defenses may exist. NSL, therefore, reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## **PRAYER**

WHEREFORE, NSL prays for judgment as follows:

i.      That the Second Amended Complaint and every cause of action alleged therein be dismissed with prejudice as to NSL;

ii.     That Plaintiff's prayers for relief, and each of them, be denied insofar as they seek relief from NSL;

iii.    That judgment be entered in favor of NSL;

iv.    That NSL be awarded costs and fees; and

v.     For any such other and further relief the Court may deem just and proper.

Dated: October 27, 2020

*/s/ Jordan S. O'Donnell*
**Dennis N. Lueck, Jr.**
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070
dlueck@hinshawlaw.com

**Jordan S. O'Donnell**
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
jodonnell@hinshawlaw.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I electronically filed with the Clerk of the U.S. District Court, District of Colorado the foregoing **Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** by using the CM/ECF system, which will send notification of such filing(s) to all parties and counsel of record.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell