## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TIFFANY GRAYS,<br><br>                          Plaintiff,<br><br>v.<br><br>NAVIENT CORP., *et al.*<br><br>                          Defendants. | Case No. 1:20-cv-00452-SKC-GPG<br><br>**JURY TRIAL DEMANDED** |

### ANSWER AND AFFIRMATIVE DEFENSES

For its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint at ECF 59, Defendant Innovis Data Solutions, Inc. ("Innovis") pleads as follows:

1.        COMES NOW, Tiffany Grays, pro se, ("Plaintiff" or "she" or "her") makes claims against Defendants: Equifax Inc. d/b/a/ Equifax Information Services LLC. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC. ("TransUnion"), and Innovis Data Solutions, Inc. ("Innovis"), (collectively "CRA's") Navient Solutions, Inc., ("Navient") (collectively "Defendants") for violations of inter alia the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and its implementing regulation, Regulation V, 12 C.F.R. part 1022; thus Defendants have participated in unfair, unconscionable conduct, improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's eighteen accounts; severely impacting her credit score, creditworthiness. Defendants profit by forcing the Plaintiff to pay for a loan which was not hers; increasing the amount due to Defendants, not only in the actual loan amount, but the interest accrued, fees which are induced by Defendants. This obscurity in reporting has allowed Navient to engorge on these illicit profits. Navient's actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing;

constitute unjust enrichment and conversion through fraudulent and/or negligent mis-representations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including inter alia, consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. This Second Amended Complaint relates back to the original and Amended Complaints.

**RESPONSE:** Innovis denies the allegations that are directed against it. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2. Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein by reference *inter alia*:

**RESPONSE:** Innovis admits that Plaintiff has incorporated the allegations in other paragraphs by reference. Innovis incorporates its responses to those paragraphs by reference.

3. Pro se Plaintiff, Ms. Tiffany Grays, an individual consumer with a consumer credit report and over the age of 18; a Colorado Native who resides in Colorado. Plaintiff conducted all business transactions with the Defendants in Colorado. Navient is the ser-vicer for all of Plaintiff's education loans. Unbeknownst to Plaintiff, the actions of Navient severely reduced her credit score and creditworthiness as alleged herein, causing and/or significantly contributed to the Plaintiff deciding to file bankruptcy in 2015. Additionally, Plaintiff set out 2018 with a goal of purchasing a home within the year. The Plaintiff en-rolled in an expensive credit repair program, to assist in accomplishing this goal. The Plaintiff made a concerted effort to improve her credit as the 2018 goal was to purchase

the home; Defendants' conduct has prevented the Plaintiff from succeeding in this goal. Plaintiff notified all Defendants of the egregious errs [sic] alleged, all have failed to make required corrections.

**RESPONSE:**        Innovis admits that Plaintiff is an individual consumer.  Innovis denies the remaining allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

4.        Defendant Navient Solutions, Inc., formerly known as Sallie Mae, Inc., a wholly-owned subsidiary of Navient Corporation, a Delaware corporation, located at 13865 Sunrise Valley Drive, Herndon, VA 20171, is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers. As a servicer of student loans, Navient's primary responsibilities include managing borrowers' accounts, collecting and processing monthly payments. Navient, a Furnisher to Consumer Reporting Agencies must at all times comply with State and Federal Laws, and at all times relevant, Navient has been located and conducted business in this district.

