# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

)

- V -

)

Equifax Inc. d/b/a/ Equifax Information
Services LLC., Trans Union LLC., Innovis
Data Solutions, Inc., Navient Corporation d/b/a
Navient Solutions, Inc.
*Defendant(s)*

)

---

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT NSL'S COMPLIANCE WITH DISCOVERY & TO DEEM NSL DISCOVERY RESPONSES AS ADMITTED & SANCTIONS AGAINST NSL & PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER & LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff Tiffany Grays, *pro se*, respectfully files this Motion to Compel Defendant NSL's Compliance with Federal Rules of Civil Procedures 26 and 34, to deem responses admitted under Rule 36, and for sanctions under Rule 37. Plaintiff also seeks leave to amend the scheduling order and to file the Third Amended Complaint.

## I.   CERTIFICATION

Plaintiff in good-faith conferred with counsel for NSL on the relief requested herein, NSL opposes all relief requested.

## II.   STANDARD OF REVIEW

"Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a

1

written answer or objection addressed to the matter and signed by the party or its attorney." *Fed.R.Civ.P. 36(a)(3).*

"To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a party fails to answer an interrogatory submitted under Rule 33." *Fed.R.Civ.P. 37(a)(3)(B)(iii).*

"Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Fed.R.Civ.P. 37(a)(4).*

"For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Fed.R.Civ.P. 37(b)(2)(a)(i)(ii).*

Pursuant to Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." "Unless there is good reason... to the contrary," United States ex rel. *Ritchie v. Lockheed Martin Corp*., 558 F.3d 1161, 1166 (10th Cir.2009), (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (brackets omitted)). The Court holds the ultimate decision whether to grant leave and it is within the sound discretion of the district court to do so, as no substantial reason exists to deny leave to amend.

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." *Fed. R. Civ. P. 16(b)(4)*. "Good cause" under this rule "is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the [plaintiff], or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, Rule 16(b) focuses on the "diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.*

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

When counting written discovery requests "interrogatory subparts are to be counted as part of but one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." 174 F.R.D. at 685.

## III.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("NSL") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. NSL then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. NSL continues to harm Plaintiff through an effort to engorge on ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed

through monies which accrued from an account which was not Plaintiff's. NSL continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by NSL – the promised six-month grace-period upon exiting school, as NSL can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendants actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. NSL continues to harm the Plaintiff by intently impeding discovery as outlined herein.

In an effort to narrow the issues in dispute before the Court, on October 12, 2020, November 29, 2020, December 30, 2020, and January 25, 2021, Plaintiff sent Navient Solutions LLC. ("NSL") Discovery Requests, which included Interrogatories, Requests for Production ("RFP") and/or Requests for Admission ("RFA"). The Discovery Request responses from NSL have been insufficient under the Rules, while other responses were never received; necessitating the relief requested herein.

Beginning November 29, 2020, and through today, Plaintiff has been engaged in multiple discovery disputes with NSL. To date over 70 emails have been sent as Plaintiff has sought to resolve said disputes without the Court's assistance. It appears to Plaintiff that NSL – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel NSL's compliance with Rules

pertaining to discovery, deem untimely responses as admitted, and amend the Scheduling Order. In support thereof, and in accordance with the Court's Order issued Plaintiff states as follows:

## IV.   ARGUMENT

Rule 30 plainly states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiff served her second set of discovery requests to NSL on November 29, 2020. NSL did not respond within the 30 days after it was served. NSL's failure to respond was simple oversight of its counsel, as NSL did not have an objection addressed to the matter, and NSL timely responded to the Requests for Production, which were included in the same document as the RFAs in question. Since becoming aware on February 04, 2021, NSL through is counsel Mr. O'Donnell, has hurled blame through meritless accusations of Plaintiff's non-compliance with the Rules at Plaintiff, seeking to deflect responsibility for his own egregious err. Mr. O'Donnell went from denying his failure, to blaming Plaintiff for not including Mr. O'Donnell on the email, to trying to force the Plaintiff into submission by averring it is Plaintiff's responsibility under the Rules to accommodate Mr. O'Donnell's negligent adherence to the Rules. When all Mr. O'Donnell had done failed to sway Plaintiff away from pursuing the relief requested herein as said Rules deem the RFAs Mr. O'Donnell's failed to timely respond to as "admitted," *Fed.R.Civ.P. 36(a)(3),* Mr. O'Donnell retreated alleging the Plaintiff had "yelled" and was not abiding by the conferral requirement. How Mr. O'Donnell can purport fault to Plaintiff, when Mr. O'Donnell timely responded to the Second RFPs, which were right above the Second RFAs Mr. O'Donnell ignored, is beyond logic. Plaintiff refuses to participate in NSL's discovery dance and prays this Court will provide the Plaintiff some relief by deeming the admissions which were not timely responded to as admitted.

