IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-CPG

TIFFANY GRAYS,

   Plaintiff,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

   Defendants.

---

**DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWERS TO
PLAINTIFF'S CLARIFIED FIRST SET OF INTERROGATORIES**

---

Defendant Navient Solutions, LLC ("NSL") hereby provides its Answers to Plaintiff's Clarified First Set of Interrogatories, served on December 30, 2020, pursuant to the Court's order of December 29, 2020, at Doc. No. 92, and states as follows:

**PRELIMINARY STATEMENT**

NSL offers this general response, which shall apply to each and every answer given herein, and shall be incorporated by reference as though set forth in each of NSL answers.

NSL has not yet completed its investigation and discovery of the facts relating to this action, has not yet completed its analysis in this action, and has not completed its preparation for trial. All of the answers contained herein are based only upon information presently available to and specifically known by NSL. It is anticipated that further discovery and independent investigation, legal research and analysis of existing discovery may supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial additions to, changes in, modifications to and variations from the answers set forth herein.

NSL's answers herein are given without prejudice to NSL's right to produce evidence of any subsequently discovered facts or documents which NSL may later recall or discover. NSL accordingly reserves the right to supplement any and all answers herein, as well as the right to introduce admissible evidence at trial, as additional facts, documents and evidence are ascertained, analyses are made, legal research is completed, documents are discovered, and contentions are investigated. NSL has made a diligent search and inquiry along with reasonable efforts to fully and accurately respond to Plaintiff's interrogatories, based upon the information in its possession, custody, and control. However, NSL's answers herein should in no way be construed to prejudice NSL's right to further discovery, research or analysis.

## OBJECTIONS TO INSTRUCTIONS

NSL objects to the extent that the instructions attempt to impose obligations on NSL not required by or in addition to those contained in Fed. R. Civ. P. 26 and/or 33.

## GENERAL OBJECTIONS

NSL's general objections are defined and set forth below, shall apply to each and every response given to Plaintiff's First Set of Interrogatories, and shall be incorporated by reference as though fully set forth in each of NSL's answers:

1.      NSL objects to the extent any Interrogatory seeks information not relevant to any party's claim or defense and is disproportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. NSL objects to the extent any Interrogatory might be construed to request attorney-client communications, information about attorney notes, research, and other privileged attorney work product or information protected by Federal Rule of Evidence 408.

3. NSL objects to the extent that any Interrogatory constitutes an unwarranted intrusion, invasion, and/or infringement of rights to privacy set forth under the United States and State of Colorado constitutions and statutory law.

4. NSL objects to any preface to any Interrogatory which attempts to impose requirements not required by or in addition to those contained in the Federal Rules of Civil Procedure, and other applicable discovery statutes.

5. NSL objects to the extent any Interrogatory is vague, ambiguous, unintelligible, indefinite as to time, or insufficiently identifies or describes the information requested.

6. NSL objects to the extent any Interrogatory is overbroad, burdensome, oppressive, and/or places more burden on NSL than the value of the information warrants.

7. NSL objects to the extent any Interrogatory seeks disclosure of its business and proprietary information, trade secrets and confidential information or confidential financial information.

8. NSL objects to the extent any Interrogatory seeks nonpublic personal information of a consumer pursuant to 15 U.S.C. § 6801, *et seq*., or in violation of the Privacy Act.

9. NSL objects to the extent any Interrogatory seeks information located in public records, or which are equally available to Plaintiff.

10. NSL objects to the extent any Interrogatory impermissibly places the burden and costs of supplying information or documentation that is equally available to Plaintiff solely upon NSL.

Without waiving or limiting any of these general objections, and subject to each of these objections, NSL answers as follows:

## ANSWERS TO CLARIFIED INTERROGATORIES

**CLARIFIED INTERROGATORY NO. 14**: Identify the following person by name and contact information for the following communications.

