UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-cv-00452-WJM-SKC**

| | |
|---|---|
| Tiffany Grays, *pro se* <br> *Plaintiff(s)* | ) <br> ) <br> ) |
| - V - | ) <br> ) |
| Equifax Inc. d/b/a/ Equifax Information Services LLC., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) |

# PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS & FOR APPROPRIATE ACCOMODATIONS

Plaintiff Tiffany Grays, *pro se*, respectfully file this Emergency Motion to Stay pending resolution of Writs of Certiorari and Prohibition regarding Orders 137 and 138, in addition to requesting Appropriate Accommodations pursuant to 29 U.S.C. § 794 and 42 U.S.C. §§ 12101 et seq. Plaintiff under duress attempted to confer with Defendant's who declined to state a position on the motion and wanted to argue on behalf of the Court, which Plaintiff declined to do as it is not a requirement of conferral to argue Defendant's posing as the Court. Therefore, Plaintiff believes Defendant opposes the relief requested herein. In support thereof Plaintiff states as follows:

**I.     Introduction**

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("NSL") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts (ECF No. 47 at p.6), severely negatively impacting her credit score and creditworthiness. NSL then willfully fails the Plaintiff by failing to abide by multiple duties

1

outlined in the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq*; even when given multiple opportunities to correct. NSL continues to harm Plaintiff through an effort to engorge on ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed through monies which accrued from an account which was not Plaintiff's. NSL continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by NSL – the promised six-month grace-period upon exiting school, as NSL can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendant's actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including, *inter alia*, consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. NSL continues to harm the Plaintiff by intently impeding discovery, the cause of the hearing which was the catalyst to the relief requested herein.

## II. Argument

### Staying All Proceedings Appropriate

Though the Federal Rules of Civil Procedure do not expressly allow stays of proceedings, Rule 26(c) permits a party to move for a discovery order protecting it from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Moreover, [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh

competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

When deciding whether a party requesting a stay has shown good cause, the Court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A stay is warranted. First, although Plaintiff has an interest in proceeding expeditiously, staying the proceedings would prejudice neither Plaintiff nor Defendant. The Plaintiff is of limited means and cannot afford the mental, emotional, and financial costs of both advancing this litigation on the current schedule, which will consume considerable time over the course of the upcoming months contemporaneously with briefing on the Writs of Certiorari and Prohibition regarding this Court's orders ECF Nos. 137 and 138.

A stay is further warranted as should the Court be found to have abused it discretion and authority through the Writs, any decisions based on or after said abuses were performed would be prejudicial to the Plaintiff petitioning the government for redress before an impartial fact finder in violation of the Cannons and Plaintiff's constitutional gaurantees. Plaintiff will not be able to recover the costs expended battling the Court to maintain her rights under the U.S. Constitution.

Next, the interests of both the Court and the public would be furthered by waiting on resolution of the Writs of Certiorari and Prohibition regarding Orders 137 and 138. Not only

would a stay here promote the efficient administration of justice by saving the Court and Plaintiff the time, the effort, and the cost required to take retroactive corrective actions, it would also reduce the risk that parties like the pro se Plaintiff unable to afford representation or those denied appointment of representation fail because of costly, and potentially unnecessary litigation having to seek to overturn decisions made by the Court after it's potential expression of impropriety through Orders 137 and 138.

Plaintiff's argument is further substantiated by the temporary nature of the stay requested. *See Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *2 (D. Colo. April 6, 2007). Complying with the Court's Orders 137 and 138 would impose on Plaintiff more than the ordinary burdens of litigation, by compelling Plaintiff to relinquish her right to freedom of speech under the First Amendment of the U.S. Constitution by forcing her to answer Court Security Officer's admitted courteous questions in order to litigate this case. The Court threatening Plaintiff with sanctions of dismissing this case for lack of prosecution for Plaintiff's rights under the First Amendment would result in the case not being decided upon its merits; a manifest injustice that must be avoided at all costs, making a stay of all proceedings appropriate, as Plaintiff will not relinquish rights afforded to all.

