Dear Clerk,

20-CV-00452-WJM-SKC

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 NOV -1 PM 3:59

JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

Citizen Tiffany Grays, ("Citizen"), files this complaint of misconduct against Court Security Officers ("CSO") Garcia and Lee at Bryon G. Rogers courthouse for failing to adhere to the local rules thereby failing to afford Citizen equal protections and due process under the Fifth and Fourteenth Amendments of the U.S. Constitution; and defaming Citizen's (Plaintiff's) character and conduct on the record in District of Colorado case 20-CV-00452-WJM-SKC on October 27, 2021.

On October 27, 2021, Citizen arrived for the ordered hearing in the aforementioned case, but upon arrival Citizen was denied equal access and liberties at the District of Colorado Bryon G Rodgers courthouse because after presenting her ID and affirming Citizen was there for court, Court Security Officer (CSO) Lee required Citizen to answer his additional question of which courtroom Citizen was going to. Citizen having been involved in many cases has direct knowledge of the process and procedures when entering the courthouse and has never encountered the conduct exhibited by security personnel at the Bryon G. Rodgers courthouse on October 27, 2021.

Said conduct was alleged by all to be a "courtesy" was not in a helpful nature to the Citizen, as the way the inquiry was posed was not helpful, "which courtroom," not what one would expect if the CSO seeking to offer assistance to the Citizen through further inquires into the exact courtroom to prevent the Citizen from proceeding to the courtrooms only to find out they are in an incorrect courthouse. One would expect a helpful CSO would ask the customary question of, "do you know where you are going," or "can I help you to where you are going." not "which courtroom." Notwithstanding the

1     COMPLAINT OF MISCONDUCT – Garcia & Lee    10/31/21

aforementioned, while there is nothing wrong with further inquiry, further inquiries are not required in the Local Rules to be answered by Citizens who have provided ID and stated the nature of the business was to go to court.

Upon entering the courthouse Citizen had her ID ready and began putting her purse and laptop in bins to be scanned. Citizen walked in dressed for court. CSO Lee who later identified himself as Lee was manning the security station, as Citizen began to put her belongings into the bin to go through the scanner, Lee asked "what/why are you here?" As Citizen was trying to hand him her ID which he refused, Citizen replied, "I'm here for court." Lee then asked, "which courtroom?" Citizen replied, I don't have to tell you that. Lee stated Citizen had to tell him which courtroom. Citizen said no I don't. Citizen then asked which rule or law requires her to tell him which courtroom in order to access the courts. Lee refused and again asked Citizen which courtroom. Citizen then asked for a supervisor. Lee refused. Citizen asked for a supervisor, rule, or law, Lee refused and said he would not allow her to go to court if Citizen did not tell him which courtroom. Citizen asked for the supervisor again. This time Lee asked another CSO to get the sergeant.

Garcia who is the Lead CSO comes down - he was the same CSO from the last time Citizen was at this same courthouse and security made her dump everything out of her purse to access court that day because Citizen allegedly had too many coins in the bottom of her purse[1]. When Lead CSO Garcia approached Citizen, Citizen asked Garcia for the rule or law that requires her to say which courtroom Citizen is going to in order to

gain access? Lead CSO Garcia initially did not respond, Citizen asked again to which Lead CSO responded that there was "no rule or law but Lee was asking out of "courtesy[2]."

[1] Citizen asked why Citizen had to dump her purse if they knew it was coins, Citizen was told because it was a lot of coins. Citizen had never ever been asked to dump her whole purse. Judge Crews was also made aware of the incident and stated he would follow-up with security. [2](https://photos.app.goo.gl/NAmNYt7VnsQjsxnZA at 4:11)

Citizen said I don't need to answer questions out of courtesy to access court that is an abuse of authority. After 4 to 5[2] seconds of silence, Garcia stated he was not going to talk over Citizen, Citizen said I don't want to hear anything except the rule or law that requires Citizen to say which courtroom I am going to. Garcia said he's not going to talk over Citizen and that Citizen cannot go to court. Citizens are not required under any rule or law to listen to CSO explanations of alleged courtesy questions in order to access courts under any rule or law. Citizen being unwilling to let Lead CSO Garcia explain the alleged courtesy in her attempt to access due process does not result in Citizen, "talking over," Garcia. Garcia's deprivation of Citizen's right to go to court because Citizen did not want to hear Garcia's irrelevant explanation to deprive access to courts though a courtesy explanation is an overt abuse of discretion and authority that must be abolished expediently.

