**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0452-WJM-SKC

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC.,

    Defendant.

---

**ORDER ADOPTING SEPTEMBER 24, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AND OVERRULING PLAINTIFF'S
OBJECTION TO ORDER DENYING MOTION**

---

    Before the Court are Plaintiff Tiffany Gray's "Objections to ECF Nos. 121, 123, & 124" ("Objection").  (ECF No. 130.)  The Objection refers to two of United States Magistrate Judge S. Kato Crews's orders filed on September 7, 2021, and September 10, 2021.  (ECF Nos. 121 & 122.)  The Objection also refers to the September 14, 2021 Recommendation of Judge Crews (the "Recommendation") (ECF No. 124) that the Court deny Plaintiff's Motion to Amend Complaint ("Motion") (ECF No. 103).

    Plaintiff filed her Objection on September 24, 2021.  (ECF No. 130.)  Defendant Navient Solutions, LLC. ("Navient") filed a Response to the Objection on October 10, 2021.  (ECF No.135.)  For the reasons set forth below, the Recommendation is adopted in its entirety and Plaintiff's Objections are overruled.

## I. BACKGROUND

Plaintiff took out multiple student loans which were serviced by Navient. (ECF No. 1 at 2.) Plaintiff alleges that, in 2014, Navient began to incorrectly report Plaintiff's payment status to credit reporting services. (*Id.*) She alleges that when notified of its errors, Navient failed to correct the information. (*Id.* at 7.) Plaintiff brought this action for damages and injunctive relief in February 2020. (*Id.*)

On September 28, 2020, Judge Crews issued a Scheduling Order which set the deadline to amend the complaint for November 30, 2020, and the discovery cut-off deadline for March 1, 2021. (ECF No. 51 at 10.) On October 13, 2020, Plaintiff filed her Second Amended Complaint, which added additional claims against Navient. (ECF No. 59.)

On March 3, 2021, Plaintiff filed the Motion, in which she sought an extension of the deadline to amend pleadings, and leave to file a Third Amended Complaint ("TAC"). The TAC sought to add additional allegations against Navient, as well as a claim for exemplary damages. (ECF No. 103 at 11.) Plaintiff also argued that several of Plaintiff's Requests for Admissions should be deemed admitted due to Navient's failure to respond. (*Id.*) Additionally, she sought an order compelling Navient to produce documents in response to Plaintiff's Interrogatory No. 14. (*Id.*) Lastly, Plaintiff requested additional discovery in the form of ten additional Interrogatories and Requests for Admission, and twenty-five total depositions for each party. (*Id.*)

Judge Crews addressed the discovery issues raised in Plaintiff's Motion in his September 10, 2021 Minute Order. (ECF No. 123.) He deemed admitted the unanswered Requests for Admission, but allowed Navient to withdraw those

2

admissions. (ECF No. 123 at 2.) In addition, he denied Plaintiff's motion to compel Navient to supplement its response to Interrogatory No. 14, and he denied Plaintiff's request for additional Interrogatories and depositions. (*Id.* at 3.)

Judge Crews addressed Plaintiff's request for leave to file an untimely TAC in his September 14, 2021 Recommendation. (ECF No. 124.) He found that there was no good cause to justify Plaintiff's untimely amendment to her Complaint. (*Id.*)

On September 24, 2021, Plaintiff filed her Objections to Judge Crews's September 10, 2021 Minute Order (ECF No. 123) and his September 14, 2021 Recommendation (ECF No. 124). The Objection also took issue with Judge Crews's September 2, 2021 Minute Order (ECF No. 121), which required Plaintiff to supplement her answer to several Interrogatories.

## II. DISPOSITIVE MATTERS

### (a) Legal Standard: Rule 72(b)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

3

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**(b)     Legal Standard: Rule 16(b) & Rule 15(a)**

Courts apply a two-step analysis to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order. First, the Court considers whether the moving party has shown good cause under Federal Rule of Civil Procedure 16(b) to seek modification of the scheduling order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014). Second, the Court weighs whether amendment should be allowed under Federal Rule of Civil Procedure 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed. *Id.* However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to

4

permit the proposed amendment. *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D., 684, 687 (D. Colo. 2000).

