UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Tiffany Grays, *pro se*<br>*Plaintiff(s)* | )<br>)<br>) |
| - V - | )<br>) |
| Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. **20-cv-00452-WJM-SKC**

# PLAINTIFF'S MOTION TO COMPEL NIKOLAI N. FRANT AND THE CONSUMER PROTECTION SECTION OF THE CONSUMER CREDIT ENFORCEMENT UNIT IN THE COLORADO DEPARTMENT OF LAW IN THE COLORADO ATTORNEY GENERAL'S OFFICE AND STAY PROCEEDINGS

Plaintiff, Tiffany Grays, *pro se*, respectfully requests this Court compel Nikolai N. Frant, Esq. ("counsel"), and the Consumer Protection Section of the Consumer Protection Section of the Consumer Credit Enforcement Unit in the Colorado Department of Law in the Colorado Attorney General's Office ("CPS") and Stay Proceedings until a decision is made on this matter, as Counsel's refusal to adhere to the Federal Rules of Civil Procedure results in not only prejudice to the pro se Plaintiff, but also violates Plaintiff's rights to equal protections and the public's rights to the information within CPS regarding student loans servicers which have been shown to enact predatory practices against student loan borrowers like the pro se Plaintiff in this instant case; in violation of the Fourteenth Amendment of the U.S. Constitution.

1

# I. CERTIFICATION

Plaintiff in good-faith attempted to confer with counsel for Defendants in this matter on January 20, 2022. Mr. Lueck failed to respond at all. Mr. Kaufmann chose to respond, but not to the request to confer, only to provoke and antagonize Plaintiff by ignoring the request to "confer on motions for sanctions, to compel, to modify scheduling order, modify protective order." **(Exhibit 1 p.1).** Plaintiff can in fact state ignoring the request as Plaintiff had asked Mr. Lueck to respond to the request to confer on the subject matter of this motion, only to have Mr. Lueck respond with contradictory unproductive conferral statements. On January 20, 2022 after failing to receive for months – even after the Court's Order – confirmation of a date and time the requested deponents, Plaintiff sent counsel an email attaching the notice of depositions at 11:56pm. **(Exhibit 1 p.19).** Plaintiff then sent a request to confer three minutes later at 11:59pm. *(Id.* p.1).** Mr. Kaufmann then responds in the notice of deposition email six minutes after Plaintiff sent the notice, at 12:02am on January 21, 2022. *(Id.* **p.19),** stating in part, "I am not available on January 24th or 28th." *Id.* Plaintiff had proposed both dates Mr. Kaufmann alleged he had no availability, so Plaintiff responds nine minutes later and asks Mr. Kaufmann's availability the next day, **(Exhibit 1 p.20),** to which Mr. Kaufmann responds in two minutes at 12:13am stating, "I am not available tomorrow." *Id.* Yet again Plaintiff responds in-good faith one minute later and asks Mr. Kaufmann's "availability next week." **(Exhibit 1 p.21),** to which Mr. Kaufmann fails to promptly response, causing Plaintiff to state that Mr. Kaufmann's communication is not in good-faith as Mr. Kaufmann responded stating he was unavailable at either of the three proposed days and then ceases communication regarding his availability the next week at 12:56am. **(Exhibit 1 p.22).** Mr. Kaufmann then responds at four minutes later at 1:00am stating only the time. **(Exhibit 1 p.24).** When Plaintiff replies and states that Mr.

Kaufmann continues to respond to the emails about his conferral unresponsiveness, but fails to respond to the substance of the matter, his availability to confer, Mr. Kaufmann then responds at 1:07am, stating he is "working," **(Exhibit 1 p.23),** and "do[es] not have my schedule on me." **(Exhibit 1 p.23).** The alleged absence of his schedule did not prevent Mr. Kaufmann's express denial of availability for January 21st, 24th, or 28th, *(Id.* **pp.19-23),** which directly contradicts Mr. Kaufmann's statement and affirms the mendacity of Mr. Kaufmann. Mr. Kaufmann's mendacity is further confirmed as he fails to obtain his schedule and seek to confer anytime prior to the filing of this motion. Thereby this motion is uncontested and Defendant's approve of the relief requested herein forthwith. It was through Mr. Kaufmann's mendacity, the Colorado Attorney General's Office failing to protect the student loan borrower Plaintiff, along side the District of Colorado Security Officers and this Court depriving Plaintiff of equal protections, due process, and free speech as indicated in the complaint of judicial misconduct and Writs filed with the Tenth Circuit and U.S. Supreme Court, nothing short of extraordinary peril, has thrust Plaintiff into major depression, anxiety, all preventing Plaintiff from filing this motion at an earlier date. Plaintiff also had surgery on February 17, 2022 which took Plaintiff four weeks to recover enough to file this instant motion.

