Exhibit 1

 Gmail

**Legal Grays <legalgrays@gmail.com>**

## 20-cv-00452
1 message

**Legal Grays** <legalgrays@gmail.com>                          Thu, Jan 20, 2022 at 11:59 PM
To: "Lueck, Dennis" <dlueck@spencerfane.com>, "Kaufmann, Michael" <mkaufmann@spencerfane.com>

I need to confer on motions for sanctions, to compel, to modify scheduling order, modify protective order.

Please let me know your availability to confer on 1/24 or 1/28

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

 **Gmail**

**Legal Grays <legalgrays@gmail.com>**

---

## Grays v. NSL - Requested NSL Employee Depositions

39 messages

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                 Tue, Oct 26, 2021 at 4:43 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Ms. Grays,

This email is in response to your request to depose five employees of NSL. As you'll recall, you requested the depositions of the following NSL employees:

- Andrew Reinhart

- Kimberly Williams

- Michael Madonna

- John Brodhead

- Sharon Anderson (previously referred to only by her e-code: E73253)

Of these individuals, we agree that Kimberly Williams and Michael Madonna are appropriate deponents. We are in the process of obtaining their availability to sit for a deposition.

However, Andrew Reinhart, John Brodhead, and Sharon Anderson (E73253) are not proper deponents due to their negligible involvement in the handling of your loans. John Brodhead's involvement is limited to the removal of a late fee on February 18, 2014. Sharon Anderson's involvement is limited to re-classification of a loan from "90-119 days delinquent" to "current" on September 6, 2018. Andrew Reinhart, in fact, was not involved in handling your loans – he merely signed NSL's discovery responses on behalf of the company.

Could you explain why you are requesting these three employees sit for depositions? It does not appear that any of them have any personal knowledge that would be relevant to your claims or NSL's defenses. The burden of forcing these individuals to sit for depositions (which is substantial) far outweighs any benefit that may be gained (almost none). NSL opposes the request to depose Mr. Reinhart, Mr. Brodhead, and Ms. Anderson.

Thank you,

**Mike Kaufmann**  Lawyer
Spencer Fane

(CO Bar Pending)

_____

1700 Lincoln Street, Suite 2000 | Denver, CO 80203

3/21/22, 5:37 PM                          Gmail - Grays v. NSL - Requested NSL Employee Depositions

Exhibit 1

O 303.839.3794

mkaufmann@spencerfane.com | spencerfane.com

---

**Legal Grays** <legalgrays@gmail.com>                                    Tue, Oct 26, 2021 at 4:56 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Dear Counsel,

The plain language of Rule 30 states that I may depose, ", any [emphasis added] person." As you have acknowledged
these individuals as persons, I am allowed to depose them. If you disagree, please explain your interpretation of any
person.

Additionally, your response fails to state who will be the responding officer on behalf of NSL. Please identify the officer.

Thank you

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the
addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this
communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies
thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Lueck, Dennis** <dlueck@spencerfane.com>                               Tue, Oct 26, 2021 at 5:15 PM
To: Legal Grays <legalgrays@gmail.com>, "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Messer, Maxx" <mmesser@spencerfane.com>

Second amended complaint is the operative one. It would also be in the 2020 letters to her explaining the courtesy
adjustment.

Get Outlook for iOS

**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Tuesday, October 26, 2021 4:56:14 PM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Cc:** Lueck, Dennis <dlueck@spencerfane.com>; Messer, Maxx <mmesser@spencerfane.com>
**Subject:** [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is
trusted.**

[Quoted text hidden]
[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                        Tue, Oct 26, 2021 at 6:12 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Ms. Grays,


You're correct that Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any
person, including a party, without leave of court except as provided in Rule 30(a)(2)." However, discovery is

not unlimited – i.e., you can't simply depose any "person" you'd like. I'd encourage you to review Rule 26 (specifically, Rule 26(b)(1)), which limits the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**.

In this case, although Mr. Reinhardt, Mr. Brodhead, and Ms. Anderson are indeed "persons," they do not have much, if any, relevant information to give you (see my email below). And the benefit of any relevant information they may have (which, again, is next to none) is far outweighed by the burden and expense of forcing them to prepare for and sit for depositions. Therefore, though they are persons, they are not proper deponents.

Additionally, I can confirm that NSL's Rule 30(b)(6) witness(s) will be "one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). There is no requirement that a party provide the name of their 30(b)(6) witness in advance of the deposition.

Regardless, a company generally cannot select a 30(b)(6) witness until the parties have conferred to determine the scope of the deposition – which you have refused to do.

