

**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**ERIC R. OLSON**
Solicitor General

**ERIC T. MEYER**
Chief Operating Officer

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

Exhibit 3

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Consumer Protection Section**
**Consumer Credit Unit**

November 3, 2021

VIA EMAIL
AND REGULAR MAIL

Tiffany Grays
PO Box 472322
Aurora, CO 80047
legalgrays@gmail.com

RE:   Subpoena served in *Grays v. Equifax Inc. et al*, 20-cv—00452-WJM-SKC

Dear Ms. Grays:

I represent the Administrator of the Colorado Student Loan Equity Act and the Colorado Student Loan Ombudsperson (collectively "the Administrator"). The Administrator is employed within the Colorado Attorney General's office.

You served the attached subpoena on the Colorado Attorney General. The subpoena appears to be dated September 29, 2021 but was not served on the Attorney General until October 29, 2021. On page 1 the subpoena states "see attached" in the field used to specify the date of production. On page 4, the subpoena states that production must occur "within 30 days" but does not specify a specific date.

The subpoena seeks "[c]ertified copies of documents, notices, emails, letters, evidence, statements, videos, recordings, records, telephone records, and letters, everything related to Tiffany Grays and/or Tiffany Grays complaint to the Student Loan Ombudsman concerning Navient and persons responsible for communicating with Tiffany Grays, from legalgrays@gmail.com, to be accompanied by declaration or affidavit."

I understand the subpoena to direct production within 30 days of the date of service, or by November 28, 2021. To the extent that you intended production to be made within 30 days of the September 29, 2021 date of the subpoena, or any other date prior to November 28, 2021, the Administrator objects to the subpoena production date as unreasonable.

Additionally, please be advised that, irrespective of the production date, the Administrator hereby objects to the production of the requested documents or

information pursuant to F.R.C.P. 45(d)(2)(B). The documents or information in the Administrator's possession that are responsive to the subpoena are privileged pursuant to C.R.S. § 5-20-119(1). That statute provides in pertinent part:

> The administrator shall not make public the name or identity of a person whose acts or conduct the administrator investigates or examines pursuant to this part 1 or the facts disclosed in the investigation or examination.

C.R.S. § 5-20-119(1). All of the responsive documents or information that are in the Administrator's possession, custody, or control contain names or facts obtained in connection with the Administrator's investigation conducted pursuant to C.R.S. § 5-20-110. Accordingly, in compliance with C.R.S. § 5-20-119(1), the Administrator will not be producing any documents or other information in response to the subpoena.

Thank you for your attention to this matter.

Sincerely,

*Nikolai Frant*

Nikolai N. Frant, Esq.
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
(720) 508-6111

Cc: Counsel of record
Dennis Norman Lueck , Jr. (dlueck@spencerfane.com)
Jason Spak (jason.spak@fisherbroyles.com)