

Legal Grays <legalgrays@gmail.com>

## Grays v. Equifax Inc. et al -- Subpoena to State of Colorado
5 messages

**Nikolai Frant** <Nikolai.Frant@coag.gov>                                               Wed, Nov 3, 2021 at 10:56 AM
To: "legalgrays@gmail.com" <legalgrays@gmail.com>
Cc: "dlueck@spencerfane.com" <dlueck@spencerfane.com>, "jason.spak@fisherbroyles.com" <jason.spak@fisherbroyles.com>

Ms. Grays,


Please see the attached letter regarding the subpoena you served on the Colorado Attorney General. Thank you.


***Nikolai N. Frant, Esq.***

Consumer Protection Section

Consumer Credit Enforcement Unit

Colorado Department of Law

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 6th Floor

Denver, Colorado 80203

(720) 508-6111

(he/him/his)


**2 attachments**

 **PDF copy Letter to Tiffany Grays 11-3-21.docx.PDF**
145K

 **Subpoena to Produce Colorado Attorney General.pdf (Attachment).pdf**
294K

**Legal Grays** <legalgrays@gmail.com>                                                   Wed, Nov 3, 2021 at 12:58 PM
To: Nikolai Frant <Nikolai.Frant@coag.gov>
Cc: "Lueck, Dennis" <dlueck@spencerfane.com>, "Kaufmann, Michael" <mkaufmann@spencerfane.com>

Thank you for your response.

I think there is a misunderstanding on the return date. It states within 30 days, which means 30 days from receipt not issuance. If additional time is needed,  please let me know.

Regarding the investigator, I am agreeable to having the name or contact information of the investigators redacted to comply with privileged rules as well as production requirements. I am not asking you to make the information public, I am asking for you to provide them to me. A protective order is already in place therefore marking the documents CONFIDENTIAL,  would comply with the provision of section 1.

You are required to disclose the information pursuant to section 3, as it states, **(3)** The restrictions on the disclosure of information in subsections (1) and (2) of this section do not apply to disclosures by the administrator in **actions** or administrative enforcement proceedings pursuant to this part 1.

This case is an action. If you disagree, please explain your position.

Thank you,

Tiffany Grays

[Quoted text hidden]

---

**Nikolai Frant** <Nikolai.Frant@coag.gov>                                        Wed, Nov 3, 2021 at 2:31 PM
To: Legal Grays <legalgrays@gmail.com>

Ms. Grays,

Thank you for the clarification regarding the return date.

The Administrator disagrees that the entry of a protective order means that production of the requested information complies with subsection 1 of C.R.S. § 5-20-119. With respect to subsection 3, that provision means that the Administrator may disclose facts and names to the extent necessary to pursue actions or administrative enforcement proceedings that she files. It does not give private litigants the right to access the Administrator's confidential records.

Thank you for your understanding.

*Nikolai N. Frant, Esq.*

Consumer Protection Section

Consumer Credit Enforcement Unit

Colorado Department of Law

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 6th Floor

Denver, Colorado 80203

(720) 508-6111

(he/him/his)

[Quoted text hidden]

---

**Legal Grays** <legalgrays@gmail.com>                                            Sun, Nov 7, 2021 at 4:19 PM
To: Nikolai Frant <Nikolai.Frant@coag.gov>

Pursuant to FRCP 45(e)(2)(A)(ii), please describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

I still disagree that the protection order adequately protects the information from the public. A litigator is not the public and thus the information must be disclosed.

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.

[Quoted text hidden]

---

**Nikolai Frant** <Nikolai.Frant@coag.gov>                                               Tue, Nov 9, 2021 at 2:57 PM
To: Legal Grays <legalgrays@gmail.com>

Ms. Grays,

Thank you for your November 7 email. The Attorney General's office has already complied with the requirements of F.R.C.P. 45(e)(2)(A)(ii). Specifically, as stated in my November 3, 2011 letter (attached), the withheld documents contain names and facts that the Administrator obtained in connection with the Administrator's investigation conducted pursuant to C.R.S. § 5-20-110. This description is sufficient for you to assess the privilege claim under C.R.S. § 5-20-119(1).

Thank you.

**Nikolai N. Frant, Esq.**

Consumer Protection Section

Consumer Credit Enforcement Unit

Colorado Department of Law

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 6th Floor

Denver, Colorado 80203

(720) 508-6111

(he/him/his)

[Quoted text hidden]

---

 **PDF copy Letter to Tiffany Grays 11-3-21.docx.PDF**
145K