UNITED STATES DISTRICT COURT
for the
District of Colorado

|  |  |
|---|---|
| Tiffany Grays, *pro se* <br> *Plaintiff(s)* <br><br> - V - <br><br> Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Case No. **20-cv-00452-WJM-SKC** |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY RULES, SANCTIONS, TO AMEND THE SCHEDULING ORDER, AND STAY PROCEEDINGS

Plaintiff, Tiffany Grays, *pro se*, respectfully requests this Court compel Defendant to comply with Fed. R. Civ. P. 26 and 30, through Fed. R. Civ. P. 37(a)(3)(A)-(B)(ii), as well as Stay Proceedings until a decision is made on this matter, as Defendant's counsel's refusal to adhere to the Federal Rules of Civil Procedure has prejudiced the pro se Plaintiff by inducing her through affirmations of Notice of Deposition service to deponents Plaintiff sought – not only by the original counsel in this matter Mr. Jordan O'Donnell in 2020, but also by current counsel Mr. Michael Kaufmann in 2022 - two days before two of material deponents suspiciously "no longer work for Navient;" seemingly justification of Defendant's counsel's relinquishment of the duty to make the two deponents available after accepting service on behalf of the deponents; clearly substantiating compelling and sanctions.

1

## I.   CERTIFICATION

Plaintiff in good-faith attempted to confer with counsel for Defendants in this matter on January 20, 2022. Mr. Lueck failed to respond at all. Mr. Kaufmann chose to respond, but not to the request to confer, only to provoke and antagonize Plaintiff by ignoring the request to "confer on motions for sanctions, to compel, to modify scheduling order, modify protective order." **(Exhibit 1 p.1).** Plaintiff can in fact state ignoring the request as Plaintiff had asked Mr. Lueck to respond to the request to confer on the subject matter of this motion, only to have Mr. Lueck respond with contradictory unproductive conferral statements. On January 20, 2022 after failing to receive for months – even after the Court's Order – confirmation of a date and time the requested deponents, Plaintiff sent counsel an email attaching the notice of depositions at 11:56pm. **(Exhibit 1 p.19).** Plaintiff then sent a request to confer three minutes later at 11:59pm. *(Id.* **p.1).** Mr. Kaufmann then responds in the notice of deposition email six minutes after Plaintiff sent the notice, at 12:02am on January 21, 2022. *(Id.* **p.19),** stating in part, "I am not available on January 24th or 28th." *Id.* Plaintiff had proposed both dates Mr. Kaufmann alleged he had no availability, so Plaintiff responds nine minutes later and asks Mr. Kaufmann's availability the next day, **(Exhibit 1 p.20),** to which Mr. Kaufmann responds in two minutes at 12:13am stating, "I am not available tomorrow." *Id.* Yet again Plaintiff responds in-good faith one minute later and asks Mr. Kaufmann's "availability next week." **(Exhibit 1 p.21),** to which Mr. Kaufmann fails to promptly response, causing Plaintiff to state that Mr. Kaufmann's communication is not in good-faith as Mr. Kaufmann responded stating he was unavailable at either of the three proposed days and then ceases communication regarding his availability the next week at 12:56am. **(Exhibit 1 p.22).** Mr. Kaufmann then responds at four minutes later at 1:00am stating only the time. **(Exhibit 1 p.24).** When Plaintiff replies and states that Mr.

Kaufmann continues to respond to the emails about his conferral unresponsiveness, but fails to respond to the substance of the matter, his availability to confer, Mr. Kaufmann then responds at 1:07am, stating he is "working," **(Exhibit 1 p.23),** and "do[es] not have my schedule on me." **(Exhibit 1 p.23).** The alleged absence of his schedule did not prevent Mr. Kaufmann's express denial of availability for January 21st, 24th, or 28th, *(Id.* **pp.19-23),** which directly contradicts Mr. Kaufmann's statement and affirms the mendacity of Mr. Kaufmann. Mr. Kaufmann's mendacity is further confirmed as he fails to obtain his schedule and seek to confer anytime prior to the filing of this motion. Thereby this motion is uncontested and Defendant's approve of the relief requested herein forthwith. It was through Mr. Kaufmann's mendacity, the Colorado Attorney General's Office failing to protect the student loan borrower Plaintiff, along side the District of Colorado Security Officers and this Court depriving Plaintiff of equal protections, due process, and free speech as indicated in the complaint of judicial misconduct and Writs filed with the Tenth Circuit and U.S. Supreme Court, nothing short of extraordinary peril, has thrust Plaintiff into major depression, anxiety, all preventing Plaintiff from filing this motion at an earlier date. Plaintiff also had surgery on February 17, 2022 which took Plaintiff four weeks to recover enough to file this instant motion.

