IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-CPG

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

    Defendants.

---

**DEFENDANTS NAVIENT CORPORATION AND NAVIENT SOLUTIONS, LLC'S INITIAL DISCLOSURES**

---

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendants Navient Corporation ("Navient Corp.") and Navient Solutions, LLC ("NSL," together, "the Navient Defendants"),[1] provide their (Revised)[2] Initial Disclosures as follows:

**PRELIMINARY STATEMENT**

The Navient Defendants' initial disclosures are based on information reasonably available to them as of the date of these disclosures. The Navient Defendants' pre-trial discovery, investigation, and analysis have not been completed, and it is anticipated that further discovery,

---

[1] Plaintiff has moved for leave amend her First Amended Complaint, which names Navient Corp. as a defendant. (Doc. No. 48). The proposed Second Amended Complaint does not include Navient Corp. as a defendant. Because, as of the service of these initial disclosures, Plaintiff's motion remains pending, they are made on behalf of both Navient Defendants. However, as stated in the Navient Defendants' answer, Navient Corp. is the parent company of NSL, does not engage in student loan servicing, and has not, in any way, serviced any of Plaintiffs' student loans. As reflected below, it has no knowledge regarding matters relevant in this action.

[2] The initially served Initial Disclosures, dated October 8, 2020, inadvertently omitted section "B". This revised version includes that information.

investigation, and research may supply additional facts, add meaning to known facts, or establish entirely new factual conclusions. The Navient Defendants thus reserve the right to amend or supplement these initial disclosures in the event they subsequently discover additional relevant facts, information, or documents.

By making these disclosures, the Navient Defendants do not represent that any particular document exists within their possession, custody, or control.

The lists of individuals and documents set forth herein are preliminary and are neither intended nor represented to be final. The Navient Defendants expressly reserve the right to identify and call as witnesses additional persons in addition to those listed below if during their discovery and/or investigation they discover additional persons with knowledge of relevant facts and information.

The Navient Defendants do not waive any applicable privileges, and specifically reserves such privileges, including, but not limited to, the attorney-client privilege and attorney work-product privilege.

These disclosures are made subject to and without limiting any of the foregoing reservations.

A.   **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT NSL MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES**

1.   Plaintiff Tiffany Grays

Plaintiff is expected to have information regarding the factual nature of her claims, the student loan accounts that are the subject of the litigation, any communications she had with NSL, the co-defendants, or anyone else regarding the accounts, and her alleged submitted disputes regarding credit reporting.

2. Corporate representative of NSL

NSL's corporate representative must be contacted through its counsel of record in this matter. NSL's corporate representative may have information regarding the subject student loan accounts and communications regarding the accounts, including NSL's credit reporting with respect to the accounts and any dispute letters it may have received from credit reporting agencies in any subsequent investigation with respect to any disputed information. The corporate representative may also have information regarding the factual allegations in Plaintiff's complaint, as well as the Navient Defendants' contentions and defenses.

3. Any other witnesses identified by any party in this action, or any other individuals or entities identified through discovery that may possess information relative to Plaintiff's claims, the Navient Defendants' defenses, or co-defendants' defenses.

Ongoing investigations may reveal additional individuals or entities likely to have discoverable information that the Navient Defendants may rely on to support their claims or defenses. The Navient Defendants reserve the right to amend, supplement, or modify this response as necessary pending the completion of further investigation and discovery.

B. **DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT DEFENDANT MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES**

Subject to its preliminary statement and based on reasonably available information, the Navient Defendants identify the following documents or things, which are within their possession, custody, or control and which may be relevant to any party's claims or defenses:

1. NSL's business records for the time period at issue regarding the subject accounts, including, but not limited to, promissory notes, payment histories, account notes, credit reporting

records, any dispute letters it may have received from credit reporting agencies, and correspondence with Plaintiff and/or co-defendants regarding the accounts at issue in the litigation.

2. Documents in Plaintiff's possession, custody, or control of documents, communications, and/or correspondence regarding the account(s).

Ongoing investigations may reveal additional documents or things NSL may use to support its claim or defenses. NSL reserves the right to amend, supplement, or modify this response as necessary pending competition of further investigation and discovery.

C. **COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED**

The Navient Defendants have no disclosures to make at this time. The Navient Defendants specifically note, however, that by making no disclosure at this time, they do not waive the right to seek attorney's fees and costs from Plaintiff at a later time.

D. **INSURANCE AGREEMENT**

There is no applicable insurance agreement.

Dated: October 8th, 2020

/s/ Jordan S. O'Donnell
**Dennis N. Lueck, Jr.**
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070
dlueck@hinshawlaw.com

**Jordan S. O'Donnell**
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
jodonnell@hinshawlaw.com

*Attorneys for Defendants,*
*Navient Corporation and Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020, I served the following **Defendants Navient Corporation and Navient Solutions, LLC's Revised Initial Disclosures** to all parties or counsel of record by and email as follows:

Tiffany Grays
legalgrays@gmail.com

Sean Yi
syi@jonesday.com

Robyn B. Averbach
robyn@rq-law.com

Jeremy A. Moseley
mosley@wtotrial.com

Jason Andrew Spak
Jason.spak@fisherbroyles.com


  /s/ *Jordan S. O'Donnell*
Jordan S. O'Donnell