IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

       Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

       Defendants.

---

**DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSE TO "PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY RULES, [FOR] SANCTIONS, TO AMEND THE SCHEDULING ORDER, AND [TO] STAY PROCEEDINGS" (ECF NO. 166)**

---

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits this response in opposition to "Plaintiff's Motion to Compel Defendant's Compliance with Discovery Rules, [for] Sanctions, to Amend the Scheduling Order, and [to] Stay Proceedings" ("the Motion" or "Plaintiff's Motion"). (ECF No. 166.) NSL also respectfully requests that the Court consider exercising its inherent authority to impose sanctions against Plaintiff, as the Court sees fit, to deter the vexatious conduct Plaintiff has demonstrated through her recent filings.

**I. PLAINTIFF'S MOTION**

Plaintiff requests that the Court "compel Defendant to comply with Fed. R. Civ. P. 26 and 30, through Fed. R. Civ. P. 37(a)(3)(A)-(B)(ii), as well as Stay Proceedings until a decision is made on this matter" (*id.* at 1), and asks the Court to impose sanctions against NSL for what she deems as NSL's "dilatory discovery dance of avoidance" (*id.* at 10). In support of these requests, Plaintiff asserts:

> Defendant's counsel's refusal to adhere to the Federal Rules of Civil Procedure has prejudiced the pro se Plaintiff by inducing her through affirmations of Notice of Deposition service to deponents Plaintiff sought – not only by the original counsel in this matter Mr. Jordan O'Donnell in 2020, but also by current counsel Mr. Michael Kaufmann in 2022 - two days before two of material deponents suspiciously "no longer work for Navient;" seemingly justification of Defendant's counsel's relinquishment of the duty to make the two deponents available after accepting service on behalf of the deponents; clearly substantiating compelling and sanctions.

(*Id.* at 1.)

### A. PLAINTIFF'S CERTIFICATION IS INACCURATE AND MISLEADING

Plaintiff certifies to the Court that she "in good-faith attempted to confer" with NSL's counsel about her motion and that the motion is "unopposed." (*Id.* at 2.) Neither contention is correct.

Plaintiff emailed counsel for NSL at 11:59 p.m. on January 20, 2022, requesting counsel's availability for a conferral call on January 24 or 28. Undersigned counsel, who was working late in order to attend a friend's wedding the following day, promptly emailed her three minutes later to inform her that he was not available either day. Counsel continued to correspond with Plaintiff until 1:07 a.m. that morning, when he asked her to please stop emailing him. Plaintiff sent a final email at 2:13 a.m. (*See* ECF No. 165-1 at 23.)

After Plaintiff's final email at 2:13 a.m. on January 21, 2022, Plaintiff never again requested to confer with counsel for NSL regarding the relief she seeks in her motion, which she filed over two months later on March 25, 2022.

Plaintiff also represents to the Court that NSL does not oppose this and her contemporaneously filed—and largely verbatim—motion (ECF No. 165). Of course, that is not true—NSL vigorously opposes this Motion and its counterpart.

### B. PLAINTIFF'S REQUEST FOR "SANCTIONS AND COMPELLING PURSUANT TO RULES 30 AND 37" IS MERITLESS

Plaintiff's demand to compel and sanction NSL should be denied.

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without awaiting a discovery request," disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires that a disclosing party supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or as ordered by the Court. Fed. R. Civ. P. 26(e).

Plaintiff asserts:

> Defendant's discovery dance commenced with it's [sic] failure to make initial disclosures, failure to produce all relevant evidence, failure to appropriate [sic] respond to discovery requests, in addition to the failure to provide the name, address, and telephone number of individuals which Defendant's counsel affirmed only in response to Plaintiff's request to depose the individuals Defendant "agree[s] they] are appropriate deponents."

(ECF No. 166 at 5 (quoting ECF No. 165-1 at 2).) She further claims that "there are almost 25 individuals who performed some action relevant to Plaintiff's claims and/or Defendant's defense, yet Defendant's Initial Disclosures (Exhibit 6) – the only disclosures provided – fail to provide any contact information as required in Fed. R. Civ. P. 26(a)(1)(A)(i). When asked to supplement, Defendant's [sic] have refused . . . ." (*Id.*)

Plaintiff's contentions are false. NSL has fully complied with its disclosure and supplementation obligations under the Rules. NSL's initial disclosures identify the names and contact information of "individuals likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

*See* Fed. R. Civ. P. 26(a)(1)(A)(i). NSL has had no duty to supplement these disclosures because they are not "incomplete or incorrect," and because it already notified Plaintiff, in writing, of the identities of all individuals she now intends to depose. *See* Fed. R. Civ. P. 26(e). NSL has supplemented its discovery responses as required by the Court, and Plaintiff has not identified any such responses that she now claims are deficient.

