**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0452-WJM-SKC

TIFFANY GRAYS,

     Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

     Defendant.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
TO ORDERS OF THE MAGISTRATE JUDGE**

---

This matter is before the Court on: (1) Plaintiff Tifffany Grays' Objections to ECF

Nos. 137 & 138 ("First Objection") (ECF No. 156); and (2) Plaintiff's Objections to ECF

Nos. 142, 146, 149, 150, & 151 ("Second Objection") (ECF No. 157) (jointly,

"Objections").  For the reasons explained below, the Objections are overruled.

## I. STANDARD OF REVIEW

When reviewing an objection to a magistrate judge's non-dispositive ruling, the

Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or

contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West

Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard

"requires that the reviewing court affirm unless it on the entire evidence is left with the

definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v.

Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks

omitted).  The "contrary to law" standard permits "plenary review as to matters of law,"

*see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. ANALYSIS

1.    Plaintiff's First Objection (ECF No. 156)

In her First Objection, filed on November 17, 2021, Plaintiff challenges a Minute Order (ECF No. 138) entered by United States Magistrate Judge S. Cato Crews on October 27, 2021.  (ECF No. 156.)  Federal Rule of Civil Procedure Rule 72(a) sets a fourteen-day deadline for objections to a magistrate judge's non-dispositive rulings. Plaintiff filed her objection twenty-one days after the challenged order; thus, she filed her objection 7 days late.  Accordingly, the First Objection is overruled as untimely.

However, even if she had filed her First Objection on time, the Court would nonetheless overrule it for the reasons set forth below.

On October 27, 2021, Plaintiff arrived at the Byron G. Rogers United States

Courthouse for a hearing that was scheduled for 11:00 AM in Courtroom C201 before

Judge Crews.  (ECF No. 156 at 2.)  As she went through security, a Court Security

Officer ("CSO") asked her which courtroom she was going to, but she refused to answer

the question.  (*Id.* at 2–3.)  He asked her again and explained that she would not be

admitted to the courthouse if she did not answer the question.  (*Id.*)  Still, she refused.

(*Id.*)

       Shortly thereafter, the Lead CSO arrived.  (*Id.* at 3.)  Plaintiff told him that she did

not have to disclose which courtroom she was going to and asked him to cite the rule of

law that requires her to answer such a question.  (*Id.* at 4.)  According to Plaintiff, he

answered that it was a "courtesy" question.  (*Id.*)  Plaintiff told him that she did not need

to answer "courtesy" questions to access the courthouse.  (*Id.*)  Then, Plaintiff alleges

that the Lead CSO said he would not talk over Plaintiff and that he would not allow her

inside the courthouse.  (*Id.*)

       The Lead CSO went to Courtroom C201 to inform Judge Crews what had

occurred.  (*Id.* at 5–6.)  He told Judge Crews that Plaintiff had become belligerent after

being asked which courtroom she was going to.  (*Id.* at 7.)  Plaintiff sent Judge Crews

an e-mail describing the events from her point of view.  (*See* ECF No. 138.)

       On the same day, Judge Crews issued an Order describing the events and

stating:

> Local Rule 83.2(a) provides: "All persons entering a building
> where court is being held shall be subject to security
> procedures . . . . Violation of this rule shall be grounds for
> refusing admission to the building where court is being held
> and may subject the offender to detention, arrest, and
> prosecution as provided by law or to a contempt
> proceeding."  Subsection 83.2(b) further provides: "On
> request of a . . . court security officer . . . anyone within or

> seeking entry to any court building shall produce identification and state the nature of his or her business. Failure to provide identification or information shall be grounds for removal or exclusion from the building."  Ms. Grays, as a litigant in this Court, is required to follow these Local Rules of Practice.
>
> . . .
>
> Ms. Grays is warned that she is required by the Local Rules of Practice, and is ordered by this Court, to comply with all customary requests, inquiries, and procedures of the CSOs anytime she is required to access the courthouse for settings where she is required to appear in person.  Any future refusal by Ms. Grays to so comply that results in her denial of access will result in this Court recommending dismissal of this case for failure to prosecute, or may result in contempt or other appropriate sanctions.
>
> The Discovery Hearing is re-set to occur in person on 11/3/2021 at 10:00 AM in Courtroom C201 before Magistrate Judge S. Kato Crews.  All *pro se* parties and counsel are required to appear in person, and are ordered to comply with the security procedures of the CSOs when entering.

(ECF No. 138.)

Plaintiff argues that Judge Crews erred by "immediately adopt[ing] and accept[ing]" the Lead CSO's description of the events and failing to consider Plaintiff's testimony.  (ECF No. 156 at 8.)  She also argues that Judge Crews erred because Local Rule 83.2 does not require her to disclose which courtroom she is attending.  (*Id.* at 9.)  Finally, she argues that Judge Crews violated her First Amendment right to refuse to engage in compelled speech (*id.* at 11) and her Fifth Amendment right to due process (*id.* at 13).

