# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Tiffany Grays, *pro se* <br> *Plaintiff(s)* | ) <br> ) |
| - V - | ) <br> ) |
| Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) |

Case No. **20-cv-00452-WJM-SKC**

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NIKOLAI N. FRANT AND THE CONSUMER PROTECTION SECTION OF THE CONSUMER CREDIT ENFORCEMENT UNIT IN THE COLORADO DEPARTMENT OF LAW IN THE COLORADO ATTORNEY GENERAL'S OFFICE AND STAY PROCEEDINGS**

Plaintiff, Tiffany Grays, *pro se*, files this Brief in support of her motions in response to ECF No. 173 and incorporate by reference her reply to ECF Nos. 174 and 175. The predatory[1] practices Defendant Navient performs against student loan borrowers like the pro se Plaintiff in this instant case is a violation of the Fourteenth Amendment of the U.S. Constitution guarantees to equal protections, as the statute created by the state of Colorado enforced by the Administrator "abridge[s] the privileges or immunities of citizens [Plaintiff] of the United States," Fourteenth Amendment Section 1, "deprive[s] any person [Plaintiff] of life, liberty," *Id.,* of a trial in front of her peers and to be made whole by those who have caused her losses.

---

[1] https://www.forbes.com/advisor/student-loans/navient-student-loan-settlement/

# I. ARGUMENT

## Administrator's Arguments Substantiate Compelling

Non-party to this case have already disclosed the identity of and the Administrator assigned to investigate the Plaintiff's complaint supporting the fact that the information is not one in which the disclosure would create a dangerous condition for the Administrator to justify withholding this vital information from the Plaintiff or the public.

Multiple references throughout the Administrator's response (**ECF No. 173**) ("response") to Plaintiff's motion to compel affirms the investigations conducted by the "Colorado Attorney General Office" **(ECF No. 173 p.1),** are judicial proceedings as the **"Colorado Attorney General Office,"** *Id.,* performs actions including investigations pursuant to the law. In fact the investigation performed by the Administrator in accordance with Colorado law C.R.S. [Colorado Revised Statue] § 5-20-119(1)," **(173 at p.4),** makes the investigation a judicial proceeding. Judicial proceedings are further established as only judicial proceedings permit the issuance of a subpoena. Therefore, the Administrator being able to issue such subpoenas authorized under Colorado law C.R.S. § 5-20-101 et seq, in the limited conditions of a complaint made by a student loan borrower equates to judicial proceedings to which the Administrator can bring an action and/or investigation; the exact circumstances present here as Plaintiff brought her complaint in both court and the Colorado Attorney General's Office. The Administrator can but prefers to obtain the information sought in her investigations "without a subpoena," *Id.* p.4., making the investigation a judicial proceeding.

The purported benefit of the ease of investigations because student loan servicers know their unlawful despicable treatment of student loan borrowers like the Plaintiff will not be made public fails to survive strict scrutiny for keeping these records private in violation of the common law of

the public's right to information and the use of their tax dollars. The statue permits student loan borrowers [Plaintiff] to bring "actions," *Id,* against the student loan servicer; which all parties and non parties to this case have contended Plaintiff has done, as identified in the caption on the filing. (*Id.* 173 p.1). The response fails to satisfy the Tenth Circuit's presumption of access, as the "countervailing interests [must] heavily outweigh the public interests in access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 599 (1978)), and the only countervailing interest cited is the ease of the Administrator to obtain records "without a subpoena." *Id.* Not that the records could not be obtained, but that confidentiality makes her job easier by not having to request records through subpoenas. The Administrator has therefore prioritized the ease of obtaining information - failing to fulfill the purpose and duty imposed by the statute to "assist" C.R.S. § 5-20-104(1) the borrower - and not the student loan borrower who could use the information obtained through the investigation to seek to be made whole after the conduct of the student loan servicer required a complaint to and subsequent investigation by the Administrator through an action in court.

