# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

- V -

Equifax Inc. d/b/a/ Equifax Information
Services LLC., Experian Information Solutions,
Inc., Trans Union LLC., Innovis Data Solutions,
Inc., Navient Corporation d/b/a  Navient
Solutions, Inc.
*Defendant(s)*

)
)
)
)
)
)
)

---

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY RULES, SANCTIONS, TO AMEND THE SCHEDULING ORDER, AND STAY PROCEEDINGS

---

Plaintiff, Tiffany Grays, *pro se*, files this Reply in support of her motions in response to ECF

No. 173 and incorporate by reference her reply to ECF Nos. 174 and 175. The predatory[1]

practices Defendant Navient performs against student loan borrowers like the pro se Plaintiff in

this instant case, is a violation of the Fourteenth Amendment of the U.S. Constitution guarantees

to equal protections, as Defendant through counsel of record seeks to "abridge[s] the privileges

or immunities of citizens [Plaintiff] of the United States [and] deprive[s] any person [Plaintiff] of

life, liberty," *Fourteenth Amendment Section 1*," of a trial in front of her peers and to be made

whole by those like Defendant who have caused her losses.

---
[1] https://www.forbes.com/advisor/student-loans/navient-student-loan-settlement/

# I.   ARGUMENT

## Defendant's Response Substantiates Compelling, Sanctions, & Staying Proceedings

District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC,* 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks omitted). Defendant's response ("response") to Plaintiff's motion ECF No. 166 begins and ends with another failure of counsel for Defendant Navient to adhere to D.C.COLO.LCivR 7.1(d), which does not permit a response to a motion to include a request for relief, let alone a request for sanctions against the Plaintiff in response to Plaintiff's request for sanctions against Defendant and its attorneys. Mr. Kaufmann being an attorney, supposedly required to follow the same rules as the pro se Plaintiff, has failed to follow multiple rules yet this Court has failed to hold any of the attorneys for Navient over the last wo years of litigation, Mr. Kaufmann, Mr. Lueck, or Mr. O'Donnell to the same strict requirements Plaintiff has been held. *See* ECF Nos. 137 and 138; *See also* ECF No. 146; *See also* ECF No. 152. Plaintiff prays the justice promised to all will finally be received to deter the abuse of legal process by attorneys who seek to drain pro se Plaintiff's resources.

The record is replete with the many discovery disputes Plaintiff brought against Navient throughout this case **(ECF Nos. 83, 92, 96, 100, 112, 123, 131, 136, 160, and 165)**. As a result of the unnecessarily burdensome multiple discovery disputes Plaintiff was forced to bring, the Court ordered each counsel for Navient to get the depositions Plaintiff seeks accomplished; yet after almost two years, not one of the attorneys have complied with the Court's Orders. The Court Ordered, Mr. O'Donnell on February 25, 2021 to "confer to determine a mutually agreeable dates and times [for depositions]." **(ECF No. 101 at p.1).**  Because Mr. O'Donnell failed to respect and adhere to this Court's Order, the Court had to then order Mr. Lueck to do

the same thing Mr. O'Donnell had been ordered to do nearly 180 days prior, to "confer and get the depositions scheduled and taken." **(ECF No. 134 at p.1)**. In lieu of following the Court's second order to Defendant for the same issue of failing to confer and get the depositions scheduled, Mr. Lueck sought to ignore the Court's Order and harass the Plaintiff by seeking to limit Plaintiff's equal access to justice by attempting to limit the persons and topics Plaintiff could discuss at depositions without any substantiation in the Rules. *See* **(ECF No. 165-1 at p.2);** *See also* **(ECF No. 162 at pp.10-14);** *See also* **(ECF No. 161 at pp.17, 28-30)**. Still the depositions were not scheduled forcing the Plaintiff to bring the same issue to Court's attention, again, for the third time, and the Court again Ordered Defendant through Mr. Kaufmann over 300 days after the original Order to Mr. O'Donnell, to confer and get the depositions scheduled. **(ECF No. 160 at p.2).** Like every attorney for Navient, Mr. Kaufmann also had to be Ordered to comply with previous Orders and the rules **(ECF Nos. 160 at p.2 and 164 (pages unknown due to Plaintiff's restricted access)).** Like Mr. Kaufmann's co-counsel, he also ignored **(ECF No. 165-1 at pp.2-25),** the Court's Order and sought to harass and avoid Plaintiff's diligent efforts **(ECF Nos. 83, 92, 96, 100, 112, 123, 131, 136, 160, and 165**), *see also* **(ECF No. 165-1 at pp.2-7, 13-25),** to perform timely depositions and to narrow the dispute have been intently unjustly stifled by Defendant's dilatory discovery dance depriving discovery tools Plaintiff seeks equal use of; substantiating the relief requested in Plaintiff's motion. Mr. Kaufmann's mendacity is further evident in his intentional misrepresentations to this Court that Plaintiff did not attempt to confer on the 30(b)(6) deposition of Navient, when the record reflects Plaintiff did seek to confer **(ECF No. 165-1 at pp. 16-17; ECF No. 171 at p.4).** Plaintiff again had to advise Counsel of the Rules and advised Counsel she had conferred "with all three attorneys for Navient," **(ECF No. 166-1 at p.17)** and as the Rule states, "**before or promptly after** the Notice," **(ECF 166-1**

