UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se* )
*Plaintiff(s)* )
)
- V - )
)
Equifax Inc. d/b/a/ Equifax Information )
Services LLC., Experian Information Solutions, )
Inc., Trans Union LLC., Innovis Data Solutions, )
Inc., Navient Corporation d/b/a Navient )
Solutions, Inc. )
*Defendant(s)* )

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Tiffany Grays, *pro se* Plaintiff, files this Response in opposition of all relief requested by Defendant, not only because the motion should be stricken **(See ECF No. 180)** as Defendant failed to confer or seek to confer on any of the relief requested, but also because granting such relief in the face of Defendant's habitual "disobedience" to multiple Orders pertaining to the depositions of Defendant would be rewarding Defendant for the discovery dance; resulting being denied equal protections and privileges guaranteed to Plaintiff by the Fourteenth Amendment of the U.S. Constitution. The predatory[1] practices Defendant Navient performs against student loan borrowers like the pro se Plaintiff in this instant case, further substantiates Plaintiff's exercising her right to "all evidence" the supports her claims through depositions of the identified individuals and the billion-dollar Defendant on the subject matter requested, as a matter of public importance. Anything less "abridge[s] the privileges or immunities of citizens [Plaintiff] of the

1

United States [and] deprive[s] any person [Plaintiff] of life, liberty," *Fourteenth Amendment Section 1*," of a trial in front of her peers and to be made whole by those like Defendant who have caused her losses. Plaintiff incorporates by reference her reply and motion that outline Counsels and Defendant's dilatory discovery dance abusing the legal process, ECF Nos. 166 and 178.

---

[1] https://www.forbes.com/advisor/student-loans/navient-student-loan-settlement/

# I.   ARGUMENT

## Denying Defendant's Relief is Appropriate

Defendant's motion begins admitting Plaintiff offered in good-faith to "confer for your motion for protective order," **(ECF 171 at p. 4),** no where does Defendant state he sought to confer nor does Defendant state conferral took place on the protective order; because it never happened because Defendant never sought to confer, **(See ECF No. 166-1),** Defendant only told Plaintiff it would file a protective order. The basis of which was never disclosed to Plaintiff as she sought the rules which limited her ability to "depose any person" *Fed. R. Civ. P. 30(a)(1)* or that required her to "confer on 30b6 topics" **(ECF 171 at p. 4),** to the extent of altering her intended topics, which Defendant never provided because they do not exist. Defendant's continued assault on Plaintiff's credit, health, wealth, and reputation to deprive Plaintiff of the right to due process and equal protections – as noticed by this Court *(See* **ECF No. 165-1 at p.2);** *See also* **(ECF No. 162 at pp.10-14);** *See also* **(ECF No. 161 at pp.17, 28-30)** - under the Rules of Civil Procedure by willfully failing to comply with this Court's Orders concerning discovery, **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** must be abolished swiftly.

Defendant's objections to the 30(b)(6) topics were conferred on through email and indicated in the discussion that began on the matter beginning October 26, 2021 through January 21, 2022. **(ECF No. 166-1 at pp. 2, 24).** Mr. Kaufmann exercises his dilatory discovery discretion to the detriment of the Plaintiff, as Mr. Kaufmann consistent with all other attorneys for Defendant chooses when conferral via phone or via email is acceptable. Mr. Kaufmann has indeed conferred via email on multiple matters, **(Exhibit 9 pp. 1-10),** so how he would argue that Plaintiff failed to confer when Plaintiff read and deemed the objections irrelevant, offered to confer on the matter via phone **(*Id.* pp. 14)** and that she would be proceeding on the topics as noticed, is just another example of Defendant and Counsel's abuse of legal process and intentional defamatory misrepresentations about the Plaintiff. In lieu of conferring via phone, Mr. Lueck decides to email the Plaintiff. **(*Id.* pp. 15).** These abuses as indicated in **ECF Nos. 83, 92, 96, 100, 112, 123, 131, 136, 160, and 165**, substantiate Plaintiff's correct use of stating Mr. Kaufmann's conduct was liken to white trash, as Mr. Kaufmann's intentional deprivation of Plaintiff's rights to justice, due process, life and liberty on account of Plaintiff's race, sex, and/or socioeconomical status in disobedience of the Court's Orders, **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** supports Plaintiff's claims that Mr. Kaufmann's conduct is ", seen as dangerous because they may be criminal, unpredictable, and without respect for political, legal, or moral authority." https://en.wikipedia.org/wiki/White_trash

