# UNITED STATES DISTRICT COURT
### for the
## District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

)

\- V -

)

Equifax Inc. d/b/a/ Equifax Information
Services LLC., Experian Information Solutions,
Inc., Trans Union LLC., Innovis Data Solutions,
Inc., Navient Corporation d/b/a  Navient
Solutions, Inc.
*Defendant(s)*

)

---

## PLAINTIFF'S MOTION TO STRIKE, FOR SANCTIONS AND PROTECTIVE ORDER

---

Tiffany Grays, *pro se* Plaintiff, respectfully requests this Court strike Defendant's motion **(ECF No. 180)** as Defendant failed to confer or seek to confer on any of the relief requested, and enter an Order of protection for Plaintiff in the face of Defendant's habitual "disobedience" to multiple Orders pertaining to the depositions of Defendant; which affirms Defendant and its Counsels' conduct has created an undue burden upon the Plaintiff and vexatiously multiplied these proceedings substantiating sanctions. As a result of Defendant's predatory[1] practices prior to and throughout this litigation, Plaintiff has been denied equal protections and privileges guaranteed to Plaintiff by the Fourteenth Amendment of the U.S. Constitution, to be free from those who "abridge[s] the privileges of citizens of the United States [like Plaintiff and] deprive[s] [Plaintiff] of life [and] liberty," *Fourteenth Amendment Section 1*. Plaintiff incorporates by

1

reference her replies and motion that outline Counsels' and Defendant's dilatory discovery dance abusing the legal process and vexatiously multiplied proceedings, ECF Nos. 166 and 178.

[1] https://www.forbes.com/advisor/student-loans/navient-student-loan-settlement/

# I.   CERTIFICATION

Plaintiff in good-faith attempted to confer with counsel for Defendants in this matter on January 20, 2022. Mr. Lueck failed to respond at all. Mr. Kaufmann chose to respond, but not to the request to confer, only to provoke and antagonize Plaintiff by ignoring the request to "confer on motions for sanctions, to compel, to modify scheduling order, modify protective order." **(ECF No. 165-1 p.1).** Plaintiff can in fact state ignoring the request as Plaintiff had asked Mr. Lueck to respond to the request to confer on the subject matter of this motion, only to have Mr. Lueck respond with contradictory unproductive conferral statements. On January 20, 2022 after failing to receive for months – even after the Court's Order – confirmation of a date and time the requested deponents, Plaintiff sent counsel an email attaching the notice of depositions at 11:56pm. **(ECF No. 165-1 p.19).** Plaintiff then sent a request to confer three minutes later at 11:59pm. *(Id. p.1).* Mr. Kaufmann then responds in the notice of deposition email six minutes after Plaintiff sent the notice, at 12:02am on January 21, 2022. *(Id. p.19),* stating in part, "I am not available on January 24th or 28th." *Id.* Plaintiff had proposed both dates Mr. Kaufmann alleged he had no availability, so Plaintiff responds nine minutes later and asks Mr. Kaufmann's availability the next day, **(ECF No. 165-1 p.20),** to which Mr. Kaufmann responds in two minutes at 12:13am stating, "I am not available tomorrow." *Id.*  Yet again Plaintiff responds in-good faith one minute later and asks Mr. Kaufmann's "availability next week." **(ECF No. 165-1**

**p.21),** to which Mr. Kaufmann fails to promptly response, causing Plaintiff to state that Mr. Kaufmann's communication is not in good-faith as Mr. Kaufmann responded stating he was unavailable at either of the three proposed days and then ceases communication regarding his availability the next week at 12:56am. **(ECF No. 165-1 p.22).** Mr. Kaufmann then responds at four minutes later at 1:00am stating only the time. **(ECF No. 165-1 p.24).** When Plaintiff replies and states that Mr. Kaufmann continues to respond to the emails about his conferral unresponsiveness, but fails to respond to the substance of the matter, his availability to confer, Mr. Kaufmann then responds at 1:07am, stating he is "working," **(ECF No. 165-1 p.23),** and "do[es] not have my schedule on me." **(ECF No. 165-1 p.23).** The alleged absence of his schedule did not prevent Mr. Kaufmann's express denial of availability for January 21st, 24th, or 28th, **(*Id.* pp.19-23),** which directly contradicts Mr. Kaufmann's statement and affirms the mendacity of Mr. Kaufmann. Mr. Kaufmann's mendacity is further confirmed as he fails to obtain his schedule and seek to confer anytime prior to the filing of this motion. Thereby this motion in so far as sanctions and the protective order is uncontested and Defendant's approve of the relief requested herein forthwith. In response to Plaintiff's request to confer on the motion to strike, Defendant opposes the relief requested.

