IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

        Defendants.

## DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION (ECF NO. 180)

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits this response in opposition to Plaintiff's omnibus "Motion to Strike, for Sanctions and [for a] Protective Order." (ECF No. 180) ("the Omnibus Motion"). The Omnibus Motion should be denied in its entirety.

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On May 4, 2022, Plaintiff filed her Omnibus Motion. The Omnibus Motion follows on the heels of two additional motions Plaintiff filed on March 25, 2022: "Plaintiff's Motion to Compel Nikolai N. Frant and the Consumer Protection Section of the Consumer Credit Enforcement Unit in the Colorado Department of Law in the Colorado Attorney General's Office and Stay Proceedings" (ECF No. 165); and "Plaintiff's Motion to Compel Defendant's Compliance With Discovery Rule, [for] Sanctions, to Amend the Scheduling Order, and [to] Stay Proceedings" (ECF No. 166). Also pending is NSL's April 8, 2022 Motion for Protective Order ("NSL's MPO"). (ECF

No. 171.) All of these motions filed before the Omnibus Motion have been fully briefed and are ripe for decision.

In her Omnibus Motion, Plaintiff requests the Court strike NSL's MPO—notwithstanding the fact that Plaintiff has already filed a response (ECF No. 179)—and grant her an agglomeration of other relief, including sanctions and a finding of contempt. (*See* ECF No. 180 at 12–13.)

Specifically, Plaintiff asks the Court for the following relief:

- Finding Defendant and its Counsels in CONTEMPT;
- ECF No. 171 shall be STRICKEN forthwith;
- Order the Clerk for an Entry of Default against Defendant on all claims forthwith;
- ADOPT Plaintiff's FCRA claims as true;
- Order the filing of the Third Amended Complaint ECF Nos. 103-1 & 103-2);
- Order protection for the Plaintiff and allow all future conferral to be via email;
- Modifying the scheduling order and enlarge deponents to allow Plaintiff to depose the investigator and Administrator,
- Set the depositions to happen in 120 days in accordance with Plaintiff's schedule and sequence
- Set the dispositive motion deadline to 150 days;
- Award Plaintiff reasonable costs and expenses incurred in all discovery disputes and motions to be provided to the Court within fourteen (14) days of any Order granting this Motion;
- Other relief this Court deems just and proper.

(ECF No. 180 at 12-13).

As detailed below, Plaintiff's Omnibus Motion is frivolous and should be denied.

## II. THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO STRIKE NSL'S MOTION FOR PROTECTIVE ORDER (ECF NO. 171)

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has held that it may also strike motions and other non-pleadings in certain circumstances, observing that "the Tenth Circuit has indicated that the court has discretion to strike materials that are in non-compliance with the Local Rules." *Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan For Emps.*, Case No. 1:08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec.

23, 2009) (citing *In Re Hopkins*, No. 98–1186, 1998 WL 704710, at *3 n.6 (10th Cir.1998) (unpublished)). Still, "motions to strike are generally disfavored both because striking a pleading or part of a pleading"—or, presumably, a motion—"is a drastic remedy and because such motions are often made as a dilatory tactic." *Teliax, Inc. v. Verizon Servs. Corp.*, No. 1:18-CV-00104-RM-MEH, 2019 WL 1755290, at *1 (D. Colo. Apr. 19, 2019).

Plaintiff has not shown that NSL's MPO failed to comply with any Local Rules. Instead, her contention that it must be stricken boils down to the assertion that "no where [sic] does Defendant state he [sic] sought to confer nor does Defendant state conferral took place on the protective order; because it never happened because Defendant never sought to confer," and that "Defendant never sought or attempted to confer in any way on sanctions." (ECF No. 180 at 6–7.) This is plainly false (and plaintiff knows it).

NSL's numerous attempts to confer with Plaintiff have been discussed at length; indeed, the first four pages of NSL's MPO detail NSL's counsel's extensive attempts to confer with Plaintiff about her deposition notice and the topics stated therein. (*See* ECF No. 171 at 1–4.) Plaintiff refused to participate in conferral, which she deemed to be a "waste [of] time," and falsely asserted that there was no "rule which requires conferral on 30b6 topics." (*Id.* at 4.) Plaintiff demonstrated that any further attempts to confer would be utterly futile. (*See id.* at 1–4.) Plaintiff's refusal to confer precipitated NSL's MPO and formed the basis for its request for sanctions for her bad-faith conduct.[1] Counsel explained this to Plaintiff before she filed her Omnibus Motion. (*See generally* Ex. 1, Conferral Emails.)

---

[1] The merits of Plaintiff's Omnibus Motion aside, there is no reason for the Court to strike NSL's MPO—Plaintiff has already filed a response. (ECF No. 179.)

Although Plaintiff's Omnibus Motion weighs in at fourteen (14) pages, she offers no substantive basis for the Court to strike NSL's MPO. Therefore, Plaintiff's request to strike is meritless and should be denied.

### III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR MISCELLANEOUS SANCTIONS AND RELIEF

Applying the old legal maxim, "the best defense is a good offense," Plaintiff spends the remainder of her Omnibus Motion requesting a potpourri of miscellaneous sanctions and other relief (collectively, the "Miscellaneous Relief"). (*See* ECF No. 180 at 12–13.) Plaintiff's arguments in support of her request for Miscellaneous Relief are borrowed almost entirely from her earlier motions, responses, replies, and objections filed in this case and can best be described as a disjointed diatribe about alleged discovery infractions committed by NSL and its counsel. (*Compare* ECF No. 180, *with* ECF Nos. 103, 111, 119, 130, 165, 166, 177, 178, 179.).

Plaintiff's request for Miscellaneous Relief has no merit. As NSL has pointed out each of the many times Plaintiff has demanded these same sanctions, NSL has complied with all applicable rules and orders. Plaintiff has not shown otherwise. Therefore, NSL incorporates its responses to Plaintiff's earlier requests for sanctions against NSL and the rest of her prior requests. (*See* ECF No. 110 at 9–17; ECF No. 135 at 6–9; ECF No. 174 at 1–11; ECF No. 175 at 1–2; ECF No. 182 at 1–5, 13–14.)[2]

Plaintiff's request for Miscellaneous Relief should be denied.

### IV. CONCLUSION

NSL requests that the Court deny Plaintiff's Omnibus Motion (ECF No. 180) in its entirety.

---

[2] Further, Plaintiff did not request to confer with NSL about her Miscellaneous Relief before filing the Omnibus Motion. Plaintiff only sought to confer about her request to strike NSL's MPO; she never mentioned any other relief. (*See generally* Ex. 1.) Ironically, there is a stronger case for striking Plaintiff's Omnibus "Motion to Strike, [etc.]" than there is for striking NSL's MPO.

Dated: May 25, 2022.

                                               **SPENCER FANE LLP**

                                        By:   *s/Dennis N. Lueck, Jr.*
                                                   Dennis N. Lueck, Jr.
                                                   1700 Lincoln Street, Suite 2000
                                                   Denver, CO 80203
                                                   Telephone: 303.839.3733
                                                   Facsimile:  303.839.3838
                                                   Email: dlueck@spencerfane.com

                                                   *Attorneys for Defendant,*
                                                   *Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com


   /s/ Maria Salinas
for Spencer Fane LLP

DN 6826534.1