UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Tiffany Grays, *pro se* <br> *Plaintiff(s)* <br><br> - V - <br><br> Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc. <br> *Defendant(s)* | Case No. **20-cv-00452-WJM-SKC** |

**PLAINTIFF'S UNOPPOSED MOTION FOR SANCTIONS AND TO STRIKE DEFENDANT'S EXHIBITS ECF NOS. 183-2 TO 183-9 AND 184-1**

Tiffany Grays, *pro se* Plaintiff, respectfully requests this Court strike Defendant's exhibits ECF Nos. 183-2 to 183-9 and enter sanctions against Defendant and its Counsel, as Defendant by and through its Counsel Mr. Lueck have willfully failed to comply with D.C.COLO.LCivR 7.2(a) requiring the public to have access to information in the record to the extent possible through redactions versus restricting documents, willfully failing to motion the Court to restrict all exhibits that have information which should not be disclosed to the public in violation of D.C.COLO.LCivR 7.2(b), willfully failing to state why no alternative to restriction will adequately protect the interest in question in violation of D.C.COLO.LCivR 7.2(c)(4), and willfully failing to comply with the Court's Order ECF No. 53; all which has again vexatiously multiplied proceedings through forcing the Plaintiff to seek the relief requested herein, which has caused emotional distress and the squandering of Plaintiff's resources. All of which further

1

substantiates Defendant's and its Counsel's habitual disobedience to multiple Orders by this Court **(ECF No. 53; ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** and thereby creating an undue burden upon the pro se Plaintiff which is inimical of Defendant's predatory[1] practices prior to and throughout this litigation causing Plaintiff to be denied equal protections and privileges guaranteed to Plaintiff by the Fourteenth Amendment of the U.S. Constitution, to be free from those who "abridge[s] the privileges of citizens of the United States [like Plaintiff and] deprive[s] [Plaintiff] of life [and] liberty," *Fourteenth Amendment Section 1*. Plaintiff incorporates by reference her replies and motion that outline Counsels' and Defendant's dilatory discovery dance abusing the legal process and vexatiously multiplied proceedings, ECF Nos. 166 and 178.

[1] https://www.forbes.com/advisor/student-loans/navient-student-loan-settlement/

## I. CERTIFICATION

Plaintiff in good-faith conferred with Counsel for Defendant in this matter on May 23-26, 2022. Mr. Lueck failed to respond at all, making this motion unopposed. On May 23, 2022, Plaintiff notified Mr. Lueck - as his second co-counsel in this case no longer "works" (ECF No. 189-1 at p. 5) at the firm of Mr. Lueck after the filing of a Motion for Sanctions by Plaintiff – that Plaintiff believes additional restriction in the form of striking is appropriate as the "Exhibits 2-9" (189-1 at p. 6) contains personal identifying information of Plaintiff and/or information that is in violation of the Court's Order ECF No. 53 and Fed. R. Civ. P. 5.2(a). While Mr. Lueck admitted the errs of failing to comply with Order ECF No. 53 and Fed. R. Civ. P. 5.2(a), as Mr. Lueck states "We can substitute exhibits where any info was not redacted," (189-1 at p. 3), he at no point opposes the relief requested herein.

## II.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("Defendant") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. Defendant then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. Defendant continues to harm Plaintiff through an effort to engorge on ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed through monies which accrued from an account which was not Plaintiff's. Defendant continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by Defendant – the promised six-month grace-period upon exiting school, as Defendant can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendant's actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. Defendant continues to harm the pro se Plaintiff by intently squandering her resources through vexatiously multiplying proceedings as outlined herein, therefore it appears to Plaintiff that Defendant – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel

Defendant's and its Counsel's compliance with Rules and Orders of this Court through striking and sanctions. In support thereof Plaintiff states as follows:

## I.   ARGUMENT

Litigation is not the proper venue to test one's manliness, ego, or sinister abilities to evade and avoid laws meant to protect consumers. Consumers like the Plaintiff, whom are forced to litigate their own cases in Federal Court, need not then be unduly burdened, harassed, or bullied out of the courthouse; due only to attempting to correct egregious business errs easily admitted by Defendants. Plaintiff's plight for justice has not caused Defendant or its Counsel to perform authorized appropriate actions within the confines of the Rules and Orders of this Court; necessitating harsher judicial intervention as requested herein.

