UNITED STATES DISTRICT COURT
for the
District of Colorado

Tiffany Grays, *pro se*
*Plaintiff(s)*

- V -

Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc.
*Defendant(s)*

Case No. **20-cv-00452-WJM-SKC**

---

### PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE, FOR SANCTIONS AND PROTECTIVE ORDER

---

By and through Defendant and Michael Joseph Kaufmann and Dennis Norman Lueck Jr. ("Counsel") all "Counsels") Response (ECF No. 188) have confirmed causation to grant the relief requested by Ms. Tiffany Grays, *pro se* Plaintiff, as Defendant's habitual "disobedience" to multiple Orders pertaining to Defendant's dilatory deposition dance only affirms Defendant's and its Counsels' conduct has created an undue burden upon the Plaintiff and vexatiously multiplied these proceedings substantiating sanctions, striking, and protection.

## I.   ARGUMENT

"Our mission is to serve the public by providing a fair and impartial forum that ensures equal access to justice in accordance with the rule of law, protects rights and liberties of all persons, and resolves cases in a timely and efficient manner." *The District of Colorado*[1,2].

1

[1] http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/LocalRules/CivilLocalRules.aspx

[2] http://www.cod.uscourts.gov/Portals/0/Documents/Judges/SKC/SKC_Civil_Practice_Standards.pdf?ver=2021-05-07-104227-920

This case at issue for over two years has yet to even conclude discovery as indicated in Defendant's Motion for a Status Hearing, affirming that said issues have this case "off track" yet these issues were caused by each attorney for Defendant failing to perform the actions required under the rule of law (Fed. R. Civ. P. 11, 26, 30) and this Court's discovery Orders; resulting in depriving Plaintiff of the fair and impartial forum that ensures equal access to justice by resolving this case in a timely and efficient manner as evident in this 195th filing in this case.

Throughout the Response, Defendant fails to cite any conferral statement in any of the more than "100" emails that shows Defendant ever sought to confer on sanctions or the protective order. Mr. Lueck asserts that conferral on Counsels' intent indifference to the Orders **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2),** of this Court to set a date for the depositions through seeking to confer on 30b6 topics is translation into conferral on a protective order and sanctions is utter ridiculousness and in direct contradiction of conferral. Even if the basis for the protective order and sanction motions is similar to or even if identical to the basis for conferral on 30b6 topics it still does not mean conferral on the protective order and sanctions is conferral on 30b6 topics, nor vice versa. Further substantiation to grant Plaintiff relief is Defendant's Response is void of any citation to the record which shows Defendant sought to comply with the duplicative Orders of this Court, to set the date for the depositions as not once did Counsel provide a date for depositions that included the stipulations imposed by the Court, because like the conferral on the protective order and sanctions it doesn't exist.

Defendant and Counsels' abuse of process vexatiously multiplying proceedings is further evident in the argument that conferral on the 30b6 topics did not take place even as the record reflects many emails were sent between parties on the 30b6 topics and parties have from the beginning and through today confer via email on issues, yet Defendant and Counsels argue that conferral on 30b6 topics must occur via phone in order to satisfy conferral requirements is utter ridiculousness. Nothing in any of Defendant's Motions **(ECF No. 171)** or Responses **(ECF Nos. 174, 175, 182)** have addressed that Fed. R. Civ. P. 30(b)(6) says conferral can take place "**before,**" or after the notice of deposition and that Plaintiff has had verbal and written conferrals with each and every counsel for Defendant on the 30b6 topics satisfies the conferral requirements is further substantiation of Defendant and Counsels mendacity and granting Plaintiff sanctions, striking, and protections.  Finally, as indicated in the record, Plaintiff asked Mr. Kaufmann to call her to confer on the 30b6 topics via phone, **(ECF No. 179-1 at p. 14),** and in lieu of performing such action, Mr. Lueck remained unresponsive and Mr. Kaufmann sought antagonize Plaintiff by responding only via email. *Id*. Defendant's Responses fails to articulate why in two years of litigation, Defendant has still failed to disclose any respondent(s) to the 30(b)(6) deposition request – even the parts uncontested **(ECF No. 171 at pp.8-9)** by Defendant, when the Rules require such disclosure substantially supports sanctions.

The Response fails to address the mendacity of Mr. Kaufmann in failing to set a time and date to confer as indicated in the Certification **(ECF No. 180 at I),** nor Mr. Lueck's complete silence on the matter, *Id.,* thus the relief requested should be considered unopposed, as not doing so rewards the continued conferral non-compliance of Defendant and its Counsels. Mr. Lueck's continued unresponsiveness *Id*., - not addressed in any Response **(ECF Nos. 174, 175, 182)** - through his failure to respond at all to Plaintiff's request to confer in addition to Mr. Kaufmann's

