# UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-cv-00452-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

- V -

Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc.
*Defendant(s)*

## PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Ms. Tiffany Grays, *pro se* Plaintiff, hereby opposes all relief requested in Defendant's Motion for Status Conference ("Motion") as the relief sought is improper intentional misrepresentations to this Court.

## I.   INTRODUCTION & BACKGROUND

Plaintiff's injuries began in 2014 when Navient Solutions Inc., ("Defendant") began improperly reporting mathematically impossible late payments since 2014 on each of the Plaintiff's twenty-one accounts **(ECF No. 47 at p.6),** severely negatively impacting her credit score and creditworthiness. Defendant then willfully fails the Plaintiff by failing to abide by multiple duties outlined in the Fair Credit Reporting Act ("FCRA"); even when given multiple opportunities to correct. Defendant continues to harm Plaintiff through an effort to engorge on ill-gotten gains, by knowingly and recklessly failing to discharge debt it stated Plaintiff owed

1

through monies which accrued from an account which was not Plaintiff's. Defendant continues to engorge on ill-gotten gains, by knowingly and recklessly failing to afford Plaintiff – like all other similarly situated borrowers whose loans are serviced by Defendant – the promised six-month grace-period upon exiting school, as Defendant can require payments upon loans sooner than required, leading to late fees which would not have otherwise been imposed.

Therefore, Plaintiff contends Defendant's actions are unconscionable, unfair, misleading, deceptive, a breach of duty to good faith and fair dealing; constitute unjust enrichment and conversion through fraudulent and/or negligent misrepresentations; all violations of Colorado and Federal Statues; causing multiple injuries to the Plaintiff; including *inter alia,* consumer credit score damage, mental and emotional distress, physical injuries, and financial losses. Defendant continues to harm the pro se Plaintiff by intently squandering her resources through vexatiously multiplying proceedings as outlined herein, therefore it appears to Plaintiff that Defendant – who's revenue in 2020 was billions of dollars – is attempting to overwhelm Plaintiff and prolong these proceedings as long as possible, hoping the *pro se* Plaintiff will forgo her plight to justice. Thus, in favor of judicial economy, Plaintiff prays the Court will compel Defendant's and its Counsel's compliance with Rules and Orders of this Court through denying all relief requested and issue summary in favor of Plaintiff on all FCRA claims. In support thereof Plaintiff states as follows:

### Response to Movant's Material Facts

The Motion is void of a section entitled "Movant's Statement of Material Facts," *WJM Revised Practice Standards III(F)(3)*, thus deprives Plaintiff of her ability to appropriately respond in accordance with III(F)(4) as this section **"must"** *Id*., be included by the movant Defendant.

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/WJM/WJM_Practice_Standards.pdf?ver=2021-12-01-083546-143

### Statement of Additional Disputed Facts

Defendant multiple times consented to this Court's jurisdiction, thus barring defenses of statute of limitations contesting the jurisdiction of the Court, Defendant's plight to reinvigorate defenses in Summary Judgment is futile as this defense has been relinquished. *See* **(ECF No. 61 at p.2 #C).** *See also* **(ECF No. 51 at p. 2 #2).**

### FACTUAL BASIS SUPPORTING NSL'S FCRA VIOLATIONS AND PLAINTIFF'S DAMAGES

1. While "Department of Education guidance," **(ECF No. 183 at p. 10 #A),** advises student loan servicers to not report delinquent payments of borrowers on consumer credit reports until the consumer is 90+ days late, this guidance does **not** require the reporting of inaccurate payment history to CRAs nor to report delinquent payments as ok. **(ECF No. 183 at p.11 #1).**

2. A reporting of ok for the Plaintiff's payment history with NSL is stating the payments were received on time, are not due, and/or is current.

3. Department of Education guidance stating to "**not report** accounts delinquent," **(ECF No. 183 at p.11 #1),** is a request to forgo reporting anything, **not report**ing known false information that the payment is "ok," **(*Id.* at p.11 #1),** when the furnisher knows the payment is delinquent; conduct with which NSL is very familiar.

4. The reporting of an account that has delinquent payments as ok is a violation of the duties imposed on the furnisher under the FCRA to report accurate information on Plaintiff's consumer credit report.

5. Navient is f/k/a Sallie Mae, Inc. **(ECF No. 61 at p. 3 #4)**

6. "NSL is a "furnisher"[of information about the Plaintiff's loans to former Defendant CRAs] under the Fair Credit Reporting Act ["FCRA]. **(ECF No. 51 at p. 4 #e).**

7. "As a furnisher, Navient held duties under 15 U.S.C. § 1681s-2**." (ECF No. 59 at ¶41).**

8. "As a Furnisher, Navient failed to "establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers [, the Plaintiff], that it furnishes to a consumer reporting agency;" *12 C.F.R. § 1022.42(a)."* **(ECF No. 59 at ¶44).**

9. "As a student loan servicer, Navient routinely furnishes information about the Plaintiff's federal student loan performance, as a borrower, on loans to one or more consumer reporting agencies for inclusion in a consumer report and is therefore a "furnisher" under Regulation V. 12 C.F.R. § 1022.41(c)." **(ECF No. 59 at ¶40).**

10. "Plaintiff is a consumer as defined in the FCRA[15 U.S.C. § 1681a(c)-(d)]." *See* **(***Id.* **51 at p.6 #8);** *See also* **(***Id.* **51 at p.6 #12);** *See also* **(***Id.* **51 at p.7 #14);**

