IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

        Defendants.

---

**DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO RESTRICT EXHIBITS TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [DKT. 189]**

---

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits

this Reply in Support of Its Motion for Leave to Restrict Exhibits to Defendant's Motion for

Summary Judgment ("NSL's Motion" or "the Motion") [Dkt. 189].

1.      The right to public access to judicial records in not absolute. *Nixon v. Warner*

*Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Under D.C.COLO.LCivR 7.2(c), a motion to restrict

must: (1) identify the document for which restriction is sought; (2) address the interest to be

protected and why such interest outweighs the presumption of public access; (3) identify a clearly

defined and serious injury that would result if access is not restricted; (4) explain why no

alternative to restriction is practicable or why only restriction will adequately protect the interest

in question; and (5) identify the level of restriction sought.

2.      "Access is properly denied where court files might serve as a source of business

information that could harm a litigant's competitive standing." *SBM Site Services, LLC v. Garrett,*

2011 WL 1375117, *3 (D. Colo. Apr. 12, 2011); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.,* 2012 WL 2917116, at *2 (D. Colo. July 16, 2012).

3.      Plaintiff does not oppose the restriction of Exhibit 7 in her Opposition. *See generally* Plaintiff's Objections to Defendant's Motion to Restrict (hereinafter "Plaintiff's Objections") [Dkt. 191]. Indeed, Exhibit 7 contains information that is created, processed, and memorialized on NSL's proprietary system. This proprietary system was constructed solely for NSL's use and it is not available to its competitors.

4.      Plaintiff opposes the restriction of Exhibit 8 because "[e]xhibit 8…go[es] [to] the performance of Article III duties of Plaintiff, in by establishing her accounts with Defendant and the information Defendant reported to Credit Reporting Agencies on these accounts." *See* Plaintiff's Objections, pg. 5 [Dkt. 191]. Although it is unclear what Article III duties Plaintiff is under, Exhibit 8, like Exhibit 7, contains information that is created, processed, and memorialized on NSL's proprietary system. This proprietary system was constructed solely for NSL's use and it is not available to its competitors.

5.      Plaintiff opposes the restriction of Exhibits 4 and 5, because it does not contain proprietary information. *See* Plaintiff's Objections, pgs. 4-5 [Dkt. 191]. NSL agrees that there is no proprietary information contained in both Exhibits. Instead, NSL inadvertently did not redact protected personal information belonging to Plaintiff when it filed the exhibits in support of its Motion for Summary Judgment. When NSL contacted this Court to determine whether substitution or restriction of these Exhibits was appropriate, this Court directed NSL to file a motion to restrict. *See* Declaration of Dennis N. Lueck, Jr. ¶5. Should this Court find that redaction is better suited for Exhibits 4 and 5, NSL is ready to redact the protected personal information and substitute the Exhibits out.

DN 6842697.1

6.      Plaintiff opposes the restriction of Exhibit 9 because "[e]xhibit…9 go[es] [to] the performance of Article III duties of Plaintiff, in by establishing her accounts with Defendant and the information Defendant reported to Credit Reporting Agencies on these accounts." *See* Plaintiff's Objections, pg. 5 [Dkt. 191]. Although it is unclear what Article III duties Plaintiff is under, NSL agrees that there is no proprietary information contained in Exhibit 9. Instead, NSL inadvertently did not redact protected personal information belonging to Plaintiff. When NSL contacted this Court to determine whether substitution or restriction of these Exhibits was appropriate, this Court directed NSL to file a motion to restrict. *See* Declaration of Dennis N. Lueck, Jr. ¶5. Should this Court find that redaction is better suited for Exhibit 9, NSL is ready to redact the protected personal information and substitute the Exhibits out.

7.      Plaintiff further argues that NSL had "disobeyed [this Court's] Orders. *See* Plaintiff's Objections, pg. 6 [Dkt. 191]. To the extent that this contention warrants a response, NSL has not violated any Court Order.

8.      Pursuant to NSL's interests in the privacy, protection, and privilege of the documents described in the Motion, NSL respectfully requests that this Court grant continued protection under Level 1 Restriction for Exhibits 4, 5, 7, 8, and 9.

**WHEREFORE**, NSL respectfully requests that this Court grant this Motion and enter an order directing the Clerk of the Court to maintain Level 1 Restrictions for Exhibits  4, 5, 7, 8, and 9 to Defendant Navient Solutions, LLC's Motion For Summary Judgment [Dkt. 183-4, 183-5, 183-7, 183-8, and 183-9].

DN 6842697.1

Dated: June 13, 2022.

SPENCER FANE LLP

By: _/s/ Dennis N. Lueck_

Dennis N. Lueck, Jr.
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: 303.839.3733
Facsimile:  303.839.3838
Email: dlueck@spencerfane.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

4

DN 6842697.1

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of June, 2022, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com


   /s/Adam Miller
for Spencer Fane LLP

DN 6842697.1