IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

        Defendants.

---

**DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND TO STRIKE DEFENDANT'S EXHIBITS ECF NOS. 183-2 TO 183-9 AND 184-1 (ECF NO. 190)**

---

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits this Response in Opposition to Plaintiff's Motion for Sanctions and to Strike Defendant's Exhibits ECF Nos. 183-2 to 183-9 and 184-1 (ECF No. 190).

## INTRODUCTION

It is unclear why Plaintiff would mislead this Court to think that her Motion for Sanctions was "unopposed." *See* Plaintiff's Unopposed Motion for Sanctions and to Strike Defendant's Exhibits ECF Nos. 183-2 to 183-9 and 184-1. It is not. Before getting into the merits, NSL needs to point out a couple of procedural deficiencies. First, Plaintiff did not meet and confer with NSL regarding her Motion [Dkt 190]. Instead, she attempts to use NSL's meet and confer regarding its Motion to Restrict [Dkt. 189] as meeting the requirement for her Motion for Sanctions, which is improper. Second, Plaintiff did not comply with Fed.R.Civ.P. 11(c)(2) prior to bringing her Motion for Sanctions. Based on these two reasons alone, this Court should deny Plaintiff's Motion for Sanctions in its entirety and award NSL its attorneys' fees in having to respond.

1

Turning to the substance of Plaintiff's claims for sanctions, simply put, they are meritless. Plaintiff argues that she is entitled to case-ending sanctions because NSL did not restrict Exhibits 2 and 3, and restricted rather than substituted Exhibits 4, 5, and 9 to its Motion for Summary Judgment. These arguments were already addressed separately in NSL's Motion to Restrict [Dkt. 190], Plaintiff's Opposition [Dkt. 191], and NSL's Reply in Support [Dkt. 202], but Plaintiff has chosen to waste the Court's time by again bringing them, this time under the guise of a sanction motion. As argued in NSL's Motion to Restrict and Reply in support of the same, and now with its opposition here, NSL takes no issue with substituting Exhibits 4, 5, and 9. However, NSL sought to restrict those Exhibits at this Court's direction. NSL cannot be violating a Court Order, if the Court is the one that directed NSL to restrict those exhibits. Undersigned counsel attempted to convey this to Plaintiff, but she would not agree to allow restriction of those exhibits. Further, NSL also does not take issue with restricting Exhibits 2 and 3. However, neither exhibit contains any proprietary information or unredacted non-public information of Plaintiff, so counsel could not represent to the Court that they should be restricted. This was also already explained to Plaintiff.

As argued in detail below, this Court should deny Plaintiff's Motion for Sanctions in its entirety.

**ARUGMENT**

Rule 11 mandates sanctions against attorneys and their clients when pleadings, motions or other signed papers filed with the Court are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose. Fed.R.Civ.P 11. The challenged party's conduct (the "specific conduct" must be described in the motion) is measured as of the time the pleading, motion or other paper is filed, Fed.R.Civ.P. 11(b). "The

focus of Rule 11 is narrow. It relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *In re Cascade Energy & Metals Corp.*, 87 F.3d 1146, 1151 (10th Cir. 1996) (citing *Eisenberg v. University of New Mexico,* 936 F.2d 1131, 1134 (10th Cir.1991). The obligations imposed by Rule 11 are ongoing and "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Mellott v. MSN Communications, Inc.*, 2011 W.L. 4536975 at 12 (D. Colo. 2011). The focus of this rule is "to emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their intention." *Id*. at 17. "The 'safe-harbor' provision of Rule 11(c)(2) requires a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court. *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012).

Here, sanctions are inappropriate because Plaintiff did not attempt to meet and confer with NSL regarding the instant motion and failed to comply with Fed.R.Civ.P 11(c)(2). Therefore, this Court should deny Plaintiff's Motion for Sanctions [Dkt. 190] on these bases alone. However, in the event that this Court looks beyond Plaintiff's procedural noncompliance, NSL will also address the merits (or lack thereof) of Plaintiff's Motion.

