IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

    Defendants.

**DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (ECF NO. 183)**

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits this Reply in Support of its Motion for Summary Judgment ("NSL's Motion" or "the Motion") (ECF No. 183).

**INTRODUCTION**

This Court should grant summary judgment in NSL's favor for several reasons. First, Plaintiff's opposition is littered with conclusory allegations, which should not (and cannot) be taken into consideration. Second, Plaintiff did not oppose any of NSL's undisputed facts, thus, they should be established as undisputed for purposes of summary judgment. Third, Plaintiff's "Additional Disputed Facts"—the overwhelming majority of her opposition—add nothing to her argument that NSL violated various federal and state statutes. Indeed, Plaintiff's own "facts" improvidently rely on statements taken from various evidentiary exhibits. This is clearly improper, and NSL addresses below each such "Additional Disputed Fact" in turn. Similarly, Plaintiff attempts to use her own self-serving statements to show that NSL improperly reported her student

1

loan accounts. These are clearly not evidence of wrongdoing (or anything else). Fourth, Plaintiff fails to oppose NSL's arguments regarding ten out of eleven of her claims, instead only addressing her Fair Credit Reporting Act ("FCRA") claim. As such, NSL's Motion should be granted as to those claims as a matter of law. And Fifth, Plaintiff still has not shown that NSL's investigation of her dispute(s) was unreasonable, as she was required to do to establish the viability of her FCRA claim. As argued in further detail below, this Court should now grant summary judgment in NSL's favor because Plaintiff's opposition is insufficient to demonstrate the existence of any disputed material facts.

## ARGUMENT

**I. NSL'S REPLY CONCERNING UNDISPUTED FACTS.**

The intent and purpose of Colo.R.Civ.P.56 is that, where the facts are undisputed or so certain as not to be subject to dispute, a court is in position to determine the issue strictly as a matter of law. *Morlan v. Durland Trust Co.,* 127 Colo. 5, 252 P.2d 98 (1952); *Central Bank & Trust Co. v. Robinson,* 137 Colo. 409, 326 P.2d 82 (1958); *Rogerson v. Rudd,* 140 Colo. 548, 345 P.2d 1083 (1959). The federal counterpart provides that,"[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…(2) consider the fact undisputed for purposes of the motion or (3) grant summary judgment if the motion and supporting materials – including facts considered undisputed – show that the movant is entitled to it." Fed.R.Civ.Pro.56(e).

Plaintiff takes issue with the fact that NSL's "Statement of Undisputed Facts" was not titled "Movant's Statement of Material Facts." *See* Plaintiff's Response in Opposition of Defendant's

Motion for Summary Judgment [Dkt. 199], pg. 2 (hereinafter "Opposition").[1] She claims that she is, therefore "deprived" of the ability to respond. Not true.

Although NSL labeled its facts in support of its motion as NSL's "undisputed facts," it should not absolve Plaintiff from providing a response, particularly since she clearly understands the nature of an "undisputed fact." While NSL recognizes its error in switching out "material" for "undisputed," it still has complied with the practice standard's purpose by stating "in simple, declarative sentences," in "separately numbered and paragraphed [statements], each material fact the movant believes supports movant's claim that movant is entitled to judgment as a matter of law ... accompanied by a specific reference to supporting evidence in the record." (J. Martinez Practice Standards III.F.3.) It is evident that Plaintiff is hiding behind the guise of a simple heading and chose not to separately address any of NSL's fifty-two (52) undisputed facts. In truth, she cannot. This Court has consistently looked to the substance of a party's argument, rather than the header introducing it, when evaluating its efficacy. *Ramos v. Banner Health*, No. 15-CV-2556-WJM-NRN, 2019 WL 1777524, at *15 (D. Colo. Apr. 23, 2019) (finding that "[w]hile Plaintiffs' header in their response to the Motion suggests that their claims against Slocum are not time-barred prior to November 9, 2010, the text of their argument suggests otherwise.")

Since Plaintiff has neglected to oppose NSL's Statement of Undisputed Facts, this Court should consider all facts as undisputed and grant summary judgment in NSL's favor for this reason alone.

**II.    NSL'S RESPONSE CONCERNING ADDITIONAL DISPUTED FACTS.**

---

[1] Judge Martinez's Practice Standards Outline the requirements for summary judgment briefing, including a section titled "Movant's Statement of Material Facts."

