IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

       Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

       Defendants.

### DEFENDANT NAVIENT SOLUTIONS, LLC'S
### MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE
### AND RELATED DEADLINES

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits its Motion to Continue Final Pretrial Conference and Related Deadlines ("Motion").

Under D.C.COLO.LCivR 7.1A, counsel for NSL certifies that counsel has consulted with Plaintiff, and she opposes the relief sought in this Motion.

### INTRODUCTION

In her Complaint, Plaintiff accuses NSL of inaccurately reporting her student loans as delinquent in 2014, erroneously reporting a student loan that did not belong to her as being hers, failing to conduct a reasonable investigation when Plaintiff disputed the allegedly faulty information in her credit reports, and being wrongly enriched by retaining certain payments from Plaintiff—all in violation of the terms of her promissory notes and the Fair Credit Reporting Act. During the course of litigation, the parties have conducted extensive written discovery and filed various motions. Although this Court has already ruled on many of the docketed motions, there remain multiple motions pending a ruling. In fact there are *eight* such pending motions, including discovery-related motions and NSL's motion for summary judgment. NSL respectfully submits

that a ruling on these motions is necessary for the parties to conduct a meaningful Final Pretrial Conference.

As argued in detail below, there is good cause for a 90-day continuance to allow this Court time to rule on the pending motions. This Court's ruling will very likely directly impact the Final Pretrial Conference. Indeed, a ruling on NSL's dispositive motion may narrow the claims (if any) remaining to be adjudicated at trial, and potentially reduce the scope of Plaintiff's lawsuit before the parties have to tackle various outstanding pre-trial issues . Thus, the continuance requested in this Motion should be granted.

## BACKGROUND

1. Plaintiff filed her initial Complaint on February 20, 2020.

2. Plaintiff alleges various causes of action against NSL, which stem from her claims that NSL inaccurately reported the status of certain of her student loans.

3. There is no trial date set.

4. The Final Pretrial Conference is currently scheduled for August 2, 2022, with the Final Pretrial Order due July 26, 2022.

5. Currently, there are eight (8) pending motions before this Court. The parties have fully briefed the pending motions and are awaiting the Court's ruling. Those motions include:

   a. Plaintiff's Motion to Compel Nikolai N. Frant and The Consumer Protection Section of The Consumer Credit Enforcement Unit in the Colorado Department of Law in the Colorado Attorney General's Office and Stay Proceedings. *See* Dkt. 165, 173, 175, and 177.

   b. Plaintiff's Motion to Compel Defendant's Compliance with Discovery Rules, Sanctions, to Amend the Scheduling Order, and Stay Proceedings *See* Dkt. 166, 174, and 178.

   c. NSL's Motion for Protective Order. *See* Dkt. 171, 179, and 182.

      d.      Plaintiff's Motion to Strike, for Sanctions, and Protective Order. *See* Dkt. 180, 188, and 195.

      e.      NSL's Motion for Summary Judgment. *See* Dkt. 183, 199, and 204.

      f.      NSL's Motion to Restrict. *See* Dkt. 189, 191, and 202.

      g.      Plaintiff's Motion for Sanctions and to Strike Defendant's Exhibits. *See* Dkt. 190 and 203.

      h.      NSL's Motion for Hearing/Conference. *See* Dkt. 194 and 197.

6. Of note and importance, the pending motions include discovery motions and a dispositive motion. Further, while Plaintiff has informed NSL that she opposes the 90-day extension of pre-trial deadlines requested herein, it should be noted that, in *at least two* of her pending motions, Plaintiff actually requests a stay of this lawsuit. In light of the fact that she has twice requested a more indefinite extension of deadlines than NSL is seeking, it is entirely unclear why she opposes this Motion.

7. Although NSL is prepared to draft the Final Pretrial Order, this Court's ruling on NSL's Motion for Summary Judgment [Dkt. 183] may greatly streamline the issues, claims and defenses, necessary witnesses and exhibits, and/or estimated trial time. Further, depending on this Court's ruling, a trial may not even be necessary.

8. Plaintiff's Second Amended Complaint contains eleven causes of action against NSL, all of which are addressed in NSL's Motion for Summary Judgment.

9. Further, this Court's ruling on Plaintiff's discovery motions [Dkts. 165 and 166] may allow Plaintiff to conduct additional discovery, which she would not otherwise be able to do, as there is no discovery conducted after the entry of the Final Pretrial Order.

10. A continuance of the Final Pretrial Conference and Related Deadlines will preserve judicial economy and the parties' resources by allowing the Court further time to first reconcile and rule on the pending motions before engaging with the parties on any remaining pretrial issues.

## LEGAL STANDARD

11. Under this Court's Practice Standards for Civil Actions, motions to continue are determined pursuant to D.C.COLO.LCivR 6.1 and 7.1C, and *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). WJM Civ. Practice Standard II.D.2.

12. In the Tenth Circuit, a trial court should consider the following four factors to determine if a continuance is necessary: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; (4) the need asserted for the continuance and the harm that the movant might suffer as a result of the court's denial of the continuance. *West*, 828 F.2d at 1470.

13. "By far the most important factor . . . is the [movant's] need for a continuance and the prejudice resulting from its denial." *Id.* at 1471. However, no single factor is determinative and the weight given to any one factor may vary depending on the extent of the movant's showing on others. *Id.* at 1470.

