UNITED STATES DISTRICT COURT
for the
District of Colorado

Tiffany Grays, *pro se*
*Plaintiff(s)*

- V -

Equifax Inc. d/b/a/ Equifax Information Services LLC., Experian Information Solutions, Inc., Trans Union LLC., Innovis Data Solutions, Inc., Navient Corporation d/b/a Navient Solutions, Inc.
*Defendant(s)*

Case No. **20-cv-00452-NYW-SKC**

---

# UNOPPOSED MOTION TO ENLARGE PLAINTIFF'S RESPONSE TIME AND/OR FOR THE APPOINTMENT OF COUNSEL

---

**COMES NOW**, Tiffany Grays, Plaintiff, *pro se*, prays this Court enters an Order enlarging Plaintiff's response time for 120 days and/or appointing counsel for me in this matter so as to allow Plaintiff to heal and not delay proceedings. Plaintiff was recently released from the hospital as well as continues to be indigent and cannot afford to hire counsel to represent her. Plaintiff requires 60 days of rehabilitation, in addition to her illnesses being caused and aggravated by, the stress imposed by this and other current and future litigation. Plaintiff's plight to have this case tried upon the merits and not Plaintiff's indigent pro se status, substantiates approval of this motion.

# I.   CERTIFICATION

Pursuant to D.C. Colo. L Civ R 7.1(A), Plaintiff, in good-faith to conferred with counsel for Defendants via email. Defendants do not oppose the relief requested.

# II.   STANDARD REVIEW

"The court may request an attorney to represent any person unable to afford counsel." *28 U.S.C. § 1915 (e)(1).*

Fed. R. Civ. P. 6(b)(1)(A)(B) provides allowing the extension of Plaintiff's time to respond as "In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect." *Fed. R. Civ. P. 6(b)(1)(A)(B).*

# III.   ARGUMENT

### A. Good Cause Exists for Granting Plaintiff an Extension of Time

At the beginning of June, Plaintiff became and currently remains homeless through no fault of her own. The end of June Plaintiff was stung by a bee near her eye which caused her eye to swell. In the beginning of July Plaintiff had multiple Doctor's appointments to receive medications to treat the swelling. Plaintiff has had several issues arise in her basic life needs in

addition to the previously stated issues. All causing things to backup and pile up on the Plaintiff. Including that Plaintiff was hospitalized on August 11-14, 2022. Prior to and since said hospitalization, Plaintiff has been on medication which has hindered Plaintiff's ability to focus and litigate this case. Plaintiff was also referred to have 60 days of rehabilitation which will further hinder pro se Plaintiff's ability to meritoriously defend her claims to current time restrictions.

The record reflects Plaintiff has diligently litigated this case and has not once requested additional time to respond, which substantiates the prohibitive nature of Plaintiff's current health causing Plaintiff to seek this relief. Plaintiff is asking the Court to provide Plaintiff up to January 02, 2023 to object to any order or respond to any motions. The appointment of counsel would also allow for Plaintiff to focus on improving her health while not delaying proceedings.

"The layman's inability to overcome the intricacy of the adjudicative process, which gives rise to a constitutional guarantee of counsel in criminal prosecutions, equally impedes effective access of uncounselled litigants to the judicial process in civil cases." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975), citing *Goldberg v. Kelly*, 397 U.S. 254, 270 (1970). "Attorneys are officers of the court, and are bound to render service when required by such an appointment," *Powell v. Alabama*, 287 U.S. 45, 73 (1932), as "lawyers are essential to the primary governmental function of administering justice." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975). As assistants to the court, attorneys are subject to a variety of obligations imposed pursuant to the courts' regulatory power. *Cohen v. Hurley*, 366 U.S. 117, 124 (1961). See also *Ferri v. Ackerman*, 444 U.S. 193, 193-204 (1979).

In general, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). For guidance the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel. Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination." A fourth factor determined in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984), should be used as "an aid in exercising discretion" in close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel." While this instant case is not brought under Title VII, the factors to grant appointment under Title VII claims, are similar to those considered when deciding to request an attorney to represent an indigent party under § 1915(e)(1).

## B. Financial Ability & Efforts to Secure Counsel

Plaintiff has submitted a financial affidavit in this action and the Court granted permission to proceed in forma pauperis. The affidavit likewise shows that Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney. Given the financial affidavit, Plaintiff has shown that she is unable to meet her daily, non-discretionary expenses; denying her ability to hire an attorney.

Plaintiff's indigent status affirms Plaintiff's inability to pay for legal counsel and has caused the Plaintiff to seek judicial assistance from multiple sources, to no avail. Plaintiff has been to numerous legal clinics throughout the Denver Metro Area, where free services can be attained, to

no avail. Plaintiff has contacted many attorneys only to receive responses either requiring payment or denying the attorney's ability to litigate the case.

### C. Merit of Allegations

"The court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney," *Poindexter v. FBI*, 737 F.2d 1187 n. 35 (D.C. Cir. 1984).

### D. Capacity to Present Case Without Counsel

Plaintiff, in extraordinary peril, has been forced to litigate multiple cases, of varied issues, defendants and difficulties; while being an unlicensed pro se litigant, causing substantial stress; all of which is detrimental to the health of the Plaintiff. Plaintiff's current treating mental health providers attest to the health benefits of appointing counsel for the Plaintiff.

Plaintiff has been prescribed medication for depression, anxiety, PTSD and Fibromyalgia, which has caused *inter alia* severe fatigue, nausea, cognitive delays, in addition to the constant pain caused by Fibromyalgia, as affirmed in ECF No. 13-1, all caused by the stress imposed through litigation, thereby hindering the Plaintiff's ability to present her case without counsel.

## IV.   CONCLUSION

Thus, for good cause shown, this Court would be well within its discretion to afford Plaintiff an extension of time to respond or object. The reduction in stress through the appointment of counsel not only furthers the administration of justice by enhancing the fairness of judicial

proceedings, as "the size of her pocketbook should not be dispositive when "an interest far more precious than any property right" is at stake," *Santosky v. Kramer*, 455 U.S. 745, but significantly impacts the Plaintiff's health, in a positive manner. While not resolving all ailments, undoubtedly helping. Appointment of counsel will also ensure the development of a record adequate for summary judgment or trial. Every word the Plaintiff is forced to write, is literally hurting her. Plaintiff should not be forced to choose between health and life or liberty and justice.

**WHEREFORE,** Plaintiff prays this Court will enlarge Plaintiff's time to object any Orders to October 31, 2022; enlarge Plaintiff's time to respond to any filing made by Defendant to 60 days or January 02, 2023, whichever comes first; and in addition to or in lieu of the aforementioned relief enter an Order appointing counsel in this matter.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Tiffany Grays, *pro se*                                                  **20-cv-00452-NYW-SKC**
    v
Navient Solutions, et al

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2022, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **UNOPPOSED MOTION FOR THE APPOINTMENT OF COUNSEL**

| | |
|---|---|
| Dennis N. Lueck | Kevin J. Burns |
| dlueck@spencerfane.com | Kevin.Burns@coag.gov |
| Jessica Chong | Nikolai N. Frant, Esq. |
| JChong@spencerfane.com | Nikolai.Frant@coag.gov |
| ***Counsel for Navient Defendant*** | Consumer Protection Section |
| | Consumer Credit Enforcement Unit |
| | Colorado Department of Law |
| | Ralph L. Carr Colorado Judicial Center |
| | ***Counsel for Martha Fulford, Administrator*** |
| | ***of the Colorado Student Loan Equity Act*** |

   /s/ Tiffany Grays, pro se   

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com
