# UNITED STATES DISTRICT COURT
### for the
## District of Colorado

|  |  |
|---|---|
| Tiffany Grays, *pro se*<br>*Plaintiff(s)*<br><br>- V -<br><br>Equifax Inc. d/b/a/ Equifax Information<br>Services LLC., Experian Information Solutions,<br>Inc., Trans Union LLC., Innovis Data Solutions,<br>Inc., Navient Corporation d/b/a  Navient<br>Solutions, Inc.<br>*Defendant(s)* | Case No. **20-cv-00452-NYW-SKC** |

---

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS ECF NO 213

---

*Pro se* Plaintiff, Tiffany Grays, hereby respectfully submits her timely objections to the Honorable Magistrate Judge S. Kato Crews' Order, ECF No. 213 in its entirety for multiple abuses of authority, discretion, and/or for being contradictory to precedent in the Tenth Circuit. Plaintiff brings this action pursuant to Fed. R. Civ. P. 72(a)(b).

## I.   <u>OBJECTIONS</u>

### A. <u>Judge Martinez's Practice Standards Aver Requirements</u>

Judge Martinez expressly identified "COMMONLY OVERLOOKED STANDARDS," WJM Revised Practice Standards, on the cover page of his 33-page Practice Standards. Within those "COMMONLY OVERLOOKED STANDARDS," Id., he list "III.F.4: Appropriate and inappropriate responses to factual allegations in summary judgment briefing." Id. These were highlighted as to give notice to parties to pay special attention to the requirements set forth therein.

Verbatim with Fed. R. Civ. P. 1, Judge Martinez's Practice Standards affirm they "are adopted to secure the just, speedy, and inexpensive determination of every action." *WJM Revised Practice Standards at p.1.* The word "may" appears in Judge Martinez's Practice Standards 49 times, while the word "must" appears 53, indicating the use of the word is intentional and indicative of how Judge Martinez commands parties to perform in cases, as he did with Plaintiff multiple times.

The lower Court seeks to restrict the pro se Plaintiff to the words in the Practice Standard when it comes to the requirement of Plaintiff to respond to certain sections of filings in certain methods, yet the Defendant does not have to follow those same requirements. Plaintiff otherwise complied with Judge Martinez's Practice Standards, she responded in the requisite time, in the allotted page count, had appropriately titled sections as commanded, cited additional material facts at dispute which contradict Defendant's and referenced the record, yet the lower Court focuses on one alleged failure of Plaintiff to respond to the movant's alleged material facts as substantiation to grant the movant summary judgment; a clear manifest injustice which must be corrected.

### B. <u>Justice is Promise to All Yet Plaintiff is Being Denied Equal Access to Justice</u>

ECF No. 41 is a direct Order from Judge Martinez to "review and familiarize themselves with the undersigned's Revised Practice Standards." ECF No. 41. The lower Court is rewarding Defendant with granting summary judgment after Defendant's failure to abide by the Order of the Court, which prevented Plaintiff from responding to the appropriate section of the Motion for Summary Judgment, as it was not there. The lower Court seeks to hold Plaintiff stringently to the same Practice Standard of responding to the factual allegations, yet not Defendant's requirement to have the correct components required. Many legal challenges have hinged on the absence of a single word, yet the lower Court would seek to justify the absence of the correct word the Practice Standard required.

Both Judge Crews and Judge Martinez held Defendants who settled with Plaintiff to the same stringent requirement of adherence to the all Rules and Practice Standards. In fact, the lower Court dismissed defenses for failure of adherence to "F.R.C.P. 5.1." *ECF No. 57.* Attorney on record was even prevented from filing for failing to pay as stated in "D.C.COLO.LAttyR 3(a)." *ECF No. 117.*

Both Judge Crews and Judge Martinez forced Plaintiff's' strict adherence to every word in every Rule and practice standard. Judge Martinez declined to act when Plaintiff did not strictly adhere to the Practice Standard of limiting my objections to "15 pages." *ECF No. 154*. This was the first and only time Plaintiff exceeded the page count in over 150 filings as a pro se party and Judge Martinez required Plaintiff's strict adherence to his Practice Standard, thus in the interests

of justice the same adherence requirement should be equally applied to Defendant. Plaintiff was denied relief overtly due as a result of Defendant's deliberate dilatory discovery dance for failing to follow "Judge Crews' discovery practice standards." *ECF No. 78*. The lower Court cherry picks Practice Standards and Rules the Plaintiff must follow and the ones Defendant does not, which is in direct contradiction to the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

The most egregious example of the lower Court's abuse of discretion and deprivation of Plaintiff's rights comes when the lower Court orders Plaintiff to answer courtesy questions from court security that have been placed as a barrier to Plaintiff access the courtroom – accesses the justice afforded to all in the rules – in violation of Plaintiff's First, Fifth, and Fourteenth Amendment Rights of freedom of speech – or not- equal exercise of her liberties; all pursuant to "Local Rule 83.2(a)." *ECF No. 138*. The strict compliance to all Rules and Practice Standards  - and every word therein – is showcased in ECF No. 146, when after being traumatized through the deprivation of her rights by the court security officers and having been called "belligerent" by the lower Court – without the Court having heard from Plaintiff in violation of multiple Rules and Codes of Conduct Judges – the lower Court Notices Plaintiff that she is noncompliant with "COURT E-FILING PROCEDURES." *ECF No. 146*.

