IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00452-WJM-SKC

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
EQUIFAX, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
INNOVIS DATA SOLUTIONS, INC.,

    Defendants.

---

**DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS (DKT. 213)**

---

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, submits its Response to Plaintiff's Objections to Report and Recommendations of Magistrate Judge Crews.

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Objections to Magistrate Judge Crews' Recommendation that NSL's Motion for Summary Judgment be granted in its entirety ("Recommendation"). (Dkt. 213). Plaintiff submitted her Objections to the Report and Recommendation on February 22, 2023 ("Objections"). (Dkt. 216). At first glance, it may seem that Plaintiff has submitted several substantive arguments in opposition to the Recommendation. In reality, however, the basis for Plaintiff's Objections boils down to one main argument: that she was not afforded the opportunity to respond to NSL's "Statement of Undisputed Facts." This, however, is not true and, in any event, insufficient for denial. Not only is Plaintiff's argument frivolous, but it is moot, as Judge Crews considered Plaintiff's "Statement of Additional Disputed Facts" as a response to NSL's "Statement of Undisputed Facts." Thus, the very issue Plaintiff complains of and asserts as the basis for denial lacks all viability. It is evident, based on the Recommendation, that Judge Crews granted summary judgment upon review of the parties'

arguments on their merits. As set forth below, the Recommendation should be affirmed and adopted as the findings and conclusions of this Court, and NSL's Motion for Summary Judgment should be granted.

## II.     LEGAL STANDARD/LEGAL ANALYSIS

### A.     Standard for Reviewing a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been **properly objected to**." (Emphasis added). Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(3), this Court is to conduct a *de novo* review of the facts, law, and objections to Magistrate Judge Crews' Recommendation. This review is only of the specific portions of the Recommendation to which a party has properly objected, however. *See generally, United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996). Indeed, if an objection is not "specific to preserve an issue for *de novo* review," it is deemed waived. *Id.* at 1060. Thus, the party filing objections must specifically identify those findings or recommendations to which the objections are being made, and the Court will not consider frivolous, conclusive or general objections. *See United States v. $37,020.00 in U.S. Currency*, No. CIVA06CV02126-MSKMJW, 2007 WL 2746767, at *2 (D. Colo. Sept. 19, 2007). In order to conduct a *de novo* review a court "should make an independent determination of the issues...; [it] is not to give any special weight to the [prior] determination...." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (citation omitted). "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.* (citation omitted); *Mathews v. Weber,* 423 U.S. 261, 271 (1976)). The district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b)(3).

2

### B. Plaintiff's Status as a Pro Se Plaintiff

Plaintiff is proceeding pro se; thus, the Court must liberally construe her filings. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for a pro se litigant, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or theory on [his or her] behalf." *Whitney v. N.M.,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)). Additionally, the plaintiff's pro se status does not entitle her to application of different rules. *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

### C. Summary Judgment

Summary judgment is appropriate only if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248).

### D. This Court Should Not Consider Plaintiff's Frivolous, Conclusive, and General Objections

Many of Plaintiff's objections lack specificity and should not be considered. As the Court discussed in *Smith v. Krieger,* 643 F.Supp.2d 1274, 1278-79 (D.Colo. 2009), pursuant to Fed.R.Civ.P. 72(b)(3), the district court must "determine *de novo* any part of the magistrate judge's [recommendation] that has been **properly** objected to." (Emphasis added). An objection is properly made if it is both timely and specific. *One Parcel of Real Property,* 73 F.3d at1059 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and

3

specific to preserve an issue for *de novo* review by the district court...."). For an objection to be sufficiently specific, it must "enable[ ] the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Am,* 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991).

Here, Plaintiff fails to make any substantive arguments or present specific objections to the Recommendation. For example, rather than address any of the findings made by the Court, *see* Recommendation pgs. 5-16, Plaintiff decides to discuss an issue that is moot, *infra*, section II.E. *See generally,* Objections. Plaintiff complains that she could not respond to NSL's "Statement of Undisputed Facts" because it was improperly titled. However, the Court specifically held that the title was of no consequence, and it nevertheless considered Plaintiff's "Statement of Additional Disputed Facts" when evaluating the merits of her claims. Thus, the very issue central to Plaintiff's objections had no bearing on the Court's Recommendation.

And other than this red herring related to NSL's statement of facts, Plaintiff's Objections lack the specificity to allow this Court to "focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel of Real Property,* 73 F.3d at 1059. To the extent Plaintiff's brief asserts improper, general or generic objections with respect to the Recommendation, it fails under Fed.R.Civ.P. 72(b)(3) and should not be considered.

