IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-00452-NYW-SKC

TIFFANY GRAYS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.

---

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews. [Doc. 213]. Judge Crews recommends that Defendant Navient Solutions, LLC's ("Navient" or "Defendant") Motion for Summary Judgment (or "Motion"), [Doc. 183], be granted. Plaintiff Tiffany Grays ("Ms. Grays" or "Plaintiff") filed an Objection to the Recommendation, [Doc. 216], and Navient responded, [Doc. 217]. For the reasons below, the Court **ADOPTS** the Recommendation, which is incorporated into this Order by reference, and **OVERRULES** Ms. Grays's Objection. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARDS**

    **A.    Review of a Magistrate Judge's Recommendation**

Pursuant to Federal Rule of Civil Procedure 72, this Court reviews de novo any part of the magistrate judge's recommendation that is "properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996). "Where an objection is not made or is made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

    **B.**  **Summary Judgment under Federal Rule of Civil Procedure 56**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. 2022) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or a denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir.

2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). For instance, "if th[e] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

## II.   BACKGROUND

The factual allegations in the Second Amended Complaint, [Doc. 59; Doc. 59-1], are summarized in the Recommendation and restated here.

To finance her continued education, Ms. Grays took out several student loans, which were serviced by Navient. According to the allegations in the Second Amended Complaint, in 2014 Navient began incorrectly reporting her payment status to the major credit reporting services and when notified of its errors, failed to investigate or correct the information. Ms. Grays initiated this action for monetary damages as well as injunctive and declaratory relief in February 2020, arguing that Navient's actions damaged her credit and prevented her from obtaining auto loans, credit cards, apartments, and jobs. *See* [Doc. 59-1]. Plaintiff asserts 11 claims against Defendant including: (1) various violations of the Fair Credit Reporting Act ("FCRA"); (2) conversion; (3) civil theft; (4) unjust enrichment; (5) breach of contract; (6) declaratory judgment regarding her remaining obligations under the purported contract;[1] (7) violations of the Colorado Consumer

---

[1] In her declaratory judgment claim, Plaintiff seeks a "judicial declaration that the fees and interest charged by Navient to Plaintiff were inconsistent with the terms of its [contract,] declaring the

Protection Act ("CCPA"); (8) violations of the Colorado Consumer Credit Code ("CCCC"); (9) violations of the Colorado Uniform Commercial Code ("CUCC"); (10) breach of fiduciary duty; and (11) negligence. [*Id.* at 8–23].

After discovery closed, Navient filed a Motion for Summary Judgment, seeking judgment in its favor on all of Plaintiff's claims. [Doc. 183]. Ms. Gray filed a Response, wherein she addressed only her claims under the FCRA, [Doc. 199], and Navient replied, [Doc. 204]. The Motion for Summary Judgment was referred to Judge Crews for a Recommendation. [Doc. 187]. After it was fully briefed, Judge Crews recommended that the Motion be granted. [Doc. 213].

