**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-00452-NYW-SKC

TIFFANY GRAYS,

      Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on Plaintiff Tiffany Grays's ("Ms. Grays" or "Plaintiff") Objections to Awarding Costs ("Objection"), wherein Plaintiff seeks reconsideration of the March 10, 2023 award of costs to Defendant Navient Solutions, LLC ("Navient" or "Defendant") under Rule 54(d)(1) of the Federal Rules of Civil Procedure. [Doc. 232, filed April 12, 2023].[1] For the reasons that follow, the Court finds that Plaintiff has not established a sufficient basis for reducing or denying Defendant's cost award.

**BACKGROUND**

To finance her continued education, Ms. Grays took out several student loans, which were serviced by Navient. According to the allegations in the Second Amended Complaint, [Doc. 59;

---

[1] It is not clear whether Plaintiff is seeking reconsideration of the final judgment awarding costs to Defendant, *see* [Doc. 219], or for judicial review of the Clerk's award of costs under Rule 54(d)(1). Indeed, Plaintiff filed the Objection the same day of the Clerk's award of costs, suggesting that her Objection falls under Rule 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). Regardless of the standard applied, however, Plaintiff has not demonstrated that she is entitled to reconsideration of the cost award.

Doc. 59-1], in 2014 Navient began incorrectly reporting Plaintiff's payment status to the major credit reporting services and when notified of its errors, failed to investigate or correct the information. In February 2020, Plaintiff initiated this action for monetary damages as well as injunctive and declaratory relief, arguing that Navient's actions damaged her credit and prevented her from obtaining auto loans, credit cards, apartments, and jobs. *See* [Doc. 1; Doc. 59-1].

On March 10, 2023, this Court adopted the Recommendation of United States Magistrate Judge S. Kato Crews, who recommended that Defendant's Motion for Summary Judgment (or "Motion"), [Doc. 183], be granted. *See* [Doc. 213; Doc. 218]. The Court also awarded costs to Defendant pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and the Clerk of Court entered final judgment in favor of Defendant. [Doc. 218 at 12; Doc. 219 at 1]. Thereafter, Defendant filed its proposed bill of costs, and, on April 12, 2023, the Clerk of Court held a hearing on the taxation of costs pursuant to D.C.COLO.LCivR 54.1, ultimately taxing costs against Plaintiff and in favor of Defendant in the amount of $1,743.82. [Doc. 220; Doc. 222; Doc. 233]. Plaintiff filed the instant Objection the same day,[2] wherein she seeks reconsideration of the cost award. [Doc. 232]. Defendant did not file a response, and the time to do so has lapsed. Accordingly, the Objection is ripe for resolution.

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1).

---

[2] Plaintiff also filed a document titled "Plaintiff's Objections to Costs," [Doc. 231], which contains several of the same arguments as the instant Objection. *Compare* [*id.*], *with* [Doc. 232]. Thus, the Court will not separately address that document in this Order.

The decision whether to award costs to a prevailing party is at the Court's discretion. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). An abuse of discretion occurs where the trial court "bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). "The trial court's exercise of this discretionary power 'turns on whether or not the costs are for materials necessarily obtained for use in the case.'" *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002) (citation omitted).

Even so, it is well established that "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (quotation omitted). "Denying costs to a prevailing party is a 'severe penalty' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Dillon v. Twin Peaks Charter Acad.*, No. 99-cv-02462-CMA-BNB, 2009 WL 3698519, *1 (D. Colo. 2009) (quoting *Klein v. Grynberg*, 44 F.3d 14497, 1507 (10th Cir. 1995)); *cf. Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("Generally, a district court does not abuse its discretion in denying costs when (1) the prevailing party was obstructive and acted in bad faith during the course of litigation; (2) only nominal damages are awarded; (3) the issues were close and difficult; (4) the costs are unreasonably high or unnecessary; or (5) the non-prevailing party is indigent.").

Here, because costs were awarded to Navient, Ms. Grays, as the non-prevailing party, bears the burden to overcome the presumption in favor of the cost award. *See Rodriguez*, 360 F.3d at 1190 ("The burden is on the non-prevailing party to overcome this presumption."); *see also* 10 Charles Allen Wright et al., *Federal Practice & Procedure* § 2679 (4th ed. 2023 update) ("[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was

improper.").