**RESPONSE:**        Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

5.        [OMITTED BY PLAINTIFF]

6.        Defendant Equifax Inc. is a consumer reporting agency located 1550 Peachtree Street, NW, H46, ATLANTA, GA 30309. At all times material to this complaint, Equifax Inc has been located and transacted business in this district. Equifax is a CRA and must at all times comply with duties to CRA's outlined by law. Equifax failed the

Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

7.        Defendant Experian Information Solutions, Inc., ("Experian") a foreign corporation and consumer reporting agency located 475 Anton Boulevard, Costa Mesa, CA 92626. At all times material to this complaint, Experian has been located and transacted business in this district. Experian is a CRA and must at all times comply with duties to CRA's outlined by law. Experian failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

8.        Defendant Trans Union, LLC., ("Union") a foreign limited liability company and a consumer reporting agency located 555 W. Adams St, Chicago, IL 60661. At all times material to this complaint. Union has been located and transacted business in this district. Union is a CRA and must at all times comply with duties to CRA's outlined by law. Union failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathematically impossible.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

9.      Defendant Innovis Data Solutions, Inc., ("Innovis") is a foreign corporation and consumer reporting agency located 250 E Broad St, 18th Flr, Columbus, OH 43215. At all times material to this complaint, Innovis has been located and transacted business in this district. Innovis is a CRA and must at all times comply with duties to CRA's out-lined by law. Innovis failed the Plaintiff in by not removing the derogatory information upon notification; failing to make reasonable investigation as the issue is clear; mathe-matically impossible.

**RESPONSE:**      Innovis admits that it is a foreign (non-Colorado) corporation. Innovis admits that its headquarters are at 250 East Broad Street, Columbus, Ohio 43215. Innovis admits that it acted as a "consumer reporting agency," as that term is defined at 15 U.S.C. § 1681a(f), with respect to Plaintiff's May 8, 2018 request for a consumer disclo-sure and Plaintiff's December 11, 2019 dispute to Innovis.com, such that it was required to comply with the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681 *et seq*. regard-ing Plaintiff's request and Plaintiff's dispute.   Innovis denies the remaining allegations.

10.     At all relevant times Plaintiff's accounts were considered in forbearance, deferment, and/or had current payments.

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

11.     Plaintiff required student loans to begin her post-secondary education in 2001.

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

12.     Navient f/k/a Sallie Mae, began servicing Plaintiff's education loans in 2001.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

13.     Plaintiff consolidated her student loans twice with Navient, once on or about 08/11/2016.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

14.     In 2014, Navient began reporting to credit bureaus Equifax, Experian, Trans Union, and Innovis that Plaintiff was "90," "150," "90," and "120," days late (collectively "Late Payments") in the months of April, May, October, and November 2014, respectively. The month immediately preceding these Late Payments, Navient reported Plaintiff's payments were on time or 'OK.'

**RESPONSE:**          Innovis admits only that it keeps a "file" of information that Navient and other sources furnish to it; that Plaintiff requested and received a consumer disclosure (showing the information in her "file") on May 8, 2018; that Plaintiff disputed the information in her "file" on December 11, 2019; and that Innovis reinvestigated her dispute and then responded on December 28, 2019.  True and correct copies of the consumer disclosure and the dispute response are attached as Exhibit 1 and Exhibit 2.  Innovis admits only that Exhibits 1 and 2 show what Navient reported to Innovis about Plaintiff.  Innovis denies the allegations in Paragraph 14 to the extent that they contradict the

information in Exhibits 1 and 2.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

15.     These Late Payments were reported on each of the Plaintiff's twenty-one different accounts with Navient, to all Credit Bureaus.

**RESPONSE:**          Innovis admits only that Exhibits 1 and 2 show what Navient reported to Innovis about Plaintiff.  Innovis denies the allegations in Paragraph 15 to the extent that they contradict the information in Exhibits 1 and 2.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16.     These Late Payments are magnanimously derogatory to the Plaintiff's creditworthiness, in both the prolonged late period reported and this being reported on each of the eighteen Navient accounts showing on Plaintiff's consumer report.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

17.     Over the course of the past six years since these impossible Late Payments have been reported, Plaintiff has been denied numerous extensions of credit for reasons stated to be inter alia, number of accounts with derogatory information and/or numerosity of severe late payments.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

18.     Plaintiff has been denied auto loans, retail credit cards, credit cards, apartments, and jobs due to Defendants unwillingness to report true and correct information for the Plaintiff.