Finally, it is further appropriate to deem the Second RFAs as admitted, as by not doing so would severely prejudice the Plaintiff as Plaintiff's subsequent discovery requests were based upon the Second RFAs being deemed admitted under the Rules, Plaintiff has prepared for depositions based on these admissions, and Plaintiff's responses to NSL's discovery requests were based upon these admissions.

NSL has consistently impeded discovery by refusing to identify persons involved in Plaintiff's claims. While parties are ordered to fairly exchange information, NSL did not identify anyone in its Rule 26 Initial Disclosures, forcing Plaintiff to seek said information through Interrogatory 14. Interrogatory 14 was served on NSL on October 12, 2020, to which NSL timely responded. Nearly every day since said timely response – and as identified as Interrogatory 14 has been the subject of multiple Court Orders **(ECF Nos. 92, 102)** - has been consumed by NSL's refusal to participate in these proceedings as required under the Rules. Interrogatory 14 asked NSL to identify all persons associated with the Sources. NSL has responded indicating that the Source does not belong to a person but does not identify who or what the Source belongs. Plaintiff's definitions within the first set of discovery requests made clear that ""persons" means any natural or artificial person."  Therefore, NSL has still failed to fully answer this Interrogatory, substantiating sanctions.

Sanctions are appropriate under 37(b)(2)(a), as the Scheduling Order entered by this Court expressly provided each party 25 Interrogatories. Plaintiff served 17. Plaintiff seeking to use her Interrogatories to obtain the contact information of over twenty individuals employed by NSL who had direct involvement in Plaintiff's claims, is an appropriate request given the magnitude of all involved. Defendant NSL's attempt to deprive the pro se Plaintiff of the 25 Interrogatories every party in all federal civil cases are able to enjoy, is encroaching on

Plaintiff's Right to equal enjoyment; as would the Court if it failed to provide the Plaintiff the 25 Interrogatories afforded to all other parties, including NSL. As Plaintiff asked for the person to be identified along with their contact information, this request would be considered one Interrogatory. As Plaintiff served only 17 Interrogatories, one of which asked NSL to provide contact information, which NSL has not answered, the Court can not only compel NSL to respond, but award Plaintiff sanctions for NSL's failure. Appropriate sanctions would be for the Court to prohibit NSL from opposing Plaintiff's claims that NSL willfully and recklessly reported the incorrect information of late payments in 2014 upon Plaintiff's consumer credit report, and when notified, negligently failed to perform an appropriate investigation and reinvestigations as required under the Fair Credit Reporting Act.

NSL's discovery dance deprived Plaintiff of her ability to timely seek leave to amend her complaint. Plaintiff served First Discovery Requests upon NSL, which were due on November 11, 2020. Mr. O'Donnell contacted Plaintiff, requesting a two-week extension. Plaintiff approved and NSL agreed to a one-week extension, making the responses and production due November 18, 2020. On November 18, 2020 NSL submitted its responses, but failed to produce any requested documents, noting in pertinent part, "NSL will produce responsive documents." Weeks after filing its first discovery responses, NSL finally produced documents - as NSL failed to produce a single document even in initial disclosures – yet in still, this production was post deadline to amend the pleadings; seeming intently so. These actions have deprived Plaintiff of the ability to appropriately amend her complaint, as Plaintiff did not have documents which substantiated new claims in the Third Amended Complaint ("TAC"). Leave to amend is appropriate as it will allow the case to be decided upon its merits. Amending will not be prejudicial to NSL as NSL has been made aware of Plaintiff's claims and NSL caused Plaintiff to

be unable to timely amend.  Plaintiff's TAC simply seeks to add claims expressly related to NSL failure to honor the terms of the Master Promissory Note, NSL's failure to provide the Plaintiff an in-school deferment, and to add punitive damages. In accordance with the Local Rules of this Court, Plaintiff attaches the proposed document along with a red-lined version.

The conduct of NSL prior to, throughout this litigation, and for the foreseeable future, substantiates exemplary damages. *Pro se* Plaintiff ignorant of the requirement to gain permission prior to adding exemplary damages to her complaint, and the proper pleading method to do so, mistakenly added punitive and exemplary damages to the Original, First and Second Amended Complaints, ("Complaints"). Plaintiff meant not to preempt the Court, now seeks to properly plead and the approval for the relief to be affirmatively available for Plaintiff's recovery in accordance with C.R.S. § 13-21-102(1.5)(a).

In order to obtain exemplary damages, the Plaintiff must prove that "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). Willful and wanton conduct "means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." C.R.S. 13-21-102(1)(b). The rights of others may be considered in assessing the willful and wanton nature (i.e., the reprehensibility) of the defendant's conduct. *Qwest v. Blood*, 252 P.3d 1071, 1083 (Colo. 2011). "Malice[,]" as used in subsection 102(1)(a), may be inferred through reckless actions indicating a "disregard of consequences, aside from any intentional malice in the odious or malevolent sense." *Carlson v. McNeill*, 162 P.2d 226, 230-31 (Colo. 1945). Evil intent is not necessary, *Id.* Carlson.