Phone Calls

2018-07-03 IR_240051182440180703

2019-09-24 IR_1400244180Y0190924

2019-12-11 IR_340040564660191211 – Travis Jacobs

2019-12-23 IR_140031950420191223

2020-06-10 IR_3400174038L0200610

2020-06-18 IR_3400592449R0200618

2020-07-02 IR_1400261863X0200702

2020-10-06 IR_3400438893U0201006

4

Sources from Borrower Correspondence History:

```
_ 021814 E15579 GXS8 LATE FEE REMOVED PER ACCOUNT REVIEW          021814
 060414 CISCAL GR71 VERIFIED BORROWER E-MAIL ADDRESS
 _ 053018 C41763 MY30 RCVD CRDT DISPUTE,
 050718 C51154 MXA1 REC IN CBD FRIV/IRREV DISPUTE
 050718 C51154 GYS3 VALIDATION LETTER
 050718 C51154 K070 FRIVOLOUS/IRRELEVANT DISPUTE
 050718 C51154 GGB6 DISPUTE CLOSED - SYSTEM LETTER SENT
 040618 C55547 GGB6 DISPUTE CLOSE
 040618 IDTCLS GX00 ID:11707372
 030618 C55673 MXA1 REC IN CBD FRIV/IRREV DISPUTE
 030618 C55673 GYS3 VALIDATION LETTER
 030618 C55673 K070 FRIVOLOUS/IRRELEVANT DISPUTE
 030618 C55673 GGB6 DISPUTE CLOSED - SYSTEM LETTER SENT
 030618 PwrLdr MDOC MDOC ADDR=IN1P41c33828be LTR CD=GFB4
 040618 C53051 MY30 RCVD CRDT DISPUTE, VRFD/UPDATED DEMO/ACCT/PMT INFO
 040618 C53051 MK00 LN 14 15
 040618 C49000 MY30 RCVD CRDT DISPUTE, VRFD/UPDATED DEMO/ACCT/PMT INFO
 040618 C49000 MK00 LN 14,15
 040618 C55547 MXA1 REC IN CBD FRIV/IRREV DISPUTE
 040618 C55547 GYS3 VALIDATION LETTER
 040618 C55547 K070 FRIVOLOUS/IRRELEVANT DISPUTE
 100418 IDTCLS GX00 ID:16106716   LoanNo: ▮▮▮▮▮2200, IDT Type
                : ACDV - 300 Display Strategy - Validate Acct & Pa
                y History is completed on 10/04/2018 by c55085
 100418 IDTCLS GX00 ID:16106726   LoanNo: ▮▮▮▮▮5200, IDT Type
                : ACDV - 300 Display Strategy - Validate Acct & Pa
                y History is completed on 10/04/2018 by c55085
 082219 E69802 MXA4 REC DISPUTE IN CBD
 082219 E69802 MK00 CBD; RECEIVED LETTER DISPUTING LATE PAYMENTS,
                REVIEWED ACCOUNT DLNQ REPORTED VALID; LN 14,15
 082219 E69802 K637 CREDIT BURU DISPTED DELIQ RPRTD CORRECT
 082219 E69802 MXA6 CBD CANT REMV VALID DELINQUENCY
 082219 E69802 GYR1 DISPUTING VALID DELINQUENCY

 082219 E69802 GGB6 DISPUTE CLOSED - SYSTEM LETTER SENT
 082219 PwrLdr MDOC MDOC ADDR=IN1P41ce53760a LTR CD=GFB4
 092419 E90301 TK00 Borrower phone contact re: Reviewed Account
 021920 E69802 MXA4 REC DISPUTE IN CBD
 021920 E69802 MK00 CBD; RECEIVED LETTER STATING TO REMOVE LOANS DUE
                TO CONSOL, CANNOT REMOVE LOANS WILL REMAIN FOR
                7-10 YEARS AFTER CLOSE DATE; LN 14,15
 021920 E69802 K636 CREDIT BUREAU DISPUTED LNS RPRTD CORRECT
 021920 E69802 GYR7 LOAN DELETION REQUEST
```

```
 021920 E69802 GGB6 DISPUTE CLOSED - SYSTEM LETTER SENT
 021920 E69802 MK00 CBD; SEE DOE
 042214 MODSTR GK9E
 060214 E72975 G134 :
 101220 E19626 GH92
 101220 E19626 GK00
 060414 CISCAL GR71
```

NSL Correspondence Letters Dated:

08/22/19, 08/22/19, 08/30/19, 10/11/19, 10/15/19, 12/17/19, 01/31/20, and 02/13/20.

**ANSWER:** NSL objects to this Interrogatory on the grounds that it is vague, overbroad, and unduly burdensome. NSL also objects that the information requested is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, the Interrogatory is not limited as to time or scope, or to the allegations in the Second Amended Complaint. Lastly, NSL objects that this Interrogatory requires disclosure of private information related to NSL's employees or representatives, and disclosure of NSL's business and proprietary information, business trade secrets, confidential business information, and information in violation of NSL's privacy rights.

Subject to and without waiving the general or specific objections, NSL responds as follows:

Related to the call recordings, NSL's records reflect that they contain communications between Plaintiff and the following call representatives:

| **File Name** | **Representative Name** | **Former or Current Employee/Contractor** |
|---|---|---|
| 2018-07-03 IR_24005118244018070 | Charish Reeves | Former |
| 2019-09-24 IR_1400244180Y0190924 | Shannon Penley | Former |
| 2019-12-11 IR_340040564660191211 – Travis Jacobs | Travis Jacobs | Current |
| 2019-12-23 IR_140031950420191223 | Wendy J. Crist | Current |

|  |  |  |
|---|---|---|
| 2020-06-10 IR_3400174038L0200610 | Haniyf Diyn  Kioni Carter | Current  Former |
| 2020-06-18 IR_3400592449R0200618 | Melanie Konnick | Current |
| 2020-07-02 IR_1400261863X0200702 | Conor Williamson | Current |
| 2020-10-06 IR_3400438893U0201006 | Robert W. Menn | Current |

Related to the correspondence history, NSL's records reflect that only on the below dates do the entries listed by Plaintiff in her interrogatory pertain to communications between Plaintiff and an employee or contractor of NSL. Any other entries listed but not addressed did not involve communications between Plaintiff and anyone on behalf of NSL.

| Date of Entry | Representative Name | Former or Current Employee/Contractor |
|---|---|---|
| 3/6/18 | Ma Jay Cristy Ferrer | Current |
| 4/6/18 | Jennifer Abance | Current |
| 5/7/18 | Jean Paragna | Former |
| 8/22/19 | Michael Madonna | Current |
| 9/24/19 | Shannon Penley | Former |
| 2/19/20 | Michael Madonna | Current |
| 10/12/20 | Kimberly Williams | Current |

With regard to the "correspondence letters," there are no employees or contractors associated with them, as they are automatically generated.

7

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF JANUARY 2021.

                                                Navient Solutions, LLC
                                                By:  Andrew Reinhart

                                                Title: Sr. Account Analyst

As to objections:

*/s/ Jordan S. O'Donnell*
**Dennis N. Lueck, Jr.**
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070
dlueck@hinshawlaw.com

**Jordan S. O'Donnell**
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
jodonnell@hinshawlaw.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

Dated: January 11, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I served the following **Defendant Navient Solutions, LLC's Answers to Plaintiff's Clarified First Set of Interrogatories** to all parties or counsel of record by US mail and email as follows:

Tiffany Grays
legalgrays@gmail.com

Jeremy A. Moseley
mosley@wtotrial.com

    /s/ *Jordan S. O'Donnell*
Jordan S. O'Donnell