Courts have routinely held that discovery should be stayed while issues relating to jurisdiction are resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that discovery should not be allowed while threshold jurisdictional issues are pending); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting discovery can be particularly disruptive while a motion to dismiss is pending); *Ryskamp v. Looney*, No. 10-CV-00842-CMA-KLM, 2010 WL 4256205, at *4 (D. Colo. Oct. 21, 2010). Plaintiff is challenging this Court's jurisdiction within the Motion to Recuse to be filed, further substantiates a stay is appropriate.

## **Appropriate Accommodations Justified**

The courthouse is a public entity as defined in 42 U.S. Code § 12131(1)(B). Plaintiff's Post Traumatic Stress Disorder ("PTSD") is a disability as defined in 42 U.S. Code § 12102(1). Said disability when both triggered and seemingly dormant substantially limits Plaintiff from performing multiple major life activities including but not limited to: caring for oneself, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working which are affected by the neurological, brain, and respiratory issues Plaintiff has suffered; as identified in 42 U.S. Code § 12102(2)(A)(B). Based on the foregoing, Plaintiff is therefore a qualified individual with a disability as defined in 42 U.S. Code § 12131(2) and "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by," *Id.* the Colorado courthouses.

"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *42 U.S. Code § 12132*. Plaintiff as a result of her PTSD was alleged to have been belligerent when that was not the case and as a result was denied the benefits of the services of due process through the courtroom. Forcing the Plaintiff to return to the same place where she was triggered has caused and contributed to the Plaintiff's ongoing crying, depression, and anxiety since being denied access on October 27, 2021.

28 C.F.R. § 35.160(a)(1) states, "A public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others [without disabilities]. "In determining what types of auxiliary aids and services are necessary, a public entity shall give primary

5

consideration to the requests of individuals with disabilities." *28 C.F.R. § 35.160(b)(2)*. A violation occurs when disabled individuals are excluded from the benefits of a public entity's services, that is, that they are denied "meaningful access" to those services. *Alexander v. Choate,* 469 U.S. 287, 301 (1985).

"The layman's inability to overcome the intricacy of the adjudicative process, which gives rise to a constitutional guarantee of counsel in criminal prosecutions, equally impedes effective access of uncounselled litigants to the judicial process in civil cases." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975), citing *Goldberg v. Kelly*, 397 U.S. 254, 270 (1970). "Attorneys are officers of the court, and are bound to render service when required by such an appointment," *Powell v. Alabama*, 287 U.S. 45, 73 (1932), as "lawyers are essential to the primary governmental function of administering justice." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975). As assistants to the court, attorneys are subject to a variety of obligations imposed pursuant to the courts' regulatory power. *Cohen v. Hurley*, 366 U.S. 117, 124 (1961). See also *Ferri v. Ackerman*, 444 U.S. 193, 193-204 (1979).

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). In general, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). For guidance the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel. Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination." A fourth factor determined in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984), should be used as "an aid in exercising discretion" in close cases, the Court should also consider whether the plaintiff has the "capacity

6

to present the case without counsel." While this instant case is not brought under Title VII, the factors to grant appointment under Title VII claims, are similar to those considered when deciding to request an attorney to represent an indigent party under § 1915(e)(1).

### A. Financial Ability & Efforts to Secure Counsel

Plaintiff has submitted a financial affidavit in this action and the Court granted permission to proceed in forma pauperis. The affidavit likewise shows that Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney. Given the financial affidavit, Plaintiff has shown that she is unable to meet her daily, non-discretionary expenses; denying her ability to hire an attorney. While Plaintiff has received settlement funds, given Plaintiff's inability to work coupled with the multiple cases Plaintiff seeks justice, Plaintiff cannot afford to pay for counsel, conduct meaningful discovery, and continue to provide for daily living expenses.

Plaintiff's financial and prosecutorial status affirms Plaintiff's inability to pay for legal counsel and has caused the Plaintiff to seek judicial assistance from multiple sources, to no avail. Plaintiff has been to numerous legal clinics throughout the Denver Metro Area, where free services can be attained, to no avail. Plaintiff has contacted many attorneys only to receive responses either requiring payment or denying the attorney's ability to litigate the case.