As Garcia's attempts to provide the courtesy explanation were righteously denied by Citizen, Garcia abuses his power over Citizen's rights and belongings by resulting to aggressive actions: 1) picking up the bins which contained Citizens belongings; 2) moving them aggressively toward the Citizen's person while standing in close proximity

to Citizen and stating Citizen is not going to court and can leave; and 3) then aggressively dropping the bin on top of the second bin containing Citizen's laptop. When Citizen repeated the request for the rule or law again, Garcia repeated the aggressive, provoking, escalating actions: 1) picking up the bin and aggressively motioning the bin toward Citizen's person; and 2) dropping it hard down on Citizen's laptop. Garcia then begins walking away from Citizen towards the elevators.

While at the elevators, Garcia responds to Citizen asking him to identify himself, which he responds only "Garcia." (*Id.* at 5:30). Citizen asked for his first name to which Lead CSO sought to patronize and provoke the Citizen further by escalating the issue by stating, "there is no rule or law that requires him to give his first name," (*Id.* at 5:33). Citizen said I am going to email the judge.

While not one of the CSOs had looked at Citizen's ID nor as at issue here did Citizen disclose which courtroom she was going to, yet about 10 minutes later Garcia came back down to the lobby as Citizen was waiting in the lobby of the courthouse to hear from the judge via email and said Garcia had talked to the judge and told him what was happening. Citizen then said so you know which courtroom she was going to and you didn't let Citizen access court because she didn't answer your courtesy question that you already had the answer to? Which Garcia failed to respond.

Garcia went Judge Crews and stated on record Citizen was "belligerent," and that was why her access to the courtroom was denied. At no point in time was Citizen belligerent. At no point in time did anyone ask Citizen to leave the courthouse lobby for

said alleged belligerent conduct, yet Garcia told the Judge Citizen was belligerent. Judge Crews based on Garcia's known false misrepresentations to the Court issues two orders adopting Garcia's defamatory statements regarding Citizen's conduct, as evident in ECF No. 137. Judge Crews put on the record without any fact finding that Citizen was "belligerent...and [as a result of Citizen having been [sic] belligerent] the Court will issue a separate order that addresses Ms. Grays' conduct." *Id*. Without reviewing video, hearing from others including the Citizen, the Court adopts the intentional misstatements of Garcia to obfuscate the egregious denial of Citizen's constitutional right to access the courtroom and due process for failing to answer CSO courtesy questions. It is a miscarriage of justice a manifest injustice to deny anybody access to the courtroom based on courtesy questions.

In fact, the Court acknowledges the question of which courtroom is one that is courteous in nature,

> "The Court was informed by the Lead CSO, who arrived at my Chambers, that when Ms. Grays began to proceed through security, a CSO asked her where she was going. The Court is informed that CSOs often ask this question of those seeking entry into the courthouse in part because entrants sometimes confuse this courthouse with the Alfred A. Arraj Courthouse across the street, or with the adjacent Federal Building." (ECF No. 138).

While this may be true, a courteous question is not mandated to be answered under any rule or law. To force the Citizen to answer allegedly courteous questions by CSOs is depriving Citizen of her freedom of speech. Rule 83.2 is plain. ID and nature of business must be stated. Not answers to alleged courteous questions. CSOs Lee and Garcia abuse discretion and authority by attempting to force Citizen to answer courtesy questions, even

while the CSO Garcia is in possession of information to answer to his own courteous question; further indicating the abuse of authority and harassment of the Citizen. Not one CSO looked at Citizen's ID, yet Garcia went to the courtroom saying Citizen was belligerent. Not one CSO knew which courtroom Citizen was going to as Citizen's refusal to answer the alleged courtesy question of which courtroom, yet Garcia went to the exact courtroom Citizen was heading to. Therefore, Garcia intently deprived Citizen access to the courtroom based on his abuse of authority in forcing Citizen to answer courtesy questions which he held the answer and denying her access for her refusal to do so.