Rule 15(a) states that if the deadline for amending a pleading has passed, then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

**(b)     Leave to Amend**

Judge Crews found that Plaintiff failed to demonstrate "good cause" under Rule 16(b) because she did not identify any new facts discovered after the deadline for amended pleadings. (ECF No. 124 at 4.) Plaintiff's proposed TAC adds allegations regarding Navient's alleged failure to honor the terms of the "Master Promissory Note and Consolidation Agreement" or provide appropriate in-school deferments and grace periods. (ECF No. 103-2 at 17.) Plaintiff also seeks to add allegations that Navient misled her into loan consolidation. (*Id.* at 22.) Judge Crews found that the record indicated that Plaintiff was aware of the information that supposedly substantiated her additional allegations at least one month prior to the deadline to amend her complaint.

(ECF No. 124 at 5.)  Finding no justification for Plaintiff's delay in seeking amendment, Judge Crews concluded that Plaintiff had not met her burden under Rule 16(b).  (*Id.*)

In her Objection, Plaintiff argues that she had identified new facts which provide "good cause" to modify the Scheduling Order under Rule 16(b).  (ECF No. 130 at 11.)  Plaintiff directs the Court to several exhibits and claims that the exhibits contain new facts "that must be considered if manifest injustice is to be thwarted."  (*Id.* at 11.)  But Plaintiff fails to specifically identify any new facts that she learned *after* the deadline to amend had passed.  And Plaintiff does not establish a connection between any fact in the exhibits and her proposed additional allegations.

The Court finds that Plaintiff has failed to show good cause to modify the scheduling order and amend her Complaint.  It is Plaintiff's burden, as the movant, to show good cause under Rule 16(b).  *Gorsuch*, 771 F.3d at 1240.  But neither the Motion nor the Objection provide a specific excuse to justify Plaintiff's untimely proposed amendment.  Although Plaintiff claims that she could not amend her Complaint by the deadline because of "Defendant's discovery dance," she fails to explain or substantiate her conclusion.  (ECF No. 130 at 11.)  Plaintiff claims that she identified new facts; however, for support she cites only to ECF Nos. 103-3 and 103-4, the substance of each of which she knew of before the deadline to amend her claim.  (ECF No. 130 at 11.)

In fact, the record shows that she was aware of the bases of her proposed amendments by October 2020.  The bases for proposed amendments are contained within Plaintiff's September 2020 complaint filed with the Colorado Attorney General's Office and Navient's communications with Plaintiff regarding the complaint in

6

September and October 2020.  (ECF No. 110-1 at 75–85.)  Plaintiff was aware of the bases of her proposed amendments at least one month before the November 30, 2020 deadline to amend her Complaint.  Accordingly, the Court finds that Plaintiff has failed to show good cause to modify the scheduling order under Rule 16(b) as to amendment of her Complaint.[1]

**(c)   Exemplary Damages**

Under Colorado law, a claim for exemplary damages may be allowed by amendment to the pleadings if "the plaintiff establishes prima facie proof of a triable issue."  Colo. Rev. Stat. § 13-21-102(1.5)(a).  A plaintiff must demonstrate that "the injury complained of is attended by circumstances of fraud, malice, or willful wanton conduct."  Id. § 13-21-102(1)(a).

Judge Crews recommends that the Court deny Plaintiff's request to add exemplary damages because she has failed to substantiate her allegations of fraud, malice, or willful and wanton conduct.  (ECF No. 124 at 8.)  He explains that the correspondence history with Navient, which Plaintiff uses to substantiate her claim, does not contain evidence of recklessness or willful misconduct.  (*Id.*)  Judge Crews concludes that Plaintiff's conclusory assertions of Navient's alleged fraud, malice, or willful and wanton conduct are insufficient to support the addition of exemplary damages to the Complaint.  (*Id.*)

In her Objection, Plaintiff argues that Judge Crews held her "to a higher standard and deprived her of the full and fair opportunity to seek justice upon the merits."  (ECF No. 130 at 12.)  Plaintiff alleges that she filed over ten disputes through consumer

---

[1] Because Plaintiff failed to meet the Rule 16(b) standard, the Court need not analyze whether Plaintiff has met her burden under Rule 15(a).