## II.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("NSL") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. NSL then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. NSL continues to harm Plaintiff through an effort to engorge on ill-

gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed through monies which accrued from an account which was not Plaintiff's. NSL continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by NSL – the promised six-month grace-period upon exiting school, as NSL can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendants actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. NSL continues to harm the Plaintiff by intently impeding discovery as outlined herein.

In an effort to narrow the issues in dispute before the Court, on October 12, 2020, November 29, 2020, December 30, 2020, and January 25, 2021, Plaintiff sent Navient Solutions LLC. ("NSL") Discovery Requests. Beginning November 29, 2020, and through today, Plaintiff has been engaged in multiple discovery disputes with NSL. To date over 100 emails have been sent as Plaintiff has sought to resolve said disputes without the Court's assistance. It appears to Plaintiff that NSL – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel NSL's and the Colorado Attorney General's compliance with Rules pertaining consumer protections. In support thereof, and in accordance with the Court's Order issued Plaintiff states as follows:

## III.  ARGUMENT

The Court entered an Order of Protection regarding all "documents" **(ECF No. 53 p.2),** and all "information" *(Id.* **p.2)** by "[a]ny party or non-party." *(Id.* **p.2).** The Plaintiff served a subpoena on the Colorado Attorney General. **(Exhibit 2).** On November 03, 2021, Nikolai N. Frant, Esq responded objecting alleging the documents and information are protected from disclosure under "C.R.S. [Colorado Revised Statue] § 5-20-119(1)." **(Exhibit 3 p.2).** Plaintiff notified Mr. Frant that this case has a protective order in effect, and as such the information, identity, and information is not being disclosed to the public, in accordance with C.R.S. § 5-20-119(1). Plaintiff further contends that that C.R.S. § 5-20-119(3), requires the disclosure of all information in actions and that this instant case is one such action. **(Exhibit 4 p.1).** Mr. Frant responds saying private litigants are not contemplated under C.R.S. § 5-20-119(3). **(*Id.* P.2).** Therefore, Plaintiff hereby files this motion to compel Mr. Frant and the Colorado Attorney General's compliance with Fed. R. Civ. P. 45 and permission to modify the contents of the subpoena to request a 30b(6) deposition of the Consumer Protection Section, Consumer Credit Enforcement Unity, and Colorado Department of Law, and the investigator.

### This instant case is an action as defined in C.R.S. § 5-20-119(3)

Pursuant to C.R.S. § 5-20-112(2)(d) which discusses the damages recoverable affirms, "In the case of any successful **action** by a student loan borrower to enforce the liability set out in this section, the costs of the **action**." *Id.* C.R.S. § 5-20-118 also affirms the Plaintiff has brought an action as contemplated under the statute as "all actions brought [by plaintiff] may be extended for a period of one year if the plaintiff proves that failure to timely commence the **action** was caused by the defendant engaging in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the **action**." C.R.S. § 5-20-118. The only way for a student loan

5

borrower to be successful in an "action" is for the borrower has to bring the "action," which Plaintiff has factually done in this instant case. Thus, the information sought is required to be disclosed pursuant to C.R.S. § 5-20-119(3). Furthermore, if the only "actions" in which the investigative file is available to Plaintiff's is when the Administrator files an action, fails to provide equal protections to all parties in "actions," a violation of the Equal Protection Clause of the Fourth Amendment of the U.S. Constitution.

### Public's Right to Information

"Historically both civil and criminal trials have been presumptively open." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n.17 (1980). The U.S. Supreme Court and Tenth Circuit acknowledge the constitutional right of access, "the axiom that a common law right exists to inspect and copy judicial records" in civil proceedings. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985); see also *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (acknowledging common law right of access to civil judicial documents). The Tenth Circuit has noted that "[c]ourts have long recognized a common-law right of access to judicial records." *United States v. Apperson*, 642 Fed. Appx. 892, 898 (10th Cir. 2016) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotation marks omitted). The investigation performed under the Colorado Attorney general's Office in accordance with Colorado Consumer Protection Laws qualifies as judicial records requiring disclosure. The tenth Circuit goes on to acknowledge that "[t]he right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." Id. at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal quotation marks omitted). Further, "[c]onsistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy." Id. (quoting

*United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks omitted)). The Supreme Court recognizes that the public has a right to challenge closure of court records and proceedings, holding that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'" *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n. 25 (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979) (Powell, J., concurring)).