Thank you,


**Mike Kaufmann** Lawyer
Spencer Fane

(CO Bar Pending)

_____

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com


**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Tuesday, October 26, 2021 4:56 PM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Cc:** Lueck, Dennis <dlueck@spencerfane.com>; Messer, Maxx <mmesser@spencerfane.com>
**Subject:** [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions


**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

_____

Dear Counsel,

[Quoted text hidden]
[Quoted text hidden]

3/21/22, 5:37 PM                    Gmail - Grays v. NSL - Requested NSL Employee Depositions

Exhibit 1

**Legal Grays** <legalgrays@gmail.com>                                    Tue, Oct 26, 2021 at 6:21 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Counsel,

I am not going back and forth with you, I will not waste my time and energy. We can discuss this at the hearing tomorrow.

Furthermore, under 30b6, you are to designate the person(s), "The named organization must [emphasis added] designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf;"

#### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                    Tue, Oct 26, 2021 at 6:26 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

And your known defamatory lies must [emphasis added] immediately. I provided scope of the 30b6 deposition to your co-counsel. Do not purport your overt unprofessionalism as being caused by me, your failures are your own.

#### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Lueck, Dennis** <dlueck@spencerfane.com>                                Tue, Oct 26, 2021 at 6:38 PM
To: Legal Grays <legalgrays@gmail.com>, "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Messer, Maxx" <mmesser@spencerfane.com>

Yes, you did. Then we sent you objections and requested to discuss multiple times. You refused and pretended not to understand what we were asking. So if the judge has time tomorrow, we can discuss it then. If he doesn't, we can set another time with him I suppose.

Please treat my associate with the respect he deserves. I will see you tomorrow.

Dennis

Get Outlook for iOS

**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Tuesday, October 26, 2021 6:26:39 PM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Cc:** Lueck, Dennis <dlueck@spencerfane.com>; Messer, Maxx <mmesser@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions

[Quoted text hidden]

---

Exhibit 1

**Legal Grays** <legalgrays@gmail.com>                                              Tue, Oct 26, 2021 at 6:53 PM
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Counsel,

I don't know why you feel the need to try to advise me on conduct when you fail to follow the own rules with which you
attempt to erroneously restrain me. Your co-counsel misstated another defamatory fact to which I promptly and
appropriately corrected him; direct results from your unprofessionalism is showing again. I will continue as I have. Your
objections are irrelevant. You did not request to discuss multiple times and could have raised them as you did
everything else regarding the depositions, but you have intently chosen not to do so; seemingly intently as to attempt to
use this as justification to deny my 30b6 deposition as to avoid justice. I did not pretend to not understand what you were
asking for, to the contrary. What you consistently ask for is for me to relinquish my rights and protections under the Rules
of this Court and the Laws of this land that protect consumers like me; which I will not do. Cease your assault on my
Rights and Protections.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the
addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this
communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies
thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Lueck, Dennis** <dlueck@spencerfane.com>                                          Wed, Oct 27, 2021 at 4:55 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Ms. Grays:

Please see the attached excerpts of recent email communications. I went ahead and highlighted all of our requests to
discuss the 30b6 topics, and your refusals, claims of an inability to understand, and unreasonable demands for
conferral calls "now," for ease of reference.

You wrongfully accused Mr. Kauffman of making false statements, then in the next breath, made false statements of
your own. You say that you will "proceed as [you] have." But that doesn't seem to have accomplished anything to
date. There is no need to be combative over every little issue.

Hopefully the judge has time next week to discuss all of these issues. The conference was set to deal with written
discovery, but maybe we can also cover the deposition issues.

Dennis

**Dennis N. Lueck, Jr.**

Partner

_____

Spencer Fane LLP

Exhibit 1

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O:** 303.839.3733
dlueck@spencerfane.com | spencerfane.com

[Quoted text hidden]

---

 **Scanned from a Xerox Multifunction Printer.pdf**
214K

---

**Legal Grays** <legalgrays@gmail.com>                          Wed, Oct 27, 2021 at 5:02 PM
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Your summary is incomplete and incorrect. Enough said.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                          Sun, Jan 2, 2022 at 11:46 AM
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Counsel,

We need to bring this matter before the court prior to the scheduled hearing.  Please provide a few times you are available to call the court this week in accordance to discovery dispute policies.