## II.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("Defendant") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. Defendant then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. Defendant continues to harm Plaintiff through an effort to engorge on

ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed through monies which accrued from an account which was not Plaintiff's. Defendant continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by Defendant – the promised six-month grace-period upon exiting school, as Defendant can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendants actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. Defendant continues to harm the Plaintiff by intently impeding discovery as outlined herein.

In an effort to narrow the issues in dispute before the Court, on October 12, 2020, November 29, 2020, December 30, 2020, and January 25, 2021, Plaintiff sent Navient Solutions LLC. ("Defendant") Discovery Requests. Beginning November 29, 2020, and through today, Plaintiff has been engaged in multiple discovery disputes with Defendant. To date over 100 emails have been sent as Plaintiff has sought to resolve said disputes without the Court's assistance. It appears to Plaintiff that Defendant – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel Defendant's and the Colorado Attorney General's compliance with Rules pertaining consumer protections. In support thereof, and in accordance with the Court's Order issued Plaintiff states as follows:

# III.   ARGUMENT

<u>**Sanctions and Compelling Pursuant to Rules 30 and 37 Appropriate**</u>

Rule 26 "requires" Fed. R. Civ. P. 26(a)(1)(A) every party "without waiting" *Id.* disclose the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, Rule 26(e) requires parties to "supplement" Fed. R. Civ. P. 26(e)(1), "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Defendant's discovery dance commenced with it's failure to make initial disclosures, failure to produce all relevant evidence, failure to appropriate respond to discovery requests, in addition to the failure to provide the name, address, and telephone number of individuals which Defendant's counsel affirmed only in response to Plaintiff's request to depose the individuals Defendant "agree[s they] are appropriate deponents." **(ECF No. 165-1 at p.2)**. As indicated in the filings, there are almost 25 individuals who performed some action relevant to Plaintiff's claims and/or Defendant's defense, yet Defendant's Initial Disclosures **(Exhibit 6)** – the only disclosures provided – fail to provide any contact information as required in Fed. R. Civ. P. 26(a)(1)(A)(i). When asked to supplement, Defendant's have refused, even as proof of additional actions related to Plaintiff's claims – even as the late payments were removed from Plaintiff's credit report after the Initial Disclosures -  taken by Defendant in Defendant's possession have not been disclosed.  Defendant's mendacity must be abolished swiftly if judicial economy is ever going to be a reality for the pro se Plaintiff.

<u>**Sanctions and Compelling Pursuant to Rules 30 and 37 Appropriate**</u>

Rule 30(b)(6) requires Defendant as an organization to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf," Fed. R. Civ.

P. 30(b)(6), yet counsel for Defendant has refused to designate said person(s) justifying compelling pursuant to Fed. R. Civ. P. 37(A)(3)(B)(ii). The plain language affirms Defendant's requirement to name "each person who will testify. The persons designated must testify about information known or reasonably available to the organization," Fed. R. Civ. P. 30(b)(6), yet Defendant's counsel has refused to name said persons. **(ECF No. 165-1 at p. 4)**.

The Rules contemplate an early and free exchange of information. They are to be construed to promote broad discovery so as to allow the parties to learn, to the fullest practicable extent, each other's evidence. *United States v. Procter & Gamble Co*., 356 U.S. 677, 682 (1958). This allows the parties to carefully evaluate the strengths and weaknesses of a case, promotes settlement, and if the dispute cannot be settled, to better be prepared to meet the proofs at the time of trial. By and through all paragraphs in this Motion, Plaintiff has established that Defendant's delayed document production, refusal to fully respond, and the vast amount of time it has cost the Plaintiff are of such a nature Defendant's conduct has hampered Ms. Grays's ability to prosecute her claims.

Permitting a recalcitrant party to avoid obligations imposed by the rules of procedure and by the Court's orders and directives rewards improper conduct at the expense of the more diligent pro se party. Too often judges merely scold a party who, as here, skirted obligations imposed by the rules, but then, allow the violations to go unsanctioned. Thus, the violator accrues a benefit while the diligent party is penalized. This is simply unfair. To avoid a miscarriage of justice, and narrow the issues in dispute before the Court, Plaintiff prays this Court will grant the relief requested.