As best as NSL can determine, the "almost 25 individuals" referenced in Plaintiff's Motion (*see* ECF No. 166 at 5) are, or were, NSL employees or contractors whose identification numbers (referred to as E- or C-numbers, respectively) appeared in the files for Plaintiff's loans that NSL produced in discovery. Nearly all of these individuals performed merely clerical tasks, and none possess "discoverable information . . . that [NSL] may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). (Plaintiff only identified five individuals in her ineffective Notice to NSL.)

NSL—attempting to work with Plaintiff in good faith—notified her that it agreed that two of the five individuals identified in her ineffective Notice (and presumably amongst the "almost 25 individuals" Plaintiff references in her Motion) would be appropriate fact witness deponents in this case. Still, neither of these two individuals—Kimberly Williams and Michael Madonna—have any unique information that NSL may use to support its claims or defenses, nor any information that could not also be testified about by NSL's Rule 30(b)(6) representative—if they even recall any relevant facts at all. Counsel and their client representative later discovered that neither Ms. Williams or Mr. Madonna are currently employed by NSL, and counsel promptly notified Plaintiff of this. Counsel did not have current contact information for these former employees and Plaintiff never requested it.

Plaintiff has not identified any basis in fact or law upon which the Court should compel or sanction NSL.

## C. PLAINTIFF'S REQUEST TO AMEND THE SCHEDULING ORDER IS MERITLESS

Plaintiff's request that the Court further amend the scheduling order should be denied.

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

According to Plaintiff: "By and through all paragraphs in this Motion, Plaintiff has established that Defendant's delayed document production, refusal to fully respond, and the vast amount of time it has cost the Plaintiff are of such a nature Defendant's conduct has hampered [Plaintiff's] ability to prosecute her claims." (ECF No. 166 at 6.) Further, she claims: "Plaintiff diligently sought depositions and was denied the ability to do so through no control of her own as affirmed in the aforementioned arguments." (*Id.* at 7.) Finally, "Plaintiff seeks to modify the scheduling Order only to allow Plaintiff to request the employee files of Defendant's employees . . . ." (*Id.*)

None of the paragraphs in Plaintiff's Motion support her arguments. Plaintiff has not identified, either in her Motion or to NSL, any document requests NSL improperly responded to or delayed in responding to. She asserts that she "diligently sought depositions and was denied the ability to do so through no control of her own," and blames NSL for "the vast amount of time it has cost the Plaintiff" (presumably to obtain depositions). But any delay in that regard is due exclusively to Plaintiff's refusal to confer as NSL repeatedly requested. (*See* ECF No. 171 at 1–4; *see also generally* ECF Nos. 171-1, 171-2, 171-3, 171-4, 171-5, .) Nor has Plaintiff been diligent in her efforts to amend the scheduling order. She waited at least two months from the time she

determined such amendment was necessary before finally filing this motion—during which she did not make any meaningful attempts to confer.

Finally, even if Plaintiff had acted reasonably and promptly, her purpose for requesting amendment of the scheduling order is meritless. Plaintiff claims the scheduling order must be amended "only to allow Plaintiff to request the employee files of Defendant's employees who were available for deposition on January 18, 2022 as confirmed by Mr. Kaufmann, only to have Mr. Kaufmann state two days later on January 20, 2022 that he was notified 'that Michael Madonna and Kim Williams are no longer with NSL [Defendant].'" (*See* ECF No. 166 at 7 (citation omitted) (alteration in original).)

But the employee files of Ms. Williams and Mr. Madonna (or any other current or former NSL employee) have no relevance to the issues in this case; nor can Plaintiff overcome the special privacy protections for employee personnel information from *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 (Colo. 1999) (finding error where the "trial court simply found that the information requested by Corbetta might be relevant and ordered the petitioner to produce the requested personnel files in their entirety").[1] Additionally, Plaintiff never served Rule 34 requests to NSL to produce employee files—if she had, NSL would have raised the same objections it does here. Further, Plaintiff never served deposition subpoenas upon NSL, Ms. Williams, or Mr. Madonna—

---

[1] Federal trial courts in the District of Colorado have relied on Colorado's law regarding confidentiality and protection of commercial information. *See Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 554 (D. Colo. 2009) (holding "that if a state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity, the Court finds it proper to consider any relevant state doctrines of confidentiality") (citing *Corbetta*, 975 P.2d at 720–21; *Gottlieb v. Wiles*, 143 F.R.D. 235, 237 (D. Colo. 1992); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005)).

despite NSL's counsel's informing her on several occasions that her deposition notice, as served and in its current form, was ineffective.[2]

Plaintiff's request to amend the scheduling order to allow her to seek the employment files of NSL employees is, at best, meritless—and, at worst, pretextual and harassing. But, in either case, it does not constitute the good cause contemplated by Rule 16.