The Court finds no merit in any of Plaintiff's arguments.  First, Judge Crews explicitly did take into consideration her perspective by considering her version of events as described in the email she sent to his chambers on October 27, 2021.  (ECF

No. 138.)  Indeed, Judge Crews' order is based on the facts as described by the Plaintiff herself.  (*Id.*)  Thus, the premise of Plaintiff's first argument is unavailing, and therefore, the Court is not persuaded by her argument.

Second, the Court is not persuaded that Plaintiff was not required by Local Rule 83.2 to answer the CSO's questions after she had identified herself and stated that she was there for court.  (ECF No. 156 at 9.)

Local Rule of Civil Practice 83.2(b) states:

> **Identification or Information.**  On request of a United States marshal, court security officer, federal protective service officer, or court official, anyone within or seeking entry to any court building shall produce identification and state the nature of his or her business.  Failure to provide identification or information shall be grounds for removal or exclusion from the building.

D.C.COLO.LCivR 83.2(b).

Plaintiff argues that by stating that she was at the courthouse "for court" she had fully satisfied the requirement that she answer questions regarding the nature of her business.  (ECF No. 156 at 9.)  The Court is not persuaded that Local Rule 83.2(b) should be subject to such a narrow interpretation.  The Court agrees with Judge Crews that the CSO's question about what courtroom she was planning to attend falls within the scope of the questions that anyone seeking entry to any court building must answer if asked.  Therefore, Judge Crews acted properly by ordering Plaintiff to comply with such requests in the future.

Finally, Plaintiff cites no case on point to support her allegation that Judge Crews violated her First and Fifth Amendment rights by ordering her to comply with the customary requests, inquiries, and procedures of the CSOs when she enters the courthouse.  (*See generally id.* at 10–15.)  There is simply no precedent to support

Plaintiff's position that the First Amendment prohibits a government officer from

requiring a person entering a government building to answer basic questions about her

business there.  And Plaintiff concedes that there is no caselaw to support her argument

based on the Fifth Amendment.  (ECF No. 156 at 13.)

Therefore, Plaintiff's First Objection is overruled.

2.      Plaintiff's Second Objection (ECF No. 157)

Plaintiff's Second Objection challenges several orders.  (ECF No. 157.)  The

Court considers each objection in turn.

a.      *Objection to Judge Crews' November 3, 2021 Advisory Notice to Plaintiff of Noncompliance with Court E-Filing Procedures (ECF No. 146)*

On February 24, 2020, the Court granted Plaintiff electronic case filing privileges

in this case.  (ECF No. 146.)  This Court's Electronic Case Filing Procedures (Civil

Cases), Part II, § 2.2(b)(1) states that: "*Pro se* e-filers must file all permissible pleadings

electronically."  Nonetheless, on November 1, 2021, Plaintiff filed multiple documents in

paper form with the Clerk of Court.  (*See, e.g.*, ECF Nos. 143, 144.)

On November 3, 2021, Judge Crews issued an Advisory Notice, stating in part:

> Despite Plaintiff having upgraded her CM/ECF account to a
> NextGen PACER account, Plaintiff filed with the Clerk of
> Court multiple documents in paper in violation of 2.2(b)(1) of
> the Court's Electronic Case Filing Procedures (Civil Cases).
> Further violations of 2.2(b)(1) will result in a revocation of
> Plaintiff's E-Filing privileges.

(ECF No. 146.)

Plaintiff argues that Judge Crews erred by "offering such harsh punishment as

relinquishing Plaintiff's ability to file electronically for the perceived violation."  (ECF No.

157 at 13.)  However, Judge Crews did not punish or sanction Plaintiff.  (ECF No. 146.)

He simply explained that she had violated the Court's Electronic Case Filing Procedures

and warned her that future violations would result in her having her e-filing privileges

revoked.  (*Id.*)  The Court finds that Judge Crews took appropriate action in this matter.

This portion of Plaintiff's Second Objection is overruled.

> b.    *Objection to Judge Crews' November 4, 2021 Order Denying*
>       *Plaintiff's Freedom of Information Act Request (ECF No. 149)*

On November 4, 2021, Judge Crews denied Plaintiff's Freedom of Information

Act ("FOIA") Request (ECF No. 144).  (ECF No. 149.)  Judge Crews reasoned:

> FOIA does not apply to "the courts of the United States."
> 5 U.S.C. § 551(1)(B); *see United States v. Choate*, 102 F.
> App'x 634, 635 (10th Cir. 2004) (federal district court could
> not release documents sought through a FOIA request and
> therefore the request was properly denied); *Megibow v.*
> *Clerk of the U.S. Tax Court*, 432 F.3d 387, 388 (2d Cir.
> 2005) (*per curiam*) (U.S. Tax Court is not subject to FOIA);
> *United States v. Casas*, 376 F.3d 20, 22 (1st Cir. 2004)
> ("[t]he judicial branch is exempt from the [FOIA]"). The
> Request, being directed to this U.S. District Court and made
> under FOIA, is DENIED.