The statute bifurcates "**actions or administrative enforcement proceedings** pursuant to this part 1," C.R.S. § 5-20-119(3), in which "The restrictions on the disclosure of information in subsections (1) and (2) of this section do not apply to disclosures by the administrator." *Id.* The plain language therefor affirms actions are not the same as administrative enforcement proceedings, yet instill requires the disclosure if either the "**actions or administrative enforcement proceedings**" *Id.,* are present. Further substantiation of not only the investigation being a "proceeding" of a judicial nature, but an action as one not one limited to the Administrator as the Administrator or the "student loan borrower," C.R.S. § 5-20-112(2)(d), in Colorado can bring an "action." *Id.*

While the response focused on educating the Court on lay definitions of public, the response fails to define the "actions" *Id.*, brought by "student loan borrowers [like Plaintiff]" *Id.* in which the confidentiality requirements "do not apply." C.R.S. § 5-20-119(3). The definition supplied in the response by the Administrator would mean that "all the people" (*Id.* 173 p.6), Administrators, representatives, and investigators performing any action pursuant to the Act would also be a member of the "public" and ineligible to have access to the information. Making the argument insufficient to deprive the Plaintiff of all evidence.

The Administrator misconstrues the purpose of the Act to the detriment of the student loan borrower Plaintiff, as the Administrator's priority to "facilitate cooperation between Navient and the Administrator," contradicts the plain language of the Act as "The administrator shall designate, support, and maintain a student loan ombudsperson to provide timely **assistance to student loan borrowers** [like Plaintiff]." C.R.S. § 5-20-104(1). The statute further states the Administrator "**shall**" *Id.* "**Provide information to the public**." C.R.S. § 5-20-104(1)(d). Additionally, the Administrators use of banking law to substantiate the records as confidential fails on its face, as the plain language in the definitions for the statute affirms, student loan servicer "does not include: a bank, trust company." C.R.S. § 5-20-103(8)(b)(I). While disclosure of confidential information may happen at trial, until trial is scheduled such argument has no bearing on the statue requiring the disclosure pursuant to this action. No person is above the law, including the Administrator.

The Administrators disclosure at trial to substantiate depriving Plaintiff of equal access to due process fails on its face as Fed. R. Civ. P. 45 (e)(2)(B) affirms,

> "If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being

> notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim."

The Federal Rules of Civil Procedure like the statute meant to protect consumers requires all persons, including the Administrator to comply with the rules of discovery, including subpoenas. The Administrator while supposed to be protecting consumers is in reality concerned with protecting the "privilege and work product that lays out all of their factual and legal defenses," **(173 at p.7),** of the servicer while the Administrator is supposed to "provide timely assistance" to the Plaintiff as the Plaintiff has complained and brought an action, substantiating the disclosure of the requested information. The "factual and legal defenses," *Id.,* provided to the Administrator is the exact same information that should be already disclosed by Defendant in this action. Yet as Plaintiff identified, the record is void of any removal of the erroneously reported late payments from Plaintiff's consumer credit report. Allowing Plaintiff to try this case upon its merits and not the Defendant's ability to withhold relevant material evidence through the Administrators failure to assist the Plaintiff; knowing the information provided to the Administrator during the investigation would never be accessible to the public nor Plaintiff's. No one is above the law. Not the Colorado Attorney General, the Administrator of the Colorado Student Loan Equity Act, or attorneys.

The response is cherry picking the sections of Colorado Statues to adhere to which deny Plaintiff access to all the information and evidence concerning her claims and the Defendant's defenses. The Administrator affirms through silence the Plaintiff can bring an action under the Act, yet argues only the an action brought by the Administrator permits disclosure of the investigative file in violation of Plaintiff's right to equal protection under the Fourteenth

5

Amendment to all evidence supporting her claims, unless the Administrator seeks litigation – which the Administrator avoids at all costs – making the Federal Rules of Civil Procedure pertaining to discovery and subpoenas not equally applied to consumer cases against student loan servicers in Colorado. The plain language of the statute requires disclosure, "by the Administrator in actions." (173 at p. 8). If the only actions in which disclosure was required were those brought by the Administrator the statute would read the Administrator's actions, not by the Administrator in actions. As the recordkeeper the Administrator is the only person capable of disclosing the file requested, thus necessitating the verbiage **by** the Administrator **in** actions.

The Administrator is asking the Court to ignore the plain language of the Federal Rules of Civil Procedure pertaining to subpoenas and discovery and deprive the Plaintiff equal protections of the Rules and the right to due process as the Administrator has evidence in support of Plaintiff's claims, yet refuses to provide the information under insufficient claims of privilege as required under Rule 45. Based on proper service, the failure to timely file a motion to quash, and the failure to properly claim privilege by "describing the nature of the withheld documents, communications, or tangible things" Fed. R. Civ. P. 45(e)(2)(A)(ii), there is no alternative conditions that could be imposed therefore requiring the Court compel the Administrator and hold her in "contempt," Fed. R. Civ. P. 45(g), and require the disclosure of the requested documents forthwith.