**at p. 16)**, Plaintiff has minimally sufficiently conferred on the topic. Plaintiff should not be burdened to squander her precious resources as the billion-dollar Defendant engages and disengages counsel who fail to inform themselves on the verified facts in the record.

As Rule 26 requires the disclosure of the name and contact information, "without waiting [and from] every party," *Fed. R. Civ. P. 26(a)(1)(A)*, yet Defendant has not disclosed this information for any person identified in Interrogatory 14. Interrogatory 14 was also the subject of multiple discovery disputes **(Exhibit 7 pp. 1-10)** and was when Defendant made the promise to accept service of subpoenas (***Id.*** **at pp.4, 10)** for the deposition the individuals identified who still work for Navient via email. Further promising to provide the last known contact information for any that did not. *Id.* Mr. Kaufmann further substantiated the agreement when he promised to "produce Kimberly Williams and Michael Madonna," **(ECF No. 166-1 at p. 15),** after receiving appropriate Notice of Depositions for his client. Plaintiff will surely be prejudiced if the agreements counsel makes do not have to be performed, as Plaintiff relied on these statements and promises throughout discovery. Judicial economy favors determining Defendant and the identified individuals have been properly Noticed, as Counsel has promised **(Exhibit 7 at pp.4, 10)** and has accepted service of through the Notice of Deposition sent to him via email on January 20, 2022, (***Id.*** **at p. 18); especially considering** Plaintiff simply accepted service of the Notice of Deposition Defendant provided Plaintiff – without a subpoena in a good faith effort – via email **(Exhibit 8 at pp. 1-2)** without issue. Why in two years of litigation, Defendant has still failed to disclose any respondent(s) to the 30(b)(6) deposition request – even the parts uncontested **(ECF No. 171 at pp.8-9)** by Defendant,  in addition to failing to follow the Court's Orders **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** to confer and set a date, only substantiates swift judicial intervention of sanctions against Defendant and its

counsels of record as Plaintiff has requested. When Mr. Kaufmann is seemingly ignorant of facts like the "almost 25 individuals," **(ECF No. 174 at p.4),** attorney Mr. O'Donnell told the Court there was "a little less than two dozen," **(ECF. NO. 161 at p.40),** Navient actors involved in this case, he resorts to defamatory statements against the pro se Plaintiff and/or providing intentional misrepresentations to the Court.

While Defendant through counsel Michael Kaufmann affirms the facts asserted in Plaintiff's Certification in ECF No. 166 - as counsel affirms Plaintiff's recounting seeking "conferral" **(ECF No. 174 at p.2) -** which counsel did in fact see and respond to until "1:07 a.m.," *Id.,* as Plaintiff stated, yet never responded with a time for conferral, Mr. Kaufmann misrepresents "Plaintiff's Certification is inaccurate and misleading." Id.  Counsel then attempts to blame Plaintiff for his failure to adhere to rules and Orders of this Court by stating "Plaintiff never again requested to confer," *Id.* Counsel has some unknown unestablished vexatious amount of times he believes the pro se Plaintiff must seek conferral; further indications of the mendacity and improper conduct with which the Plaintiff has had to contend, substantiating sanctions and compelling. Counsel's attempt to further blame the Plaintiff for the amount of time it took the Plaintiff to file the motion when Plaintiff provided the information that she was depressed and had surgery causing the amount of time, only further expresses his character and state of mind to blame someone with mental health and physical health issues for failing to file a motion timely. With all that counsel did say, not one sentence was used to explain Counsel's failure to seek to confer after his "friend's wedding" *Id.* "over two months later," *Id.,* all in violation of the Court's Orders, Rules, and Local Rules. By and through the forgoing Counsel has admitted to violating not only the multiple Orders requiring conferral, **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** but also D.C.COLO.LCivR 7.1(a).