If Mr. Kaufmann truly sought to confer on the 30(b)(6) topics, he would have done so in writing, like he has done throughout this litigation **(Exhibit 9 pp. 1-10).** His failure to do so only substantiates the sinister motivation in choosing to file an over the page limit motion in writing to the Court in lieu of conferral in writing with the Plaintiff. Regardless of conferral on the 30(b)(6) topics, Mr. Kaufmann was Ordered to set a date for depositions, **(ECF No. 160 at p.2),**

and "designate" *30(b)(6)* a respondent, yet has failed to do so without justification. Objections to deposition topics are not a stay nor an appeal of an order, making the disobedience of Defendant and its Counsels just cause to deny all relief requested by Defendant.

Defendant's Counsel argues that it does not have the ability to prepare its client for a deposition on the topics of: 1) its business practices in general nor specifically with Plaintiff; **(ECF No. 171 at p. 10)**; 2) the documents produced by Defendant; *Id*.; and 3) the policies of the government entity in which the Defendant serviced Plaintiff's loans; *Id.;* is incomprehensible and exposes the egregious extent Defendant seeks to deprive Plaintiff of the truth, of justice. An attorney should minimally be able to prepare its client to discuss the evidence it disclosed during discovery. As Mr. Kaufmann has admitted he is incapable of effectively and efficiently litigating this matter to the extent of not being able to prepare his client to discuss its own evidence as the real cause of his disobedience to the Court's Orders, substantiates awarding Plaintiff sanctions as requested in ECF No. 166 and denying the relief requested by Defendant in ECF No. 171.

The topics requested are all based on evidence disclosed during discovery, with and on people identified through discovery, making the topics and persons reasonable and particular. Plaintiff provided very specific topics to Defendant as evidenced by Defendant **(ECF No. 171 at p. 5)**. The Defendant's argument that Plaintiff failed to meet the level of particularity required under the Rules is another example of Counsel's intentional misrepresentations of Plaintiff to this Court. How the Defendant can know that the respondent - who still has not been designated – does not "know" (ECF No. 171 at p.10 footnote) the matters identified in the Notice is either another intentional misrepresentation to the Court, an admission that Defendant has designated the deponent but has not disclosed that information to the Plaintiff, and/or Mr. Kaufmann is psychic. Mr. Kaufmann's averments that the billon-dollar national student loan servicer does not

4

know or have reasonable access to "Department of Education loans, forbearance, deferment, consolidation, [or] grace periods," **(ECF No. 171 at p. 7),** is inconceivable as the Defendant has a contract[2] with the Department of Education to service its loans.

If the representative of the corporation chosen by its Counsel fails to currently possess the information sought, then the representative must inform themselves or an alternative respondent must be selected. In *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* the Court found "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issue in dispute." 236 F.R.D. 524, 528 (D. Kan. 2006). Plaintiff's full page of topics substantiates the specificity of the topics. Further confirmed in Plaintiff limiting requests from "2014 to present," **(ECF No. 171 at p. 11),** "courtesy removals of late payments reported to CRAs," *Id.,* and "information on processes and procedures NSL contractors and/or employees receive to ensure incorrect late payments are not reported to CRAs," *Id.,* are specific and reasonable to Plaintiff's claims that Defendant incorrectly reported late payments on the Plaintiff's consumer credit report in 2014. Defendant has the duty to select a person and ensure that person is prepared to fully answer questions posed at deposition (*Securities and Exchange Commission v. Morelli*,143 F.R.D. 42, 45 (S.D.N.Y. 1992) (finding the witnesses needs to be prepared so "that they can answer fully, completely, and unevasively, the questions posed."); *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995) (reasoning the duty to prepare a corporate representative for a 30(b)(6) deposition goes beyond personal involvement or knowledge). It is improper to ask Plaintiff to reduce the topics pertinent to her claims on account of Defendant's Counsel's inability to properly prepare the designee. "In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically

appears for the deposition but sleeps through it." *T&W Funding Co. XII, LLC v. Pennant Rent-A-Car Midwest, Inc*., 210 F.R.D. 730 (D. Kan. 2002). "Producing an unprepared witness is tantamount to a failure to appear."). *See United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).