## II.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("Defendant") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. Defendant then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. Defendant continues to harm Plaintiff through an effort to engorge on

ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed through monies which accrued from an account which was not Plaintiff's. Defendant continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by Defendant – the promised six-month grace-period upon exiting school, as Defendant can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendants actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. Defendant continues to harm the Plaintiff by intently impeding discovery as outlined herein.

In an effort to narrow the issues in dispute before the Court, on October 12, 2020, November 29, 2020, December 30, 2020, and January 25, 2021, Plaintiff sent Navient Solutions LLC. ("Defendant") Discovery Requests. Beginning November 29, 2020, and through today, Plaintiff has been engaged in multiple discovery disputes with Defendant. To date over 100 emails have been sent as Plaintiff has sought to resolve said disputes without the Court's assistance. It appears to Plaintiff that Defendant – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel Defendant's and the Colorado Attorney General's compliance with Rules pertaining consumer protections. In support thereof, and in accordance with the Court's Order issued Plaintiff states as follows:

# I.   ARGUMENT

Litigation is not the proper venue to test one's manliness, ego, or sinister abilities to evade and avoid laws meant to protect consumers. Consumers like the Plaintiff, whom are forced to litigate their own cases in Federal Court, need not then be unduly burdened, harassed, or bullied out of the courthouse; due only to attempting to correct egregious business errs easily admitted by Defendants. Plaintiff's plight for justice has not caused Defendants to perform authorized appropriate actions within the confines of the Rules and Orders of this Court; necessitating harsher judicial intervention as requested herein.

As a licensed attorneys and Officers of this Court, Michal Joseph Kaufmann and Dennis Norman Lueck Jr. have knowledge and comprehension of their duties to comply with Fed. R. Civ. P. 11, 26, and 37; to forgo conduct in bad-faith, absent reasonable inquiry into the record in this case, and void of fact and law. Not only have the Defendant and its attorneys caused the Plaintiff to file a motion for sanctions multiple times in this case **(ECF Nos. 103 &166),** the Defendant and its attorneys' disobedience to this Court's Orders (**ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** have also caused Plaintiff to file multiple discovery disputes with the Court, (**ECF Nos. 83, 92, 96, 100, 112, 123, 131, 136, 160, and 165**), to which the Court also had to respond. Defendant and its attorneys continue the oppression of Plaintiff's rights by filing a motion for sanctions and for a protective order **(ECF No. 171)** without any conferral, without even seeking to confer, causing the Plaintiff to file this motion in prayer that in the name of Jesus justice will be given to the Plaintiff in the form of protection from the assault on Plaintiff's resources from those supposed to Officers of this Court and billion-dollar companies with resources to squander by finding in favor of Plaintiff on the FCRA claims and

entering an order of protection ceasing conferral requirements in person or on the phone for the duration of this case. As the conduct of Defendant and its Counsels have unreasonably and vexatiously multiplied proceedings, causing substantial injuries to Plaintiff substantiating sanctions of filing the Third Amended Complaint, as the conduct of Defendant and its Counsels warrant the imposition of punitive damages and costs Plaintiff has incurred as a result.  Finally to resolve all claims through a default judgment against Defendant is tantamount Counsels' and Defendant's deliberate disobedient dilatory discovery dance.

## **Striking and Sanctions Appropriate**

Defendant's motion for protective order begins admitting Plaintiff offered in good-faith to "confer for your motion for protective order," **(ECF 171 at p. 4),** no where does Defendant state he sought to confer nor does Defendant state conferral took place on the protective order; because it never happened because Defendant never sought to confer, **(See ECF No. 166-1),** Defendant only told Plaintiff it would file a protective order. The basis of which was never disclosed to Plaintiff as she sought the rules which limited her ability to "depose any person" *Fed. R. Civ. P. 30(a)(1)* or that required her to "confer on 30b6 topics" **(ECF 171 at p. 4),** to the extent of altering her intended topics, which Defendant never provided because they do not exist. Defendant's continued assault on Plaintiff's credit, health, wealth, and reputation to deprive Plaintiff of the right to due process and equal protections – as noticed by this Court *(See* **ECF No. 165-1 at p.2);** *See also* **(ECF No. 162 at pp.10-14);** *See also* **(ECF No. 161 at pp.17, 28-30)** - under the Rules of Civil Procedure by willfully failing to comply with this Court's Orders concerning discovery, **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** must be abolished swiftly.