As a licensed attorney and Officer of this Court, Dennis Norman Lueck Jr. ("Counsel") has knowledge and comprehension of his duties to comply with Fed. R. Civ. P. 11 and 26; to forgo conduct in bad-faith, absent reasonable inquiry into the record in this case, and void of fact and law. Not only have the Defendant and its attorneys caused the Plaintiff to file a motion for sanctions multiple times in this case **(ECF Nos. 103 &166),** the Defendant and its attorneys' disobedience to this Court's Orders (**ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** have also caused Plaintiff to file multiple discovery disputes with the Court, (**ECF Nos. 83, 92, 96, 100, 112, 123, 131, 136, 160, and 165**), to which the Court also had to respond. Counsel continues the oppression of Plaintiff's rights by egregiously failing to adhere to Order ECF No. 53, Fed. R. Civ. P. 5.2(a), and D.C.COLO.LCivR 7.2(a) - (c)(4).

As confirmed by Counsel, "pursuant to the terms of the Stipulated Protective Order. (*See* SCF No. 53)." **(ECF No. 189 at p. 2).** Documents marked ""Confidential"" *Id*., are to be "Restricted Level 1." *Id.* While having this knowledge Mr. Lueck decided to forgo seeking to

4

restrict Exhibits 2 and 3, ECF Nos. 189-2 and 189-3, which is factually marked Confidential on the bottom of each page. When asked, Mr. Lueck responds to Plaintiff's request to confer on her motion to strike the exhibit that ", it makes no difference to," **(ECF No. 189-1 at p. 1)** him, whether Exhibit 2 is filed restricted. Yet, Mr. Lueck fails to perform the simple action of adding exhibits 2 or 3 to his motion, evidently intently because the Plaintiff asked Mr. Lueck to do so. This bad-faith conduct substantiated as Mr. Lueck is very familiar with the "Stipulated Protective Order" **(ECF No. 189 at p. 2),** issued by this Court, further acknowledging that documents marked ""Confidential,"" *Id.,* are required to be restricted. Why Mr. Lueck did not take the minimally compliant step of adding Exhibits 2 and 3 to his motion even after notice and confirmation of the request as unopposed, knowing that in doing so, Plaintiff would have this motion substantiates the vexatiousness of Counsel's conduct substantiating sanctions and striking forthwith.

      Multiple Courts have Ordered default judgment when conduct as alleged herein. *United Nuclear Corp. v. General Atomic Co*., is New Mexico's seminal case on the consequences of non-compliance with discovery obligations. Although this case involved a multi-national uranium cartel and over a billion dollars in claimed damages, the court issued a default judgment against a party who failed to comply with discovery obligations where the failure served to obstruct the orderly, efficient and expeditious processing of a case. In justifying its ruling, the court stated:

> The rules of discovery are as equally applicable to cases involving large sums as they are to small; and the obligation to comply with those rules in good faith and to obey the orders of the court is no less incumbent on the largest company than it is on the poorest citizen. Any contrary rule, or any special considerations in a billion dollar case, would be inimical to the most fundamental postulate of our legal system-that before the law, all stand equal. *United* 96 N.M. 155, 242 (1980).

Defendant's Counsel's conduct factually supported in the record establishes his knowing refusal to comply with discovery obligations in ECF No. 53 and this failure has served to obstruct the orderly, efficient and expeditious processing of this case by forcing Plaintiff to write this motion in lieu of her writing her Reply on her other motion, depriving her of enjoyment of life, emotional distress, as well as causing the Court to consider and issue a determination on the subject matter here in; all of which would have been avoided had Counsel complied with either this Court's Order ECF No. 53, Plaintiff's unopposed request, **(ECF No. 189-1 at p. 1),** and/or Counsel's own statements. **(*Id.* 189 at p. 2).** Mr. Lueck's failure likewise constitutes a violation of Fed. R. Civ. P. 5.2(a) as there is a "court order", *Fed. R. Civ. P. 5.2(a),* and D.C.COLO.LCivR 7.2(b) as all exhibits that have information which should not be disclosed to the public should be restricted. Mr. Lueck's mendacity is further substantiated has he in fact requests the Court restrict "Exhibits 4, 5, 7, 8, and 9" because of the "confidentia[l]" **(*Id.* 189 at p. 2),** information they contain. Exhibits 4, 5, and 9 are not marked confidential where as Exhibit 2 is, yet Mr. Lueck forgoes requesting restriction for Exhibit 2; even after requesting . Given the totality of errs the conduct of Mr. Lueck can be construed as willfully failing to adhere to the Orders and Rules of this Court.