3

express conferral denials and failure to seek or confer after his "friend's wedding," **(ECF No. 174 at p.2)**, "two months later," *Id*., substantiates Mr. Lueck's intentional misrepresentation to this Court that Plaintiff failed to "confer with NSL," **(ECF No. 188 at p. 4),** on 30b6 topics and on the relief requested in her motions and is only further indicative of the bad-faith Defendant and Counsels have exhibited throughout this case; substantiating default judgment in Plaintiff's favor. Plaintiff sought to confer. **(*See* ECF No. 165-1 at pp. 16-17; *See also* ECF No. 166-1 at p.17; *See also* ECF No. 171 at p.4; *See also* ECF No. 174 at p.2).** Defendant and Counsels continue misrepresentations to the Court by stating that they have complied with the Rules and Orders, by arguing "Fed. R. Civ. P. 26(a)(1)(A)(i)," **(ECF No. 174 at p.4),** requires both the identification and contact information, Defendant's identification of persons without contact information in response to Plaintiff's Interrogatory 14 somehow satisfies the discovery Rules and that Plaintiff failed to articulate a failure. **(ECF No. 188 at p. 3).** Preposterous arguments which express the egregious conduct of Defendant and Counsels throughout this instant case as Plaintiff articulated the failure to provide "contact information," **(ECF No. 174 at p.3),** for individuals identified and that Defendant's argument that amending the disclosures identifying individuals as a response to a discovery request subverts the requirements under Rule 26.

Without citing any case law Mr. Lueck argues Plaintiff's response to Defendant's MPO preempts the Court's inherent power to strike. **(ECF No. 188 at p.3).** Such argument is utter ridiculousness as it supersedes the Rules and unilaterally strips this Court of its powers to the benefit of Defendant, all of which is further indicative of Defendant's and Counsels' bad-faith conduct with which Plaintiff has had to contend throughout this case, substantiating the relief prayed for. The bad-faith is further established in Defendant's position that the Rules of this Court which permit motions to be 15 pages and Plaintiff's use of the allotment as her Motion

4

"weighs in at fourteen (14) pages," **(ECF No. 188 at p.4),** is somehow incorrect even while Defendant sought **(ECF No. 168)** and received **(ECF No. 170),** an enlargement for its MPO that "weighs" in at 5 pages over the limit is utter ridiculousness and another frivolous argument by Defendant and its Counsels'. The merits of Plaintiff's Motion are supported in the absence - prior to and after Defendant's Responses and Motions - of any proof that Defendant sought to confer on sanctions nor the protective order sought by Defendant in ECF No. 171. Furthermore, as the 30b6 topics and the resulting motions for sanctions and protective order filed by Defendant concerns discovery disputes and this Court's explicit instructions regarding such disputes, and as Defendant never sought to contact the Court, the Motion should be stricken and sanctions awarded to Plaintiff.

Defendant and its Counsels attempt to use Plaintiff's prior statements and arguments in previous filings as substantiation of "a disjointed diatribe" **(ECF No. 188 at p.4)** only establishes Defendant's Response as vexatiously verbose in an effort to distract the Court and depress its dilatory discovery disobedience to this Court's Orders. **(ECF No. 101 at p.1; ECF No. 134 at p.1; ECF No. 160 at p.2).** To be certain, any argument in opposition could be considered diatribe. Diatribe is "a bitter and abusive speech or piece of writing." https://www.merriam-webster.com/dictionary/diatribe Counsels and Defendant's determination that Plaintiff following the rules which require Plaintiff and Defendant - even though Defendant has ignored this rule by seeking relief in response to Plaintiff's motions in ECF Nos. 178 at p.2; - to request relief separately from objections and responses - even though the facts are pertinent to motions may likewise be pertinent to objections and responses - as substantiation of said filings as "disjointed, diatribe[, or] omnibus" **(ECF No. 188 at p.4)** to decline Plaintiff the relief requested is utter ridiculousness and expresses Defendant and its Counsels sinister motives. In the end, even while

Defendant and Counsels argue "disjointed, diatribe[, or] omnibus," *Id.,* motions, responses, and/or objections are errs, Defendant and Counsels conclude the Response with its own "disjointed, diatribe[, or] omnibus" *Id.,* incorporation of prior requests and responses in response to Plaintiff's "prior requests[;]" *Id.;* which only further substantiates the ill-logical retaliatory bad-faith conduct of Defendant and Counsels with which Plaintiff has had to contend throughout this litigation all of which substantiates sanctions against Defendant and its Counsels.

## II.   CONCLUSION

As "the size of her [Plaintiff's] pocketbook should not be dispositive when "an interest far more precious than any property right" is at stake," *Santosky v. Kramer*, 455 U.S. 745. The rules of discovery are as "equally applicable to… billion dollar," *United Nuclear Corp. v. General Atomic Co*., 96 N.M. 155, 242 (1980), Defendant as they are to "poorest citizen" *Id.,* Plaintiff. "Any contrary rule or any special considerations would be inimical to the most fundamental postulate of our legal system-that before the law, all stand equal." *Id.* Plaintiff's adherence to the Rules and Orders of this Court have indeed been scrutinized and Plaintiff Ordered to strict compliance, (See ECF No. 5; See also ECF No. 78; See also ECF No. 124; ECF Nos. 137 and 138; See also ECF No. 146; See also ECF No. 152), requiring the same to Defendant and its Counsels as requested.

Respectfully Submitted,

   /s/ Tiffany Grays, pro se   

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*                                     **20-cv-00452-WJM-SKC**
     v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT: **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE, FOR SANCTIONS AND PROTECTIVE ORDER**

Dennis N. Lueck
dlueck@spencerfane.com
***Counsel for Navient Defendant***

Kevin J. Burns
Kevin.Burns@coag.gov
Nikolai N. Frant, Esq.
Nikolai.Frant@coag.gov
Consumer Protection Section
Consumer Credit Enforcement Unit
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
***Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act***

                                                          /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com