11. "Dismissed Defendants are Consumer Reporting Agencies as defined in the FCRA." *See* **(***Id.* **51 at p.6 #7);** *See also* **(***Id.* **51 at p.6 #9);** *See also* **(***Id.* **51 at p.6 #11);** *See also* **(***Id.* **51 at p.7 #13).**

12. "NSL has and does service loans obtained by Plaintiff," *See* **(ECF No. 61 at p.3 #3);** *See also* **(ECF No. 51 at p.5 #1),** ", since 2001." *See* **(***Id.* **61 at p.3 #12);** *See also* **(***Id.* **51 at p.6 #2).**

13. "NSL reported student loans obtained by Plaintiff [and serviced by NSL] as delinquent in 2014." *See* **(***Id.* **61 at p.3 #14);** *See also* **(***Id.* **51 at p.6 #23);** *See also* **(ECF No. 47 at p.6).**

4

14. The aforementioned delinquency was reported to "Experian that Plaintiff was "90,"

    :150," "90," and "120," days late (collectively "Late Payments") in the months of April,

    May, October, and November 2014, respectively," *See* (***Id.* 51 at p.6 #4**); *See also* (***Id.***

    **51 at p.6 #10**), by "NSL." (***Id.***); *See also* (***Id.* 51 at p.6 #4**).

15. Plaintiff disputed the Late Payments with each CRA**.** *See* (***Id.* 51 at p.6 #5**); *See also* (***Id.***

    **51 at p.7 #15**); *See Also (***ECF No. 183 at ¶¶43-51**).

16. Said disputes triggered NSL's compliance for furnishers**.** *(***ECF No. 59 at ¶42**).

17. Given the fact that NSL received over 80 disputes to remove the Late Payments and

    determined on each and every dispute was "frivolous," **(ECF No. 104 at pp. 3-6, 9, )**

    substantiates the willful negligence of NSL under 15 U.S.C. §§ 1681n-o as this failure

    after the "voluminous" *(***ECF No. 183 at ¶45**) disputes, substantiates NSL did not

    conduct a reasonable investigation and "failed to modify, delete, or permanently block

    the reporting of the disputed the Late Payments and the erroneous account" *(***ECF No. 59**

    **at ¶46**) in "violations of 15 U.S.C. § 1681s-2(b) and 1681i." *(***ECF No. 59 at ¶45**).

18. Defendant factually removed the November 2014 Late Payment on some Plaintiff's

    accounts, **(ECF No. 104 at pp. 13-14),** even though the letter said the payment would be

    removed from all accounts. *Id.*

19. The unlawful reporting of the erroneous Late Payments constitutes a violations of the

    Fair Credit Reporting Act; **(Expert Reports emailed to the Court and Defendant**

    **pursuant to the Settlement Conference);**

20. As a result of Defendant's willfull negligence Plaintiff has and continues to suffer from

    *inter alia* "depression." **(ECF No. 165 at p.3)** *see also* **(ECF No. 140-1),** loss of

    creditworthiness**, (Expert Reports emailed to the Court and Defendant pursuant to**

the Settlement Conference), and enjoyment of life. **(Expert Reports emailed to the Court and Defendant pursuant to the Settlement Conference);**

21. Defendant has failed to produce any records which show the removal of the Late Payments after this instant case was at issue. **(Declaration of Plaintiff).**

22. Plaintiff's complaint to the student loan ombudsperson and the subsequent investigation found the "150 day" **(ECF No. 103-4 p. 3)** late payment to be in err and requested NSL remove the payment, which NSL did; further establishing NSL's FCRA violations.

23. The removal of the Late Payments caused an increase in Plaintiff's credit worthiness and allowed Plaintiff to secure credit from over 5 lenders, there is no other explanation for the significant increase. **(Declaration of Plaintiff).**

24. Plaintiff loans at all time relevant were in forbearance or deferment and thus Plaintiff was not required to make any payments to NSL. **(Declaration of Plaintiff).**

25. As a student loan servicer, NSL is a contractor of the U.S. Government, thus is required to abide by the terms and conditions of the government's contracts. Therefore, NSL would be considered responsible for the breach of the terms of the contract by failing to afford Plaintiff a six month grace period as required by the MPN. **(Declaration of Plaintiff).**

26. The conduct of Defendant constitutes violations of multiple Colorado Consumer statues. **(Declaration of Plaintiff).**

**WHEREFORE**, Plaintiff has satisfied the burden by indicating genuine issues of material facts, denying all relief requested by NSL.

Respectfully Submitted,

7

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                                                 **20-cv-00452-WJM-SKC**
     v
Navient Solutions, et al

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT: **PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

DOCUMENT: **DECLARATION OF PLAINTIFF**

| | |
|---|---|
| Dennis N. Lueck | Kevin J. Burns |
| dlueck@spencerfane.com | Kevin.Burns@coag.gov |
| ***Counsel for Navient Defendant*** | Nikolai N. Frant, Esq. |
| | Nikolai.Frant@coag.gov |
| | Consumer Protection Section |
| | Consumer Credit Enforcement Unit |
| | Colorado Department of Law |
| | Ralph L. Carr Colorado Judicial Center |
| | ***Counsel for Martha Fulford, Administrator of the Colorado Student Loan Equity Act*** |

                                                          /s/ Tiffany Grays, pro se

                                                               Tiffany Grays
                                                               PO Box 472322
                                                              Aurora, CO  80047
                                                              (720) 623-1883
                                                              Legalgrays@gmail.com