Plaintiff appears to base her Motion for Sanctions [Dkt. 190] on two grounds: (1) NSL did not restrict Exhibits 2 and 3 to its Motion for Summary Judgment [Dkt. 183], and (2) NSL did not

redact and substitute Exhibits 4, 5, and 9 to its Motion for Summary Judgment.[1] These arguments were already presented in Plaintiff's Objections to Defendant's Motion to Restrict [Dkt. 191]. During the meet and confer process for NSL's Motion to Restrict, undersigned counsel represented that this Court directed NSL to file Exhibits 4, 5, and 9 under restriction, as opposed to substitution. *See* Motion for Leave to Restrict Exhibits to Defendant's Motion for Summary Judgment, Exhibit A, [Dkt. 189-1]. This should have ended the inquiry and resolved any and all issues Plaintiff had. Unsurprising (given Plaintiff's conduct to date), it did not. Instead, Plaintiff simply replied with "Oppose." *Id*. As conveyed in NSL's Reply in Support of its Motion for Leave to Restrict Exhibits to Defendant's Motion for Summary Judgment, [Dkt. 202], NSL does not take issue with substituting Exhibits 4, 5, and 9 with further redacted copies. The only reason why it did not do so is because it did not want to go directly against this Court's wishes.

Further, regarding Exhibits 2 and 3 to NSL's Motion for Summary Judgment, it is true that those exhibits bear a "confidential" stamp. However, undersigned counsel had the opportunity to review them and determined that because Plaintiff's personal information was properly redacted, and the records were not proprietary in nature, Exhibits 2 and 3 did not need to be restricted. Therefore, they were not included in NSL's Motion for Leave to Restrict. While, in retrospect, NSL perhaps should not have labeled these documents as "confidential",[2] undersigned counsel attempted to explain to Plaintiff that he could not represent to the Court that Exhibits 2 and 3 should be restricted when those documents were neither propriety nor contained unredacted personal information. During counsel's attempt to meet and confer, Plaintiff would not identify a

---

[1] It bears noting that Plaintiff is seeking to have things both ways. She wants to restrict entirely two exhibits, while complaining that NSL should not have restricted certain documents and instead should have substituted new redacted documents that are unrestricted.

[2] NSL will reproduce these documents without the "confidential" stamp.

basis for these exhibits to be restricted. Plaintiff merely pointed to the "confidential" mark (as she does in her instant Motion). Plaintiff cannot, without an additional basis, attempt to restrict NSL's own documents. Exhibits 2 and 3 are documents produced by NSL, and as such, it is within NSL's discretion to designate and de-designate documents as "confidential" upon further review. Plaintiff is the one who put her loans at the center of this litigation and the "Payment History" is relevant, not confidential, and properly redacted.

Plaintiff requests sanctions for matters that could have been easily resolved. Instead of actually meeting and conferring in good faith, Plaintiff chose to approach this situation with hostility. One simple look at this Docket shows that coming to any sort of agreement has been nearly impossible. NSL has not attempted to hinder Plaintiff's prosecution of this matter nor has it advocated a position that did not have merit. Sanctions are entirely inappropriate. Instead, the Court should use its inherent power to award NSL its attorneys' fees for having to litigate this non-issue with Plaintiff.

## CONCLUSION

NSL requests that this Court deny Plaintiff's Motion for Sanctions in its entirety and award it its attorneys' fees incurred in responding to the Motion [Dkt. 190].

Dated: June 21, 2022.

**SPENCER FANE LLP**

By: /s/ Dennis N. Lueck, Jr.
Dennis N. Lueck, Jr.
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: 303.839.3733
Facsimile: 303.839.3838
Email: dlueck@spencerfane.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com

  /s/ Adam Miller
for Spencer Fane LLP

DN 6851728.2