DN 6851720.2

The overwhelming majority of Plaintiff's "Additional Disputed Facts" are legal conclusions, with no factual bases or evidentiary support. Such conclusory allegations are insufficient to save Plaintiff from summary judgment. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671–72 (10th Cir. 1998) (holding that "conclusory allegations in Plaintiff's complaint, although verified, are of as little help in carrying her burden under Rule 56(e) as are the conclusory arguments in her brief."). Further, [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Although NSL believes that no response to Plaintiff's "Additional Disputed Facts" is necessary, considering the lack of *actual* facts contained therein, it will attempt to admit or deny in accordance with this Court's Practice Standards.

| **PLAINTIFF'S STATEMENT OF ADDITIONAL DISPUTED FACTS** | **NSL'S RESPONSE[2]** |
|---|---|
| Defendant multiple times consented to this Court's jurisdiction, thus barring defenses of statute of limitations contesting the jurisdiction of the Court, Defendant's plight to reinvigorate defenses in Summary Judgment is futile as this defense has been relinquished. *See* **(ECF No. 61 at p.2 #C).** *See also* **(ECF No. 51 at p. 2 #2).** [3] | In NSL's Answer to Plaintiff's Second Amended Complaint [Dkt. 61], it did not contest this Court's jurisdiction. *See* NSL's Answer to Plaintiff's Second Amended Complaint, subsection C.<br><br>To the extent that Plaintiff is referring to NSL's argument regarding Plaintiff's claims and how they are barred by the statute of limitations; NSL admits that Plaintiff's claims are time-barred. Specifically, Plaintiff's claims for Conversion (Claim Three), Breach of |

---

[2] Although this Court does not require a column format when responding to Plaintiff's Statement of Additional Disputed Facts, NSL included it for ease of reference.

[3] It was unclear from Plaintiff's opposition whether she contends this assertion is a disputed fact; however, since Plaintiff inserted it under the Statement of Additional Disputed Facts header, NSL addresses it accordingly.

DN 6851720.2

| | |
|---|---|
| | Contract (Claim Six), Declaratory Judgment (Claim Seven), CCPA (Claim Eight), UCCC (Claim Nine), UCC (Claim Ten), Breach of Fiduciary Duty (Claim Eleven), Negligence (Claim Twelve), are time barred as explained in detail in NSL's Motion for Summary Judgment [Dkt. 183]. |
| 1. While "Department of Education guidance," **(ECF No. 183 at p. 10 #A)**, advises student loan servicers to not report delinquent payments of borrowers on consumer credit reports until the consumer is 90+ days late, this guidance does **not** require the reporting of inaccurate payment history to CRAs nor to report delinquent payments as ok. **(ECF No. 183 at p.ll #1)**. | NSL admits that the Department of Education's guidance for servicers of federal student loans is not to report accounts delinquent until they are at least 90 days past-due. *See* NSL's Motion for Summary Judgment [Dkt. 183], page 11. Anything not expressly admitted is denied. The remainder is denied as it is unintelligible and NSL cannot provide a proper response without guessing as to its intended meaning. |
| 2. A reporting of ok for the Plaintiff's payment history with NSL is stating the payments were received on time, are not due, and/or is current. | NSL denies that the credit reporting of "ok" on Plaintiff's credit report indicated that "the payments were received on time, [were] not due, and/or [were current]." |
| 3. Department of Education guidance stating to "**not report** accounts delinquent," **(ECF No. 183 at p.ll #1)**, is a request to forgo reporting anything, **not** reporting known false information that the payment is "ok," **(Id. at p. 11 #1)**, when the furnisher knows the payment is delinquent; conduct with which NSL is very familiar. | Deny. The Department of Education's guidance for servicers of federal student loans is to not report accounts delinquent until they are at least 90 days past-due. *See* NSL's Motion for Summary Judgment [Dkt. 183], page 11. |
| 4. The reporting of an account that has delinquent payments as ok is a violation of the duties imposed on the furnisher under the FCRA to report accurate information on Plaintiff's consumer credit report. | Deny. There is a potentially actionable violation of the FCRA if (amongst other elements) "the party who furnished the information failed to investigate or rectify the disputed charge." 15 U.S.C. §1681s-2(b). |
| 5. Navient is f/k/a Sallie Mae, Inc. **(ECF No. 61 at p. 3 #4)** | Admit to the extent that "Navient" refers to Navient Solutions, LLC. |
| 6. "NSL is a "furnisher"[of information about the Plaintiffs loans to former Defendant CRAs] under the Fair Credit Reporting Act ["FCRA]. **(ECF No. 51 at p. 4 #e)**. | Admit, for the purposes of this litigation only, that NSL is a furnisher under the FCRA. |
| 7. "As a furnisher, Navient held duties under 15 U.S.C. § 1681s-2." **(ECF No. 59 at ¶41)**. | Admit, for purposes of this litigation only. |
| 8. "As a Furnisher, Navient failed to "establish and implement reasonable written policies and procedures regarding the accuracy | Deny. This is the basis of NSL's Motion for Summary Judgment. [Dkt. 183.] Further, Plaintiff cites no evidence in support of this |