/ / /

/ / /

/ / /

/ / /

/ / /

**ARGUMENT**

14. Each of the four *West* factors weighs in favor of granting NSL's Motion.

      A.     **NSL Has Diligently Litigated This Case**

15. First, NSL has diligently litigated this case. *West,* 828 F.2d at 1470. Indeed, NSL had diligently served numerous disclosures and discovery responses on Plaintiff, including its Initial Disclosures and Revised Initial Disclosures, as well as responses to the following:

    a. Interrogatories

    b. Requests for Production of Documents

    c. Requests for Admission

    d. First Supplemental Responses to Plaintiff's Requests for Production of Documents

    e. Plaintiff's Clarified Interrogatories

    f. First Supplemental Responses to Plaintiff's First Set of Request for Production of Documents

    g. Second Supplemental Responses to Plaintiff's First Set of Request for Production of Documents

    h. Third Supplemental Responses to Plaintiff's First Set of Request for Production of Documents

    i. Plaintiff's Second Set of Requests for Production of Documents

    j. Plaintiff's Second Set of Requests for Admission

    k. Plaintiff's Second or "Third" Set of Interrogatories

    l. Plaintiff's Third Set of Request for Production of Documents

    m. Supplemental Responses to Plaintiff's Clarified First Set of Interrogatories.

16. Additionally, NSL propounded its First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission to Plaintiff and took the deposition of Plaintiff.

17. NSL has also responded to numerous motions filed by Plaintiff, and has filed motions itself.

18. Together, all of this activity amply demonstrates NSL's diligence in litigating this matter for purposes of considering its request to continue the Final Pretrial Conference and Related Deadlines.

### B. The Continuance Would Accomplish The Purpose Of Allowing Time For This Court To Rule On The Pending Motions

19. Second, the continuance, if granted, would likely accomplish the purpose underlying NSL's need for such relief. *West,* 828 F.2d at 1470. At this point, there are eight pending motions, two of which are related to various discovery issues and one of which is a dispositive motion. Should this Court grant NSL's Motion for Summary Judgment, it would render the Final Pretrial Conference moot. Alternatively, if this Court partially grants NSL's Motion for Summary Judgment then, at the very least, it will narrow the issues that need to be tried. In any event, the requested continuance will allow the Court to rule on the pending motions and keep the parties focused on any remaining issues, which would eliminate any extraneous arguments or statements that may mislead or confuse the jury.

20. In addition, should this Court grant any of Plaintiff's pending discovery motions then the parties will need additional time to conduct the discovery that is allowed.

/ / /

/ / /

/ / /

### C. Continuance Would Not Inconvenience Plaintiff, Her Witnesses, Or The Court

21. Third, a 90-day continuance will not inconvenience Plaintiff, her witnesses, or the Court. *West,* 828 F.2d at 1470. Indeed, although this Motion is opposed, Plaintiff would actually *benefit* from this continuance. As stated above, Plaintiff has two pending discovery motions and requests for a stay. If this Court enters the Final Pretrial Conference Order before adjudicating those motions, discovery would effectively be closed, rendering Plaintiff's motions moot. Further, a continuance will not inconvenience Plaintiff because a ruling on NSL's Motion for Summary Judgment will clarify the issues remaining for trial. Judicial economy will be preserved by allowing this Court further time to first reconcile and rule on the pending motions before engaging in pretrial issues. Consideration of any inconvenience that might have been occasioned by a continuance of the Final Pretrial Conference should yield to "achieving a fair and efficient resolution of the claims at issue in this case." *Bass v. PJCOMN Acquisition Corp.*, No. 09-CV-01614-REB-MEH, 2011 WL 2149870, at *2 (D. Colo. June 1, 2011) (holding that continuance of trial date would serve the purposes of, *inter alia*, permitting completion of discovery and time for resolution of the defendants' pending motions before trial).

### D. NSL Will Suffer Prejudice If This Court Denies Its Motion to Continue

22. Finally, NSL will be prejudiced if this Court denies its Motion. *West,* 828 F.2d at 1470. The need for a continuance is substantial. Determining what issues need to be tried, what exhibits need to be prepared, and what witnesses need to be called are all predicated on resolution of the pending motions. NSL respectfully states that havinge to prepare for trial on all of Plaintiff's eleven causes of action, only to subsequently receive a ruling granting its Motion for Summary Judgment, would impose a substantial expense and burden. Additionally, it would waste this Court's time and resources in having to prepare for and discuss pretrial issues and disputes if some

(or all) of these issues may be resolved via NSL's dispositive motion. Denying this request for continuance would cause NSL considerable prejudice and would unfairly reward Plaintiff by allowing her to proceed on all eleven of her unsubstantiated causes of action.

## CONCLUSION

WHEREFORE, for the foregoing reasons, NSL respectfully requests that this Court continue the Final Pretrial Conference for approximately 90 days or another date that is convenient for the Court and the parties. NSL further requests that all deadlines associated with the Final Pretrial Conference, specifically the submission of the Final Pretrial Order be continued accordingly. NSL requests such other and further relief as the Court may deem proper.

Dated: July 20, 2022.

**SPENCER FANE LLP**

By:  */s/ Jessica E. Chong*
Dennis N. Lueck, Jr.
Jessica E. Chong.
1700 Lincoln Street, Suite 2000
Denver, CO 80203
*Attorneys for Defendant,*
*Navient Solutions, LLC*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com

  /s/ Adam Miller
for Spencer Fane LLP

DN 6944122.1