The strictness reserved just for the *pro se* Plaintiff is further documented by the Court's failure to provide Plaintiff appropriate accommodations because "Plaintiff's request is premature due to the lack of any scheduled in person court appearances." *ECF No. 150*. "Governments must not be allowed to force persons to express a message contrary to their deepest convictions." *Nat'l Inst. Of Family & Life Advocs. v. Becerra*, 138 S. Ct. 2361, 2379 (2018) (NIFLA)

(Kennedy, J., concurring). Here Plaintiff deeply held convictions of her right to access due process by not relinquishing her right to freedom of speech, as well as her deeply held religious beliefs that she is free in the name of Jesus Christ. The Supreme Court has "held time and again that freedom of speech includes both the right to speak freely and the right to refrain from speaking at all." *Janus v. Am. Fed'n of State, Cty., & Mun. Employees*, *Council 31*, 138 S. Ct. 2448, 2463 (2018) (internal quotation marks omitted). The government may no more "prohibit the dissemination of ideas that it disfavors" than it can "compel the endorsement of ideas that it approves." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 309 (2012). Responses to admitted alleged courtesy questions does not supersede the rights Plaintiff has. The Court's willingness to forgo Plaintiff's rights substantiates it's willingness to forgo the justice so overtly owed to Plaintiff.

The lower Court abusing discretion in by seeking to apply the newly assigned Court's practice standards retroactively to filings that had been pending prior to assignment. This is an abuse of discretion and only results in the substantiation that each Court's Practice Standards utilizes different standards, which must be followed. The current undersigned's Practice Standards call for the sections in a motion pursuant to Fed. R. Civ. P. 56 to be "styled" in a manner as described, versus Judge Martinez's Practice Standard which states the movant "must[emphasis added]" have a section entitled ""Movant's Statement of Material Facts." *WJM Revised Practice Standards at p.9.* The lower Court has abused it's discretion and is perpetuating a manifest injustice through plainly inaccurate conclusions of this Court's Practice Standards. Judge Crews states – in relevant part - at citation 3 on page 3 of ECF No. 213,  "Judge Wang's practice standards require a section titled "Statement of Undisputed Facts." *Id.* This is factually

untrue. Judge Wang's practice standard states the section must be "styled[emphasis added] "Statement of Undisputed Material Facts."" *Civil Practice Standards at p.6.* Most certainly there is a vast difference from styling something like and using words that were provided in quotations after the word "must." Not only did Judge Martinez immediately preceded the title with a directive that was non-negotiable, but put those exact set of required words, the literal words commanded in quotations.

In the English language, the word must is defined as to "be commanded." https://www.merriam-webster.com/dictionary/must. Thereby, through its order in ECF No. 41, but also in it's Practice Standards, the lower Court commanded parties to adhere to it's Practice Standards; every word.  The combination of the word must, with the quotations indicates the significance of the request, as other motions in the Practice Standards do not have the same sectional naming requirements. The lower Court overlooking the intentionality of Judge Martinez's Practice Standard on Summary Judgments is a clear abuse of discretion, especially considering the lower is also advocating for the Plaintiff to have also ignored Judge Martinez's directive to Plaintiff, to *WJM Revised Practice Standards at p.9.* Judge Martinez begins the section in his Practice Standards with a statement – his scienter – on his distain for motions for summary judgment. This statement substantiates the importance of this section and as a result parties' adherence. Requiring Plaintiff to respond when the section required by the Court was not present is inconsistent with Practice Standard of Judge Martinez on motions for summary judgment. "Any party opposing the motion for summary judgment, or an Early Motion for Partial Summary Judgment, shall provide a "Response to Movant's Material Facts."" *WJM Revised Practice Standards at p.10.* Because there was no "Movant's Statement of Material

Facts." WJM Revised Practice Standards at p.6, in the motion for summary judgment, Plaintiff could not have a "Response." *WJM Revised Practice Standards at p.10*. Undisputed is vastly different from Material.