### E. NSL's Motion for Summary Judgment Should Be Granted

Even if this Court considers and finds sufficient specificity in Plaintiff's Objections, it should nevertheless affirm the Recommendation, because the objections are misplaced in light of the findings made in the Recommendation. In support of her Objections, Plaintiff refers to the district court's? practice standards and the titling of NSL's "undisputed facts," in addition to prior

4

grievances[1] that do not pertain to NSL's Motion for Summary Judgment, and the granting thereof. *See* Objections, pg 5-6. Plaintiff asserts that "[t]he lower Court overlooking the intentionality of Judge Martinez's Practice Standard on Summary Judgments is a clear abuse of discretion, especially considering the lower [court] is also advocating for the Plaintiff to have also ignored Judge Martinez's directive to Plaintiff…." *Id.* at pg. 6. Thus, "[r]equiring Plaintiff to respond when the section required by the Court was not present is inconsistent with [the] Practice Standard of Judge Martinez on motions for summary judgment." *Id*.

However, this argument fails. As Judge Crews aptly stated, "Plaintiff is not a novice to civil litigation. She has filed and prosecuted many cases in this district court with varying degrees of success[2]." *See* Recommendation, pg. 4. Indeed, based on Plaintiff's Objections and prior filings with the Court, it is clear that she understands the rules. Instead of responding to NSL's "Statement of Undisputed Facts," Plaintiff submitted a "Statement of Additional Disputed Facts," and "Factual Basis Supporting NSL's FCRA Violations and Plaintiff's Damages." *See* Opposition to Motion for Summary Judgment (Dkt. 199), pg. 3.

And yet, even though she did not address each and every "undisputed fact," because Plaintiff provided "facts" in opposition to NSL's "Statement of Undisputed Facts," Judge Crews took them into consideration. The Court found that "[a]lthough [Plaintiff] does not directly address Defendant's FCRA facts as contemplated by the Rules, the Court **liberally construes** Plaintiff's response and her statement of 'Factual Basis Supporting [Defendant's] FCRA Violations and Plaintiff's Damages,' to examine whether Plaintiff demonstrates disputed issues of material fact warranting a trial on some or all of her FCRA claim(s)." *See* Recommendation, pg. 4. (Emphasis added.) Therefore, while Plaintiff did not directly address each "Statement of Undisputed Facts," the Court considered Plaintiff's "Additional Disputed Facts" as a response to NSL's "Statement

---

[1] Plaintiff points to irrelevant instances of exceeding the page limitations in one of her prior submissions, and having to answer questions at the courthouse's security area before being let in. *See* Objections, pg 4.

[2] Indeed, in this district alone, Plaintiff has filed eight cases from 2018 to the present, with at least 100 filings in each case.

5

of Undisputed Facts." Plaintiff's objection(s) are therefore moot. Additionally, the Court, appropriately, could not consider any "facts" related to Plaintiff's state law claims, whether they were directly or indirectly presented in the Opposition to Motion for Summary Judgment, because Plaintiff did not proffer *any* facts to support these claims. *See* Recommendation, pg. 4.

Furthermore, Plaintiff, although not an attorney, has fair understanding of the law and the requirements necessary when responding to motions. Indeed, Plaintiff properly points to F.R.C.P. 56 as the standard for summary judgment and discusses the requirement(s) set forth in the rule. *See* Opposition, pg. 7-9. Part of F.R.C.P. 56 provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: consider the fact undisputed for the purposes of the motion or grant summary judgment if the motion and support materials – including the facts considered undisputed – show that the movant is entitled to it." F.R.C.P. 56(e)(2); 56(e)(3). Plaintiff cannot feign ignorance or make issues of insignificant technicalities, when it is apparent she understood what was required in opposing NSL's motion for summary judgment, but made the conscious decision not to respond to each "undisputed fact" presented by NSL. Therefore, even if Plaintiff "could not respond" to NSL's undisputed facts because it was mistitled, she was still required to respond under F.R.C.P. 56. This Court should affirm and adopt the Recommendation in its entirety.

## III.   CONCLUSION

Based on the argument made above, this Court should affirm and adopt the Recommendation in its entirety.

Dated: March 7, 2023.

        **SPENCER FANE LLP**

By:   */s/ Jessica E. Chong*
     Dennis N. Lueck, Jr.
     Jessica E. Chong
     1700 Lincoln Street, Suite 2000
     Denver, CO 80203
     Telephone: 303.839.3733
     Facsimile: 303.839.3838
     Email: dlueck@spencerfane.com
           jchong@spencerfane.com

*Attorneys for Defendant,*
*Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Tiffany Grays, pro se
legalgrays@gmail.com


  /s/ Adam Miller
for Spencer Fane LLP

8