---

contract void and Plaintiff released from all obligations," as well as "a permanent injunction, preventing Navient from committing similar actions against Plaintiff in the future." [Doc. 59-1 at 15]. The Recommendation notes Plaintiff's "claim" for declaratory judgment and states that "[a] declaratory judgment . . . provides a remedy for valid federal claims and is not a stand-alone cause of action." [Doc. 213 at 3 n.2]. However, although *injunctive relief* is not a separate cause of action, the Declaratory Judgment Act "allows a party in an actual case or controversy to ask the court to declare the rights or other legal relations of any interested party seeking such a declaration." *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1088 (D. Colo. 2018). The *Bellwether* court rejected the defendant's contention that the plaintiffs' claim for declaratory relief was not an independent cause of action, noting that the plaintiffs did "not request a declaration merely as relief sought in connection with another claim; rather [they] ma[de] a separate claim under the Declaratory Relief Act." *Id.* Similarly, here, Plaintiff appears to seek different relief under her breach of contract claim and declaratory judgment claim, although both claims relate to the same purported contract. *See* [Doc. 59-1 at 15]. In any case, the Recommendation's comment regarding whether or not a plaintiff can assert a standalone claim for declaratory judgment makes no difference to the Recommendation or this Order because this Court agrees that summary judgment should be granted as to Plaintiff's breach of contract claim, which renders Plaintiff's "declaratory judgment cause of action an empty vessel devoid of content and therefore—in [this] context—purely a remedy and not a cause of action." *Bellwether*, 353 F. Supp. 3d at 1088 (citing *Savant Homes v. Collins*, No. 13-cv-2049-WJM-MEH, 2015 WL 899302, at *11 (D. Colo. Feb. 27, 2015), *aff'd*, 809 F.3d 1133 (10th Cir. 2016)); *cf. United Fire & Cas. Co. v. Contractor Heating, Inc.*, 2008 WL 2572124, at *4 (D. Colo. June 24, 2008) (holding that the "lack of an underlying complaint . . . [was] fatal to [the Court's] ability to render a decision in this action seeking anticipatory declaratory relief on the issue").

4

### III.   ANALYSIS

Judge Crews begins his analysis in the Recommendation by addressing Plaintiff's contention, in her Response to the Motion for Summary Judgment, that Defendant failed to comply with the Honorable William J. Martinez's practice standards[2]—in particular, the requirement that "[a]ll motions for summary judgment . . . must contain a section entitled 'Movant's Statement of *Material* Facts.'"  WJM Revised Practice Standards II.F.3 (emphasis added).[3]  Specifically, Defendant's Motion included a section titled "Statement of *Undisputed* Facts." [Doc. 183 at 2 (emphasis added)].  Because of this difference in titling between Defendant's "Statement of Undisputed Facts" and Judge Martinez's "Movant's Statement of Material Facts," Plaintiff argued that she was "deprive[d] . . . of her ability to appropriately respond" to the facts asserted by Defendant under that section of the Motion. [Doc. 199 at 2].  And then, rather than directly respond to any of Defendant's listed facts, Plaintiff provided her own "Factual Basis Supporting [Defendant's] FCRA Violations and Plaintiff's Damages." [Doc. 199 at 3].  She did not, however, include a statement of facts related to her state law claims.

In addressing this issue in the Recommendation, Judge Crews found that Defendant's use of the term "undisputed" instead of "material" to be "a distinction without a difference." [Doc. 213 at 3].  He explained that Judge Martinez's practice standards requires parties "to provide a list of material facts the movant believes entitles them to judgment as a matter of law" and, despite its use of a different title, "Defendant's statement of facts, in form and substance, [did] as required."

---

[2] This case was reassigned to Judge Nina Y. Wang upon her appointment to this Court, after the Parties had completed their briefing for the Motion for Summary Judgment.  *See* [Doc. 210].

[3] This statement must "set forth in simple, declarative sentences, all of which are separately numbered and paragraphed, each material fact the movant believes supports movant's claim that movant is entitled to judgment as a matter of law."  WJM Revised Practice Standards II.F.3.  The responding party, in turn, must "provide a 'Response to Movant's Material Facts' in its brief, admitting or denying the asserted material facts set forth by the movant."  *Id.* at II.F.4.

[*Id.* at 3–4]. Therefore, the Recommendation continues, "Plaintiff was not absolved from addressing those facts in accordance with the district judge's practice standards or the Federal Rules of Civil Procedure." [*Id.* at 4]. Judge Crews also acknowledged that, under the Federal Rules, properly asserted and supported facts may be deemed confessed when a responding party fails to address them. [*Id.*]; *see also* Fed. R. Civ. P. 56(e)(2)–(3); *Murray v. Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002). Nevertheless, Judge Crews "liberally construe[d] Plaintiff's [R]esponse and her statement of the 'Factual Basis Supporting [Defendant's] FCRA Violations and Plaintiff's Damages,' to examine whether Plaintiff demonstrate[d] disputed issues of material fact warranting a trial on some or all of her FCRA claim(s)." [Doc. 213 at 4]. Judge Crews also noted that although Plaintiff chose to include a "factual basis" regarding her FCRA claim(s), she did not, however, "include a statement of facts related to her remaining state law claims." [*Id.*]. Accordingly, Judge Crews deemed "those facts proffered by Defendant, where appropriately supported by competent evidence, to be undisputed for purposes of analyzing the Motion." [*Id.* at 4–5].