## ANALYSIS

Ms. Grays objects to the imposition of costs in favor of Navient on numerous grounds. *See* [Doc. 232]. The Court will address each of Plaintiff's disputes in turn. For the reasons that follow, the Court finds that Plaintiff has not established sufficient grounds for this Court's reconsideration of the cost award.

*First*, Plaintiff argues that Defendant filed its proposed bill of costs after the 14-day deadline to do so under Rule 54(d)(1). [*Id.* at ¶ 1]. According to Plaintiff, because the Clerk of Court entered final judgment on March 10, 2023, Defendant's proposed bill of costs was due on March 25, 2023, but Defendant did not file it until March 31, 2023. [*Id.*]. This is incorrect. Contrary to Plaintiff's representations, Defendant filed its proposed bill of costs within 14 days of the entry of final judgment, on March 24, 2023. *See* [Doc. 220]. Three days later, the Clerk of Court directed Defendant "to file an amended proposed bill of costs," [Doc. 221], which Defendant subsequently filed on March 31, 2023. [Doc. 222]; *see also* [Doc. 229 (explaining why it filed the amended proposed bill of costs)]. In other words, Plaintiff is challenging the date on which Defendant filed its *amended* proposed bill of costs, at the Clerk of Court's direction, while ignoring that Defendant initially filed its proposed bill of costs on March 24, 2023. This dispute does not warrant reconsideration of the cost award.

*Second*, Plaintiff contends that judgment was entered in favor of Defendant "not [on] the merits of the case" but, instead, because of "the disparate treatment of" Plaintiff, which she suggests is based on the fact that "the only reason judgment was rendered in this matter . . . [is because] Plaintiff failed to respond to the statement of facts within Defendant's Motion [for Summary Judgment]." [Doc. 232 at ¶ 2]. This position, again, is incorrect, and further taken out

of context.  Disregarding for the moment that this Court granted Defendant's Motion for Summary Judgment for several reasons that it need not restate here, *see generally* [Doc. 218], this Court rejected Plaintiff's claim she was not afforded the opportunity to respond to the factual assertions in Defendant's Motion for Summary Judgment because Defendant did not include a section titled "Statement of Material Facts" as contemplated by the Honorable William J. Martínez's practice standards.[3]  [*Id.* at 5–8]; *see generally* [Doc. 216].  In so rejecting, the Court explained, *inter alia*, that:

> [T]his Court agrees with the Recommendation that there are no discernable differences between Defendant's "Statement of Undisputed Facts" and Judge Martinez's "Statement of Material Facts," and Defendant's statement complied with Judge Martinez's practice standards in both form and substance . . . , and Plaintiff does not claim otherwise.  Plaintiff was therefore required, under Judge Martinez's practice standards, to respond by admitting or denying each of those facts.  And yet, she failed to respond solely because Defendant used the term "Undisputed" instead of "Material."
>
> In her Objection, Plaintiff asserts that "Undisputed is vastly different from Material."  She does not, however, explain how the difference in those terms led her to conclude that the 52 facts asserted under Defendant's "Statement of Undisputed Facts" in the Motion constituted a departure so far from Judge Martinez's practice standards that she was "deprive[d] . . . of her ability to appropriately respond" to *any* of them.  Respectfully, this Court is not persuaded.  In essence, Plaintiff—who[] Judge Crews noted "is not a novice to civil litigation" and "has filed and prosecuted many cases in this district with varying degrees of success"—acknowledged Defendant's well-supported factual assertions but did not properly challenge them with admissible evidence, instead arguing that they were not material, even if they were undisputed.

[Doc. 218 at 8–9 (citations omitted)].  Accordingly, Plaintiff's failure to properly respond to Defendant's Motion for Summary Judgment was not an improper, or the only, basis for this Court's grant of summary judgment in favor of Defendant, nor does such failure constitute "disparate treatment" of Plaintiff to warrant amending or overturning the cost award.  *See* [Doc. 232 at ¶ 2].

---

[3] This case was reassigned to Judge Nina Y. Wang upon her appointment to this Court, after the Parties had completed their briefing for the Motion for Summary Judgment.  *See* [Doc. 210].