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

19.     Plaintiff has been forced to pay higher interest rates as a direct consequence of Defendants incorrect reporting, costing the Plaintiff thousands in interest paid over the last six years.

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

20.     Unfortunately, the bankruptcy meant to give the Plaintiff a clean slate, was hindered in doing so, as the Plaintiff's student loans were not forgiven in the bankruptcy; causing additional detrimental impact to the Plaintiff's creditworthiness.

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

21.     According to Equifax,

[SCREEN SHOT OMITTED]

https://blog.equifax.com/credit/can-one-late-payment-affect-my-credit-score/

**RESPONSE:**      Innovis lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  By way of further response, Innovis states that it never created a credit score about Plaintiff, and that Innovis's information about Plaintiff was never used in creating a FICO score.

22.     The Late Payments are evidently erroneous, as it is mathematically impossible to have been reported as being 'OK' or 'Current' in March 2014, then 30 days later be 90 days late in April 2014.

**RESPONSE:**         Innovis states that a true and correct copy of the Consumer Data Industry Association's Credit Resource Guide, Section 12 (Student Loan Reporting) is attached at Exhibit 3.  Innovis denies the allegations in Paragraph 22 because they are inconsistent with the CDIA's guidance that student loan accounts should be reported as open accounts in good standing "until the loan is at least 60 or 90 days past the due date." *See* Exhibit 3 at 4.

23.     The same is true for May 2014. It is mathematically impossible to have been reported as being 90 days late in April 2014, then 30 days later be 150 days late in May; a 60-day increase in 30 days.

**RESPONSE:**         Innovis denies the allegations in Paragraph 23 because they are inconsistent with the CDIA's guidance that student loans account should be reported as open accounts in good standing "until the loan is at least 60 or 90 days past the due date."  *See* Exhibit 3 at 4.  By way of further response, Innovis states that it is not "mathematically impossible" for an account to be reported as 90 days late in a month with 30 days (Month A), and 150 days late in a subsequent month with 31 days (Month B).  If a furnisher informs a consumer reporting agency that a consumer was 90-119 days late in Month A, the consumer's "file" will summarize that information by stating that the consumer was 90 days late in Month A.  If a furnisher informs a consumer reporting agency that a consumer was 119 days late on the 30th day of Month A, and then informs the agency that the consumer was 150 days late on the 31st day of Month B (because 119 days +31 days= 150 days), the consumer's "file" would summarize that information by stating that the consumer was 90 days late in Month A and 150 days late in Month B.

24.     The same is true for October 2014. It is mathematically impossible to have been reported as being 'OK' or 'Current' in September 2014, then 30 days later be 90 days late in October 2014.

**RESPONSE:**        Innovis denies the allegations in Paragraph 24 because they are inconsistent with the CDIA's guidance that student loan accounts should be reported as open accounts in good standing "until the loan is at least 60 or 90 days past the due date." *See* Exhibit 3 at 4.

25.     While the mathematical calculations appear to be correct between the months of October 2014 and November 2014, November should not be noted as 120 days late if September was reported OK' or 'Current.'

**RESPONSE:**        Innovis denies the allegations in Paragraph 25 because they are inconsistent with the CDIA's guidance that student loan accounts should be reported as open accounts in good standing "until the loan is at least 60 or 90 days past the due date." *See* Exhibit 3 at 4.

26.     These evidently erroneous calculations detailed to each Defendant when Plaintiff first became aware starting in April 2018, through Plaintiff's plight to improve her credit and purchase a home, have gone recklessly uncorrected by Defendants.

**RESPONSE:**        Innovis denies that it acted recklessly.   Innovis lacks knowledge or information sufficient to understand, or to form a belief about the truth of, the remaining allegations.