"…though discovery, by evidentiary means, or by an offer of proof, prima facie proof of a triable issue of exemplary damages is established by a showing of reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp v. Vail Corp*., 172 P.3d 437, 449 (Colo. 2007) (quotation omitted). The Colorado Supreme Court has determined this standard is "lenient." *Id*. Stamp at 450.

This instant case presents questions of facts pertaining to circumstances of fraud, malice, and willful and wanton conduct. Plaintiff asserts her prima facie case by submitting evidence, discovery, and an offer of proof that NSL's normal course of business has been to deprive Plaintiff of her right to have NSL furnish accurate information upon Plaintiff's consumer credit report.  NSL then deprived Plaintiff of additional rights under the FCRA when the Consumer Reporting Agencies ("CRAs") named in this instant case filed disputes directly with NSL. Based on documents produced by NSL, NSL received over 10 disputes **(ECF No. 104)** regarding the erroneous late payments and NSL did not fully correct until well after this litigation commenced. While now correct, Plaintiff has suffered greatly as a direct result of NSL's conduct. While NSL has admitted and produced documents which affirm the late payments were incorrectly reported on Plaintiff's consumer credit reports with all CRAs, NSL refuses to make Plaintiff whole which further substantiates exemplary damages.

## V.   CONCLUSION

As discussed herein, Plaintiff has diligently pursued discovery in this matter, only to have NSL intently impede discovery at every opportunity. Because of NSL's conduct, Plaintiff was not only unable to timely amend the complaint but has significantly decreased the time Plaintiff

has had to prepare for depositions. NSL's responses to Plaintiff's Discovery Requests have uncovered multiple individuals involved in Plaintiff's claims.

The Rules contemplate an early and free exchange of information. They are to be construed to promote broad discovery so as to allow the parties to learn, to the fullest practicable extent, each other's evidence. *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958). This allows the parties to carefully evaluate the strengths and weaknesses of a case, promotes settlement, and if the dispute cannot be settled, to better be prepared to meet the proofs at the time of trial. By and through all paragraphs in this Motion, Plaintiff has established that NSL's delayed document production, refusal to fully respond, and the vast amount of time it has cost the Plaintiff are of such a nature NSL's conduct has hampered Ms. Grays's ability to prosecute her claims.

Permitting a recalcitrant party to avoid obligations imposed by the rules of procedure and by the Court's orders and directives rewards improper conduct at the expense of the more diligent pro se party. Too often judges merely scold a party who, as here, skirted obligations imposed by the rules, but then, allow the violations to go unsanctioned. Thus, the violator accrues a benefit while the diligent party is penalized. This is simply unfair. To avoid a miscarriage of justice, and narrow the issues in dispute before the Court, Plaintiff prays this Court will grant the relief requested.

**WHEREFORE**, the facts alleged are sufficient to allow the trier of fact to conclude NSL has acted heedlessly and recklessly, without regard to *inter alia* Plaintiff's and the public's rights to concerning their consumer credit report and the information contained within it supplied by NSL. NSL's bad-faith conduct throughout this litigation and the normal course of its business activate the purpose of exemplary damages; to deter and punish for reckless, willful and wanton conduct.

In the interests of judicial economy and public safety. Plaintiff prays the Court "finds justification by clear and convincing evidence therefor," C.R.S. § 13-21-102.5(3), granting Plaintiff Leave to file the Third Amended Complaint and:

1. Deem the Second RFAs as admitted;

2. Compel NSL's compliance with the Rules for the duration of the case;

3. Compel NSL to provide the contact information for every person identified in Interrogatory 14;

4. Amend the Scheduling Order by:

   a. Increase admissions and interrogatories by an additional 10 requests each;

   b. Increase depositions for the Plaintiff to 25;

   c. Giving parties 90 days after the entry of its Order to,

      i. Service of Interrogatories, Requests for Production of Documents and/or Admissions;

      ii. Amend Pleadings; and

      iii. Conduct Depositions

5. Award reasonable costs, expenses, and fees to the Plaintiff in preparing and filing this motion.

Respectfully Submitted,


    /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

11

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*                                  **20-cv-00452-WJM-SKC**
v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March 2021, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT: **PLAINTIFF'S MOTION TO COMPEL DEFENDANT NSL'S COMPLIANCE WITH DISCOVERY & TO DEEM NSL DISCOVERY RESPONSES AS ADMITTED & SANCTIONS AGAINST NSL & PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER & LEAVE TO FILE THIRD AMENDED COMPLAINT**

DOCUMENT: **Third Amended Complaint – Redlined**

DOCUMENT: **Exhibits 2-5**

Jordan S. O'Donnell
jodonnell@hinshawlaw.com
Dennis N. Lueck
DLueck@hinshawlaw.com
***Counsel for Navient Defendants***

    /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com