### B. Merit of Allegations

"The court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney," *Poindexter v. FBI*, 737 F.2d 1187 n. 35 (D.C. Cir. 1984).

### C. Capacity to Present Case Without Counsel

Plaintiff, in extraordinary peril, has been forced to litigate multiple cases, of varied issues, defendants and difficulties; while being an unlicensed pro se litigant, causing substantial stress; all of which is detrimental to the health of the Plaintiff. Plaintiff's current treating mental health providers attest to the health benefits of appointing counsel for the Plaintiff **(Exhibit 1).**

Plaintiff has been prescribed medication for depression, anxiety, PTSD and Fibromyalgia, which has caused *inter alia* severe fatigue, nausea, cognitive delays, in addition to the constant pain caused by Fibromyalgia; all caused by the stress imposed through litigation, thereby hindering the Plaintiff's ability to present her case without counsel. Plaintiff's PTSD has been triggered through her interactions with court staff including, but not limited to Court Security Officers when coming to attend court in person. When the interactions turn negative, especially with power figures with badges who have the permission to take control of Plaintiff's person, Plaintiff's PTSD is further triggered which makes it markedly difficult for Plaintiff to maintain decorum. Plaintiff's PTSD has multiple triggers including but not limited to persons in power in uniform with and without badges who have the ability to erroneously take control of Plaintiff's person, Plaintiff's belongings, and Plaintiff's rights. While Plaintiff admits she was triggered, this in no way resulted in Plaintiff being belligerent. Plaintiff never used fowl language, did not make verbal and/or physical threats. Plaintiff will admit that on occasion her voice was loud in response to multiple constitutional rights being egregiously denied while contemporaneously having her PTSD triggered, be that as it may, Plaintiff was never belligerent. What is the appropriate response when one's constitutional rights are being deprived by those entrusted to uphold justice for all? Based on the foregoing appropriate accommodations are necessary if

Plaintiff is going to have to encounter those who trigger her PTSD in order to receive the justice that she is promised, substantiating accommodations forthwith.

### III. Conclusion

To avoid unnecessarily burdensome discovery and to preserve judicial economy, Plaintiff respectfully requests this Court to stay of all proceedings pending a ruling on Writs of Certiorari and Prohibition, as well as the Motion to Recuse Judge Crews. The reduction in stress through the appointment of counsel not only furthers the administration of justice by enhancing the fairness of judicial proceedings, as "the size of her pocketbook should not be dispositive when "an interest far more precious than any property right" is at stake," *Santosky v. Kramer*, 455 U.S. 745, and the Court's requirement to do "equal right to the poor," as required by 28 U.S. Code § 453, as those seeking justice able to afford representation are not subjected come to every hearing and therefore not subjected to the alleged courtesy questions. Appointment of counsel would allow the equity and efficacy in the administration of justice as the issues which have impeded proceedings would be eliminated. An accommodation of appointment of counsel would significantly impacts the Plaintiff's health, in a positive manner. While not resolving all ailments, undoubtedly helping. Appointment of counsel will also ensure the development of a record adequate for summary judgment or trial. Every word the Plaintiff is forced to write, is literally hurting her. Plaintiff is also asking to be identified as an individual as having such impairment pursuant to 42 U.S. Code § 12102(3)(A), resulting in Plaintiff not being compelled to answer court staff's courtesy questions upon premises, to be allowed to be accompanied by a companion for trial, and conduct all other hearings via phone so as to limit Plaintiff's exposure to her PTSD triggers and allow the expedient economical dispensing of justice. Plaintiff should not be forced to choose between health and life or liberty and justice. Plaintiff's accommodation requests are

appropriate as COVID-19 has shown alternatives methods to conducting in person hearings are just as sufficient.

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*                   **20-cv-00452-WJM-SKC**
    v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November 01, 2021, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS & FOR APPROPRIATE ACCOMODATIONS**

**Exhibit 1**

Dennis Norman Lueck Jr
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendants***

                                                                  /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com