The purpose of the security rules are to know who is in the building and prevent persons seeking illegitimate purposes from accessing the building, not to force Citizens that have been identified through CSO's personal knowledge to answer alleged courteous questions CSOs already have the answer to. In fact, as Citizen was waiting in the lobby, she observed CSO Lee let other Citizens who he knew through security without requiring ID, asking why they are there, let alone which exact [court]room they were going to; this special treatment seemingly reserved for the Citizen or others the CSOs subjectively choose. When Garcia stepped off the elevator after Lee's call for a supervisor, Garcia identified who the Citizen was and knew the nature of her business in the building, court; and further knew the exact courtroom Citizen was to conduct her business; thus should have let Citizen proceed as he would any other person he identified and knew the nature of their business and/or where exactly they were handling said business.

In lieu of performing appropriate, fair, de-escalation actions of affording Citizen the same privileges other citizens who CSOs know are able to forgo, the presenting of ID and answering questions related to business in order to access the courts, Garcia seeks to patronize and disparately treat the Citizen by coercing her with access to court by attempting to force Citizen to listen to an unnecessary courtesy explanation. It was in fact Citizen's refusal to listen to the courtesy explanation as to why Garcia denied Citizen access to court. All examples of the disparate treatment of the Citizen by the CSOs for reasons which Citizen can collude were due to her race, sex, socioeconomical status, color, and in retaliation for complaining about the CSOs previous abuse of authority and power.

The facts and evidence do not reflect Citizen was belligerent at any point. In fact, Citizen's alleged belligerent conduct was only sufficient to deny Citizen the ability to access the courtroom, due process, and exercise her liberties, at no point in time was Citizen's presence or conduct in the courthouse lobby sufficient to substantiate Citizen's access to the courthouse lobby over the alleged belligerent conduct. Even after telling the Citizen she could leave and she was not going to court, Garcia returned to the courtroom lobby to inform Citizen Garcia had advised the judge what was going on and did not say Citizen had to leave the courthouse lobby for her belligerent conduct. Further substantiation Citizen's conduct was not belligerent, but that Garcia abused his power and position and access to the court by diverting attention from his unconstitutional abuse of authority by misrepresenting Citizen as belligerent to the court.

In fact, the record reflects Citizen fully complied with local rule 83.2 as she presented her ID and stated the nature of her business which was court. The CSOs egregiously attempt to exceed the bounds of the rule to access public spaces and petition for redress by requiring Citizen to produce ID, state the nature of her business, and state where her business is in the courthouse. Court is the nature of business, nothing in the rule states that the courtroom must be advertised.

The Court based on Garcia's egregious misrepresentation to the court threatens Citizen's case as though she was failing to prosecute, when the record reflects that is inaccurate. The Court further threatens Citizen with Sanctions and/or contempt without having performed any investigation into the matter or giving Citizen the full and fair opportunity to present facts to the contrary in violation of Colo. Code. Jud. Cond. 2.6(A). The record reflects the Court immediately adopted and accepted Garcia's testimony as fact without considering any testimony from the Citizen, (ECF No. 137), without reviewing any video without questioning any other parties present. The Court then defames Citizen on the record calling her conduct "belligerent." *Id.* 138. Further evidence of impropriety.

The fact that the Garcia knew which courtroom Citizen was going to but still required her to tell him substantiates the harassment, abuse of authority, and the intentional deprivation of Citizen's constitutional rights. The video[2] shows that Lead CSO Garcia lied to the Court. Citizen was not belligerent. Based on the foregoing, the CSOs therefore violated Judicial Employee Canons 1, 2, 3(C)(1)(2).

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com