7

reporting agencies; however, Navient initially erroneously determined the disputes to be frivolous, and Navient only corrected the payments after litigation began.  (ECF No. 130 at 12.)  Plaintiff argues that Navient's erroneous determination and later correction can "only support exemplary damages."  (*Id.*)

The Court disagrees.  Plaintiff has pointed to evidence of a dispute between her and Navient, but nothing that supports allegations of fraud, malice, or willful and wanton conduct.  As a consequence, Plaintiff has failed to establish prima facie proof in support of exemplary damages.

Therefore, the Court denies Plaintiff's request to add exemplary damages to her complaint.

### III. NON-DISPOSITIVE MATTERS

**(a)   Legal Standard: Rule 72(a)**

"Discovery is a nondispositive matter . . . ."  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).  The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the

wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

**(b)     Withdrawal of Requests for Admissions Deemed Admitted**

On November 29, 2020, Plaintiffs served her Second Request for Admissions ("SRFAs") on Navient by e-mail. (ECF No. 130 at 4.) Navient failed to respond within 30 days as required under Federal Rule of Civil Procedure 36. (*Id.*) On February 1, 2021, Plaintiff raised Navient's failure to respond to Navient council. (ECF No. 110 at 5.) Three days later, on February 4, 2021, Navient served its Responses to Plaintiff's SRFAs. (*Id.*)

On March 7, 2021, Plaintiff moved the Court to deem as admitted the Requests for Admissions served on Navient by email on November 20, 2020. (ECF No. 103.) Navient argued in its response that, if the Court deemed the SRFAs admitted, it should permit Navient to withdraw the admissions and substitute its responses served on February 4, 2021. (ECF No. 110 at 6.)

On September 10, 2021, Judge Crews ruled that "because Navient did not respond to the RFAs within 30 days of service, they are automatically deemed admitted." (ECF No. 123 at 2.) But Judge Crews allowed Navient to withdraw the admissions under Rule 36(b) for two reasons. (*Id.*) First, he determined that "withdrawal of the admissions would promote the presentation of the merits of the action." (*Id.*) Second, he found no prejudice to Plaintiff because she acknowledges the

9

failure to respond was an oversight and "Navient emailed its response to Plaintiff within three days of receiving her email regarding the RFAs." (*Id.* at 3.)

In her Objection, Plaintiff argues that Judge Crews "abused [his] discretion and authority" because Rule 36(b) only allows withdrawal of admissions "on motion" of the party seeking to withdraw the admission. (ECF No. 130 at 5.) Plaintiff argues that Navient's Rule 36(b) request for withdrawal was not a motion because it was filed as part of its response to her Motion. (*Id.* (citing D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.")).) Plaintiff argues that by allowing withdrawal under Rule 36(b) without a separate motion, Plaintiff lost her opportunity to present arguments against the withdrawal of the admissions in the SFRAs. (ECF No. 130 at 6–7.)

The Court finds no clear error in Judge Crews's choice to construe Navient's request for withdrawal of admissions as a motion for purposes of Rule 36(b). After all, Judge Crews granted Plaintiff leave to file a reply to Navient's request for withdrawal of admitted SRFAs. (ECF No. 113.) Plaintiff was not meaningfully prejudiced because she had a fair opportunity to respond to Navient's request for withdrawal before Judge Crews ruled on the issue.

Plaintiff further argues in her Objection that Judge Crews erred because he failed to consider the prejudice Plaintiff would suffer if the Court granted Navient's request to withdraw admissions to the SFRAs. (ECF No. 130 at 5–9.) She argues that she "relied upon [admission of the SFRAs] by concluding that documentary evidence or witnesses need not be presented as to those admitted matters." (*Id.* at 8.) She also argues that because the discovery cut-off has already passed, it will be difficult to obtain evidence

10

on the topics covered by the SFRAs from an alternative source.  (*Id.*)

Judge Crews determined that that there was no prejudice to Plaintiff because Navient served responses to the SFRAs within three days of being notified by Plaintiff that they had failed to respond.  (ECF No. 123 at 2–3.)  The Court finds that Judge Crews's evaluation of the potential prejudice to Plaintiff of granting Navient's request to withdraw its admissions was not clearly erroneous. Therefore, Plaintiff's objection is overruled.