"[J]udicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The Tenth Circuit has recognized that "[w]hether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 599 (1978)). From this holding, the Tenth Circuit has further held that in order to overcome a presumption of access, "countervailing interests [must] heavily outweigh the public interests in access." *Id*. (citations and quotations omitted).

In addition to the public being deserving of access to the information, the Plaintiff, as a party to this case has a right to all evidence which supports her claims or Defendant's defenses, without access to all information Plaintiff will surely be prejudiced. Defendant's have not disclosed internal communications with the investigator while denying is the supplemented responses to Plaintiff's Requests for Admissions that the letter provided by the Attorney General failed to affirm Defendant had incorrectly reported the 150-day late payment on Plaintiff's consumer credit report. The basis for this denial must be reflected in the investigative materials, as what the Attorney General and Defendant provided Plaintiff directly contradict Defendant's

7

denial. The public needs the information in these investigations to ensure accountability and transparency in the office and investigators, "significant positive roles in the functioning of," *Press-Enterprise Co. v. Superior Court*, 478 U.S. at 8-9 (1986), complaints by student loan borrows in Colorado, without which there is no public oversight of the conduct of the office. Student loan borrowers in Colorado can only have an informed debate about the wisdom and legality of these complaints and investigation if borrowers know what the Colorado Attorney General has construed student loan servicer laws to mean and why. Compelling is further appropriate as the Mr. Frant failed to file a motion to quash the subpoena in a "timely manner," Fed. R. Civ. P. 45(d)(3)(A), thereby relinquishing any right to do so after receiving this instant motion.

## Staying Proceedings is Appropriate

This Court has broad discretion to stay an action pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006). In deciding whether to stay a case, courts balance five factors: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Regarding the first factor, Defendant is not opposed to a stay and therefore presumably will not suffer any prejudice from the imposition of a stay. With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. Because the Motions to Dismiss focus on the jurisdictional issue of

standing, any discovery may be for naught should the Motions to Dismiss be granted. Accordingly, the Court finds that the second String Cheese Incident factor weighs in favor of staying discovery

If the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. Providing Plaintiff the ability to sufficiently identify undisputed facts to include the motion for summary judgment which will, allow both the Court and pro se Plaintiff conserve resources that could otherwise be used to address other matters.  Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. There are no nonparties with significant particularized interests in this matter at this stage of the case.  Accordingly, the fourth factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor concerning the public interest, unnecessary expenditures of public and private resources on litigation will be minimized by a stay, judicial resources will likely ultimately be conserved by addressing dispositive issues early in the litigation, and both judicial and attorney resources will likely be conserved by clarifying and resolving disputed legal issues at the earliest possible time.  The public has an interest in the "efficient and just" resolution of this case. *Nguyen*, 2015 U.S. Dist. LEXIS 106643, *5. "Avoiding wasteful efforts by the Court and litigants serves this interest." *Id.* A stay will serve the public interest because "the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, [and] both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time." *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, *3 (D. Colo. Jan. 16, 2015). This factor therefore favors granting a stay of all disclosures and discovery.

The investigation has evidence that has not been disclosed and is material to Plaintiff's claims that Defendant incorrectly reported the 150-day late payment to the Credit Reporting Agencies and the communication surrounding that determination. Judicial economy favors determination based on the merits, which can only be accomplished if Plaintiff is provided all of the relevant evidence sought.

Whether to stay all disclosures and discovery is within this Court's sound discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). The Rules, while not expressly contemplating a stay of discovery, permit the Court to "issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)-(c)(1)(A). Plaintiff has depositions scheduled and needs this information to ask pertinent questions to deponents. Plaintiff would also like to depose the investigator, as the investigator is a part of this case, as the investigators ordered Defendant to remove the 150-day **(Exhibit 5 at p.2)** late payment from Plaintiff's consumer credit report, yet no evidence of the action has been released. In sum, it is best that discovery proceed on one track wherever possible.

## IV.   CONCLUSION

**WHEREFORE**, the facts alleged are sufficient to allow the trier of fact to conclude avoidance of unnecessarily burdensome duplicative discovery depositions to preserve judicial economy supersedes any alleged privilege; substantiation for compelling. Given the arguments, the Court can further conclude the stated factors weighs in favor of staying discovery.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

11

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                                              **20-cv-00452-WJM-SKC**
      v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S MOTION TO COMPEL NIKOLAI N. FRANT AND THE CONSUMER PROTECTION SECTION OF THE CONSUMER CREDIT ENFORCEMENT UNIT IN THE COLORADO DEPARTMENT OF LAW IN THE COLORADO ATTORNEY GENERAL'S OFFICE AND STAY PROCEEDINGS**

DOCUMENT:  **Exhibits 1-4**

Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendant***


Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for the Colorado Attorney General***


   /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com