Thank you
[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                          Sun, Jan 2, 2022 at 11:54 AM
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

If we are unable to confer and get a date scheduled this week, I will file a motion to compel and for sanctions as your continued discovery deposition dance is contradictory to court orders and rules of procedure. Please be prepared to discuss as well.
[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                          Sun, Jan 2, 2022 at 3:21 PM
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>

Additionally I need to file a motion to compel you to supplement your responses based on your failure to provide any documents or evidence since the initial disclosures or to supplement your responses based on the evidence disclosed. I also need to file a motion to compel the disclosure of the investigation file from the Colorado Attorney General who was subpoenaed. Please be prepared to discuss these on the call to the court and/or in conferral.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

Gmail - Grays v. NSL - Requested NSL Employee Depositions

Exhibit 1

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                    Tue, Jan 4, 2022 at 1:42 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

I'm happy to schedule a conferral on these discovery issues, but I'm not sure why it is necessary to include the Court on that call. Could you instead raise those issues at the hearing with Judge Crews following our conferral? It seems that would be a better use of the Court's time.

I am available for a conferral call tomorrow between 1:30 and 4:30 p.m., and Thursday between 12:30 and 5:00 p.m. If neither of those days work for you, I may be able to move some things around and free up some time on Friday. I expect you to treat me with respect on the call or I will not be participating in any further conferrals with you.

So that I may be fully prepared for our conferral call, could you please specify the issues you wish to discuss? There are a number of outstanding disputes, and it has been several months since there has been any progress in discovery in this case.

Thank you,

**Mike Kaufmann** Attorney
Spencer Fane

*Licensed to practice in Iowa.*

*Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

*Note:  I typically review and respond to emails at 10:00 a.m., 12:30 p.m, 3:15 p.m, and 5:45 p.m.  If you need something between or after these times, please call.*

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                    Tue, Jan 4, 2022 at 1:58 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

We can do tomorrow at 1:30. Please call me at 3036411277.

We can confer before calling the court on the issues in the emails which I outlined days ago, which prompted you to send this email.

Respect me, my time, my energy and the same will be reciprocated.

Exhibit 1

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                    Tue, Jan 4, 2022 at 2:15 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

You sent us three emails on Sunday demanding conferral (attached). The first referred generally to "this matter"; the second instructed us to be prepared to discuss Navient's "continued discovery deposition dance"; and the third addressed (1) your demand that Navient "supplement [its] responses based on [its] failure to provide any documents or evidence since the initial disclosures or to supplement [its] responses based on the evidence disclosed"; and (2) your "need to file a motion to compel the disclosure of the investigation file from the Colorado Attorney General who was subpoenaed." Outside of that final issue, this is not specific enough to help me adequately prepare for the call. I need to be able to confer with our client about your requests before I can agree, for example, to supplement responses.

I'm just asking you to identify, as a courtesy, what issues, in addition to your motion to compel production from the Colorado Attorney General, you want to discuss. Are there specific depositions, deposition topics, or discovery responses that you would like to confer about? This will ensure we have a productive conferral call.

[Quoted text hidden]

---------- Forwarded message ----------
From: Legal Grays <legalgrays@gmail.com>
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>
Bcc:
Date: Sun, 2 Jan 2022 18:46:09 +0000
Subject: Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions
**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Counsel,

We need to bring this matter before the court prior to the scheduled hearing.  Please provide a few times you are available to call the court this week in accordance to discovery dispute policies.

Thank you

On Wed, Oct 27, 2021, 5:02 PM Legal Grays <legalgrays@gmail.com> wrote:
> Your summary is incomplete and incorrect. Enough said.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.  §§  2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p ermanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

On Wed, Oct 27, 2021 at 4:55 PM Lueck, Dennis <dlueck@spencerfane.com> wrote:

Ms. Grays:

Please see the attached excerpts of recent email communications. I went ahead and highlighted all of our requests to discuss the 30b6 topics, and your refusals, claims of an inability to understand, and unreasonable

Exhibit 1

From: Legal Grays <legalgrays@gmail.com>
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>
Bcc:
Date: Sun, 2 Jan 2022 18:54:17 +0000
Subject: Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions
**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

___

If we are unable to confer and get a date scheduled this week, I will file a motion to compel and for sanctions as your continued discovery deposition dance is contradictory to court orders and rules of procedure. Please be prepared to discuss as well.