## **Amending the Scheduling Order Substantiated**

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" under this rule "is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the [plaintiff], or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, Rule 16(b) focuses on the "diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Plaintiff diligently sought depositions and was denied the ability to do so through no control of her own as affirmed in the aforementioned arguments. Thus, Plaintiff seeks to modify the scheduling Order only to allow Plaintiff to request the employee files of Defendant's employees who were available for deposition on January 18, 2022 as confirmed by Mr. Kaufmann, **(ECF No. 165-1 at p. 15)**, only to have Mr. Kaufmann state two days later on January 20, 2022 that he was notified "that Michael Madonna and Kim Williams are no longer with NSL [Defendant]." **(165-1 at p. 17).** Regardless of the employment status of the deponents, as Mr. Kaufmann accepted service of the Notice of behalf of Michael Madonna and Kim Williams he is then required to produce them at the deposition.

## **Staying Proceedings is Appropriate**

This Court has broad discretion to stay an action pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006). In deciding whether to stay a case, courts balance five factors: (1)

7

the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Regarding the first factor, Defendant is not opposed to a stay and therefore presumably will not suffer any prejudice from the imposition of a stay. With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. Because the Motions to Dismiss focus on the jurisdictional issue of standing, any discovery may be for naught should the Motions to Dismiss be granted. Accordingly the second String Cheese Incident factor weighs in favor of staying discovery.

If the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. Providing Plaintiff the ability to sufficiently identify undisputed facts to include the motion for summary judgment which will, allow both the Court and pro se Plaintiff conserve resources that could otherwise be used to address other matters. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. There are no nonparties with significant particularized interests in this matter at this stage of the case. Accordingly, the fourth factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor concerning the public interest, unnecessary expenditures of public and private resources on litigation will be minimized by a stay, judicial resources will likely ultimately be conserved by addressing dispositive issues early in the litigation, and both judicial and attorney resources will likely be conserved by clarifying and

resolving disputed legal issues at the earliest possible time. The public has an interest in the "efficient and just" resolution of this case. *Nguyen*, 2015 U.S. Dist. LEXIS 106643, *5. "Avoiding wasteful efforts by the Court and litigants serves this interest." *Id.* A stay will serve the public interest because "the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, [and] both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time." *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, *3 (D. Colo. Jan. 16, 2015). This factor therefore favors granting a stay of all disclosures and discovery.

The investigation has evidence that has not been disclosed and is material to Plaintiff's claims that Defendant incorrectly reported the 150-day late payment to the Credit Reporting Agencies and the communication surrounding that determination. Judicial economy favors determination based on the merits, which can only be accomplished if Plaintiff is provided all of the relevant evidence sought.

Whether to stay all disclosures and discovery is within this Court's sound discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Rules, while not expressly contemplating a stay of discovery, permit the Court to "issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)-(c)(1)(A). Plaintiff has depositions scheduled and needs this information to ask pertinent questions to deponents. Plaintiff would also like to depose the investigator, as the investigator is a part of this case, as the investigators ordered Defendant to remove the 150-day **(ECF No. 165-5 at p.2)** late payment

9

from Plaintiff's consumer credit report, yet no evidence of the action has been released. In sum, it is best that discovery proceed on one track wherever possible.

## IV.   CONCLUSION

**WHEREFORE**, the facts alleged are sufficient to allow the trier of fact to conclude Defendant's dilatory discovery dance of avoidance has unnecessarily burdened the pro se Plaintiff through forcing her to file this motion thus deserving of not only compelling but awarding Plaintiff "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A), and reopening discovery so as to ensure this case is decided upon its merits, not the billion-dollar Defendant's ability to evade justice. Given the arguments, the Court can further conclude the stated factors weighs in favor of staying discovery.

Respectfully Submitted,

<u>  /s/ Tiffany Grays, pro se  </u>

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                          **20-cv-00452-WJM-SKC**
     v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY RULES, SANCTIONS, TO AMEND THE SCHEDULING ORDER, AND STAY PROCEEDINGS**

DOCUMENT:  **Exhibit 6**

Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
*Counsel for Navient Defendant*


Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
*Counsel for the Colorado Attorney General*


                                                       /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com