### D.  PLAINTIFF'S REQUEST TO STAY PROCEEDINGS IS MERITLESS

Plaintiff's request to stay proceedings should also be denied.

Plaintiff asks the Court to "[s]tay [p]roceedings until a decision is made on this [Motion]." Plaintiff claims that undersigned counsel hoodwinked her through "mendacity" and misconduct; that "Defendant's counsel's refusal to adhere to the Federal Rules of Civil Procedure has prejudiced the pro se Plaintiff by inducing her through affirmations of Notice of Deposition service to deponents Plaintiff sought – not only by the original counsel in this matter Mr. Jordan O'Donnell in 2020, but also by current counsel Mr. Michael Kaufmann in 2022 - two days before two of material deponents suspiciously 'no longer work for Navient' . . . ." (ECF No. 166 at 1.) Plaintiff alleges that undersigned counsel so bamboozled her as "justification of [his] relinquishment of the duty to make the two deponents available after accepting service on behalf of the deponents; clearly substantiating compelling and sanctions."

Each of these claims is frivolous. Counsel notified Plaintiff as soon as he and NSL's client contact learned that Ms. Williams and Mr. Madonna no longer worked for NSL—before Plaintiff even served her (defective) "Notice." Plaintiff proceeded to serve her notice anyway, which

---

[2] As NSL explained in its motion for protective order and in multiple emails to Plaintiff, Plaintiff's Notice is plainly ineffective as to the individuals identified therein, as none are parties to this suit; nor are they officers, directors, or managing agents of NSL. (ECF No. 171 at 1, 14–16, 18.) Further, Plaintiff's Notice did not actually request the deposition of Mr. Madonna. (*See generally* ECF No. 171-6.)

identified Ms. Williams (but not Mr. Madonna), and counsel again reminded her that Ms. Williams is not an employee of NSL. Further, Plaintiff's Notice is ineffective to compel deposition attendance by any individuals identified therein—as counsel repeatedly told Plaintiff. *See, e.g.*, Fed. R. Civ. P. 45; *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-cv-1930-RMB-TH, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002). NSL and its attorneys could not have "relinquish[ed] the duty to make the two deponents available" because it never had such a duty.[3]

Plaintiff further relies on *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006), and, apparently, *Lieblein on behalf of W. Union Co. v. Ersek*, No. 14-CV-00144-MSK-KLM, 2015 WL 1840548, at *1 (D. Colo. Apr. 20, 2015). *String Cheese Incident* articulated five factors to weigh when the Court considers a party's motion to stay: "(1) [the non-moving party's] interests in proceeding expeditiously with the civil action and the potential prejudice to [the non-moving party] of a delay; (2) the burden on the [moving party]; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Most of Plaintiff's application of these factors is inaccurate, incomplete, or incoherent. (It seems Plaintiff copied much of it, with minimal alterations, from another case in which the defendants had filed pre-answer motions to dismiss "focus[ed] on the jurisdictional issue of standing" and sought to stay the case whilst it was pending.)

For example, it is not true that "Defendant is not opposed to a stay and therefore presumably will not suffer any prejudice from the imposition of a stay." (*See* ECF No. 166 at 8.)

---

[3] On top of that, at no point did counsel "accept[] service" of the Notice on behalf of anyone but NSL, his client. Rather, Plaintiff was told repeatedly that counsel would accept service of a subpoena.

NSL opposes any stay. Plaintiff is also wrong to assert that, "[i]f the case remains 'in a stagnant state' on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court." Indeed, there are no pending motions to dismiss that could render a stay economical . Simply put, Plaintiff has no basis to claim that "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed," or to assert that

> unnecessary expenditures of public and private resources on litigation will be minimized by a stay, judicial resources will likely ultimately be conserved by addressing dispositive issues early in the litigation, and both judicial and attorney resources will likely be conserved by clarifying and resolving disputed legal issues at the earliest possible time.