(*Id.*)

Plaintiff argues that Judge Crews abused his discretion because she was

requesting information from the "federal building Byron G Rogers, not from the United

States court."  (ECF No. 157 at 9.)  She argues that her FOIA Request should be

processed by the U.S. General Services Administration and that Judge Crews acted

without jurisdiction in denying her request outright.  (*Id.*)

However, Plaintiff's FOIA Request was addressed to the United States District

Court for the District of Colorado and filed with the Court's clerk.  (ECF No. 144 at 1.)

Moreover, she does not mention the U.S. General Services Administration in her FOIA

Request.  (*See generally id.*)  Since her FOIA Request appeared to be addressed to the

Court and the Court is exempt from FOAI requests, Judge Crews did not err in denying her request.

Therefore, this portion of Plaintiff's Second Objection is overruled.

c.     *Objection to Judge Crews' November 4, 2021 Order Denying Plaintiff's Request for Accommodations (ECF No. 150)*

On November 1, 2021, Plaintiff filed a Request for Accommodation, requesting that she be "allowed to be accompanied by a companion for trial and conduct all other hearings via phone" to accommodate her Post Traumatic Stress Disorder, which allegedly resulted from her encounter with the CSOs on October 27, 2021.  (ECF No. 145 at 1.)  She did not attach any exhibits documenting her disability.  (*See id.*)

On November 4, 2021, Judge Crews denied *without prejudice* Plaintiff's Request for Accommodations.  (ECF No. 150.)  He reasoned that "Plaintiff's accommodation request is premature due to the lack of any scheduled in-person court appearances.  In accordance with Local Rule 83.3, Plaintiff may provide the requisite accommodation notification at least seven days before any future hearing or trial set in this matter."  (*Id.*)

In her Second Objection, Plaintiff asserts that Judge Crews erred, and she puts forth several arguments regarding the merits of her accommodations request; but she does not address Judge Crews' reasoning, which was focused exclusively on the timing of her request, not its merits.  (ECF No. 157 at 11.)  Thus, Plaintiff's argument entirely misses the mark.  The Court finds no error in Judge Crews reasoning.  The Court finds that a request for accommodation would more appropriately be considered after an in-person court appearance has been scheduled.

Thus, this portion of Plaintiff's Second Objection is overruled.

d*.*     *Objection to Judge Crews' November 4, 2021 Order Denying Plaintiff's Motion for Stay and for Appointment of Counsel (ECF No.*

*151)*

On November 1, 2021, Plaintiff filed an Emergency Motion to Stay All

Proceedings, Emergency Motion to Appoint Counsel ("Motion for Stay and Appointment

of Counsel") (ECF No. 140), which was denied by Judge Crews on November 4, 2021

(ECF No. 151).

Plaintiff argues that Judge Crews erred in denying her Motion for Stay and

Appointment of Counsel because "the Court has constructively stayed the proceedings"

and has placed the case in "litigation limbo." (ECF No. 157 at 9–10.)  Plaintiff does not

cite any caselaw to support this counterintuitive argument.  (*Id* at 10.)  Moreover, there

is still a Scheduling Order in effect, thus, the Court is not persuaded that Judge Crews

has "constructively stayed the proceeding."  (ECF No. 51.)  Therefore, the Court finds

that Judge Crews did not err.[1]

The Court finds no error in Judge Crews' decision to deny Plaintiff's Motion for

Stay and Appointment of Counsel.  Therefore, this portion of Plaintiff's Second

Objection is overruled.[2]

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.     Plaintiff Tifffany Grays' Objections to ECF Nos. 137 & 138 (ECF No. 156) are

OVERRULED; and

---

[1] Plaintiff also explains that "public interest lies in speedy court proceedings."  (ECF No. 157 at 10 (quoting *Brancato v. Panio*, 2012 WL 6137472, at *2 (D. Colo. Dec. 7, 2012)).)  But the Court does not see how this principle could support granting a motion to stay.

[2] Plaintiff does not specifically object to the portion of Judge Crews' denial of her Motion for Stay and Appointment of Counsel in which he denied her motion to appoint counsel.  (*See generally* ECF No. 157.)  The Court has reviewed this portion of the order for clear error and finds none.

2.        Plaintiff's Objections to ECF Nos. 142, 146, 149, 150, & 151 (ECF No. 157) are

OVERRULED.


Dated this 21st day of April, 2022.

BY THE COURT:

William J. Martinez
United States District Judge