The Administrator has no objection to the requested leave to add the Administrator and investigator as deponents. Contrary to Defendant's requirement that Plaintiff disclose the topic of the depositions of the Administrator and investigator is unsubstantiated in the Rules. Therefore, Plaintiff sustains her request to stay proceedings and allow Plaintiff time to receive and review

6

the investigative file prior to the deposition of Defendant, the Administrator, and investigator. Similarly, there is no objection to staying discovery.

Defendant's Response Substantiates Compelling

While Defendant through counsel Michael Kaufmann affirms the facts asserted in Plaintiff's Certification in ECF No. 165, as counsel affirms Plaintiff's recounting seeking conferral" **(ECF No. 174 at p.2),** which counsel did in fact see and respond to until "1:07 a.m.," *Id.,* yet never responded with a time for conferral. Counsel then attempts to blame Plaintiff for his failure to adhere to rules and orders of this Court by stating "Plaintiff never again requested to confer," *Id.* Counsel has some unknown unestablished vexatious amount of times he believes the pro se Plaintiff must seek conferral; further indications of the mendacity and improper conduct with which the Plaintiff has had to contend. Counsel's attempt to further blame the Plaintiff for the amount of time it took the Plaintiff to file the motion when Plaintiff provided the information that she was depressed and had surgery causing the amount of time, only further expresses his character and state of mind to blame someone with mental health and physical health issues for failing to file a motion timely. With all that counsel did say, not one sentence was used to explain Counsel's failure to seek to confer after his "friend's wedding" *Id.* "over two months later," *Id.,* all in violation of the Court's Orders, Rules, and Local Rules.

Defendant's argument that Plaintiff's claims are baseless is meritless and an attempt of the billion-dollar company to distract from the facts through defaming Plaintiff's character and conduct, because there is no applicable defense strategy to overcome the record reflecting Defendant's guilt as: 1) Defendant removed the late payments on one of Plaintiff's accounts; **(ECF No. 104 at pp. 13-14);** 2) the late payments were removed after Plaintiff's and the dismissed Defendant Credit Reporting Agencies' complaints to NSL were erroneously dismissed

7

as frivolous; **(ECF No. 104 at pp. 3-6, 9, );** 3) the late payments were reported on Plaintiff's credit report in 2014; **(ECF No. 47 at p.6);** and 4) the unlawful reporting of the erroneous late payments constitutes a violation of the reporting requirements of the Fair Credit Reporting Act; **(Expert Reports emailed to the Court pursuant to the Settlement Conference);** and 5) as a result Plaintiff has and continues to suffer from *inter alia* "depression." **(ECF No. 165 at p.3)** *see also* **(ECF No. 140-1).** How Counsel could conclude Plaintiff's absence of substance in her claims without any reference to the record that supports such accusations, even while the record is replete with facts in support of Plaintiff's claims only reaffirms the blatant sinister motives of Mr. Kaufmann to defame Plaintiff, squander her and this Court's resources, through an abuse of legal process. Every person deserves justice, even those like the pro se Plaintiff who cannot afford to pay attorneys like Mr. Kaufmann to manipulate the legal process to overwhelm and drain Plaintiff's limited resources to evade justice overtly due, as "the size of her pocketbook should not be dispositive when "an interest far more precious than any property right" is at stake," *Santosky v. Kramer*, 455 U.S. 745

## II. CONCLUSION

**WHEREFORE**, The Rules governing subpoenas and protective orders are more than sufficient to meet the needs of Colorado Attorney General's unlawful request to protect national billion-dollar student loan servicers from public scrutiny. As the record is void of a motion to quash the Rules require the Administrator to comply with the law and relinquish records pertinent to Plaintiff's claims forthwith.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                                              **20-cv-00452-WJM-SKC**
    v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NIKOLAI N. FRANT AND THE CONSUMER PROTECTION SECTION OF THE CONSUMER CREDIT ENFORCEMENT UNIT IN THE COLORADO DEPARTMENT OF LAW IN THE COLORADO ATTORNEY GENERAL'S OFFICE AND STAY PROCEEDINGS**

Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendant***

Kevin J. Burns
Kevin.Burns@coag.gov
Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act***

    /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com