Defendant's argument that Plaintiff's claims are baseless is meritless and an attempt of the billion-dollar company to distract from the facts through defaming Plaintiff's character and conduct, because there is no applicable defense strategy to overcome the record reflecting Defendant's guilt as: 1) Defendant removed the late payments on one of Plaintiff's accounts; **(ECF No. 104 at pp. 13-14);** 2) the late payments were removed after Plaintiff's and the dismissed Defendant Credit Reporting Agencies' complaints to NSL were erroneously dismissed as frivolous; **(ECF No. 104 at pp. 3-6, 9, );** 3) the late payments were reported on Plaintiff's credit report in 2014; **(ECF No. 47 at p.6);** and 4) the unlawful reporting of the erroneous late payments constitutes a violation of the reporting requirements of the Fair Credit Reporting Act; **(Expert Reports emailed to the Court pursuant to the Settlement Conference);** and 5) as a result Plaintiff has and continues to suffer from *inter alia* "depression." **(ECF No. 165 at p.3)** *see also* **(ECF No. 140-1).** How Counsel could conclude Plaintiff's absence of substance in her claims without any reference to the record that supports such accusations, even while the record is replete with facts in support of Plaintiff's claims only reaffirms the blatant sinister motives of Mr. Kaufmann to defame Plaintiff, squander her and this Court's resources, through an abuse of legal process. Every person deserves justice, even those like the pro se Plaintiff who cannot afford to pay attorneys like Mr. Kaufmann to manipulate the legal process to overwhelm and drain Plaintiff's limited resources to evade justice overtly due, as "the size of her pocketbook should not be dispositive when "an interest far more precious than any property right" is at stake," *Santosky v. Kramer*, 455 U.S. 745.

The Tenth Circuit has repeatedly upheld dismissal, including dismissal with prejudice, as a sanction for a party's refusal to obey court orders. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n,* 886 F.3d 852, 856 (10th Cir. 2018) (affirming order dismissing counterclaims

6

with prejudice); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (collecting cases).  No one including officers of the court are free to decide on their own that the court had to resolve the issue of the subject matter of the 30(b)(6) deposition, before conferring and setting a date and time for the individuals or Defendant.  *See Auto-Owners*, 886 F.3d at 856 (affirming dismissal of counterclaims as a sanction for noncompliance with disclosure order despite disobedient party's contention that court lacked authority to order disclosure).  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."  *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Thus, the Court can properly conclude that Counsels and Defendant acted willfully when they disobeyed its Orders. *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc*., 445 U.S. 375, 386 (1980) (holding that those subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"); *Walker v. City of Birmingham*, 388 U.S. 307, 316-17, 320 (1967) (upholding criminal contempt for violation of injunction, even where injunction raised "substantial constitutional issues"). Defendant's response remains silent on why Counsel and Defendant never provided a date, as there is no justifiable reason for noncompliance. In lieu of following the Courts' Orders, Counsel wanted to order Plaintiff into contempt and sanctions, by ordering Plaintiff to "serve" **(ECF No. 166-1 at p. 15)** him with the Notice of Deposition, when all that would result from such action is either a protective order, motion for discovery conference, or response from Defendant that deponents would not be available as noticed, so as to require Plaintiff to squander limited her resources with multiple personal services of subpoenas for depositions.

## II.   CONCLUSION

**WHEREFORE**, as Defendant's response remains silent on why Counsel and Defendant never provided a date, as there is no justifiable reason for noncompliance in addition to the Tenth Circuit has held that a "district court's considerable discretion in [determining an appropriate sanction] easily embraces the right to dismiss or enter default judgment in a case under Rule 37(b) when a litigant has disobeyed two orders compelling" discovery, *Lee*, 638 F.3d at 1320-21, therefore the interests of judicial economy surely must favor Plaintiff's requested sanctions due to Counsels' and Defendant's dilatory discovery dance "disobeyed" *Id.* **three** "orders [(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2)]** compelling." *Id.*  Reasonable sanctions of: 1) costs Plaintiff incurred throughout each dispute related to Plaintiff's depositions of Defendant and its agents; 2) modifying the scheduling order by allowing the Plaintiff to file the Third Amended Complaint sought in ECF No. 103-1, 103-2, enlarge deponents to allow Plaintiff to depose the investigator and Administrator, set the depositions to happen in 120 days, set the dispositive motion deadline to 150 days; 3) finding Defendant in contempt and order Defendant to comply forthwith and get a date all deponents are able to be deposed according to Plaintiff's sequence of deponents within 30 days as Mr. O'Donnell committed to and Mr. Kaufmann accepted service of the depositions via email.

Respectfully Submitted,


   /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*                                   **20-cv-00452-WJM-SKC**
v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT: **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY RULES, SANCTIONS, TO AMEND THE SCHEDULING ORDER, AND STAY PROCEEDINGS**

 DOCUMENT: **Exhibits 7 and 8**


Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendant***

Kevin J. Burns
Kevin.Burns@coag.gov
Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for Martha Fulford, Administrator
of the Colorado Student Loan Equity Act***

                                                 /s/ Tiffany Grays, pro se

                                                      Tiffany Grays
                                                    PO Box 472322
                                                   Aurora, CO  80047
                                                    (720) 623-1883
                                                Legalgrays@gmail.com