[2] https://studentaid.gov/data-center/business-info/contracts/loan-servicing

Establishing the "predatory[1]" practices of Defendant through the identification and discussion of complaints and lawsuits brought against the Defendant supports Plaintiff's claims of negligence, breach of duty, breach of contract, and FCRA claims. Similarly, revenues earned through the late fees go to Plaintiff's unjust enrichment claims. The claims that Plaintiff's topics are vague is meritless as the only vagueness identified is Plaintiff needed to add the word Defendant's to final topic, "the investigative checks and balances to ensure **Defendant's** legal actions. Therefore, Plaintiff's topics are not overbroad, vague, or ambiguous. To the extent the Notice includes the term including but not limited to, Plaintiff will withdraw such topic. A student loan servicer should have information related to what it reports to Credit Reporting Agencies and its business practices in general. A person responding on behalf of the corporation should have knowledge and information pertaining to evidence disclosed by itself. The argument that this along with all other topics are burdensome based on the deponent being given topics that are consistent with the facts and record in this case, are meritless and contradict the purpose of depositions. Plaintiff has not requested as misrepresented by Mr. Kaufmann the designee to "memorize" anything. Plaintiff's Notice is void of the word memorize appear, yet Mr. Kaufmann argues Plaintiff is demanding such action. Servicing student loans is a complex process involving multiple individuals, actions, and entities, which requires the designee to be able to speak to the

complex processes, procedures, policies, practices, performed by those chosen to act on behalf of the corporation. It is not burdensome for Plaintiff to seek all the facts and information available.

As identified in ECF No. 178, Defendant agreed to and did accept service of the individuals in the Notice. As the individuals named performed actions on Plaintiff's loans serviced by Defendant on behalf of the Defendant, as identified in response to Plaintiff's Interrogatory 14 and as confirmed by Defendant stating the individuals had "involvement in the handling of Plaintiff's loans," **(ECF No. 171 at p. 15),** these persons are appropriate deponents with relevant information proportional to Plaintiff's claims.  To the extent Defendant argues the Notice was improper, said impropriety was caused by Defendant's failure to adhere to this Court's Orders, **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** making any relief requested as a result rewards for Defendant's disobedient dilatory discovery dance. Plaintiff emailed Mr. Kaufmann and corrected the incorrect middle initial of the identified deponent Robert Menn. Why Mr. Kaufmann took the time to write a paragraph on Plaintiff's mistake of M is utter ridiculousness and further indicative of the deplorable conduct of Counsel with which Plaintiff has had to contend.

Mr. Kaufmann concludes his motion defaming the Plaintiff with the legal history of Plaintiff in an attempt to persuade the Court to sanction Plaintiff for failing to confer on the 30(b)(6) topics, when the record reflects Plaintiff sought to confer and every citizen is entitled to due process. Plaintiff advised Counsel of the Rules and advised Counsel she had conferred "with all three attorneys for Navient," **(ECF No. 166-1 at p.17)** as the Rule states, "**before or promptly after** the Notice," **(ECF 166-1 at p. 16)**, Plaintiff has minimally sufficiently conferred on the topic.  Plaintiff has not been made aware of any rule or law or Amendment which limits Plaintiff's exercising her liberties to correct the overtly egregious predatory behavior enacted

against the Plaintiff by persons and entities which devalue the life, freedom, rights, and privileges of persons like the pro se Plaintiff. With each and every one of the cases listed, not one Court, including this Court, have called Plaintiff's lawsuits frivolous. Calling the Plaintiff a "serial litigant" is a derogatory term consistent with Plaintiff's use of the derogatory term white trash when describing Mr. Kaufmann's conduct.

## II. CONCLUSION

**WHEREFORE**, as Defendant promised to accept service via email **(ECF No. 178-1 at pp.4, 10)** and as Mr. Kaufmann and has accepted service of through the Notice of Deposition sent to him via email on January 20, 2022, **(*Id.* at p. 18),** further promising to "produce Kimberly Williams and Michael Madonna," **(ECF No. 166-1 at p. 15),** Notice is valid. As Defendant has failed to adhere to this Court's Orders, restricting Plaintiff's topics and awarding Defendant costs is unsubstantiated as caused by Defendant's Counsel. All relief requested should therefore be denied.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO 80047
(720) 623-1883
Legalgrays@gmail.com

8

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*          **20-cv-00452-WJM-SKC**
    v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

 DOCUMENT:  **Exhibit 9**


Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendant***

Kevin J. Burns
Kevin.Burns@coag.gov
Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act***

                                                                                                                                   /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com