Defendant never sought or attempted to confer in any way on sanctions. Multiple Courts have Ordered default judgment when conduct as alleged herein. *United Nuclear Corp. v. General Atomic Co*., is New Mexico's seminal case on the consequences of non-compliance with discovery obligations. Although this case involved a multi-national uranium cartel and over a billion dollars in claimed damages, the court issued a default judgment against a party who failed to comply with discovery obligations where the failure served to obstruct the orderly, efficient and expeditious processing of a case. In justifying its ruling, the court stated:

> The rules of discovery are as equally applicable to cases involving large sums as they are to small; and the obligation to comply with those rules in good faith and to obey the orders of the court is no less incumbent on the largest company than it is on the poorest citizen. Any contrary rule, or any special considerations in a billion dollar case, would be inimical to the most fundamental postulate of our legal system-that before the law, all stand equal. *United* 96 N.M. 155, 242 (1980).

Defendant's Counsel argues that it does not have the ability to prepare its client for a deposition on the topics of: 1) its business practices in general nor specifically with Plaintiff; **(ECF No. 171 at p. 10)**; 2) the documents produced by Defendant; *Id*.; and 3) the policies of the government entity in which the Defendant serviced Plaintiff's loans; *Id.;* is incomprehensible and exposes the egregious extent Defendant seeks to deprive Plaintiff of the truth, of justice. An attorney should minimally be able to prepare its client to discuss the evidence it disclosed during discovery. As Mr. Kaufmann has admitted he is incapable of effectively and efficiently litigating this matter to the extent of not being able to prepare his client to discuss its own evidence *Id.* as the real cause of his disobedience to the Court's Orders, surely substantiates sanctions. Awarding Plaintiff sanctions as three Orders for the exact same thing from this Court substantiates habitual disobedience and equitable justice requires parties to forgo squandering parties and the Court's precious limited resources.

District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC,* 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks omitted). The Court can properly conclude that Counsels and Defendant acted willfully when they disobeyed its Orders. *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc*., 445 U.S. 375, 386 (1980) (holding that those subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"); *Walker v. City of Birmingham*, 388 U.S. 307, 316-17, 320 (1967) (upholding criminal contempt for violation of injunction, even where injunction raised "substantial constitutional issues").

The Rules contemplate an early and free exchange of information. They are to be construed to promote broad discovery so as to allow the parties to learn, to the fullest practicable extent, each other's evidence. *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958). This allows the parties to carefully evaluate the strengths and weaknesses of a case, promotes settlement, and if the dispute cannot be settled, to better be prepared to meet the proofs at the time of trial. By and through all paragraphs in this Motion, Plaintiff has established that Defendant and Counsels discovery dance delayed and prolonged proceedings, and their refusal to obey Orders from this Court, and the vast amount of time and money it has cost the Plaintiff are of such a nature NSL's conduct has hampered Ms. Grays's ability to prosecute her claims.

Permitting recalcitrant Defendant and its Officers of this Court to avoid obligations imposed by the rules of procedure and by the Court's Orders and directives rewards improper conduct at the expense of the more diligent pro se Plaintiff. Too often judges merely scold a party who, as here, skirted obligations imposed by the rules, but then, allow the violations to go unsanctioned. Thus, the violator accrues a benefit while the diligent party is penalized. This is simply unfair.

To avoid a miscarriage of justice, and narrow the issues in dispute before the Court, Plaintiff prays this Court will grant the relief requested.

The aim of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006). Sanctions serve many purposes — deterrence, punishment, compensation, streamlining dockets — but deterrence is the primary goal. (*White v. Gen. Motors Corp*., 908 F.2d 675, 683 (10th Cir. 1990). Successful deterrence works for the benefit of the judicial system as much as of the Plaintiff. Sanctions may be imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987).

This Court has the inherent authority to impose sanctions for bad faith conduct in litigation. *Chambers v. NASCO, Inc*., 501 U.S. 32, 49 (1991) "… [E]ven when there are available sanctions under statutes or various rules including 28 U.S.C. § 1927 and Fed. R. Civ .P. 11, the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *Id.* Chambers. One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or her attorney, or both, when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 38, 45-46 (emphasis added). Pursuant to § 1927, three requirements must be met for liability to be imposed: (1) a multiplication of proceedings by Defendant and its attorneys by failing to obey this Court's Orders; (2) by conduct that can be characterized as unreasonable and vexatious, as the appropriate action is to appeal an Order which on disagrees, not forcing the other party to seek the same relief multiple times; and (3) a resulting increase in the cost of the proceedings as Plaintiff has alleged herein. *Hidahl v. Gilpin County Dept. of Social Services*, 699 F. Supp. 846,

850 (D. Colo. 1988). § 1927 places an affirmative duty on counsel to dispose of unsubstantiated defenses; Rule 37 places affirmative duties upon counsel to uphold the sanctity of the justice system, to comply with Discovery Requests, timely and in full; to conduct all actions in good-faith, to do substantial justice at all times. Counsel can face severe monetary sanctions for breaching these duties. Relief of sanctions under § 1927 should effectively prevent counsel's attempt to bully the *pro se* Plaintiff out of the courthouse, quash the squandering of Court's, and Plaintiff's limited resources and provide a strong disincentive for refusing to drop frivolous defenses.