Mr. Lueck initially stated that he would "substitute" **(189-1 at p. 3)** exhibits which are in non-compliance, yet in lieu of performing this promised appropriate action of redaction and substitution, Mr. Lueck looks to disobey multiple sections of D.C.COLO.LCivR 7.2, by asking the Court to issue a blanket restriction on "exhibits 4, 5, 6, 7, 8, and 9," **(ECF No. 189-1 at p. 1),** while knowing that every page of each exhibit does not meet the requirements for restriction and that in by performing proper redaction, the exhibits could still be made available to the public. All of which further substantiates the bad-faith with which Plaintiff has had to contend.

Fed. R. Civ. P. 5.2(a) and D.C.COLO.LCivR 7.2(a) require the public to have access to information in the record to the extent possible through redactions versus restricting documents. Mr. Lueck's motion (ECF No. 189) fails to articulate why redaction of the pieces of the Plaintiff's personal information subject to Fed. R. Civ. P. 5.2(a) and D.C.COLO.LCivR 7.2(a) cannot be performed in lieu of restriction, in violation of D.C.COLO.LCivR 7.2(c)(4). Mr. Lueck's egregious misrepresentation to the Court that the requested documents contain proprietary information is factually untrue.

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and quotation marks omitted). The presumption favoring public access is strong where the documents are used to determine litigants' substantive legal rights. *See Riker v. Fed. Bureau of Prisons*, 315 F.App'x 755 (10th Cir. 2009) (unpublished).

Each and every page of Exhibit 4 is a loan application and Promissory Note between the federal government and Plaintiff. This information is not the Defendant's information let alone Defendant's proprietary information. Furthermore, as Counsel failed to seek to restrict Exhibit 6 which is another set of the Promissory Notes the request to restrict exhibit 4 is made because it egregiously discloses Plaintiff's full SSN. In lieu of redacting, Mr. Lueck misrepresents privilege to the Court inconsistent with his own explanation as Exhibit 6 is not privileged. Substantiating sanctions and striking.

Exhibit 5 is an In-School Deferment Request form created by the U.S. Department of Education as identified in the seal in the upper left-hand corner, thus is also not Defendant's proprietary information. See ECF No. 189-5 at p.1. To the extent that pages of Exhibit 5 are from both Defendant and the U.S. Department of Education, these documents fail to contain any

7

information which would be proprietary as many of the pages are bills and notices sent to Plaintiff that are consistent with many other bills and notices sent to the public from other entities. In lieu of redacting the account number on each of these pages in order to comply with the Rules, Mr. Lueck decided to circumvent the rules through seeking restriction.

Exhibits 8 (ECF No. 184-1) and 9 (ECF No. 183-7) go the performance of Article III duties of Plaintiff, in by establishing her accounts with Defendant and the information Defendant reported to Credit Reporting Agencies on these accounts. Accordingly, the presumption in favor of public access is arguably strong, especially given the fact that the only interest noted is Defendant's blanket assertion of privilege, the interest of Defendant fails to outweigh the public interest, substantiating the relief requested herein. Furthermore, as these documents are not marked "Confidential" they would not be protected under ECF No. 53, which substantiates the illegitimate argument by Counsel and Defendant within ECF No. 189 and this Court's swift judicial intervention of sanctions and striking to deter disobedient Defendant and Counsel. Proprietary information involves some element of invention that is worth guarding because it inures to the benefit of the owner. There is nothing in any of the Exhibits or in the motion which substantiates the information as proprietary in nature, therefore Mr. Lueck willfully failed to state why no alternative to restriction will adequately protect the interest in question in violation of D.C.COLO.LCivR 7.2(c)(4); all which has again vexatiously multiplied proceedings through forcing the Plaintiff to seek the relief requested herein, which has caused emotional distress and the squandering of Plaintiff's resources.