| | |
|---|---|
| and integrity of the information relating to consumers[, the Plaintiff], that it furnishes to a consumer reporting agency;" **12 C.F.R. § 1022.42(a)." (ECF No. 59 at ¶44).** | conclusory statement. She merely cites to an allegation in her Second Amended Complaint, which is insufficient under *Adler,* 144 F.3d at 671–72. |
| 9. "As a student loan servicer, Navient routinely furnishes information about the Plaintiff's federal student loan performance, as a borrower, on loans to one or more consumer reporting agencies for inclusion in a consumer report and is therefore a "furnisher" under Regulation V. 12 C.F.R. § 1022.41 (c)." **(ECF No. 59 at ¶40).** | Admit, for the purposes of this litigation only, that NSL is a furnisher under the FCRA. Any allegation not explicitly admitted is denied. |
| 10. "Plaintiff is a consumer as defined in the FCRA [15 U.S.C. § 1681a(c)-(d)]." **See (Id. 51 at p.6 #8); See also (ld. 51 at p.6 #12); See also (ld. 51 at p.7 #14);** | Admit, for the purposes of this litigation only, that Plaintiff is a consumer as defined under 15 U.S.C. §1681a(c). |
| 11. "Dismissed Defendants are Consumer Reporting Agencies as defined in the FCRA." **See (Id. 51 at p.6 #7); See also (ld. 51 at p.6 #9); See also (Id. 51 at p.6 #11); See also (ld. 51 at p. 7 #13).** | Admit, for the purposes of this litigation only, that the dismissed defendants are consumer reporting agencies as defined under 15 U.S.C. §1681a(p). |
| 12. "NSL has and does service loans obtained by Plaintiff," **See (ECF No. 61 at p.3 #3); See also (ECF No. 51 at p.5 #1)**,",since 2001." **See (ld. 61 at p.3 #12); See also (ld. 51 at p.6 #2).** | Denied that NSL currently services any of Plaintiff's student loans. |
| 13. "NSL reported student loans obtained by Plaintiff [and serviced by NSL] as delinquent in 2014." **See (ld. 61 at p.3 #14); See also (/d. 51 at p.6 #23); See also (ECF No. 47 at p.6).** | Admit that NSL reported Plaintiff's student loans as delinquent for the months of April, May, October, and November of 2014. *See* NSL's Motion for Summary Judgment [Dkt. 183]; *see also* Plaintiff's Second Amended Complaint [Dkt. 59], ¶14. |
| 14. The aforementioned delinquency was reported to "Experian that Plaintiff was "90,":150," [sic] "90," and "120," days late (collectively "Late Payments") in the months of April May, October, and November 2014, respectively," **See (ld. 51 at p.6 #4); See also (Id. 51 at p.6 #10), by "NSL." (Id.); See also (ld. 51 at p.6 #4).** | Admit that Plaintiff's student loans were reported late 90 days in April 2014, 150 days in May 2014, 90 days in October 2014, and 120 days in November 2014. *See* NSL's Motion for Summary Judgment [Dkt. 183], pgs. 10-13. |
| 15. Plaintiff disputed the Late Payments with each CRA. **See (Id. 51 at p.6 #5); See also (Id. 51 at p.7 #15); See Also (ECF No. 183 at ~~43-51).** | Admit that NSL received ACDVs from Equifax, Experian, and Innovis. *See* NSL's Motion for Summary Judgment [Dkt. 183], Statement of Undisputed Facts, pgs. 7-8, ¶¶43-48. |