## C.  Local Rules and Court Practice Standards do not Supersede the Plain Language of the Federal Rules of Civil Procedure or the U.S. Constitution

The lower Court did not follow Rule 56 and made up its own Rule that Plaintiff is required to respond to Defendant's stated facts when Rule 56 fails to state that requirement. The Court's failure to abide by the requirements in Rule 56 is an abuse of discretion and a manifest injustice, as Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 199 at pp. 3-6, is replete with references to the record which reflects the genuine dispute which remains, yet the lower Court granted Defendant's motion. Rule 56 has plain language that dictates granting of summary judgment is only to happen if both no genuine disputes of material facts exist and movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Because Plaintiff supported her claims against Defendant with "citing to particular parts of materials in the record," *Fed. R. Civ. P. 56(c)(1)(A),* in ECF No. 199 at pp. 3-6. Plaintiff's compliance with Fed. R. Civ. P. 56(c)(1)(A) results in her compliance with the Rule pertaining to summary judgment, further resulting in established genuine dispute as to material facts. No where in it's Recommendation did the lower Court aver Plaintiff's "Statement of Additional Disputed Facts," *ECF No. 199 at p. 3.*, are not material, because all are; both material and disputed. Rule 56 also requires the Court to "consider only cited materials," *Fed. R. Civ. P.*

*56(c)(3),* yet the Court failed to consider all of the Plaintiff's cited materials. The Court states "Plaintiff cannot demonstrate actual inaccuracies" ECF No. 213 at p. 10, yet in her filing, Plaintiff demonstrated Defendant had admitted the dates were inaccurate by removing them, see (ECF No. 199 at p.5 ¶18), and the inaccuracies had also been documented by the Colorado Attorney General, (ECF No. 199 at p.6 ¶22), yet Court ignored all this evidence. The result is an abuse of discretion and a manifest injustice to Plaintiff. The inaccuracies are overtly evident in simple comprehension of math, one account cannot be 90 days one month and then "150" *(ECF No. 199 at p.5 ¶14)* in the next 30 days. Plaintiff further provided two expert reports to the Court at the settlement conference in which the factual inaccurate reporting is substantiated. Not only do genuine disputes on material facts exist, but ultimately based on the Rule 56 requirement to determine the matter in a light most favorable to the nonmovant, Plaintiff was at minimum entitled to trial if not summary judgment on her claims. The Court abused its discretion and enacted a manifest injustice against the Plaintiff in by failing to follow the commandments in Rule 56.

The lower Court further enacts it's injustice and abuse of discretion against Plaintiff by ignoring Plaintiff's cited evidence and reducing her Rule 56 compliant Declaration. Rule 56 requires the declaration to be ", made on personal knowledge, [(ECF No. 199-1 ¶1)], set out facts that would be admissible in evidence, [(ECF No. 199-1 ¶2)], and show that the affiant or declarant is competent to testify on the matters stated. *Id.* The lower seeks to hold Plaintiff's pro se Declaration to a stringent undisclosed standard not contemplated in the Rules; an abuse of discretion and a manifest injustice. Furthermore as Plaintiff's declaration notes Defendant has not produced certain evidence, (ECF No. 199-1 ¶2 at i), whilst certain facts are undisputed that

has hampered Plaintiff's ability to reply with certain facts, also supported by the multiple

unresolved motions for sanctions and to compel, granting a motion for summary judgment when

discovery has concluded with 5 unresolved discovery dispute motions concerning Defendant's

failures to abide by the Rules pertaining to discovery and the Court's multiple discovery

hearings. Pursuant to Rule 56(d), as Plaintiff's Declaration stated why she could not respond,

because evidence had been produced, the discovery dispute motions.  Based on these facts, the

denial of motions pending based on motion for summary judgment an abuse of discretion as had

determination on the discovery motions happened prior to determining the motion for summary

judgment, Plaintiff would have had other evidence to support her position. Plaintiff's

substantiation of her state claims in her Declaration is sufficient to satisfy the dispute

requirement.

While the Court is permitted under Federal Rule of Civil Procedure 56(f)(2) to grant

summary judgment on grounds not raised by Defendant, the losing party must be given notice

and an opportunity to respond. Defendant did not move for summary judgment on the fact that

Plaintiff did not respond to it's Undisputed Facts, therefore the Court was required to give

Plaintiff notice and did not. See *Oldham v. O.K. Farms, Inc.*, No. 16-7069 (10th Cir. Sept. 25,

2017). Said failure has prejudiced Plaintiff in that she could not make the argument as to why the

Rule should be followed as written.

The Court's Recommendation Creates a Slippery Slope Whereby Rules and Practice Standards are Subjectively Enforced Violating the U.S. Constitution

# II.   <u>CONCLUSION</u>

Thus, for good cause shown, this Court would be well within it's discretion to afford Plaintiff equal access to justice. Plaintiff should not be forced to choose between health and life or liberty and justice.

**WHEREFORE,** Plaintiff prays this Court will grant her summary judgment on her FCRA claims and decline adopting any portion of ECF No. 213.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*
     v
Navient Solutions, et al

**20-cv-00452-NYW-SKC**

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2023, I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will also e-mail a true and correct copy of this document to the following:

DOCUMENT:  **UNOPPOSED MOTION TO ENLARGE PLAINTIFF'S RESPONSE TIME AND/OR FOR THE APPOINTMENT OF COUNSEL**

Dennis N. Lueck
dlueck@spencerfane.com
Jessica Chong
JChong@spencerfane.com
***Counsel for Navient Defendant***

    /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com