The Recommendation then proceeds to evaluate each of Plaintiff's claims, finding that: (1) Plaintiff's claims under the FCRA fail because the undisputed material facts establish that Defendant's reporting was accurate; (2) Plaintiff's claims of conversion, civil theft, and unjust enrichment fail because Plaintiff "cannot establish that Defendant exercised control over her property or received a benefit at her expense"; (3) Plaintiff's breach of contract and CUCC claims fail because Plaintiff "has not produced evidence of a contract between her and Defendant" and, "without a contract, Defendant similarly cannot be held liable for breaching a duty of good faith and fair dealing under the CUCC"; (4) Plaintiff's CCPA claim fails because the Second Amended Complaint contains "no allegations Defendant has engaged in an unfair or deceptive trade practice"

6

that significantly affects the public, and "because the undisputed facts establish that Defendant's credit reporting was accurate, [Plaintiff] cannot establish the additional elements of her CCPA claim"; and (5) the FCRA preempts Plaintiff's claim under the CCCC and her claims for negligence and breach of fiduciary duty. [*Id.* at 6–16].

***Plaintiff's Objection.*** In her Objection, Ms. Grays does not object to any of the legal grounds cited by Judge Crews in recommending that the Motion for Summary Judgment be granted. *See* [Doc. 216]. Instead, Plaintiff primarily claims that she was not afforded the opportunity to respond to the factual assertions in the Motion because Defendant did not include a section titled "Statement of Material Facts" as contemplated by Judge Martinez's practice standards. *See generally* [*id.*]. Relatedly, Plaintiff insists that the Recommendation's acceptance of Defendant's "Statement of Undisputed Facts" in the Motion—despite Defendant's inexact adherence to the precise titling requirements in Judge Martinez's practice standards—resulted in the application of different summary judgment standards to the Parties' briefs, which constitutes an abuse of the Court's discretion and resulted in manifest injustice and violation of Plaintiff's rights. *See, e.g.*, [*id.* at 2 (arguing that the Recommendation "focuses on one alleged failure of Plaintiff to respond to the movant's alleged material facts as substantiation to grant the movant summary judgment; a clear manifest injustice which must be corrected"); *id.* at 3 ("The lower Court seeks to hold Plaintiff stringently to the same Practice Standard of responding to the factual allegations, yet not Defendant's requirement to have the correct components required."); *id.* at 5 (arguing that the Recommendation "seek[s] to apply the newly assigned [district judge's] practice standards retroactively to filings that had been pending prior to assignment"); *id.* at 6–7 ("Requiring Plaintiff to respond when the section required by the Court was not present is inconsistent with Practice Standard of Judge Martinez on motions for summary judgment. . . .

7

Because there was no 'Movant's Statement of Material Facts[]' in the motion for summary judgment, Plaintiff could not have a 'Response.'" (citation omitted))].

The Court finds that Plaintiff's objections lack merit. As an initial matter, this Court agrees with the Recommendation that there are no discernable differences between Defendant's "Statement of Undisputed Facts" and Judge Martinez's "Statement of Material Facts," and Defendant's statement complied with Judge Martinez's practice standards in both form and substance. Indeed, notwithstanding the different titling of Defendant's factual section in the Motion, Judge Martinez's practice standards requires that such statement

> shall set forth in simple, declarative sentences, all of which are separately numbered and paragraphed, each material fact the movant believes supports movant's claim that movant is entitled to judgment as a matter of law. Each statement of fact must be accompanied by a specific reference to supporting evidence in the record.