***Third***, Plaintiff states she is "indigent and disabled, a single mother[,] and cannot afford the costs that . . . Defendant used." [*Id.* at ¶ 3 (citations omitted)]. However, a "[p]laintiff's indigence alone is not dispositive," and courts observe "that Congress has specifically provided litigants proceeding *in forma pauperis* shall be liable for costs in the same manner 'as in other proceedings.'" *Shapiro*, 250 F. Supp. 3d at 779 (quoting 28 U.S.C. § 1915(f)(1)); *see also Mundell v. Bd. of Cnty. Comm'rs of Saguache Cnty.*, No. 05-cv-00585-REB-MJW, 2007 WL 1061510, at *1 (D. Colo. April 5, 2007) (finding that "[a]lthough indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1)"); *Brooks v. Oba*, No. 13-cv-02894-CBS, 2017 WL 345667, at *1 (D. Colo. Jan. 23, 2017) (noting the plaintiff's indigence is a factor in considering the awarding of costs, but is not determinative).

In this case, Plaintiff proceeded *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* [Doc. 4]. While the Court is sympathetic to Plaintiff's financial hardships, it also agrees that "[j]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigent plaintiffs] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994). "Indeed, because the *in forma pauperis* statute frees them from the obligation of paying filing fees, costs of service, etc., the specter of a judgment for costs is one of the few mechanisms that serve to check and moderate the litigiousness of indigent parties." *Jorgensen v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2009 WL 1537958, at *2 (D. Colo. May 31, 2009). As Judge Crews noted in the Recommendation, Ms. Grays "is not a novice to civil litigation" and "[s]he has filed and prosecuted many cases in this district court with varying degrees of success." [Doc. 213 at 4]; *see also, e.g., Grays v. Auto Mart*

*USA, LLC et al.*, No. 18-cv-01761-MSK-NYW; *Grays v. TSG Auto et al.*, No. 18-cv-01762-SKC-STV; *Grays v. Kittredge CO Partners, LLC et al.*, No. 20-cv-00208-WJM-SKC; *Grays v. Munn et al.*, No. 22-cv-00926-SBP.  Thus, Plaintiff's indigence and related factors are not sufficient to overcome the presumption created by Rule 54(d)(1).

**Fourth**, Plaintiff contends that Defendant "was obstructive and acted in bad faith during the course of the litigation," which is "evident in the multiple discovery disputes and motions for sanctions filed by Plaintiff against Defendant[,] many of which were left undetermined by the Court prior to granting [summary] judgment."  [Doc. 232 at ¶ 4].  However, apart from these general references, Plaintiff fails to point to any specific discovery dispute or sanctions request in the record, let alone one that would warrant a departure from an award of costs to Defendant under the circumstances of this case.  *See, e.g.*, *United States v. Lewis*, 594 F.3d 1270, 1275 (10th Cir. 2010) ("[I]t is not this court's duty to scour without guidance a voluminous record for evidence supporting [a litigant's] theory."); *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("We need not sift through the record to find evidence to support a party's argument, nor manufacture a party's argument for it." (quotation and brackets omitted)).

**Fifth**, Plaintiff argues that the amount of costs Defendant incurred was "not necessary to obtain judgment" against Plaintiff, given that "judgment was rendered for Plaintiff's noncompliance with Judge Martinez's Rules and the Federal Rules of Procedure pertaining to summary judgment."  [Doc. 232 at ¶ 5].  The Court has already addressed and rejected this argument above related to Plaintiff's second challenge.  Plaintiff further asserts under her fifth challenge that Defendant "did not utilize" her deposition transcripts to obtain summary judgment, arguing that Defendant cited her deposition "only once" in the Motion for Summary Judgment for "irrelevan[t]" purposes, and submitted "less than 4%" of the transcript as an exhibit.  [*Id.*].

Defendant was awarded costs in the total amount of $1,743.82, comprising its costs to obtain a certified copy of Plaintiff's deposition transcript ($1,102.32) and the videoconference services to take Plaintiff's deposition ($641.50). *Compare* [Doc. 233 at 2–3], *with* [Doc. 222-1 at 7, 11]. As previously mentioned, a trial court's exercise of its discretion to award costs "turns on whether or not the costs are for materials necessarily obtained for use in the case." *Allison*, 289 F.3d at 1248. In its amended proposed bill of costs, Defendant explained that "Plaintiff's testimony was utilized to confirm her damages and the allegations in her Complaint," and "was vital in the preparation of" the Motion for Summary Judgment. [Doc. 233 at 2–3]. Defendant further stated that it was required to conduct Plaintiff's deposition by videoconference "because it was during the pandemic when videoconference depositions were highly encouraged." [*Id.* at 2]. The Clerk of Court, in turn, awarded Defendant its costs for these services based on these reasons. *See* [*id.* at 3 ("Remote appearance of Plaintiff for Plaintiff's Deposition cited as appropriate COVID precautions. Plaintiff's Deposition Transcript was cited in the prevailing Motion for Summary Judgment, ECF No. 183 and ECF No. 183-9 Exhibit 11. Cost #2 and #3 Awarded." (citing *Medina v. Cath. Health Initiatives*, No. 13-cv-01249-REB-KLM, 2017 WL 219314, at *4 (D. Colo. Jan. 17, 2017)))].