27.     In response to one of Plaintiff's many attempts to correct the payment re-porting on all accounts, Navient admitted to the Plaintiff on October 11, 2019, an account which was stated to the Plaintiff's, which was on Plaintiff's consumer reports, was not hers.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

28.     The magnitude of the impact of this removed illegitimate account which is derogatory, which was improperly on the Plaintiff's consumer credit report, adversely affected her credit score and creditworthiness, continues to adversely affect her score and worthiness; and to which the extent of its impact will forever remain unknown.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

29.     The amount of the removed illegitimate account, a loan, cannot be deter-mined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

30.     The amount of interest accrued upon the removed illegitimate account, a loan, cannot be determined because Plaintiff consolidated her student loans in August 2016 and Navient is void of bonafide method in making these material determinations.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

31.     Even after removing the illegitimate account, Navient has declined to re-duce the sum owed by the Plaintiff in principal or interest.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

32.     Therefore, Plaintiff is alleged by Navient to owe Navient this debt in viola-tion of multiple Federal and State laws; an unfair debt collection.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

33.     Plaintiff contacted Defendants Equifax, Experian, Trans Union, Innovis, and Navient, individually, in writing, to correct the Late Payments error. All have de-clined to do so.

**RESPONSE:**          Innovis admits that a true and correct copy of the information Plaintiff inputted into the additional information field in Innovis.com to submit her De-cember 11, 2019 dispute is attached as Exhibit 4; that Innovis reinvestigated the dispute; and that a true and correct copy of Innovis's December 28, 2019 response to Plaintiff is attached as Exhibit 2.  Innovis denies the allegations in Paragraph 33 to the extent that they are inconsistent with Exhibits 2 and 4.  Innovis lacks knowledge or information suf-ficient to form a belief about the truth of the remaining allegations.

## CAUSES OF ACTION

34.     Unless otherwise noted, each Claim is against all Defendants. Plaintiffs [sic] re-alleges the preceding paragraphs set forth above and herein and incorporate them herein all Claims by reference *inter alia*:

**RESPONSE:**        Innovis admits that Plaintiff has incorporated the allegations in other paragraphs by reference.  Innovis incorporates its responses to those paragraphs by reference.

35.    Defendants held knowledge or should have known its duties under the FCRA. Any reasonable creditor, furnisher, or Consumer Reporting Agencies that utilizes consumer reports knows about or should know about; and can easily discover the federal mandates arising under the FCRA.

**RESPONSE:**        Innovis admits that it knew its duties and obligations under the FCRA.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

36.    Despite knowing of its legal obligations, Defendants acted recklessly and consciously in breaching its known duties; resulting depriving Plaintiff of her rights under the FCRA.

**RESPONSE:**        Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

37.    As a result of these FCRA violations, Defendants are each liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681r [sic] and §1681o.

**RESPONSE:**           Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

38.     Plaintiff believes violation calculations are as follows:

1.      Each Navient Account: 18
2.      Each incorrectly reported date: 4
3.      Each day incorrect information has remained since notification: 533 (and counting)
4.      Maximum statutory damages: $1,000
Total = 18x4x533x1000 = $38,376,000

**RESPONSE:**           Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

## CLAIM ONE:

## FCRA VIOLATIONS

### Navient

39.     By and through the preceding paragraphs, Plaintiff has established she is a consumer with a consumer credit report as defined 15 U.S.C. § 1681a(c)-(d).

**RESPONSE:**           Innovis admits that Plaintiff is a consumer as that term is defined at 15 U.S.C. § 1681a(c).  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

40.     As a student loan servicer, Navient routinely furnishes information about the Plaintiff's federal student loan performance, as a borrower, on loans to one or more consumer reporting agencies for inclusion in a consumer report and is therefore a "furnisher" under Regulation V. 12 C.F.R. § 1022.41(c).

**RESPONSE:**          Innovis admits that Navient routinely furnished information about certain of Plaintiff's student loan accounts to Innovis.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

41.     As a furnisher, Navient held duties under 15 U.S.C. § 1681s-2.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

42.     Plaintiff disputed the accuracy of the Late Payments directly with Navient and directly with CRA's named in this instant case, multiple times, triggering Navient's compliance with 15 U.S.C. § 1681i.