**(c)     Denial of Plaintiff's Request for an Order to Compel and Sanctions**

Plaintiff's Interrogatory No. 14 asked for the contact information of every person who is associated with any of Plaintiff's claims.  (ECF No. 103-7 at 11.)  Navient objected on various grounds and refused to answer.  (*Id.*)  In his September 2, 2021 Order, Judge Crews gave Plaintiff leave to file a motion to compel "contact information for the individuals."   (ECF No. 102.)

Subsequently, in her Motion, Plaintiff sought an order compelling Navient to supplement their response to Interrogatory No. 14 to include the identities of "artificial" persons associated with the "Sources."  (ECF No. 103 at 6.)  Plaintiff also sought sanctions against Navient.  (*Id.*)  In his September 2, 2021 Order, Judge Crews determined that Plaintiff's request was beyond the scope of what the Court had permitted.  (ECF No. 123 at 3.)  Judge Crews found that Navient had adequately responded to Interrogatory No. 14 by identifying "all individuals associated with the account notes, call records, and correspondence listed."   (*Id.*)  Because Navient had adequately responded, Judge Crews refused to impose sanctions.  (*Id.*)

In her Objection, Plaintiff reiterates her argument that Interrogatory No. 14

11

requested information about "artificial" persons as well as natural persons. (ECF No. 130 at 9–10.) Plaintiff argues that Judge Crews erred by limiting the scope of her Interrogatory to natural persons. (*Id.*)

After reviewing the parties briefing and the applicable record, the Court finds that Judge Crews did not clearly err by denying Plaintiff's request to compel a supplementary response to Interrogatory No. 14, as well as her request for sanctions. Therefore, Plaintiff's objection is overruled.

**(d)      Denial of Plaintiff's Request for Additional Discovery**

In her Motion, Plaintiff also sought additional discovery in the form of ten additional interrogatories and twenty-five total depositions. (ECF No. 103 at 11.) In his September 10, 2021 Order, Judge Crews denied the requests because they were premised on Navient's allegedly sanctionable behavior regarding Interrogatory No. 14. (ECF No. 123 at 3.) Because Judge Crews had concluded that Navient had adequately responded to Interrogatory No. 14, he denied Plaintiff's request for additional discovery. (*Id.*)

In her Objection, Plaintiff argues that a determination of whether to reopen discovery must be guided by the factors laid out in *Smith v. United States*, 834 F.2d 166 (10th Cir. 1987). (ECF No. 130 at 14–15.) Plaintiff argues that Judge Crews abused his discretion because these factors weigh in favor of reopening discovery. (*Id.*) Unfortunately for Plaintiff, she makes this argument for the first time in her Objection. The Tenth Circuit has held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Here, the Court finds that Plaintiff has waived this

12

argument based on the *Smith* factors because she failed to raise it before Judge Crews.

The Court finds that Judge Crews's decision with respect to Plaintiff's request for additional discovery was not clearly erroneous on this basis. Therefore, Plaintiff's objection is overruled.

**(e)   Ordering Plaintiff to Supplement Responses**

Finally, in her Objection, Plaintiff also objects to Judge Crews's September 2, 2021 Minute Order (ECF No. 121.) which ordered Plaintiff to supplement her answers to several interrogatories. (ECF No. 130 at 14.)

Rule 72(a) requires that parties file objections within fourteen days. Plaintiff's Objection was filed on September 24, 2021, twenty-two days after Judge Crews's Minute Order was issued. (ECF Nos. 121 & 130.) "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Plaintiff's objection is therefore overruled as it is untimely.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 130) is OVERRULED;
2. Judge Crews's Recommendation (ECF No. 124) is ADOPTED in its entirety; and
3. Plaintiff's Motion to Amend Complaint (ECF No. 103) is DENIED.

Dated this 12th day of November, 2021.

BY THE COURT:

William J. Martínez
United States District Judge

13