On Sun, Jan 2, 2022, 11:46 AM Legal Grays <legalgrays@gmail.com> wrote:
> Counsel,
>
> We need to bring this matter before the court prior to the scheduled hearing.  Please provide a few times you are available to call the court this week in accordance to discovery dispute policies.
>
> Thank you
>
> On Wed, Oct 27, 2021, 5:02 PM Legal Grays <legalgrays@gmail.com> wrote:
>> Your summary is incomplete and incorrect. Enough said.
>>
>>                         *** CONFIDENTIALITY NOTICE ***
>> The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.  §§  2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p ermanently dispose of this transmission and any copies thereof. Thank you for your cooperation.
>>
>>
>> On Wed, Oct 27, 2021 at 4:55 PM Lueck, Dennis <dlueck@spencerfane.com> wrote:
>>> Ms. Grays:
>>>
>>>
>>> Please see the attached excerpts of recent email communications. I went ahead and highlighted all of our requests to discuss the 30b6 topics, and your refusals, claims of an inability to understand, and unreasonable demands for conferral calls "now," for ease of reference.
>>>
>>>
>>> You wrongfully accused Mr. Kauffman of making false statements, then in the next breath, made false statements of your own. You say that you will "proceed as [you] have." But that doesn't seem to have accomplished anything to date. There is no need to be combative over every little issue.
>>>
>>>
>>> Hopefully the judge has time next week to discuss all of these issues. The conference was set to deal with written discovery, but maybe we can also cover the deposition issues.
>>>
>>>
>>> Dennis
>>>
>>>
>>> **Dennis N. Lueck, Jr.**
>>>
>>> Partner

Of these individuals, we agree that Kimberly Williams and Michael Madonna are appropriate deponents.
We are in the process of obtaining their availability to sit for a deposition.

However, Andrew Reinhart, John Brodhead, and Sharon Anderson (E73253) are not proper deponents
due to their negligible involvement in the handling of your loans. John Brodhead's involvement is limited
to the removal of a late fee on February 18, 2014. Sharon Anderson's involvement is limited to re-
classification of a loan from "90-119 days delinquent" to "current" on September 6, 2018. Andrew
Reinhart, in fact, was not involved in handling your loans – he merely signed NSL's discovery responses
on behalf of the company.

Could you explain why you are requesting these three employees sit for depositions? It does not appear
that any of them have any personal knowledge that would be relevant to your claims or NSL's defenses.
The burden of forcing these individuals to sit for depositions (which is substantial) far outweighs any
benefit that may be gained (almost none). NSL opposes the request to depose Mr. Reinhart, Mr.
Brodhead, and Ms. Anderson.

Thank you,

**Mike Kaufmann**  Lawyer
Spencer Fane

(CO Bar Pending)
_____

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

---------- Forwarded message ----------
From: Legal Grays <legalgrays@gmail.com>
To: "Lueck, Dennis" <dlueck@spencerfane.com>
Cc: "Kaufmann, Michael" <mkaufmann@spencerfane.com>, "Messer, Maxx" <mmesser@spencerfane.com>
Bcc:
Date: Sun, 2 Jan 2022 22:21:59 +0000
Subject: Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions
**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is
trusted.**

Additionally I need to file a motion to compel you to supplement your responses based on your failure to provide any
documents or evidence since the initial disclosures or to supplement your responses based on the evidence disclosed. I
also need to file a motion to compel the disclosure of the investigation file from the Colorado Attorney General who was
subpoenaed. Please be prepared to discuss these on the call to the court and/or in conferral.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the
addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this
communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p ermanently dispose of this transmission and any copies
thereof. Thank you for your cooperation.

On Sun, Jan 2, 2022 at 11:54 AM Legal Grays <legalgrays@gmail.com> wrote:
   If we are unable to confer and get a date scheduled this week, I will file a motion to compel and for sanctions as your
   continued discovery deposition dance is contradictory to court orders and rules of procedure. Please be prepared to

discuss as well.

On Sun, Jan 2, 2022, 11:46 AM Legal Grays <legalgrays@gmail.com> wrote:
> Counsel,
>
> We need to bring this matter before the court prior to the scheduled hearing.  Please provide a few times you are
> available to call the court this week in accordance to discovery dispute policies.
>
> Thank you

On Wed, Oct 27, 2021, 5:02 PM Legal Grays <legalgrays@gmail.com> wrote:
> Your summary is incomplete and incorrect. Enough said.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use
of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.  §§  2510-2521 and is legally privileged. If you
have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p ermanently dispose of this
transmission and any copies thereof. Thank you for your cooperation.

On Wed, Oct 27, 2021 at 4:55 PM Lueck, Dennis <dlueck@spencerfane.com> wrote:

> Ms. Grays:
>
>
> Please see the attached excerpts of recent email communications. I went ahead and highlighted all of our
> requests to discuss the 30b6 topics, and your refusals, claims of an inability to understand, and unreasonable
> demands for conferral calls "now," for ease of reference.
>
>
> You wrongfully accused Mr. Kauffman of making false statements, then in the next breath, made false
> statements of your own. You say that you will "proceed as [you] have." But that doesn't seem to have
> accomplished anything to date. There is no need to be combative over every little issue.
>
>
> Hopefully the judge has time next week to discuss all of these issues. The conference was set to deal with
> written discovery, but maybe we can also cover the deposition issues.
>
>
> Dennis
>
>
> **Dennis N. Lueck, Jr.**
>
> Partner
>
> ──────────────────────────────
>
> Spencer Fane LLP
>
> 1700 Lincoln Street, Suite 2000 | Denver, CO 80203
> **O:** 303.839.3733
> dlueck@spencerfane.com | spencerfane.com
>
>
> **From:** Legal Grays <legalgrays@gmail.com>
> **Sent:** Tuesday, October 26, 2021 6:53 PM

September 6, 2018. Andrew Reinhart, in fact, was not involved in handling your loans – he merely signed NSL's discovery responses on behalf of the company.