(*Id.*)

Finally, Plaintiff argues: "The investigation has [sic] evidence that has not been disclosed and is material to Plaintiff's claims that Defendant incorrectly reported the 150-day late payment to the Credit Reporting Agencies and the communication surrounding that determination." (*Id.* at 9.) She concludes by stating that she

> has depositions scheduled and needs this information to ask pertinent questions to deponents. Plaintiff would also like to depose the investigator, as the investigator is a part of this case, as the investigators ordered Defendant to remove the 150-day (ECF No. 165-5 at p.2) late payment from Plaintiff's consumer credit report, yet no evidence of the action has been released. In sum, it is best that discovery proceed on one track wherever possible."

(*Id.* at 9–10.) This appears to reference her subpoena for documents to the Colorado Attorney General and her new request, first raised in her other March 25, 2022 motion (ECF No. 165), to depose an "investigator" for the Attorney General's Office.

Yet, none of these conflicting arguments warrant a stay. Plaintiff has unequivocally failed to show that she is entitled to a stay under the *String Cheese Incident* factors, even ignoring the inaccuracies and falsehoods in her motion. NSL has a strong interest in proceeding as expeditiously as possible and would suffer prejudice if the case is stayed; there is no pre-answer motion to

dismiss pending, and thus denying a stay would not burden Plaintiff by forcing her to engage in pointless discovery; a stay provides no convenience to the Court; and a stay would deny the public's interest in conserving judicial resources by "secur[ing] the just, speedy, and inexpensive determination" of this case (*see* Fed. R. Civ. P. 1). *See String Cheese Incident*, 2006 WL 894955, at *2.

Further, Plaintiff's renewed effort to obtain documents from the Attorney General—and her new request for a deposition of the Attorney General's Office and its "investigator"—support neither a stay of the case nor her request to amend the scheduling order. These documents and the newly requested deposition are irrelevant to Plaintiff's claims and NSL's defenses.[4]

Ultimately, Plaintiff's demand to stay the case (and simultaneously to amend the scheduling order) bears all the marks of subterfuge. Plaintiff received the Attorney General's response denying her subpoena *almost five months ago*, on November 3, 2021. (ECF No. 165-3 at 1 (November 3, 2021 letter to Plaintiff from the Attorney General's Office); *accord* ECF No. 165-4 at 1 (November 3, 2021 email to Plaintiff from the Attorney General's Office).) She thereafter failed to move to compel or otherwise try to obtain what she now claims to be crucial information from the Attorney General.  Instead, she tried to unilaterally schedule the depositions of NSL and (via defective notice) numerous of its current and former employees for the last two days of the discovery period, April 14 and 15, 2022 (despite NSL's objections and attempts to confer). Now, on the eve of the parties' discovery cutoff and having waited nearly five months to bring NSL's supposed "discovery dance" to the Court's attention, Plaintiff seeks a stay and to amend the scheduling order to be given a reprieve from her own failure to effectively conduct

---

[4] In any event, it does not appear Plaintiff truly wants a stay, since she apparently intends to conduct discovery while the case is stayed. (*See generally* ECF Nos. 165, 166.)

discovery. This failure should not be borne by NSL and Plaintiff should not be given additional time to try to harass NSL into submission.

Because of this vexatious conduct, NSL respectfully requests that the Court consider imposing sanctions against Plaintiff under its inherent authority, in whatever manner the Court deems appropriate and sufficient to deter Plaintiff's ongoing, vexatious conduct. "Federal courts have certain 'inherent powers' which are not conferred by rule or statute 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Jamieson v. Hoven Vision LLC*, No. 20-CV-1122-WJM-KLM, 2020 WL 7043865, at *3 (D. Colo. Dec. 1, 2020) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). "Among these powers is the court's 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)) (citing *Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–*4 (S.D.N.Y. July 10, 2019)). Plaintiff has demonstrated, beyond any doubt, that she will continue her vexatious and abusive conduct unless and until the Court takes action to stop it. (*See, e.g.*, ECF Nos. 165, 166, 171, and all accompanying exhibits.) NSL thus asks this Court to consider the imposition of sanctions under its inherent authority, in whatever form it believes adequate to deter Plaintiff's conduct.

## II. CONCLUSION

NSL requests that the Court deny Plaintiff's Motion in its entirety. NSL further requests that the Court consider exercising its inherent authority to impose sanctions against Plaintiff, in whatever manner it deems appropriate.

Dated: April 15, 2022.

                                              **SPENCER FANE LLP**

                                              By: *s/Michael J. Kaufmann*
                                                    Dennis N. Lueck, Jr.
                                                    Michael J. Kaufmann

                        1700 Lincoln Street, Suite 2000
                        Denver, CO 80203
                        Telephone: 303.839.3733
                        Facsimile:  303.839.3838
                        Email: dlueck@spencerfane.com
                                 mkaufmann@spencerfane.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com

   *s/Amy Rutherford*
for Spencer Fane LLP