Defendants' egregious actions, refusing to comply with Rules and Orders in this case time and time again, warrant the additional sanction of default against Defendant. Both parties and counsel may be held personally liable for expenses, including attorneys' fees, caused by the failure to comply with discovery orders. *Roadway, Exp., Inc. v. Piper*, 447 U.S. 752, 763-764 (1980). Counsel should not assist clients who have defrauded unsuspecting consumers in consumer credit transactions and continue making known false statements to counsel and the Court. While a showing of bad faith is not required in the Tenth Circuit before a Court imposes sanctions pursuant to § 1927, *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008), Defendants and counsel have shown bad-faith throughout this litigation.  The Tenth Circuit found that § 1927 "sanctions are not reserved for the worst offenders," because they "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Id.* Hamilton, 519 F.3d at 1203. Ultimately, "any conduct that viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable." *Hamilton v. Boise Cascade Exp*., 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotation marks omitted).

## The Record Supports a Finding of FCRA Violations

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197 (10th Cir. 2008). "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis [or [as is the case here]] when the entire course of proceedings was unwarranted." *Dominion Video Satellite Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269 (10th Cir. 2005).

In Count 1 of ECF No. 59, Ms. Grays asserts various violations of the FCRA, which include failing to provide her with certain requested documentation and providing incorrect information to the Consumer Credit Agencies – who at one time were also Defendants in this instant case who have settled these claims with Plaintiff a long time ago – which caused multiple damages including loss of creditworthiness pursuant to 15 U.S.C. § 1681 et seq. [#59 at 4]. The FCRA provides a private right of action against those who violate its statutory requirements in procuring and using consumer reports. The affected consumer is entitled to actual damages for a negligent violation. 15 U.S.C. § 16810. For a willful violation, however, a consumer may recover statutory damages ranging from $100 to $1,000, punitive damages, and attorney's fees and costs. 15 U.S.C. § 1681n.

The FCRA violations are evident in the record in that, 1) Defendant removed the late payments on one of Plaintiff's accounts; **(ECF No. 104 at pp. 13-14);** 2) the late payments were removed after Plaintiff's and the dismissed Defendant Credit Reporting Agencies' complaints to NSL were erroneously dismissed as frivolous; **(ECF No. 104 at pp. 3-6, 9, );** 3) the late

payments were reported on Plaintiff's credit report in 2014; **(ECF No. 47 at p.6);** and 4) the unlawful reporting of the erroneous late payments constitutes a violation of the reporting requirements of the Fair Credit Reporting Act; **(Expert Reports emailed to the Court pursuant to the Settlement Conference);** and 5) as a result Plaintiff has and continues to suffer from *inter alia* "depression." **(ECF No. 165 at p.3)** *see also* **(ECF No. 140-1).**

## II.   CONCLUSION

**WHEREFORE**, the extent of misconduct by Counsels and Defendant documented herein and elsewhere in the record, substantiates the Court's exercise of its inherent power in this instant case as the interests of judicial economy, equitable justice, and reverence for this Court and the judicial system at large justifying sanctions. Therefore, Plaintiff prays the Court enter an Order of sanctions against Defendants and its Counsels and Order:

a) Finding Defendant and its Counsels in CONTEMPT;

b) ECF No. 171 shall be STRICKEN forthwith;

c) Order the Clerk for an Entry of Default against Defendant on all claims forthwith;

d) ADOPT Plaintiff's FCRA claims as true;

e) Order the filing of the Third Amended Complaint ECF Nos. 103-1 & 103-2);

f) Order protection for the Plaintiff and allow all future conferral to be via email;

g) Modifying the scheduling order and enlarge deponents to allow Plaintiff to depose the investigator and Administrator,

h) Set the depositions to happen in 120 days in accordance with Plaintiff's schedule and sequence

i) Set the dispositive motion deadline to 150 days;

j)   Award Plaintiff reasonable costs and expenses incurred in all discovery disputes and

motions to be provided to the Court within fourteen (14) days of any Order granting this

Motion;

k)   Other relief this Court deems just and proper.

Respectfully Submitted,

_/s/ Tiffany Grays, pro se_

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*
v
Navient Solutions, et al

**20-cv-00452-WJM-SKC**

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **PLAINTIFF'S MOTION TO STRIKE, FOR SANCTIONS AND PROTECTIVE ORDER**

Dennis N. Lueck
dlueck@spencerfane.com
Michael Kaufmann
mkaufmann@spencerfane.com
***Counsel for Navient Defendant***

Kevin J. Burns
Kevin.Burns@coag.gov
Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act***

_/s/ Tiffany Grays, pro se_

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com