District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC,* 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks omitted). The Court can properly

conclude that Counsels and Defendant acted willfully when they disobeyed its Orders. *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc*., 445 U.S. 375, 386 (1980) (holding that those subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"); *Walker v. City of Birmingham*, 388 U.S. 307, 316-17, 320 (1967) (upholding criminal contempt for violation of injunction, even where injunction raised "substantial constitutional issues").

Defendant's and Counsel's squandering of Plaintiff's time, energy, and money it costs to defend against Defendant's and Counsel's disobedience are of such a nature that the conduct has hampered Ms. Grays's ability to prosecute her claims. Permitting recalcitrant Defendant and its Officers of this Court to avoid obligations imposed by the rules of procedure and by the Court's Orders and directives rewards improper conduct at the expense of the more diligent pro se Plaintiff. Too often judges merely scold a party who, as here, skirted obligations imposed by the rules, but then, allow the violations to go unsanctioned. Thus, the violator accrues a benefit while the diligent party is penalized. This is simply unfair. To avoid a miscarriage of justice, and narrow the issues in dispute before the Court, Plaintiff prays this Court will grant the relief requested.

The aim of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006). Sanctions serve many purposes — deterrence, punishment, compensation, streamlining dockets — but deterrence is the primary goal. (*White v. Gen. Motors Corp*., 908 F.2d 675, 683 (10th Cir. 1990). Successful deterrence works for the benefit of the judicial system as much as of the Plaintiff. Sanctions may be imposed under § 1927 "for conduct that, viewed

objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987).

This Court has the inherent authority to impose sanctions for bad faith conduct in litigation. *Chambers v. NASCO, Inc*., 501 U.S. 32, 49 (1991) "… [E]ven when there are available sanctions under statutes or various rules including 28 U.S.C. § 1927 and Fed. R. Civ .P. 11, the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *Id.* Chambers. One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or her attorney, or both, when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 38, 45-46 (emphasis added). Pursuant to § 1927, three requirements must be met for liability to be imposed: (1) a multiplication of proceedings by Defendant and its attorneys by failing to obey this Court's Orders; (2) by conduct that can be characterized as unreasonable and vexatious, as the appropriate action is to appeal an Order which on disagrees, not forcing the other party to seek the same relief multiple times; and (3) a resulting increase in the cost of the proceedings as Plaintiff has alleged herein. *Hidahl v. Gilpin County Dept. of Social Services*, 699 F. Supp. 846, 850 (D. Colo. 1988). § 1927 places an affirmative duty on counsel to dispose of unsubstantiated defenses; Rule 37 places affirmative duties upon counsel to uphold the sanctity of the justice system, to comply with Discovery Requests, timely and in full; to conduct all actions in good-faith, to do substantial justice at all times. Counsel can face severe monetary sanctions for breaching these duties. Relief of sanctions under § 1927 should effectively prevent counsel's attempt to bully the *pro se* Plaintiff out of the courthouse, quash the squandering of Court's, and Plaintiff's limited resources and provide a strong disincentive for refusing to drop frivolous defenses.

Defendant's egregious actions, refusing to comply with Rules and Orders in this case time and time again, warrant the additional sanction of default against Defendant. Both parties and counsel may be held personally liable for expenses, including attorneys' fees, caused by the failure to comply with discovery orders. *Roadway, Exp., Inc. v. Piper*, 447 U.S. 752, 763-764 (1980). Counsel should not assist clients who have defrauded unsuspecting consumers in consumer credit transactions and continue making known false statements to counsel and the Court. While a showing of bad faith is not required in the Tenth Circuit before a Court imposes sanctions pursuant to § 1927, *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008), Defendant and Counsel have shown bad-faith throughout this litigation. The Tenth Circuit found that § 1927 "sanctions are not reserved for the worst offenders," because they "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Id.* Hamilton, 519 F.3d at 1203. Ultimately, "any conduct that viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable." *Hamilton v. Boise Cascade Exp*., 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotation marks omitted).