6

| | |
|---|---|
| 16. Said disputes triggered NSL's compliance for furnishers. **(ECF No. 59 at ¶42).** | Admit that NSL has fully complied with its obligations under the FCRA. *See generally,* NSL's Motion for Summary Judgment [Dkt. 183]. |
| 17. Given the fact that NSL received over 80 disputes to remove the Late Payments and determined on each and every dispute was "frivolous," **(ECF No. 104 at pp. 3-6, 9,)** substantiates the willful negligence of NSL under 15 U.S.C. §§ 1681n-o as this failure after the "voluminous" **(ECF No. 183 at ¶45)** disputes, substantiates NSL did not conduct a reasonable investigation and "failed to modify, delete, or permanently block the reporting of the disputed the Late Payments and the erroneous account" **(ECF No. 59 at ¶46)** in "violations of 15 U.S.C. § 1681 s-2(b) and 1681i." **(ECF No. 59 at ¶45)**. | Deny. NSL conducted a reasonable investigation of Plaintiff's disputes. This is the basis of NSL's Motion for Summary Judgment. [Dkt. 183.] Further, Plaintiff's citation to Dkt. 104 is inapplicable as that document does not say what she purports it to say. Further, Plaintiff cites to one word in NSL's Motion for Summary Judgment [Dkt. 183], which is not evidence. Further, Plaintiff cites to allegations in her Second Amended Complaint, which is not evidence and insufficient under *Adler,* 144 F.3d at 671–72. |
| 18. Defendant factually removed the November 2014 Late Payment on some [sic] Plaintiff's accounts, **(ECF No. 104 at pp. 13-14)**, even though the letter said the payment would be removed from all accounts. ld. | Deny. The citation does not say what Plaintiff purports it to say. |
| 19. The unlawful reporting of the erroneous Late Payments constitutes a violations of the Fair Credit Reporting Act; **(Expert Reports emailed to the Court and Defendant pursuant to the Settlement Conference);** | Deny. There is a violation of the FCRA if (amongst other elements) "the party who furnished the information failed to investigate or rectify the disputed charge." 15 U.S.C. §1681s-2(b). Here, NSL has accurately reported and reasonably investigated Plaintiff's disputes. *See generally,* NSL's Motion for Summary Judgment, [Dkt. 183], and corresponding exhibits. |
| 20. As a result of Defendant's will full negligence Plaintiff has and continues to suffer from inter alia "depression." **(ECF No. 165 at p.3)** see also **(ECF No. 140-1)**, loss of creditworthiness, **(Expert Reports emailed to the Court and Defendant pursuant to the Settlement Conference)**, and enjoyment of life. **(Expert Reports emailed to the Court and Defendant pursuant to the Settlement Conference);** | Deny. Plaintiff's Motion to Compel is not evidence. Further, Dkt. 140-1, states that Plaintiff suffers from Post Traumatic Stress Disorder and Major Depressive Disorder that are triggered in the presence of uniformed law enforcement personnel. Plaintiff's own purported expert, Ms. Terrill, does not conclude that NSL's alleged "willful negligence" caused any of these symptoms. |
| 21. Defendant has failed to produce any records which show the removal of the Late Payments after this instant case was at issue. **(Declaration of Plaintiff)**. | Admit. |

7

| | |
|---|---|
| 22. Plaintiff's complaint to the student loan ombudsperson and the subsequent investigation found the "150 day" **(ECF No. 103-4 p. 3)** late payment to be in err and requested NSL remove the payment, which NSL did; further establishing NSL's FCRA violations. | Admit that the Office of Consumer Advocate is a department within NSL. Further, NSL reports delinquencies at the end of the month. As of April 30, 2014, Plaintiff was 119 days delinquent, based on the January 1, 2014 deadline. As of May 31, 2014, Plaintiff was 150 days delinquent. Although 150 days was correct, NSL sent a courtesy update to the credit reporting agencies to replace the 150 days past due remark to 120 days. *See* NSL's Motion for Summary Judgment, [Dkt. 183], p. 13, fn. 2; *see also* Letter from NSL to Plaintiff dated October 9, 2020, [Dkt. 103-4], p. 2. Anything not specifically admitted is denied. |
| 23. The removal of the Late Payments caused an increase in Plaintiffs credit worthiness and allowed Plaintiff to secure credit from over 5 lenders, there is no other explanation for the significant increase. **(Declaration of Plaintiff)**. | Plaintiff's self-serving statement is not evidence. Therefore, no response is necessary. Additionally, even if a response was required, NSL would not be in a position to know whether Plaintiff's "credit worthiness" improved as she has produced no evidence of this. Hence, her declaration is void of any evidentiary support. |
| 24. Plaintiff's loans at all times relevant were in forbearance or deferment and thus Plaintiff was not required to make any payments to NSL. **(Declaration of Plaintiff)**. | Plaintiff's self-serving statement is not evidence. Therefore, no response is necessary. Further responding, NSL denies. *See* NSL's Motion for Summary Judgment [Dkt. 183], Statement of Undisputed Facts, ¶¶ 21-42. |
| 25. As a student loan servicer, NSL is a contractor of the U.S. Government, thus is required to abide by the terms and conditions of the government's contracts. Therefore, NSL would be considered responsible for the breach of the terms of the contract by failing to afford Plaintiff a six month grace period as required by the MPN. **(Declaration of Plaintiff)**. | Plaintiff's self-serving statement is not evidence. Therefore, no response is necessary. Further responding, NSL denies. Additionally, this was addressed in NSL's Motion for Summary Judgment [Dkt. 183], pgs. 23-24. |
| 26. The conduct of Defendant constitutes violations of multiple Colorado Consumer statues. **(Declaration of Plaintiff)**. | Plaintiff's self-serving statement is not evidence. Therefore, no response is necessary. Further responding, NSL denies. Additionally, this was addressed in NSL's Motion for Summary Judgment [Dkt. 183], pgs. 25-27. |