WJM Revised Practice Standards II.F.3. The statement of facts in Defendant's Motion is consistent with these requirements, *see* [Doc. 183 at 2–9], and Plaintiff does not claim otherwise, *see generally* [Doc. 216]. Plaintiff was therefore required, under Judge Martinez's practice standards, to respond by admitting or denying each of those facts. WJM Revised Practice Standards II.F.4. And yet, she failed to respond solely because Defendant used the term "Undisputed" instead of "Material."

In her Objection, Plaintiff asserts that "Undisputed is vastly different from Material." [Doc. 216 at 7]. She does not, however, explain how the difference in those terms led her to conclude that the 52 facts asserted under Defendant's "Statement of Undisputed Facts" in the Motion constituted a departure so far from Judge Martinez's practice standards that she was "deprive[d] . . . of her ability to appropriately respond" to *any* of them. [Doc. 199 at 2]. Respectfully, this Court is not persuaded. In essence, Plaintiff—whom Judge Crews noted "is not a novice to civil litigation" and "has filed and prosecuted many cases in this district with varying

8

degrees of success," [Doc. 213 at 4]—acknowledged Defendant's well-supported factual assertions but did not properly challenge them with admissible evidence, instead arguing that they were not material, even if they were undisputed.

In addition, notwithstanding Judge Martinez's practice standards, Rule 56 requires that Plaintiff respond to the facts asserted under Defendants "Statement of Undisputed Facts." Plaintiff argues that the Recommendation applied "its own Rule that Plaintiff is required to respond to Defendant's stated facts when Rule 56 fails to state that requirement." [Doc. 216 at 7]. This is incorrect. Rule 56 provides that "[a] party asserting that a fact *cannot be . . . disputed* must support the assertion by . . . citing to particular parts of materials in the records." Fed. R. Civ. P. 56(c)(1) (emphasis added). And a party asserting a fact *is* genuinely disputed must respond by "showing that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* Thus, Defendant's "Statement of Undisputed Facts" in the Motion—i.e., its assertions that various facts "cannot be . . . disputed," *id.*—complied with Rule 56. It follows that Plaintiff was required to properly address those facts or risk a "grant [of] summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Further, insofar as Plaintiff believed disputed facts existed that precluded summary judgment, or facts that contradicted any of Defendant's assertions under its "Statement of Undisputed Facts," nothing precluded her from raising them in her Response to the Motion for Summary Judgment. Indeed, she included a section titled "Statement of Additional Disputed Facts," under which she included a single sentence that does not address any material facts related to her claims. *See* [Doc. 199 at 3 ("Defendant multiple times consented to this Court's jurisdiction, thus barring defenses of statute of limitations contesting the jurisdiction of the Court, Defendant's

9

plight to reinvigorate defenses in Summary Judgment is futile as this defense has been relinquished.")]. And, as noted above, Plaintiff's Response to the Motion also included a section titled "Factual Basis for Supporting [Defendant's] FCRA Violations and Plaintiff's Damages." [*Id.*]. Judge Crews specifically construed that section liberally "to examine whether Plaintiff demonstrate[d] disputed issues of material fact warranting a trial on some or all of her FCRA claim(s)," [Doc. 213 at 4], and determined that she had not.