Plaintiff's present dispute regarding the *amount* of her deposition transcript that Defendant cited in the Motion for Summary Judgment does not raise any challenges to Defendant's basis for incurring those costs in the first place; nor is the Court persuaded that the portion of Plaintiff's deposition transcript cited in the Motion for Summary Judgment is "irrelevan[t] to the case," as Plaintiff claims. *Compare* [Doc. 232 at ¶ 5], *with* [Doc. 183 at 12 ("[A]t her deposition, Plaintiff admitted that she has never made payments on her student loan account, and has no plans to do so in the future.")].

***Sixth***, Plaintiff asserts that "Ms. Chong's representation that the hearing transcript was used at a hearing is hearsay as she was not on this case at that time, nor was Mr. Lueck, and there is no record of the transcript being utilized in such manner." [Doc. 232 at ¶ 6]. As far as the Court can tell, Plaintiff appears to be challenging Defendant's request for costs for the "Transcript for Discovery Hearing on 01/11/22 (testimony was used to resolve a dispute between the parties and clarify the language of the Court)." [Doc. 233 at 2]. But the Clerk of Court *declined* to award Defendant's requests for costs for this hearing transcript. *See* [*id.* at 3 ("The clerk is less inclined to award the costs of hearing, conference, or trial transcripts than deposition transcripts. Use of a transcript for this purpose is determined a matter of 'convenience of counsel' and the clerk exercises discretion and declines awards on this basis. Cost #1 Not Awarded.")]. Thus, Plaintiff's sixth challenge lacks merit.

***Seventh***, Plaintiff appears to challenge the Statement of Conferral Pursuant to Local Rule 7.1(a) that Defendant filed on April 7, 2023. [Doc. 229]. Therein, Defendant stated as follows:

> Counsel for Navient Solutions, LLC ("NSL") conferred with Plaintiff about its Proposed Bill of Costs (Dkt. 220) via e-mail on March 23, 2023. Plaintiff stated that she intended to oppose the Proposed Bill of Costs by responding "I opposed." Thereafter, this Court directed NSL to file an amended Bill of Costs. (Dkt. 221). NSL filed an Amended Bill of Costs, along with the corresponding exhibit on March 31, 2023. (Dkt. 222). The parties, thereafter, attempted to confer again, after the Amended Bill of Costs was filed. Utilizing the Clerk's Guide to Bills of Cost Hearings, the parties engaged in negotiations, however, were too far apart to come to an agreement.

[*Id.* at 1]. In the instant Objection, Plaintiff claims that "the conferral statement . . . was inaccurate as there was no conferral in accordance with Utilizing the Clerk's Guide to Bills of Cost Hearings as evident in the attached emails, making awarding costs an [sic] intently ignoring the requirements set forth in 7.1(A)." [Doc. 232 at ¶ 7]. The Court is puzzled by Plaintiff's challenge here. In any

case, this argument still fails to set forth any basis for amending the cost award.[4]

In sum, the Court finds that Plaintiff has not established any basis for amending or overturning the cost award.

**CONCLUSION**

For the reasons set forth herein, it is **ORDERED** that:

(1)    Plaintiff's Objections to Awarding Costs [Doc. 232] is **OVERRULED**.

DATED: August 22, 2023                          BY THE COURT:

                                                Nina Y. Wang
                                                United States District Judge

_____

[4] Plaintiff also appears to challenge the conduct of the hearing officer(s) when determining which costs would be taxed against Plaintiff, claiming they "wast[ed] [her] time and energy" and disputing the basis for the denial of Defendant's request for costs for the above-referenced hearing transcript. *See* [Doc. 232 at ¶¶ 8–9]. However, none of these arguments set forth any basis for amending the cost award.