**RESPONSE:**          Innovis admits that a true and correct copy of the information Plaintiff inputted into the additional information field in Innovis.com to submit her December 11, 2019 dispute is attached as Exhibit 4.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

43.     The CRA's disputed the accuracy of the Late Payments directly with Navient; Navient still failed to correct.

**RESPONSE:**          Innovis admits only that on December 11, 2019, it provided Navient with a full and complete copy of Plaintiff's December 11, 2019 dispute to Innovis.com; that Navient responded on December 27, 2019; and that a true and accurate copy of that response is attached as Exhibit 5.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

44.     As a Furnisher, Navient failed to "establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers [, the Plaintiff], that it furnishes to a consumer reporting agency;" 12 C.F.R. § 1022.42(a), evidenced by the failure to properly report payments and correct overt errors upon notification within Plaintiff's consumer credit reports.

**RESPONSE:**        Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

45.     Navient negligently and/or willfully violated the FCRA in the following ways: 1) failing to conduct a reasonable investigation into Plaintiff's disputes regarding the impossible mathematical calculations in violation of 15 U.S.C. § 1681s-2(b); 2) failing through multiple disputes, over the course of a calendar year and a half, also in violation of 15 U.S.C. § 1681i; 3) with malice and/or recklessness, falsely reporting and publishing wholly false and inaccurate information about the Plaintiff.

**RESPONSE:**        Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

46.     Navient also failed to modify, delete, or permanently block the reporting of the disputed the Late Payments and the erroneous account as these were determined to be inaccurate, incomplete, and/or unverifiable, in violation of 15 U.S.C. § 1681s-2(b).

**RESPONSE:**        Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

47.     By and through 15 U.S.C. § 1681s-2(d), liability upon Navient is enforced by the consumer Plaintiff is conferred through § 1681s-2(b) therefore, is not excluded under 15 U.S.C. § 1681s-2(c).

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

48.     Navient is also considered users of consumer reports according to 15 U.S.C. § 1681m.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

49.     Navient knew or should have known that its actions and omissions violated the FCRA, as the mathematical errors are blatantly egregious.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

50.     The amount reported to CRA's is incorrect and has negatively impacted the Plaintiff's credit score credit worthiness by reporting an inflated incorrect amount, stating the Plaintiff owes more than she factually does.

**RESPONSE:**     Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

51.     By and through the preceding paragraphs, Plaintiff seeks relief under 15 U.S.C. §§ 1681n-o.

**RESPONSE:**        Innovis denies that Plaintiff is entitled to relief from Innovis. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

52.    Plaintiff has been damaged as alleged within this Complaint in an amount to be determined at trial.

**RESPONSE:**        Innovis denies that it has caused Plaintiff to suffer damages. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

53.    Plaintiff is entitled to all statutory damages and costs.

**RESPONSE:**        Innovis denies that it has caused Plaintiff to suffer damages and denies that Plaintiff is entitled to relief from Innovis.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

### Experian, Equifax, TransUnion, and Innovis

54.    Experian, Equifax, TransUnion, and Innovis are Consumer Reporting Agencies ("CRA") according to 15 U.S.C. § 1681a(f).

**RESPONSE:**        Innovis admits only that it acted as a "consumer reporting agency," as that term is defined at 15 U.S.C. § 1681a(f), with respect to Plaintiff's May 8, 2018 request for a consumer disclosure and Plaintiff's December 11, 2019 dispute to Innovis.com.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

55.     After receiving notice of disputed information contained within Plaintiff's consumer credit report, Experian, Equifax, TransUnion, and Innovis failed to place an indication of dispute by consumer upon the report, in violation of 15 U.S.C. § 168lc(f).