Could you explain why you are requesting these three employees sit for depositions? It does not appear that any of them have any personal knowledge that would be relevant to your claims or NSL's defenses. The burden of forcing these individuals to sit for depositions (which is substantial) far outweighs any benefit that may be gained (almost none). NSL opposes the request to depose Mr. Reinhart, Mr. Brodhead, and Ms. Anderson.

Thank you,

**Mike Kaufmann**  Lawyer
Spencer Fane

(CO Bar Pending)

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

...

[Message clipped]   View entire message

**3 attachments**

📄 **Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions.eml**
79K

📄 **Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions.eml**
81K

📄 **Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions.eml**
88K

---

**Legal Grays** <legalgrays@gmail.com>                                 Tue, Jan 4, 2022 at 5:02 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

This matter refers to the subject of the email chain, "Grays v. NSL - Requested NSL Employee Depositions." Depositions have yet to be scheduled and your objections to the depositions have already been addressed by the Court. (The Court advised during the last call that there is no reason all depositions cannot be conducted on the same day). I have asked for times to be provided two months out and you have not provided any dates. Furthermore, the depositions will be conducted in the order I presented.

Secondly, your noncompliance through your deposition discovery dance if not resolved prior to our call with the Court, I will be writing a motion to compel to you to adhere to the Court's Orders. I will also have to compel you to supplement should you refuse prior to our call with the Court. If I have to file these motions I will seek sanctions. We must confer on these matters.

Third, I need your position on the motion to compel the COAG in order to file the motion and to discuss the discovery issue on the call with the Court. We must also confer on this matter.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                      Wed, Jan 5, 2022 at 1:35 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Are you calling me?

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                      Tue, Jan 11, 2022 at 9:28 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Based on the hearing today. We need to confer on the motion to compel you to provide a date and time for the requested deponents. I've read your objections which are irrelevant. I am also amending the 30b6 notice to also include the following:

In accordance with Fed. R. Civ. P. 30(b)(6), as a named organization, you must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. The persons designated must testify about information known or reasonably available to the organization including but not limited to: All processes, procedures, documents, evidence, testimony, produced by NSL in this matter or related to this matter and those which relate specifically to the Plaintiff – including but not limited to the computer applications used to create the documents, the codes in said documents; NSL business practices in general and specifically with FCRA compliance; employees and/or contractors who performed actions on Plaintiff's accounts from 2014-current including hiring, termination, training, employee performance; NSL recorded phone calls with Plaintiff; Department of Education loans forbearance, deferment, consolidation, grace periods; DLSUB loans forbearance, deferment, consolidation, grace periods; DLUNSUB loans forbearance, deferment, consolidation,grace periods; Navient loans forbearance, deferment, consolidation, grace periods; UNSB forbearance, deferment, consolidation, grace periods; SUB loans forbearance, deferment, consolidation, grace periods; CGIA adherence; NSL consolidation agreements used with Plaintiff; information reported to CRAs on Plaintiff's loans; Master Promissory Notes procedures, terminology, grace periods, effect of consolidation/deferment/forbearance on loans, complaints with Colorado Attorney General and lawsuits against NSL from other borrowers from 2014-present, audit and compliance proceedures for each of the aforementioned, revenues from late fees from 2014-present, interest earned on late fees from 2014-present, informaiton reported to Consumer Reporting Agencies, calulating intreset on loans. In general the alleged courtesy removal of late payments reported to CRAs, the process, including denials and approval process, records which show how many, why and when courtesy late payments were removed or corrected. Specifically who how why the removal of late payments reported to CRAs for Plaintiff's accounts were removed and the documentation to support that. How the 150-day late payment was removed from any of Plaintiff's NSL accounts Detailed information on the processes and procedures NSL contractors and/or employees receive to ensure incorrect late payments are not reported to CRAs, to correct errors on credit reports, the investigative checks and balances to ensure legal actions.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                      Tue, Jan 11, 2022 at 9:29 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>