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197 (10th Cir. 2008). "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis [or [as is the case here]] when the entire course of proceedings was unwarranted." *Dominion Video Satellite Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269 (10th Cir. 2005).

In Count 1 of ECF No. 59, Ms. Grays asserts various violations of the FCRA, which include failing to provide her with certain requested documentation and providing incorrect information to the Consumer Credit Agencies – who at one time were also Defendants in this instant case who have settled these claims with Plaintiff a long time ago – which caused multiple damages including loss of creditworthiness pursuant to 15 U.S.C. § 1681 et seq. [#59 at 4]. The FCRA provides a private right of action against those who violate its statutory requirements in procuring and using consumer reports. The affected consumer is entitled to actual damages for a negligent violation. 15 U.S.C. § 16810. For a willful violation, however, a consumer may recover statutory damages ranging from $100 to $1,000, punitive damages, and attorney's fees and costs. 15 U.S.C. § 1681n.

The FCRA violations are evident in the record in that, 1) Defendant removed the late payments on one of Plaintiff's accounts; **(ECF No. 104 at pp. 13-14);** 2) the late payments were removed after Plaintiff's and the dismissed Defendant Credit Reporting Agencies' complaints to NSL were erroneously dismissed as frivolous; **(ECF No. 104 at pp. 3-6, 9, );** 3) the late payments were reported on Plaintiff's credit report in 2014; **(ECF No. 47 at p.6);** and 4) the unlawful reporting of the erroneous late payments constitutes a violation of the reporting requirements of the Fair Credit Reporting Act; **(Expert Reports emailed to the Court pursuant to the Settlement Conference);** and 5) as a result Plaintiff has and continues to suffer from *inter alia* "depression." **(ECF No. 165 at p.3)** *see also* **(ECF No. 140-1).** Thus, Defendant's unwillingness to settle as all other Defendants in this case establishes these proceedings as unnecessary, harassing, intending to embarrass Plaintiff and prolong Plaintiff's suffering through vexatiously litigating this case.

## II.   CONCLUSION

**WHEREFORE**, As the conduct of Defendant and its Counsel Mr. Lueck have unreasonably and vexatiously multiplied proceedings, causing substantial injuries to Plaintiff substantiating the relief requested herein. The extent of misconduct by Counsel and Defendant documented herein and elsewhere in the record, substantiates the Court's exercise of its inherent power in this instant case as the interests of judicial economy, equitable justice, and reverence for this Court and the judicial system at large justify striking and sanctions. Therefore, Plaintiff prays the Court enter an Order of sanctions against Defendant and its Counsel and Order:

a)  ECF Nos. 189-2 to 189-9 and 184-1 shall be STRICKEN forthwith;

b)  Order the Clerk for an Entry of Default against Defendant on all claims forthwith;

c)  ADOPT Plaintiff's FCRA claims as true;

d)  Award Plaintiff reasonable costs and expenses incurred in all discovery disputes and motions to be provided to the Court within fourteen (14) days of any Order granting this Motion;

e)  Other relief this Court deems just and proper.


Respectfully Submitted,


  /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*　　　　　　　　　　　　　　　　**20-cv-00452-WJM-SKC**
　　　v
Navient Solutions, et al

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT: **PLAINTIFF'S UNOPPOSED MOTION FOR SANCTIONS AND TO STRIKE DEFENDANT'S EXHIBITS ECF NOS. 183-2 TO 183-9 AND 184-1**

| | |
|---|---|
| Dennis N. Lueck | Kevin J. Burns |
| dlueck@spencerfane.com | Kevin.Burns@coag.gov |
| **Counsel for Navient Defendant** | Nikolai N. Frant, Esq. |
| | Nikolai.Frant@coag.gov |
| | Consumer Protection Section |
| | Consumer Credit Enforcement Unit |
| | Colorado Department of Law |
| | Ralph L. Carr Colorado Judicial Center |
| | **Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act** |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Tiffany Grays, pro se

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tiffany Grays
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 472322
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Aurora, CO  80047
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(720) 623-1883
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Legalgrays@gmail.com