**III. THIS COURT SHOULD FIND SUMMARY JUDGMENT IN FAVOR OF NSL BECAUSE PLAINTIFF HAS NOT PROVIDED ANY EVIDENCE TO SUPPORT HER CLAIMS.**

Plaintiff did not contest or submit evidence in opposition to NSL's Motion for Summary Judgment regarding the overwhelming majority of her claims, including the following: Conversion (Claim Number Three), Civil Theft (Claim Number Four), Unjust Enrichment (Claim Number Five), Breach of Contract (Claim Number Six), Declaratory Judgment (Claim Number Seven), Violation of the CCPA (Claim Number Eight), Violation of the UCCC (Claim Number Nine), Violation of the UCC (Claim Number Ten), Breach of Fiduciary Duty (Claim Number Eleven), and Negligence (Claim Number Twelve). Plaintiff's non-opposition should be construed as an admission that NSL's Motion for Summary Judgment is meritorious and consent to granting the Motion at least as to these counts. Plaintiff had ample opportunity to address each and every claim, and attempt to provide support for her claims; however, she neglected to do so. Therefore, this Court should issue a ruling finding that Plaintiff's lack of opposition shows that Plaintiff concedes NSL's arguments and grant summary judgment on the above ten (10) claims in NSL's favor.

Additionally, Plaintiff's supposed argument that NSL violated the FCRA is without merit. Even if allowed to use her fatally deficient "Additional Disputed Facts" as evidence in support of her contention that NSL violated the FCRA, the claim nevertheless fails because Plaintiff still does not address how NSL's investigation was unreasonable. As provided in NSL's Motion for Summary Judgment, in order to establish a claim under 15 U.S.C. § 1681s–2(b), Plaintiff must prove: "(1) that [s]he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and **(3) that the party who furnished the information failed to investigate or rectify the disputed charge** . . . ." *Vassalotti v. Wells Fargo Bank, N.A.*, 815 F. Supp. 2d 856, 863–64 (E.D. Pa. 2011) (quoting *Taggart v. Norwest Mortg., Inc.,* No. 09–1281, 2010 WL 114946, at *27 (E.D.Pa. Jan. 11, 2010)) (alterations in original) (emphasis added). "[T]he investigation an information furnisher

undertakes **must be a reasonable one**." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012) (collecting cases) (emphasis added). "[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute." *Maiteki v. Marten Transp. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (quoting *Boggio*, 696 F.3d at 617). Plaintiff does little to show or provide evidence that NSL's investigation was unreasonable. Simply because Plaintiff "believed" her loans were in deferment and/or forbearance does not mean they actually were. In fact, NSL repeatedly sent letters to Plaintiff and attempted to contact Plaintiff to inform her that her loans were becoming due, and then subsequently were past due. *See* NSL's Motion for Summary Judgment [Dkt. 183], Statement of Undisputed Facts ¶¶ 21-40. Plaintiff has not provided any evidence that NSL failed to reasonably investigate her credit disputes. As such, this Court should grant summary judgment in favor of NSL.

## CONCLUSION

NSL requests that the Court enter summary judgment in its favor and against Plaintiff on all of Plaintiff's claims against NSL.

Dated: June 21, 2022.

**SPENCER FANE LLP**

By:   */s/ Dennis N. Lueck, Jr.*
     Dennis N. Lueck, Jr.
     1700 Lincoln Street, Suite 2000
     Denver, CO 80203
     Telephone: 303.839.3733
     Facsimile:  303.839.3838
     Email: dlueck@spencerfane.com

*Attorneys for Defendant,
Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com

  /s/ Adam Miller
for Spencer Fane LLP

11

DN 6851720.2