Plaintiff also contends that Judge Crews failed to consider all the evidence she cited in her Response to the Motion. *See* [Doc. 216 at 8]. For instance, she claims that the Recommendation's statement that "Plaintiff cannot demonstrate actual inaccuracies" is contradicted by her demonstration that "Defendant had admitted the dates were inaccurate by removing them" and "the inaccuracies had also been documented by the Colorado Attorney General." [*Id.* (citing, *inter alia*, [Doc. 199 at 5–6, ¶¶ 18, 22])]. However, Plaintiff quotes the Recommendation out of context, and the evidence Plaintiff cites does not support her claims.[4] In any event, the Recommendation discusses a letter from Defendant to Plaintiff regarding the removal of a specific loan from her credit report, which Plaintiff relied upon to show that Defendant's reporting was inaccurate. *See* [Doc. 213 at 9–10]; *see also* [Doc. 183-5 at 29]. And the Recommendation sufficiently explained why that letter does not create a genuine factual dispute:

---

[4] The Recommendation stated, "[b]ecause Plaintiff cannot "demonstrate actual inaccuracies *that [Defendant's] objectively reasonable investigation would have been able to discover*, there is no triable issue as to whether Defendant violated the FCRA." [Doc. 213 at 10 (emphasis added) (cleaned up)]. In addition, the record Plaintiff cites to support her assertion that "Defendant had admitted the dates were inaccurate by removing them" appears to be an internal document from Defendant that tracks various details about Plaintiff's loans and communications with her about them. *See* [Doc. 104 at 13–14 (referenced in [Doc. 199 at 5, ¶ 18])]. Further, Plaintiff points to page 3 of [Doc. 103-4]—as referenced in [Doc. 199 at 6, ¶ 22]—to support her assertion that "the inaccuracies had also been documented by the Colorado Attorney General." However, [Doc. 103-4], a letter from Defendant to Plaintiff, contains only two pages, and the Colorado Attorney General's Office is simply carbon copied at the end of the letter. [Doc. 103-4 at 2].

10

> Critically, as Plaintiff acknowledged in her deposition, there is no indication in the letter as to why the loan was being removed or that it did not belong to Plaintiff. Plaintiff's claim is again based solely on her own speculation that Defendant would only remove a loan from her credit report if that loan did not belong to her. Plaintiff's speculation alone, however, is insufficient to create a disputed issue of material fact.

[Doc. 213 at 9–10 (citations omitted)]. Plaintiff does not dispute the Recommendation's findings in this regard. *See* [Doc. 216 at 8–9].

Finally, Plaintiff further objects to the Recommendation on the grounds that (1) "[t]he inaccuracies are overtly evident in simple comprehension of math" because "one account cannot be 90 days [late] one month and then '150' in the next 30 days"; and (2) she "provided two expert reports to the Court at the settlement conference in which the factual [sic] inaccurate reporting is substantiated." [*Id.* at 8 (citations omitted)]. However, neither of these assertions create factual disputes warranting a denial of summary judgment for Defendant. With respect to the calculation of late payments, Judge Crews explained in the Recommendation that "[t]here is no dispute between the parties that Department of Education guidance instructs loan servicers to refrain from reporting delinquencies until they are *at least* 90 days past due." [Doc. 213 at 6 n.6 (emphasis added)]. The Recommendation continues:

> [B]ased on [Plaintiff's] January 1, 2014, payment deadline, Plaintiff's account was 119 days past due on April 30. Thus, *reporting her account as at least 90 days late as of [April 30, 2014] was not inaccurate*. And by May 31, her account was precisely 150 days late, which accounts for any apparent mathematical discrepancy.

[*Id.* at 7 n.8 (emphasis added)]. In addition, Plaintiff fails to attach to her Response or Objection a copy of the expert reports she claims substantiates that Defendant made inaccurate reports regarding her payments. *See, e.g.*, [Doc. 199 at 5 (Plaintiff's Response to the Motion, referencing "Expert Reports emailed to the Court and Defendant pursuant to the Settlement Conference")].

IV.   **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** that:

(1)   Plaintiff's Objections to Report and Recommendations [Doc. 216] is **OVERRULED**;

(2)   The Recommendation [Doc. 213] is **ADOPTED**;

(3)   Defendant's Motion for Summary Judgment [Doc. 183] is **GRANTED**; and

(4)   Defendant is entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d) and D.C.COLO.LCivR 54.1.

DATED: March 10, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

12