**RESPONSE:**          The FCRA's provision at 15 U.S.C. § 1681c(f) states that if Navient told the agencies, pursuant to 15 U.S.C. § 1681s-2(a)(3), that Plaintiff had submitted a dispute to Navient, then the agencies were in turn required to "indicate that fact in any consumer report that includes information related to the account."   Innovis denies that Navient ever informed Innovis, pursuant to 15 U.S.C. § 1681s-2(a)(3), that Plaintiff had submitted a dispute to Navient, and Innovis therefore denies that it violated 15 U.S.C. § 1681c(f).  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

56.     As a Consumer Reporting Agencies, Experian, Equifax, TransUnion, and Innovis failed to "establish and maintain guidelines for furnishers regarding the accuracy and integrity of information," in violation of 15 U.S.C. § 168li.

**RESPONSE:**          Innovis denies that 15 U.S.C. § 1681i contains the quoted language or requirement.  The FCRA's provision at 15 U.S.C. § 1681s-2(e)(1)(A) requires the Consumer Financial Protection Bureau, a federal government agency, to "establish and maintain guidelines for use by each person that furnishes information to a consumer reporting agency regarding the accuracy and integrity of information."  Innovis denies that this provision pertains to Innovis and therefore denies that Innovis violated it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

57.     Experian, Equifax, TransUnion, and Innovis negligently and/or willfully violated the FCRA in the following ways: 1) failing to conduct a reasonable investigation into Plaintiff's disputes regarding the impossible mathematical calculations in violation of 15 U.S.C. § 1681s-2(b); 2) failing through multiple disputes, over the course of a calendar year and a half, also in violation of 15 U.S.C. § 1681i; 3) with malice and/or recklessness, falsely reporting and publishing wholly false and inaccurate information about the Plaintiff.

**RESPONSE:**     Innovis denies the allegations that are directed against it and states that, to the contrary, Exhibits 1-5 show that Innovis complied with the FCRA in every respect.  Innovis expressly denies that 15 U.S.C. § 1681s-2(b) pertains to Innovis. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

58.     When given the opportunity, multiple times, Experian, Equifax, TransUnion, and Innovis failed to correct said error, in violation of Section § 1681s-2(a)(2). Failing to conduct reasonable re-investigation into Plaintiff's disputes.

**RESPONSE:**     Innovis denies the allegations that are directed against it and states that, to the contrary, Exhibits 1-5 show that Innovis complied with the FCRA in its response to Plaintiff's one (1) dispute.  Innovis expressly denies that 15 U.S.C. § 1681s-2(b) pertains to Innovis.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

59.     The named CRA's negligently and willfully violated the FCRA in by:

a.      failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b),

b.      failing to conduct a reasonable re-investigation into Plaintiff's various disputes, in violation of 15 U.S.C. § 1681i.

**RESPONSE:**       Innovis denies the allegations that are directed against it and states that, to the contrary, Exhibits 1-5 show that Innovis complied with the FCRA in every respect.  Innovis expressly denies that 15 U.S.C. § 1681s-2(b) pertains to Innovis. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

60.     Named CRA's knew or should have known that its actions and omissions violated the FCRA, as the mathematical errors are blatantly egregious.

**RESPONSE:**       Innovis denies the allegations that are directed against it and states that, to the contrary, Exhibits 1-5 show that Innovis complied with the FCRA in every respect.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

61.     By and through the preceding paragraphs, Plaintiff seeks relief under 15 U.S.C. §§ 1681n-o.

**RESPONSE:**       Innovis denies that Plaintiff is entitled to relief from Innovis. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

62.     Plaintiff has been damaged as alleged within this Complaint in an amount to be determined at trial.

**RESPONSE:**          Innovis denies that it has caused Plaintiff to suffer damages. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

63.     Plaintiff is entitled to all statutory damages and costs.

**RESPONSE:**          Innovis denies that it has caused Plaintiff to suffer damages and denies that Plaintiff is entitled to relief from Innovis.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

64-74.          [OMITTED BY PLAINTIFF; see also ECF 59 at 5 (stating "Claim Two: Dismissed").