3/21/22, 5:37 PM                    Gmail - Grays v. NSL - Requested NSL Employee Depositions

Exhibit 1

Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Please let me know a good time to confer on this matter after 2pm this week on Thursday and Friday. Thank you

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                    Thu, Jan 13, 2022 at 6:32 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

I do not believe you have noticed the Rule 30(b)(6) deposition. This email is not a notice. Nor, to my knowledge, have you noticed the individual depositions. At the very least, I do not see any such notices in our file. If you believe you have served these notices, please forward them to me.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                    Thu, Jan 13, 2022 at 9:52 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Mr. Kaufman the Court Ordered Mr. O'Donnell and myself to come up with mutually agreeable date and time to conduct all the identified deponents, which I did. Mr. O'Donnell was to provide a date 60 days out to get all the deponents deposed on the same day. If you are now saying you prefer not to comply with the Court's Order and prefer me to send you a notice with an unilaterally decided date, then I am happy to do so. Please advise.

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                    Tue, Jan 18, 2022 at 12:38 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

We will produce Kimberly Williams and Michael Madonna to be deposed. We will not produce Andrew Reinhart, John Brodhead, and Sharon Anderson (E73253). Those three individuals are not proper deponents because they have had no significant involvement with your loans, as I explained in my October 26, 2021 email below. You can notice the depositions of Mr. Reinhart, Mr. Brodhead, and Ms. Anderson and we will move for a protective order. I am conferring with our client regarding Ms. Williams and Mr. Madonna's availability.

As far as the requested 30(b)(6) deposition goes, we have taken objection with your proposed topics but you have refused to confer. The conferral requirement is not satisfied by your simply stating you disagree with our objections and

that you find them "irrelevant." If you would like to actually confer on the 30(b)(6) topics please let me know. If not, you might as well serve your notice so we can seek a protective order. But your refusal to confer in good faith will not be appreciated by the Court.

Thanks,

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                                    Tue, Jan 18, 2022 at 1:02 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Mr. Kaufmann,

We can confer on your motion for protective order, or you can cite the rule which requires conferral on 30b6 topics.

Please provide the date Williams and Madonna will be available at least 60 days or more from today. Then I'll serve the notice of deposition. Then you can file your motion.

Please provide a couple days and times this week you are available to confer on your motion for protective order.

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                                          Tue, Jan 18, 2022 at 1:14 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

Based on your email below, I understand you to be declining to confer on the 30(b)(6) topics. If, on the other hand, you are genuinely asking for clarification about the rules, I have provided guidance below.

Fed. R. Civ. P. 30(b)(6), as recently amended, now states: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination," and it also requires a subpoena directed to a nonparty organization to advise the organization "of its duty to confer with the serving party."

The Advisory Committee Notes to the 2020 Amendment explain that the rule was amended to address and respond to "overlong or ambiguously worded lists of matters for examination," and "inadequately prepared witnesses," and that "candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements."

Attached is an article about the change to FRCP 30(b)(6) that took effect in late 2020.

Please let me know whether you are willing to confer on the 30(b)(6) topics.

[Quoted text hidden]

---

📄 **7 Tips For Predeposition Meetings Under New Federal Rule - Law360.pdf**
155K

---

**Legal Grays** <legalgrays@gmail.com>                                                    Tue, Jan 18, 2022 at 1:32 PM

Exhibit 1

To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria <MSalinas@spencerfane.com>

Mr. Kaufmann,

I have stated multiple times that we can confer on your objections to the 30b6 topics, even though they are irrelevant. Conferral does not mean we will come to an agreement.  Your opinion on the relevancy of the stated topics is yours to have. Your arguments are unsubstantiated in the rules, as I can depose "any person." Nothing in your conferral emails warrants a change in my position. I'm happy to hear your arguments verbally if you wish, however I will be proceeding with the amended 30b6 topics as provided to you last week. The purpose of conferral is not to waste time. As the Rule states before or after the notice and being that I have conferred with all three attorneys for Navient on the 30b6 topics for the last year in good-faith, I believe I have satisfied conferral requirements.  Yet again, if you insist on an additional conversation,  please provide your availability this week.

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                          Thu, Jan 20, 2022 at 4:04 PM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Ms. Grays,

I'm sorry, based on your email it is not clear whether you are actually willing to confer, in good faith, about your discovery disputes. Also, I have been notified that Michael Madonna and Kim Williams are no longer with NSL.