## CLAIM THREE: Navient

## Conversion

75-81.          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM FOUR: Navient

## Civil Theft

82-89.          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM FIVE: Navient

### Unjust Enrichment

90-100.　　　Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM SIX: Navient

### Breach of Contract

101-105.　　　Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM SEVEN: Navient

### Declaratory Judgment

106-109.　　　Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM EIGHT:

### Violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. ("CCPA")

110.　　　Defendants conduct alleged in this Complaint and relating to its refusal or failure to correct errors on the Plaintiff's consumer credit report violates the Colorado Consumer Protection Act because they (1) constitutes unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

**RESPONSE:**         Innovis denies that it violated the CCPA.   Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

111.    Navient's refusal to remove the debt from the Plaintiff's account, including interest owed, is also considered (1) unfair and/or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to harm a substantial portion of the public; and (4) have caused injuries to the Plaintiff.

**RESPONSE:**         Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

112.    CRA's violate the CCPA in by failing to correct the overtly obvious errors multiple times.

**RESPONSE:**         Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

113.    Defendants' violations of the CCPA were committed in bad faith, evident in their failure to correct multiple times.

**RESPONSE:**         Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

114.     Navient exhibits further deceptive behavior by failing to relinquish debt Navient itself has admitted was erroneously applied to the Plaintiff's balance, earning interest like all other accounts.

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

115.     Navient's improper reporting payment reporting to credit bureaus is not only unfair and deceptive, and is a violation of the CCPA, FCRA, and FDCPA.
Case 1:20-cv-00452-WJM-SKC Document 59-1 Filed 10/13/20 USDC Colorado Page 16 of

**RESPONSE:**          Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

116.     Plaintiff's injuries were unavoidable as Defendants' hold all the power and unilaterally control the information reported, the request to correct, and the ability to correct themselves.  Plaintiff has suffered damages as a direct result of Defendant's violations of the CCPA.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

117.     Defendants conduct violates the CCPA including and without limitation, C.R.S. § 6-1- 105(b), (c), and (h). In addition, a violation of article 20, C.R.S. § 5-20-112, is considered deceptive.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

118.    Defendants failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer Plaintiff, is a violation of C.R.S § 12-14.3-103.5. Defendants failures to comply with the reinvestigation requirements set forth in C.R.S § 12-14.3-106, is a violation of the same.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

119.    Defendants are liable to Plaintiff in amount to be determined at trial, including statutory treble damages. Plaintiff respectfully requests this Court award them the following damages pursuant to Colo. Rev. Stat. § 6-1-113(2)(a). The greater of:

i.       the amount of actual damages sustained; or
ii.      five hundred dollars; or
iii.     three times the amount of actual damages sustained.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

120.    Plaintiff respectfully requests that this Court award her fees, costs, and restitution associated with this action pursuant to C.R.S. § 6-1-113(2)(b) and C.R.S. § 12-14.3-108. Also, enjoin Defendants from continued unlawful conduct alleged.

**RESPONSE:**         Innovis denies that Plaintiff is entitled to recover fees, costs, and restitution from Innovis.  Innovis denies that Plaintiff is entitled to receive injunctive relief against Innovis.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## CLAIM NINE: Navient

## Violations of Consumer Credit Code, Colo. Rev. Stat. § 5-1-101, et seq.

## ("UCCC")

121-128.         Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM TEN: Navient

## Violations of the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-1-301, et seq. ("UCC")

129-134.         Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM ELEVEN: Navient

## Breach of Fiduciary Duty

135-142.         Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations, which are directed against Navient.

## CLAIM TWELVE:

## Negligence

143.    Defendants owe the Plaintiff a general duties [sic] to use reasonable care, act commercially responsible with regards not only to their own personal conduct, but

also to the Plaintiff's consumer credit report and the information contained within said report.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

By way of further response, Innovis states that the FCRA pre-empts negligence claims against consumer reporting agencies.  See 15 U.S.C. §§ 1681h(e); 1681t.