**Mike Kaufmann**  Attorney
Spencer Fane

*Licensed to practice in Iowa.*

*Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

*Note:  I typically review and respond to emails at 10:00 a.m., 12:30 p.m., 3:15 p.m, and 5:45 p.m.  If you need something between or after these times, please call.*

**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Tuesday, January 18, 2022 1:33 PM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Cc:** Lueck, Dennis <dlueck@spencerfane.com>; Salinas, Maria <MSalinas@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Mr. Kaufmann,

3/21/22, 5:37 PM                          Gmail - Grays v. NSL - Requested NSL Employee Depositions

Exhibit 1

**Legal Grays** <legalgrays@gmail.com>                                    Thu, Jan 20, 2022 at 11:56 PM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Please see attached.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

However, Andrew Reinhart, John Brodhead, and Sharon Anderson (E73253) are
not proper deponents due to their negligible involvement in the handling of your
loans. John Brodhead's involvement is limited to the removal of a late fee on
February 18, 2014. Sharon Anderson's involvement is limited to re-classification
of a loan from "90-119 days delinquent" to "current" on September 6, 2018.
Andrew Reinhart, in fact, was not involved in handling your loans – he merely
signed NSL's discovery responses on behalf of the company.


Could you explain why you are requesting these three employees sit for
depositions? It does not appear that any of them have any personal knowledge
that would be relevant to your claims or NSL's defenses. The burden of forcing
these individuals to sit for depositions (which is substantial) far outweighs any
benefit that may be gained (almost none). NSL opposes the request to depose
Mr. Reinhart, Mr. Brodhead, and Ms. Anderson.

[Quoted text hidden]

 **Notice of Deposition -Nav 2nd.pdf**
592K

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                   Fri, Jan 21, 2022 at 12:02 AM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Salinas, Maria" <MSalinas@spencerfane.com>

Again, Ms. Williams is no longer with NSL. We cannot accept service of this. And I am not available on January 24 or 28.


**Mike Kaufmann** Attorney
Spencer Fane


*Licensed to practice in Iowa.*

*Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*

_____

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com


*Note:  I typically review and respond to emails at 10:00 a.m., 12:30 p.m., 3:15 p.m, and 5:45 p.m.  If you need something between or after these times, please call.*


**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Thursday, January 20, 2022 11:56 PM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Cc:** Lueck, Dennis <dlueck@spencerfane.com>; Salinas, Maria <MSalinas@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions


**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Please see attached.


On Thu, Jan 20, 2022, 4:04 PM Kaufmann, Michael <mkaufmann@spencerfane.com> wrote:

> Ms. Grays,
>
> I'm sorry, based on your email it is not clear whether you are actually willing to confer, in good faith, about your discovery disputes. Also, I have been notified that Michael Madonna and Kim Williams are no longer with NSL.
>
> **Mike Kaufmann** Attorney
> Spencer Fane

- Andrew Reinhart

- Kimberly Williams

- Michael Madonna

- John Brodhead

- Sharon Anderson (previously referred to only by her e-code: E73253)

Of these individuals, we agree that Kimberly Williams and Michael Madonna are appropriate deponents. We are in the process of obtaining their availability to sit for a deposition.

However, Andrew Reinhart, John Brodhead, and Sharon Anderson (E73253) are not proper deponents due to their negligible involvement in the handling of your loans. John Brodhead's involvement is limited to the removal of a late fee on February 18, 2014. Sharon Anderson's involvement is limited to re-classification of a loan from "90-119 days delinquent" to "current" on September 6, 2018. Andrew Reinhart, in fact, was not involved in handling your loans – he merely signed NSL's discovery responses on behalf of the company.

Could you explain why you are requesting these three employees sit for depositions? It does not appear that any of them have any personal knowledge that would be relevant to your claims or NSL's defenses. The burden of forcing these individuals to sit for depositions (which is substantial) far outweighs any benefit that may be gained (almost none). NSL opposes the request to depose Mr. Reinhart, Mr. Brodhead, and Ms. Anderson.

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                Fri, Jan 21, 2022 at 12:11 AM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>

Are you available tomorrow?

                            *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Kaufmann, Michael** <mkaufmann@spencerfane.com>                     Fri, Jan 21, 2022 at 12:13 AM
To: Legal Grays <legalgrays@gmail.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>

I am not available tomorrow.

**Mike Kaufmann**   Attorney
Spencer Fane

Exhibit 1

burden of forcing these individuals to sit for depositions (which is substantial) far outweighs any benefit that may be gained (almost none). NSL opposes the request to depose Mr. Reinhart, Mr. Brodhead, and Ms. Anderson.


Thank you,


**Mike Kaufmann** Lawyer
Spencer Fane

(CO Bar Pending)

_____

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

---

Legal Grays <legalgrays@gmail.com>                                          Fri, Jan 21, 2022 at 12:14 AM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>

Ok what is your availability next week?