144.    Defendants willfully, wantonly, and deliberately breached said duties in by failing to correct over errs [sic] given multiple opportunities; failing to remove interest and amount incurred for an account which was not Plaintiff's; and failing to account for the funds within the account when asked.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

145.    Defendants' negligence is displayed through the vast amount of opportunity all have possessed to correct the overtly impossibly correct mathematical error in the payment history of Plaintiff's Navient/Sallie Mae accounts; all since 2014.

**RESPONSE:**          Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

146.    The fact that the error is still present, Defendants have failed multiple duties outlined in multiple statutes. There was and continues to be foreseeable and likely injuries to the Plaintiff that far outweighs any alleged social utilities in Defendants' conduct.

**RESPONSE:**    Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

147.    Defendants knew and/or reasonably expected the Plaintiff being adversely affected by the incorrect reporting and being paid to pay funds which she did not receive nor use.

**RESPONSE:**    Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

148.    The Plaintiff's reliance upon the representations the Navient had the correct information was justified, as Plaintiff had been with Navient since 2001.

**RESPONSE:**    Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

149.    Plaintiff is void of any burden guarding against harm as all injuries should have never happened or been perpetrated against Plaintiff.

**RESPONSE:**    Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

150.    A finding of a violation of the CCPA also constitutes negligence.

**RESPONSE:**    Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

151.    The reliance upon said representations has caused Plaintiff's actual damages including but not limited to, loss of employment, housing, creditworthiness, in addition to inter alia emotional distress, physical injuries, mental anguish including humiliation and fear.

**RESPONSE:**        Innovis lacks knowledge or information sufficient to form a belief about the truth of these allegations.

152.    Plaintiff is entitled to damages proven through trial.

**RESPONSE:**        Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

153.    Plaintiff is entitled to her reasonable fees and costs.

**RESPONSE:**        Innovis denies the allegations that are directed against it.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

### E.  Prayers for Relief

154.    Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein by reference. Plaintiff has suffered *inter alia*, severe emotional and mental distress as a result of the fraudulent behavior of the Defendants; all resulting in *inter alia* loss of life enjoyment, past and future pain and suffering, and an increased risk of harm. Past and future lost income, wages, and earnings.

**RESPONSE:**        Innovis admits that Plaintiff has incorporated the allegations in other paragraphs by reference.  Innovis incorporates its responses to those paragraphs

by reference.  Innovis denies the allegation that Innovis caused Plaintiff distress and harm.  Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegation that other Defendants caused Plaintiff distress and harm.

## JURY DEMAND

Innovis demands a trial by jury on all issues so triable.

## INNOVIS'S AFFIRMATIVE DEFENSES

I.      Plaintiff's alleged damages were caused by, or contributed to by, Plaintiff's own actions, or the actions of persons or entities other than Innovis, over whom Innovis had no control and for whom Innovis had no responsibility.

II.     Innovis complied, in good faith, with the Fair Credit Reporting Act and all other relevant law.

III.    Plaintiff has failed to mitigate damages.

IV.     Plaintiff has failed to allege damages with specificity as required by law.

V.      Plaintiff has failed to state a claim against Innovis for which relief may be granted.

VI.     Plaintiff's common law claims against Innovis are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681h(e), 1681t.

VII.    Plaintiff's claims against Innovis are barred by the statute of limitations at 15 U.S.C. § 1681p.

VIII.   Innovis reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by its ongoing discovery of the facts of this case.

IX.     Innovis reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

## PRAYER FOR RELIEF

WHEREFORE, Innovis respectfully prays that judgment be entered in favor of Innovis, and for such other and further relief as the Court deems right and just.

/s/ Jason A. Spak
Jason A. Spak
FISHERBROYLES, LLP
P.O. Box 5262
Pittsburgh, PA 15206
Telephone: (412) 401-2000
Facsimile: (412) 774-2382
Email: jason.spak@fisherbroyles.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I filed a true and correct copy of the foregoing **Answer and Affirmative Defenses** with the Court's Electronic Case Filing system, which will send a Notice of Electronic Filing to, and thereby effect service upon, all parties through their counsel of record.

/s/ Jason A. Spak
Jason A. Spak