### *** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.


[Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]

    [Quoted text hidden]
    [Quoted text hidden]

      [Quoted text hidden]
      [Quoted text hidden]

        [Quoted text hidden]
        [Quoted text hidden]
        [Quoted text hidden]

          [Quoted text hidden]
          [Quoted text hidden]
          [Quoted text hidden]

            [Quoted text hidden]
            [Quoted text hidden]

              [Quoted text hidden]
              [Quoted text hidden]

                [Quoted text hidden]
                [Quoted text hidden]

                  [Quoted text hidden]
                  [Quoted text hidden]

**Legal Grays** <legalgrays@gmail.com>          Fri, Jan 21, 2022 at 12:56 AM
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>

Curious how you are not responding to my question twice on your availability next week.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.



[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

Ms. Grays,


You're correct that Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." However, discovery is not unlimited – i.e., you can't simply depose

3/21/22, 5:38 PM                         Gmail - Grays v. NSL - Requested NSL Employee Depositions

**Legal Grays** <legalgrays@gmail.com>                                    Fri, Jan 21, 2022 at 2:13 AM   Exhibit 1
To: "Kaufmann, Michael" <mkaufmann@spencerfane.com>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>

You're working and don't have your schedule on you, ok, that's also curios. If you haven't noticed you can't tell me what to
do. Your accusations of impropriety are patently untrue.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the
addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this
communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies
thereof. Thank you for your cooperation.

On Fri, Jan 21, 2022 at 1:07 AM Kaufmann, Michael <mkaufmann@spencerfane.com> wrote:

> I do, because I am working. But I do not have my schedule on me.
>
>
> I am done with this. Please stop emailing me. This is inappropriate.
>
>
> **Mike Kaufmann**  Attorney
> Spencer Fane
>
>
> *Licensed to practice in Iowa.*
>
> *Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*
> _____
>
> 1700 Lincoln Street, Suite 2000 | Denver, CO 80203
> **O** 303.839.3794
> mkaufmann@spencerfane.com | spencerfane.com
>
>
> *Note:  I typically review and respond to emails at 10:00 a.m., 12:30 p.m., 3:15 p.m, and 5:45 p.m.  If you need
> something between or after these times, please call.*
>
>
> **From:** Legal Grays <legalgrays@gmail.com>
> **Sent:** Friday, January 21, 2022 1:04 AM
> **To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
> **Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions
>
>
> [Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is
> trusted.
> _____
>
> That's funny, but you keep responding
>
>
> *** CONFIDENTIALITY NOTICE ***
> The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the
> addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.
>
> §§

Exhibit 1

2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p

ermanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

On Fri, Jan 21, 2022 at 1:00 AM Kaufmann, Michael <mkaufmann@spencerfane.com> wrote:

It is 1:00 in the morning, Ms. Grays.

**Mike Kaufmann** Attorney
Spencer Fane

*Licensed to practice in Iowa.*

*Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

*Note: I typically review and respond to emails at 10:00 a.m., 12:30 p.m., 3:15 p.m, and 5:45 p.m. If you need something between or after these times, please call.*

**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Friday, January 21, 2022 12:56 AM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Curious how you are not responding to my question twice on your availability next week.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.

§§

2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and p

ermanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

On Fri, Jan 21, 2022 at 12:13 AM Kaufmann, Michael <mkaufmann@spencerfane.com> wrote:

I am not available tomorrow.

Exhibit 1

**Mike Kaufmann**  Attorney
Spencer Fane

*Licensed to practice in Iowa.*

*Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6.*

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
**O** 303.839.3794
mkaufmann@spencerfane.com | spencerfane.com

*Note:  I typically review and respond to emails at 10:00 a.m., 12:30 p.m, 3:15 p.m, and 5:45 p.m.  If you need
something between or after these times, please call.*

**From:** Legal Grays <legalgrays@gmail.com>
**Sent:** Friday, January 21, 2022 12:11 AM
**To:** Kaufmann, Michael <mkaufmann@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Grays v. NSL - Requested NSL Employee Depositions

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure
it is trusted.**

Are you available tomorrow?

*** CONFIDENTIALITY NOTICE ***
The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use
of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.

§§

 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at
legalgrays@gmail.com and p
ermanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

On Fri, Jan 21, 2022 at 12:08 AM Legal Grays <legalgrays@gmail.com> wrote:

What is ur availability next week?

On Fri, Jan 21, 2022, 12:02 AM Kaufmann, Michael <mkaufmann@spencerfane.com> wrote:

Again, Ms. Williams is no longer with NSL. We cannot accept service of this. And I am not available on
January 24 or 28.

**Mike Kaufmann**  Attorney
Spencer Fane